**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK, MANHATTAN DIVISION

Case number (if known): _____    Chapter  11

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Genever Holdings LLC** |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 47-3338202 |
| 4. | Debtor's address | **Principal place of business**<br><br>781 5th Ave<br>Apt 1801<br>New York, NY 10022-5520<br>Number, Street, City, State & ZIP Code<br><br>New York<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>781 5th Ave Apt 1801 New York, NY 10022-5520<br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor  **Genever Holdings LLC**                      Case number (if known) _____
      Name

7. **Describe debtor's business**

   A. *Check one:*
   - ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - ■ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   - ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - ☐ None of the above

   B. *Check all that apply*
   - ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
   - ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
   - ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.uscourts.gov/four-digit-national-association-naics-codes.
      **5313**

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*
   - ☐ Chapter 7
   - ☐ Chapter 9
   - ■ Chapter 11. *Check all that apply:*
     - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☐ A plan is being filed with this petition.
     - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
     - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the attachment to *Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
     - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   ■ No.
   ☐ Yes.

   If more than 2 cases, attach a separate list.

   | District | When | Case number |
   |---|---|---|
   | District _____ | When _____ | Case number _____ |
   | District _____ | When _____ | Case number _____ |

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    ■ No
    ☐ Yes.

    List all cases. If more than 1, attach a separate list

    | Debtor _____ | | Relationship _____ |
    |---|---|---|
    | District _____ | When _____ | Case number, if known _____ |

Debtor   **Genever Holdings LLC**                                          Case number (if known) _____
         Name

11. **Why is the case filed in this district?**

    Check all that apply:

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No

    ☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (Check all that apply.)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?**  _____
                               Number, Street, City, State & ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes.   Insurance agency _____
             Contact name     _____
             Phone            _____

---

**Statistical and administrative information.**

13. **Debtor's estimation of available funds**

    Check one:

    ☐ Funds will be available for distribution to unsecured creditors.

    ☒ After any administrative expenses are paid, no funds will be available to unsecured creditors.

14. **Estimated number of creditors**

    ☒ 1-49              ☐ 1,000-5,000         ☐ 25,001-50,000
    ☐ 50-99             ☐ 5001-10,000         ☐ 50,001-100,000
    ☐ 100-199           ☐ 10,001-25,000       ☐ More than 100,000
    ☐ 200-999

15. **Estimated Assets**

    ☐ $0 - $50,000             ☐ $1,000,001 - $10 million       ☐ $500,000,001 - $1 billion
    ☐ $50,001 - $100,000       ☐ $10,000,001 - $50 million      ☐ $1,000,000,001 - $10 billion
    ☐ $100,001 - $500,000      ☒ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion
    ☐ $500,001 - $1 million    ☐ $100,000,001 - $500 million    ☐ More than $50 billion

16. **Estimated liabilities**

    ☐ $0 - $50,000             ☐ $1,000,001 - $10 million       ☐ $500,000,001 - $1 billion
    ☐ $50,001 - $100,000       ☐ $10,000,001 - $50 million      ☐ $1,000,000,001 - $10 billion
    ☐ $100,001 - $500,000      ☒ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion
    ☐ $500,001 - $1 million    ☐ $100,000,001 - $500 million    ☐ More than $50 billion

Debtor  **Genever Holdings LLC**
Name

Case number (if known) _____

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **October 6, 2020**
MM / DD / YYYY

X _[signature]_
Signature of authorized representative of debtor

Title   **Authorized Representative**

**Yanping Wang**
Printed name

**18. Signature of attorney**

X   /s/ Kevin J. Nash
Signature of attorney for debtor

Date  **October 6, 2020**
MM / DD / YYYY

**Kevin J. Nash**
Printed name

**Goldberg Weprin Finkel Goldstein LLP**
Firm name

**1501 Broadway 22nd Floor**
**New York, NY 10036**
Number, Street, City, State & ZIP Code

Contact phone  **(212) 221-5700**    Email address  **knash@gwfglaw.com**

**Kevin J. Nash**
Bar number and State

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                             Chapter 11

Genever Holdings LLC,                                                    Case No.

                                       Debtor.
-------------------------------------------------------------x

## DEBTOR'S DECLARATION
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

Yanping Wang declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am the duly designated representative of Genever Holdings LLC (the "Debtor"), a New York limited liability company with offices at The Sherry-Netherlands Apartments, 781 Fifth Avenue, New York, NY 10022, Unit 1801. As such, I have the requisite knowledge of the Debtor's financial and legal affairs to make this Declaration on the Debtor's behalf.

2. This Declaration is submitted in support of the Debtor's Chapter 11 filing pursuant to Local Rule 1007-2 to assist the Court, creditors and other parties-in-interest in understanding the circumstances necessitating the filing of the Chapter 11 petition, the Debtor's debt and capital structure, and the Debtor's plans to emerge from bankruptcy.

### Lead-Up to the Chapter 11 Filing

3. The Debtor is the owner of the entire 18th Floor Apartment and auxiliary units in the Sherry Netherland Hotel located at 781 Fifth Avenue, New York, NY 10022 (the "Premises"). The Debtor's interest in the Premises is memorialized by approximately 3,000 shares of Sherry Netherland cooperative stock and corresponding proprietary leases.

4. The Premises were acquired in 2015 for the total sum of approximately $70 million, largely with funding provided by Bravo Luck Limited ("Bravo") pursuant to a certain trust agreement, plus approximately $5 million advanced by Mr. Qiang Guo. The trust recognizes Bravo as the beneficial owner of the Premises based on its funding of most of the purchase price. Bravo is a company owned by Mr. Qiang Guo, the son of Mr. Kwok Ho Wan a/k/a Miles Kwok, who serves mainly in a representative capacity as the manager of the Debtor and trustee under the trust agreement.

5. Since acquisition of the Premises, Bravo has also chiefly funded maintenance charges and assessments. Miles Kwok was a prominent real estate investor and businessman in China before a host of financial and legal troubles with the Communist Ruling Party forced him to leave the country. Mr. Kwok is currently seeking political asylum in the United States amidst false corruption charges lodged by the Chinese government.

6. The Debtor and Mr. Kwok have been engaged in certain litigation in the U.S.A. since 2017 involving an entity known as Pacific Alliance Asia Opportunity Fund ("Pacific Alliance"). The Pacific Alliance litigation relates to a personal guarantee of loan indebtedness unrelated to the Premises. While the Debtor is not a party to Mr. Kwok's loan transactions involving Pacific Alliance, it has been joined in a lawsuit filed by Pacific Alliance in the Supreme Court, New York County [Index No. 652077/2017] (the "Pacific Action") seeking to impose alter ego liability on the Debtor and others.

7. This lawsuit, which is being actively defended, puts a cloud on the future direction and ownership of the Premises. In the meanwhile, the Premises have become subject to non-payment proceedings instituted by the Sherry-Netherlands Hotel for unpaid maintenance

charges of approximately $1,000,000. The ability of Bravo to generate funds to pay maintenance is hampered by challenges over the ownership of the Premises.

8. The Premises were previously subject to a motion for a pre-judgment attachment motion filed by Pacific Alliance in April 2019. That motion was resolved following an evidentiary hearing without issuance of an attachment, based upon a consent order issued by the State Supreme Court requiring the Debtor and Mr. Kwok to provide prior notice to Pacific Alliance of any future disposition of the Premises.

9. Despite this consent order, Pacific Alliance has recently filed a second motion by order to show cause returnable in mid-October seeking to restrain Mr. Kwok from selling, assigning or transferring any property in which he has an interest. Ostensibly, this order to show cause is again directed against the Premises, although, functionally, the order to show cause, appears duplicative of the since-resolved pre-judgment motion for attachment.

10. Before the Premises become further entangled in litigation involving competing claims of ownership, the Debtor is filing this Chapter 11 petition to gain the needed flexibility to be in a position to maximize value under the rehabilitative power of the Bankruptcy Court. The Chapter 11 allows for a possible sale of the Premises, if necessary, while protecting the legitimate rights or claims of both Bravo and Pacific Alliance.

11. Indeed, with the onset of the Covid-19 pandemic, the future of the Premises has become even more uncertain. Real estate values are declining throughout the City of New York, and it will undoubtedly be difficult to sell an apartment of this magnitude should that become necessary without Chapter 11 oversight.

12. Contrary to published reports, Mr. Kwok does not have an ownership interest in the Premises, although he currently resides in the apartment. Thus, an important

threshold goal of the Chapter 11 case is to obtain a resolution of the competing claims relating to the Premises as between Bravo and Pacific Alliance. Once this issue is resolved or settled, the matter involving Pacific Alliance will be clarified and the Debtor will then be in a position to promulgate a plan of reorganization. Pending such a determination, Chapter 11 will help the Debtor preserve the status quo.

## Local Rule 1007-2 Disclosures

13. Pursuant to Local Rule 1007-2(a)(3), no committees were formed prior to the filing of the Debtor's Chapter 11 Petition.

14. Pursuant to Local Rule 1007-4(a)(4), a list of all of the Debtor's creditors is attached hereto.

15. Pursuant to Local Rule 1007-4(a)(5), The Sherry-Netherland, Inc., although listed as a general creditor, potentially retains rights as a secured creditor for unpaid maintenance under state law.

16. Pursuant to Local Rule 1007-4(a)(6), the Debtor's assets and liabilities will be set forth in formal bankruptcy schedules to be filed concurrently or within fifteen (15) days of the date hereof.

17. Pursuant to Local Rule 1007-4(a)(7), the membership interest in the Debtor is not publicly traded, and is held by Genever Holdings Corporation as listed in the schedule of equity holders filed herewith.

18. Pursuant to Local Rule 1007-4(a)(8), none of the Debtor's assets are in the possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents or secured creditor.

19. Pursuant to Local Rule 1007-4(a)(9), the Premises together with the auxiliary units are in concept leased from The Sherry-Netherland Hotel pursuant to various proprietary leases.

20. Pursuant to Local Rule 1007-4(a)(10), the Debtor's books and records are located at its offices at 781 Fifth Avenue, New York, NY 10022.

21. Pursuant to Local Rule 1007-4(a)(11), a list of all pending lawsuits is filed herewith.

22. Pursuant to Local Rule 1007-4(a)(12), Mr. Kwok serves as the Manager of the Debtor pursuant to the terms of the Debtor's Operating Agreement without compensation. I likewise serve as the Debtor's representative for Chapter 11 without compensation.

23. Pursuant to Local Rule 1007-4(b)(1), the Debtor has no current employees.

24. Pursuant to Local Rule 1007-4(b)(2) and (3), the Debtor anticipates incurring disbursements in the next 30 days of approximately $100,000 which is comprised mainly of maintenance charges and assessments, as per the attached budget.

Dated: New York, New York
       October 6, 2020

By: _____
    Yanping Wang

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                              Chapter 11

Genever Holdings LLC,                               Case No.

                    Debtor.
-----------------------------------------------------------x

## COMPANY RESOLUTIONS

A special meeting of the sole Member of Genever Holdings LLC (the "Company") having been held on October 6, 2020, and upon motion duly made and carried, the following resolutions were unanimously adopted:

**RESOLVED**, the Company is authorized to file a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York; and it is further

**RESOLVED**, Yanping Wang is appointed as the Company's representative and is authorized to act on behalf of the Company to (a) execute the Chapter 11 petition and all other accompanying documents, and cause the same to be filed with the Bankruptcy Court; and (b) cause to be filed all schedules, statements, lists, motions, applications and other papers or documents necessary or desirable to prosecute the Chapter 11 case; and it is further

**RESOLVED**, that the Company is authorized to retain the law firm of Goldberg Weprin Finkel Goldstein LLP as counsel in the Chapter 11 case under a general retainer.

Dated:   New York, New York
         October 6, 2020

                                        GENEVER HOLDINGS LLC

                                        By: Genever Holdings Corporation

                                        By: _____
                                            Ho Wan Kwok

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                              Chapter 11

Genever Holdings LLC,                                    Case No.

                              Debtor.
------------------------------------------------------------x

## LIST OF LAWSUITS

1. Pacific Alliance Asia Opportunity Fund L.P., Plaintiff v. Kwok Ho Wan, a/k/a Kwok Ho, a/k/a Gwo Wen Gui, a/k/a Guo Wengui, a/k/a Guo Wen-Gui, a/k/a Wan Gue Haoyun, a/k/a Miles Kwok, a/k/a Haoyun Guo, Genever Holdings LLC and Genever Holdings Corporation, Defendants
   Index No. 652077/2017
   Supreme Court of the State of New York
   County of New York
   60 Centre Street, Part 61, Room 232
   New York, NY 10007
   Hon. Barry R. Ostrager

   O'Melveny & Myers LLP
   Attorneys for Plaintiff
   7 Times Sq
   New York, NY 10036-6524

2. Genever Holdings LLC, Plaintiff v. The Sherry-Netherland, Inc., Defendant
   Index No. 152838/2020
   Supreme Court of the State of New York
   County of New York
   60 Centre Street, Part 61, Room 232
   New York, NY 10007
   Hon. Eileen Rakower

   Lawall & Mitchell, LLC
   Attorneys for Plaintiff
   Aaron A. Mitchell, Esq.
   162 East 64th Street
   New York, NY 10065

Adam Leitman Bailey, P.C.
Attorneys for Defendant
One Battery Park Plaza, 18th Floor
New York, NY 10004

3. The Sherry-Netherland, Inc., Petitioner (Landlord) v. Genever Holdings LLC, Respondent (Tenant)
   Index No. 154853/2020
   Civil Court of the City of New York
   County of New York

   Adam Leitman Bailey, P.C.
   Carolyn Z. Rualo, Esq.
   Attorneys for Petitioner-Landlord
   One Battery Park Plaza, 18th Floor
   New York, NY 10004

4. The Sherry-Netherland, Inc., Petitioner (Landlord) v. Genever Holdings LLC, 781 Fifth Avenue, Apartment 1801, New York, NY 10022, Respondent (Tenant)
   Index No. 154854/2020
   Civil Court of the City of New York
   County of New York

   Adam Leitman Bailey, P.C.
   Carolyn Z. Rualo, Esq.
   Attorneys for Petitioner-Landlord
   One Battery Park Plaza, 18th Floor
   New York, NY 10004

5. The Sherry-Netherland, Inc., Petitioner-Landlord v. Genever Holdings LLC, Respondent-Occupant, "John Doe" and/or "Jane Doe", Respondents-Under-Occupants
   Index No. 155038/2020
   Civil Court of the City of New York
   County of New York

   Adam Leitman Bailey, P.C.
   Carolyn Z. Rualo, Esq.
   Attorneys for Petitioner-Landlord
   One Battery Park Plaza, 18th Floor
   New York, NY 10004

Dated:  New York, New York
         October __, 2020

GENEVER HOLDINGS LLC

By: Genever Holdings Corporation

By: _____
Yanping Wang

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re:                                           Chapter 11

Genever Holdings LLC,                            Case No.

                    Debtor.
----------------------------------------------------------x

## LIST OF EQUITY HOLDERS

1. Genever Holdings Corporation
   BVI Business Company
   P.O. Box 3170
   Road Town, Tortola, British Virgin Islands


Dated:   New York, New York
         October 6, 2020

                                    GENEVER HOLDINGS LLC

                                    By: Genever Holdings Corporation

                                    By: _____
                                         Yanping Wang

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                      Chapter 11

Genever Holdings LLC,                                           Case No.

                                    Debtor.
------------------------------------------------------------x

### BANKRUPTCY RULE 7007.1 CORPORATE OWNERSHIP STATEMENT

Pursuant to Bankruptcy Rule 7007.1, Genever Holdings LLC certifies that it is a private non-governmental party, and has no corporate parent, affiliates and/or subsidiaries which are publicly held.

Dated:    New York, New York
              October 6, 2020

                                                    GENEVER HOLDINGS LLC

                                                    By: Genever Holdings Corporation

                                                    By: _____
                                                           Yanping Wang