# EXHIBIT 1

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 12
20-12411-jlg    Doc 14-1    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 1
Pg 2 of 11
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

**PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.**
*(Organized in the Cayman Islands)*
*P.O. Box 309GT, Ugland House, South Church Street,*
*George Town, Grand Cayman*
*Cayman Islands*

To: SPIRIT CHARTER INVESTMENT LIMITED
5th Floor
77 Des Voeux Road Central
Hong Kong

4 February 2008

Dear Sirs,

**US$30,000,000 LOAN FACILITY**

This letter sets out the terms upon which Pacific Alliance Asia Opportunity Fund L.P. (the "**Lender**"), is willing to make available to Spirit Charter Investment Limited (the "**Borrower**"), a loan facility (the "**Facility**") in the principal amount of THIRTY MILLION UNITED STATES DOLLARS (US$30,000,000,) on the following terms and conditions.

1. **Interpretation.** Clause 22 below contains definitions of words and expressions used in this letter and not defined elsewhere herein. The expressions "**Borrower**" and "**Lender**" shall, where the context permits include their respective successors and any person deriving title under them. Unless the context requires otherwise, words importing a gender include every gender; references to this letter or other document shall be to such document as the same may be amended, supplemented or novated from time to time; and references to this letter include the Schedule and the Appendix hereto. Clause headings are included for reference only and shall be ignored in construing this letter.

2. **Background Information.**

    (a) The Lender, the Borrower and other parties are negotiating the terms of a potential short term financing in the total principal amount of US$100,000,000 for the purpose of completing the Pangu Plaza (盘古大观) in Beijing, PRC (the "**Pangu Financing**").

    (b) The Lender and the Borrower have agreed that regardless of whether the Pangu Financing is agreed, the Lender will make available US$30,000,000 pursuant to this Facility.

3. **The Facility.** The principal amount of the Facility available to the Borrower is US$30,000,000.

4. **Conditions Precedent.** The Lender shall not be obliged to make the Advance to the Borrower unless it shall first have received each of the following in form and substance satisfactory to the Lender:

1

44

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 12
20-12411-jlg    Doc 14-1    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 1
Pg 3 of 11
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

(a) the attached duplicate of this letter duly countersigned by the Borrower;

(b) a duly executed Share Mortgage;

(c) a duly executed Debenture;

(d) a duly executed Kwok's Guarantee;

(e) a duly executed Chou's Guarantee; and

(f) all conditions precedent have been satisfied and all documents deliverable under each of the foregoing have been delivered to the Lender.

5. **Advance.** On the Business Day immediately following the date on which the conditions precedent set out in Clause 4 above are satisfied or waived or such earlier date which the Lender in its absolute discretion shall agree, the Borrower may make a single drawing under the Facility on any Business Day during the Availability Period on the conditions that:

(a) the Lender shall have received not later than 11:00 a.m. (Hong Kong time) on the date on which the Advance is to be made a duly completed and signed original Notice of Drawing;

(b) the amount of the Advance shall not exceed the principal amount of the Facility of US$30,000,000; and

(c) no Event of Default or potential Event of Default shall have occurred (or would be likely to occur as a result of the Advance being made) and all representations and warranties made by the Borrower in or in connection with this letter and any Security Document shall be true and correct as at the date the Advance is to be made with reference to the facts and circumstances then subsisting.

The Lender may at its absolute discretion waive any condition specified in this Clause 5.

6. **Notice of Drawing.** The Notice of Drawing once received by the Lender shall be irrevocable and, subject to the terms of this letter, the Borrower shall be bound to borrow the Advance in accordance therewith. Any part of the Facility remaining undrawn at the end of the Availability Period shall be cancelled. If for any reason the Advance is not drawn in accordance with the Notice of Drawing, the Borrower shall on demand pay to the Lender such amount as may be necessary to compensate the Lender for any loss or expense incurred in liquidating or redeploying funds arranged for the purpose of such drawing or in terminating any such arrangement or any hedging arrangement in respect of this letter or otherwise as a consequence of such failure to draw.

7. **Interest.** The Borrower shall pay interest to the Lender on the Loan at the rate of 30% per annum, subject to a minimum of US[$9,000,000]. Interest shall accrue from day to day on the Loan, shall be calculated on an actual number of days basis and shall be paid in arrears on the Repayment Date.

8. **Repayment.** Subject as otherwise provided in this letter, the Borrower shall repay the Loan in a single lump sum (together with all accrued interest and other moneys then outstanding) on the Repayment Date, subject to "**Business Day**" adjustment under Clause 10.

9. **Prepayment.**

   The Borrower may prepay all or part of the Loan on any Business Day, PROVIDED THAT the Borrower shall have given the Lender not less than three (3) Business Days' prior written notice specifying the proposed amount and date of repayment; and the amount of any partial prepayment of the Loan shall be at least and an integral multiple of US$2,000,000; and at the time of prepayment, the Borrower shall pay to the Lender all accrued interest and other sums then due and payable hereunder.

10. **Payments.** Amounts to be advanced by the Lender under this letter shall be made available to the Borrower by payment to such account in Hong Kong as designated by the Borrower or by such other payment method as requested by the Borrower. All payments by the Borrower under this letter shall be made to the Lender not later than 5:00 p.m. (Hong Kong time) on the relevant due date, by delivery to the Lender of a bankers' draft payable to or to the order of the Lender (drawn on a bank in Hong Kong acceptable to the Lender) in immediately available funds, or in such other manner as the Lender may from time to time reasonably require. Subject as otherwise provided in this letter, all payments by the Borrower shall be made in full without any set-off or counterclaim or any deduction or withholding for or on account of any present or future taxes, duties, charges or fees of any kind. If the Borrower is compelled by law to make any such deduction or withholding it will pay to the Lender such additional amounts as will result in actual receipt by the Lender of the full amounts which it would have received and retained if there had been no such deduction or withholding. If the Lender receives less than the full amount due, the Lender may allocate the amount received towards principal, interest and/or other sums owing hereunder as it deems appropriate.

    Any sum which would otherwise have become due on a non-Business Day will instead become due on the next Business Day.

11. **Illegality.** If it becomes unlawful for the Lender to give effect to its obligations hereunder, the Lender shall so notify the Borrower, whereupon the Facility shall be cancelled and/or such obligations of the Lender shall cease. The Borrower shall forthwith after such notification, or such longer period as the Lender may certify as being permitted by the relevant law, prepay the Loan in full, together with accrued interest and other moneys then owing to the Lender.

12. **Representations and Warranties.** The Borrower represents and warrants to the Lender that:

    (a) the Borrower has full power, authority and legal right to enter into and engage in the transactions contemplated by this letter and each of the Security Documents;

    (b) the Borrower has taken all necessary action and has obtained all necessary consents in order to borrow the Loan on the terms of this letter and to execute and perform its obligations under this letter, and this letter constitutes legal, valid and

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 12
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

20-12411-jlg    Doc 14-1    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 1
Pg 5 of 11

    binding obligations of the Borrower enforceable in accordance with its terms;

(c) neither the borrowing of the Loan nor the entry into and exercise or performance by the Borrower of its rights and obligations under this letter will conflict with any obligation applicable to the Borrower;

(d) there are no current, pending or threatened actions or proceedings before any court, arbitrator, administrative tribunal or governmental authority which might materially and adversely affect the assets of the Borrower or its ability to perform its obligations under this letter;

(e) all authorisations required from any governmental or other authority or from any creditors of the Borrower for or in connection with the execution, validity and performance of this letter have been obtained and are in full force and effect (or, by the date on which the Notice of Drawing is given, will have been obtained and be in full force and effect) and there has been no default under the conditions of any of the same;

(f) it is not necessary in order to ensure the validity, enforceability, priority or admissibility in evidence in proceedings of this letter in Hong Kong or any other relevant jurisdiction that it or any other document be filed or registered with any authority in Hong Kong or elsewhere or that any tax be paid in respect thereof; and

(g) the Borrower is not in default under any law, regulation, judgment, order, agreement or obligation applicable to it or its assets, the consequences of which default could materially and adversely affect its ability to perform its obligations under this letter or the Security Documents to which it is a party and no Event of Default or event which with the giving of notice or lapse of time would constitute an Event of Default has occurred.

The Borrower also represents and warrants to and undertakes with the Lender that the foregoing representations and warranties will be true and accurate throughout the continuance of this letter with reference to the facts and circumstances subsisting from time to time, and acknowledges that the Lender has entered into this letter in reliance upon the representations and warranties contained in this Clause.

13. **Undertakings regarding the Borrower.** The Borrower undertakes with the Lender that, on and after the date hereof and for so long as any sum remains owing under this letter, it will:

(a) forthwith notify the Lender of (i) any material litigation, arbitration or administrative proceedings which are brought or (to its knowledge) threatened against the Borrower; or (ii) any Event of Default or other occurrence which could materially and adversely affect the ability of the Borrower to perform its obligations under this letter; and

(b) punctually pay all sums due from it to the Lender and otherwise comply with its obligations under this letter and all the Security Documents to which it is a party.

14. **Events of Default.** If and at any time after any of the following events or circumstances (each an "**Event of Default**") occurs:

4

47

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 12
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

20-12411-jlg    Doc 14-1    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 1
Pg 6 of 11

(a) the Borrower or any Guarantor fails to pay any sum payable under this letter or under any Security Document when due or otherwise in accordance with the provisions hereof or thereof;

(b) the Borrower defaults or receives notice of default under any Security Document or any agreement or obligation relating to borrowing or any indebtedness of the Borrower becomes payable or capable of being declared payable before its stated maturity or is not paid when due or any encumbrance, guarantee or other security now or hereafter created by the Borrower becomes enforceable;

(c) the Borrower or any Guarantor fails to perform any of its other obligations under this letter and/or the Security Documents and, in respect only of a failure which in the Lender's opinion is capable of remedy (and is not a failure to pay money), does not remedy such failure to the Lender's satisfaction within ten (10) days after receipt of written notice from the Lender;

(d) any representation or warranty made or deemed made by the Borrower or any Guarantor in or in connection with this letter is or proves to have been untrue or inaccurate in any respect the Lender considers to be material;

(e) a petition is presented, any proceedings are commenced, an order is made, or any other step is taken (i) for the bankruptcy or similar action of or in respect of the Borrower; or (ii) for the appointment of an administrator, administrative receiver, receiver or trustee or similar officer of the Borrower or any of its assets;

(f) the Borrower stops or suspends payments to its creditors generally or is unable or admits its inability to pay its debts as they fall due or seeks to enter into any composition or arrangement with its creditors or is declared or is bankrupt;

(g) a creditor takes possession of all or any part of the Borrower's assets or any execution or other legal process is commenced or enforced against all or any part of the assets of the Borrower and is not discharged or stayed within 21 days; and

(h) the Borrower defaults or receives notice of default under any agreement or obligation relating to borrowing or any indebtedness of the Borrower becomes payable or capable of being declared payable before its stated maturity or is not paid when due or any encumbrance, guarantee or other security now or hereafter created by the Borrower becomes enforceable.

then, in each case, the Lender may: (1) declare the Loan, accrued interest and all other moneys payable under this letter to be, whereupon the same shall become, immediately due and payable without further demand, notice or other legal formality of any kind; and/or (2) declare the Facility terminated.

15. **Indemnities.** The Borrower shall indemnify and keep indemnified the Lender forthwith upon demand against all losses, liabilities, damages and expenses which the Lender may sustain or incur as a consequence of any Event of Default or any default by the Borrower in the performance of his obligations under this letter or any failure to borrow in accordance with the Notice of Drawing or any prepayment under this letter or otherwise in connection with this letter. Without limiting the foregoing, if any payment in respect of amounts due to the Lender under this letter is not made in Hong Kong dollars, the Lender shall have a separate and independent cause of action against the Borrower to recover

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 12
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017
20-12411-jlg    Doc 14-1    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 1
Pg 7 of 11

and be indemnified against any shortfall after conversion of the amount paid into Hong Kong dollars.

16. **Expenses and Costs**. The Borrower shall on demand of the Lender reimburse to the Lender on a full indemnity basis all costs and expenses (including legal fees) incurred by the Lender in connection with the preparation, negotiation and execution of this letter.

17. **Assignment**. This letter shall be binding on and enure to the benefit of the Lender and the Borrower and their respective successors. The Borrower may not assign or transfer any of its rights or obligations hereunder.

18. **No Waiver**. No failure or delay by the Lender in exercising any right, power or remedy under this letter shall operate as a waiver thereof. Rights, powers and remedies available under this letter do not exclude those provided by law.

19. **Severability**. If any provision of this letter is or becomes illegal, invalid or unenforceable then the remaining provisions of this letter shall not be affected or impaired.

20. **Notices**. Any notice or demand given or made in connection with this letter shall be sent to the Lender or to the Borrower in accordance with the details given in the Schedule hereto or such other address or fax number as the relevant party may from time to time notify to the other by ten (10) days' prior written notice. Notices shall be in writing and made by letter or fax and shall be deemed to have been delivered (a) (if given or made by letter) when actually delivered to the relevant address and (b) (if given or made by fax) when despatched with electronic or other confirmation of transmission.

21. **Governing Law and Jurisdiction**. This letter shall be governed by and construed in accordance with the laws of Hong Kong. The Borrower irrevocably agrees for the benefit of the Lender that any legal action or proceeding arising out of or relating to this letter may be brought in the courts of Hong Kong and irrevocably submits to the non-exclusive jurisdiction of such courts.

22. **Definitions**. In this letter, unless otherwise or elsewhere defined, or unless the context requires otherwise:

"**Advance**" means the principal amount advanced or to be advanced to the Borrower on the occasion of the drawing under the Facility pursuant to Clause 6;

"**Availability Period**" means the period commencing on the date of this letter and ending on the date which falls 30 days thereafter;

"**Business Day**" means a day (excluding Saturday and Sunday) on which banks are open for business in Hong Kong and PRC;

"**Chou's Guarantee**" means the deed of guarantee in the agreed form to be entered into by Chou Kei Fong Silas (holder of Hong Kong identity card no. E269083(0)) in favour of, and as security for, the Lender;

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 12
20-12411-jlg    Doc 14-1    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 1
Pg 8 of 11
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

"**Debenture**" means the debenture in the agreed from to be entered into by the Borrower in favour of, and as security for, the Lender;

"**Event of Default**" means any event or circumstance specified in Clause 14 or in any Security Document.

"**Guarantors**" means Kwok Ho Wan and Chou Kei Fong Silas; "**Guarantor**" means either of them;

"**Hong Kong**" means the Hong Kong Special Administrative Region of The People's Republic of China;

"**Kwok's Guarantee**" means the deed of guarantee in the agreed form to be entered into by Kwok Ho Wan (holder of Hong Kong Identity card no. P746467(7)) in favour of, and as security for, the Lender;

"**Loan**" means the aggregate principal amount drawn and for the time being outstanding under the Facility;

"**Notice of Drawing**" means the notice of drawing in the form set out in the Appendix hereto;

"**PRC**" means The People's Republic of China;

"**Repayment Date**" means the date which falls twelve (12) months from the date of the making of the Advance (or such later date to be agreed in writing between the Lender and the Borrower);

"**Security Documents**" means the Share Mortgage, Debenture, Kwok's Guarantee, Chou's Guarantee any guarantee or other document to be executed from time to time by whatever person as a guarantee of or security for all or any part of the Borrower's obligations under this letter; "**Security Document**" means any one of the Security Documents; and

"**Share Mortgage**" means the equitable mortgage of shares relating to the shares of Spirit Charter Investment Limited (a company incorporated under the laws of Hong Kong with company number 668893 and whose registered office is at 15th Floor, 77 Des Voeux Road, Central, Hong Kong) in the agreed form to be entered into by Kwok Ho Wan, the sole shareholder of Spirit Charter Investment Limited, in favour of, and as security for, the Lender.

[The rest of this page intentionally left blank]

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 12
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

20-12411-jlg    Doc 14-1    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 1
Pg 9 of 11

Please confirm your acceptance of the foregoing terms and conditions by signing and returning to us the duplicate of this letter.

Yours faithfully
For and on behalf of
Pacific Alliance Asia Opportunity Fund L.P.
By: Pacific Alliance Group Asset
Management Limited, its General Partner

_____
Name: Jon Lewis
Title: Authorised Signatory

We confirm our acceptance of the terms and conditions set out above.

_____
Director:
For and on behalf of
Spirit Charter Investment Limited
Dated:

8

51

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 12
20-12411-jlg    Doc 14-1    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 1
Pg 10 of 11
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

### The Schedule

#### Notice Details of the Lender

Name:         Pacific Alliance Asia Opportunity Fund L.P.
Address:     16th Floor, St. John's Building, 33 Garden Road, Central, Hong Kong
Fax:          (852) 2918 0881
Attention:   Mr. Jon Lewis

#### Notice Details of the Borrower

Name:         Spirit Charter Investment Limited
Address:     15th Floor, 77 Des Voeux Road, Central, Hong Kong
Fax:         (852) 2850 6787

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 12
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017
20-12411-jlg    Doc 14-1    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 1
Pg 11 of 11

## The Appendix

### Form of Notice of Drawing

From : Spirit Charter Investment Limited

To : Pacific Alliance Asia Opportunity Fund L.P.

Date :

Dear Sirs,

Re: **US$30,000,000 Facility Letter dated 4 February 2008 (the "Facility Letter")**

We refer to the Facility Letter, and hereby give notice that we wish to draw an Advance under the Facility on the following terms:

Drawdown date:

Amount          US$

Method of payment: [Please deposit the said sum of US $30,000,000 in the following bank account / draw a cheque for the said sum of US$30,000,000 in the name of [•].]

We confirm that:

(a) the representations and warranties set out in Clause 12 of the Facility Letter, repeated with reference to the facts and circumstances at the date of this notice, remain true and correct; and

(b) no Event of Default and no event which with the giving of notice or lapse of time or fulfillment of any other condition would constitute an Event of Default has occurred which remains unwaived or unremedied or would occur upon the making of the Advance.

This Notice of Drawing is irrevocable.

Terms defined in the Facility Letter have the same meanings when used in this notice.

Yours faithfully

_____
Director:
For and on behalf of
Spirit Charter Investment Limited