# EXHIBIT 3

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 16
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017
20-12411-jlg    Doc 14-3    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 3
Pg 2 of 10

**PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.**
*(Incorporated in the Cayman Islands)*
*PO Box 472, 2nd Floor,*
*Harbour Place, Grand Cayman*
*Cayman Islands*

To: SHINY TIMES HOLDINGS LIMITED
4th Floor
Central Tower
28 Queen's Road Central
Hong Kong

16 March, 2011

Dear Sirs,

**LOAN FACILITY**

**WHEREAS:**

We refer to a deed of settlement dated 17 September 2009 (the "**Deed**") entered into by, *inter alios*, Pacific Alliance Asia Opportunity Fund L.P. (the "**Lender**") and Shiny Times Holdings Limited (the "**Borrower**") and a personal guarantee dated 18 November 2009 (the "**Guarantee**") given by Kwok Ho Wan ("**Mr. Kwok**") in favour of the Lender.

The Lender, the Borrower and Mr. Kwok further entered into a letter agreement (the "**Letter Agreement**") dated as of 12 March 2010 whereby the Lender agreed to extend the Final Maturity Date (as defined in the Deed) from 12 March 2010 to 31 December 2010 on the condition that, *inter alia*, the Borrower as borrower and Mr. Kwok as guarantor irrevocably and unconditionally agree that the Borrower shall continue to pay interest to the Lender on the Revised Facility under the Letter Agreement at the fixed rate of 10% per annum until all outstanding sums thereunder were fully repaid by the Borrower to the Lender.

The Lender and the Borrower agree to enter into this Agreement to supersede and replace the terms and conditions of the Deed and the Letter Agreement in full on the condition that a new personal guarantee of Mr. Kwok (the "**Personal Guarantee**"), in favour of the Lender is delivered to secure the due and punctual performance of the Borrower to fully repay the Facility plus all accrued and unpaid interest in accordance with this Agreement, which shall supersede and replace the Guarantee.

**AGREEMENT:**

1. <u>Interpretation</u>. Clause 21 below contains definitions of words and expressions used in this Agreement and not defined elsewhere herein. The expressions "Borrower" and "Lender" shall, where the context permits, include their respective successors and any persons deriving title under them. Unless the context requires otherwise, words importing a gender include every gender; references to this Agreement or other document shall be to such document as the same may be amended, supplemented or novated from time to time; and references to this Agreement include the Schedule and the Appendix hereto. Clause headings are included for reference only and shall be ignored in construing this Agreement.

1

145

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 16
20-12411-jlg    Doc 14-3    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 3
Pg 3 of 10
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

2. **Conditions Precedent.** The Lender shall have no obligation to supersede and replace the terms and conditions of the Deed and the Letter Agreement in full unless each of the following conditions is satisfied:

   (a) the Lender has duly paid the amount of RMB33,500,000 to the Borrower, and the Borrower shall pay an amount of US$5,000,000 to the Lender within seven business days from receipt of RMB33,500,000 from the Lender;

   (b) the attached duplicate of this Agreement, in form and substance satisfactory to the Lender, is duly countersigned and delivered by the Borrower; and

   (c) the Personal Guarantee in form and substance satisfactory to the Lender, is duly executed and delivered by Mr. Kwok.

   For the avoidance of doubt, this Agreement came into effect on 31 December, 2010 (the "**Effective Date**"); provided that each of the above conditions precedent is satisfied on or prior to the date hereof.

3. **The Facility.** As of the Effective Date, the amount of the Facility was US$46,426,489.

4. **Notice of Confirmation.** As soon as all conditions precedent specified in Clause 2 above are satisfied and/or waived by the Lender or on such earlier date which the Lender in its absolute discretion may agree, the Borrower may issue to the Lender for acknowledgement the Notice of Confirmation (in the form attached hereto as Appendix). The Notice of Confirmation once received and acknowledged by the Lender shall be irrevocable and, subject to the terms of this Agreement, the Borrower shall be bound to comply with the terms hereof in substitution of the Deed and the Letter Agreement.

5. **Interest.** The Borrower shall pay interest to the Lender on the Facility (i.e., US$46,426,489) at the rate of 15% per annum commencing on the Effective Date until the Repayment Date, as described in Clause 6 below. Interest shall accrue from day to day on the outstanding balance of the Facility, shall be calculated on an actual number of days basis and shall be paid in arrears on each 30 June and 31 December for so long as any amount of the Loan remains outstanding (each, an "**Interest Payment Date**").

6. **Repayment.** The Loan shall have a term of eighteen (18) months, and shall be due and payable by the Borrower immediately on 30 June 2012, eighteen (18) months from the Effective Date (the "**Repayment Date**"). Subject as otherwise provided in this Agreement, the Borrower shall repay the Loan in a single lump sum together with all accrued interest and other moneys then outstanding under the Facility on the Repayment Date.

7. **Prepayment.** The Borrower may prepay all or any part of the Loan at any time prior to the Repayment Date.

8. **Payments.** All payments by the Borrower under this Agreement shall be made to the Lender not later than 5:00 p.m. (Hong Kong time) on the relevant due date, by delivery to the Lender of a bankers' draft payable to or to the order of the Lender (drawn on a bank in Hong Kong acceptable to the Lender) in immediately available funds, or in such other manner as the Lender may from time to time reasonably require. Subject as otherwise provided in this Agreement, all payments by the Borrower shall be made in full without any set-off or counterclaim or any deduction or withholding for or on account of any present or future taxes, duties, charges or fees of any kind. If the Borrower is compelled

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 16
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017
20-12411-jlg    Doc 14-3    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 3
Pg 4 of 10

by law to make any such deduction or withholding it will pay to the Lender such additional amounts as will result in actual receipt by the Lender of the full amounts which it would have received and retained if there had been no such deduction or withholding. If the Lender receives less than the full amount due, the Lender may allocate the amount received towards principal, interest and/or other sums owing hereunder as it deems appropriate.

Any sum which would otherwise have become due on a non-Business Day will instead become due on the next Business Day.

9. **Discharge and Substitution**. Immediately after the Effective Date, and upon the satisfaction of all conditions precedent hereunder, the obligations of repayment of the Loan, together with all accrued interest and other moneys then owing to the Lender in accordance with this Agreement, shall fully substitute and replace the obligations of the Borrower in connection with the Revised Facility under the Deed and the Letter Agreement, and the Lender shall release and discharge absolutely in favour of the Borrower and Mr. Kwok the outstanding amount of the Revised Facility, any other accrued interest and other monies outstanding under the Revised Facility from all the claims and losses.

10. **Illegality**. If it becomes unlawful for the Lender to give effect to its obligations hereunder, the Lender shall so notify the Borrower, whereupon the Facility shall be cancelled and/or such obligations of the Lender shall cease. The Borrower shall forthwith after such notification, or such longer period as the Lender may certify as being permitted by the relevant law, prepay the Loan in full, together with all accrued interest and other moneys then owing to the Lender.

11. **Representations and Warranties**. The Borrower represents and warrants to the Lender that:

    (a) the Borrower has full power, authority and legal right to enter into and engage in the transactions contemplated by this Agreement;

    (b) the Borrower has taken all necessary action and has obtained all necessary consents to execute and perform its obligations under this Agreement, and this Agreement constitutes legal, valid and binding obligations of the Borrower enforceable in accordance with its terms;

    (c) all authorisations required from any governmental or other authority or from any creditors of the Borrower for or in connection with the execution, validity and performance of this Agreement have been obtained and are in full force and effect and there has been no default under the conditions of any of the same;

    (d) it is not necessary in order to ensure the validity, enforceability, priority or admissibility in evidence in proceedings of this Agreement in Hong Kong or any other relevant jurisdiction that it or any other document be filed or registered with any authority in Hong Kong or elsewhere or that any tax be paid in respect thereof;

    (e) the Borrower is not in default under any law, regulation, judgment, order, agreement or obligation, the consequences of which default could materially and adversely affect the Borrower's ability to perform its obligations under this Agreement;

3

    (f)    neither the entry into and existence or performance by the Borrower of its rights and obligations under this Agreement will conflict with any obligations of the Borrower; and

    (g)    there are no current, pending or threatened actions or proceedings before any court, arbitrator, administrative tribunal or governmental authority which might materially and adversely affect the assets of the Borrower or the Borrower's ability to perform its obligations under this Agreement.

The Borrower also represents and warrants to and undertakes with the Lender that the foregoing representations and warranties will be true and accurate throughout the continuance of this Agreement with reference to the facts and circumstances subsisting from time to time, and acknowledges that the Lender has entered into this Agreement in reliance upon the representations and warranties contained in this Clause.

12.    **Undertakings Regarding the Borrower.** The Borrower undertakes with the Lender that, on and after the date hereof and for so long as any sum remains owing under this Agreement, it will:

    (a)    forthwith notify the Lender of (i) any material litigation, arbitration or administrative proceedings which are brought or (to its knowledge) threatened against the Borrower; or (ii) any Event of Default or other occurrence which could materially and adversely affect the ability of the Borrower to perform its obligations under this Agreement; and

    (b)    punctually pay all sums due from it to the Lender and otherwise comply with its obligations under this Agreement.

13.    **Events of Default.** If and at any time after any of the following events or circumstances (each an "Event of Default") occurs:

    (a)    the Borrower fails to pay any sum payable under this Agreement when due or otherwise in accordance with the provisions hereof or thereof;

    (b)    the Borrower fails to perform any of its other obligations under this Agreement and/or Mr. Kwok fails to perform any of his other obligations under the Personal Guarantee, in its sole discretion, considers to be material, and, in respect only of a failure which in the Lender's opinion is capable of remedy (and is not a failure to pay money), does not remedy such failure to the Lender's satisfaction within ten (10) days after receipt of written notice from the Lender;

    (c)    any representation or warranty made or deemed made by the Borrower in or in connection with this Agreement is or proves to have been untrue or inaccurate in any respect the Lender, in its sole discretion, considers to be material;

    (d)    a petition is presented, any proceedings are commenced, an order is made, or any other step is taken (i) for the bankruptcy or similar action of or in respect of the Borrower and/or Mr. Kwok; or (ii) for the appointment of an administrator, administrative receiver, receiver or trustee or similar officer of the Borrower and/or Mr. Kwok or any of its or his assets;

    (e)    the Borrower and/or Mr. Kwok stops or suspends payments to its or his creditors generally or is unable or admits its or his inability to pay its or his debts as they fall due or seeks to enter into any composition or arrangement with its or his creditors

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 16
20-12411-jlg    Doc 14-3    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 3
Pg 6 of 10
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

or is declared or is bankrupt; and

(f) the Borrower defaults or receives notice of default under any agreement or obligation relating to borrowing or any indebtedness of the Borrower becomes payable or capable of being declared payable before its stated maturity or is not paid when due or any encumbrance, guarantee or other security now or hereafter created by the Borrower becomes enforceable.

then, in each case, the Lender may: (1) declare the Loan, accrued interest and all other moneys payable under this Agreement to be immediately due and payable without further demand, notice or other legal formality of any kind; and/or (2) declare the Facility terminated.

14. **Indemnities.** The Borrower shall indemnify and keep indemnified the Lender forthwith upon demand against all losses, liabilities, damages and expenses which the Lender may sustain or incur as a consequence of any Event of Default or any default by the Borrower in the performance of its obligations under this Agreement or any prepayment under this Agreement or otherwise in connection with this Agreement. Without limiting the foregoing, if any payment in respect of amounts due to the Lender under this Agreement is not made in United States dollars, the Lender shall have a separate and independent cause of action against the Borrower to recover and be indemnified against any shortfall after conversion of the amount paid into United States dollars.

15. **Expenses and Costs.** The Borrower shall bear all costs, charges and expenses incurred in the negotiation, preparation, execution and registration of this Agreement and any document relating to this Agreement.

16. **Assignment.** This Agreement shall be binding on and enure to the benefit of the Lender and the Borrower and their respective successors. The Lender has the right to assign or transfer any of its/his respective rights or obligations hereunder. The Borrower shall not assign or transfer any of its rights or obligations hereunder.

17. **No Waiver.** No failure or delay by the Lender in exercising any right, power or remedy under this Agreement shall operate as a waiver thereof. Rights, powers and remedies available under this Agreement do not exclude those provided by law.

18. **Severability.** If any provision of this Agreement is or becomes illegal, invalid or unenforceable then the remaining provisions of this Agreement shall not be affected or impaired.

19. **Notices.** Any notice or demand given or made in connection with this Agreement shall be sent to the Lender or to the Borrower in accordance with the details given in the Schedule hereto or such other address or fax number as the relevant party may from time to time notify to the other by three (3) Business Days' prior written notice. Notices shall be in writing and made by mail or fax and shall be deemed to have been delivered (a) (if given or made by mail) when actually delivered to the relevant address and (b) (if given or made by fax) when despatched with electronic or other confirmation of transmission.

20. **Governing Law and Jurisdiction.** This Agreement shall be governed by and construed in accordance with the laws of Hong Kong. The Borrower irrevocably agrees for the benefit of the Lender that any legal action or proceeding arising out of or relating to this Agreement may be brought in the courts of Hong Kong and irrevocably submits to the non-exclusive jurisdiction of such courts.

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 16
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

20-12411-jlg    Doc 14-3    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 3
Pg 7 of 10

21. **Definitions.** In this Agreement, unless otherwise or elsewhere defined, or unless the context requires otherwise:

"**Business Day**" means a day (excluding Saturday and Sunday) on which banks are open for business in Hong Kong and PRC;

"**Event of Default**" means any event or circumstance specified in Clause 13 or in the Personal Guarantee;

"**Hong Kong**" means the Hong Kong Special Administrative Region of The People's Republic of China;

"**Interest Payment Date**" has the meaning ascribed to that term in Clause 5.

"**Loan**" means the aggregate principal amount outstanding under the Facility at any time;

"**Notice of Confirmation**" means the notice of confirmed drawing in the form set out in the Appendix hereto;

"**Personal Guarantee**" shall have the meaning ascribed thereto in the recital of this Agreement;

"**PRC**" means The People's Republic of China;

"**Repayment Date**" has the meaning ascribed to that term in Clause 6 of this Agreement; and

"**Revised Facility**" means the revised facility provided by the Lender to the Borrower under the Deed and the Letter Agreement.

[The rest of this page intentionally left blank]

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 16
20-12411-jlg    Doc 14-3    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 3
Pg 8 of 10
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

Please confirm your acceptance of the foregoing terms and conditions by signing and returning to us the duplicate of this Agreement.

Yours faithfully
For and on behalf of
Pacific Alliance Group Asset Management Limited
the General Partner of
Pacific Alliance Asia Opportunity Fund L.P.

Name: Jon Lewis
Title: Director / Authorised Signatory

( )

We confirm our acceptance of the terms and conditions set out above.

Director: Kwok Ho Wan
For and on behalf of
Shiny Times Holdings Limited
Dated: 1 6 MAR 2011

7

151

### The Schedule

#### Notice Details of the Lender

Name: Pacific Alliance Asia Opportunity Fund L.P.
Address: c/o 15/F, AIA Central, 1 Connaught Road Central, Hong Kong
Fax: (852) 2918 0861
Attention: Mr. Jon Lewis

#### Notice Details of the Borrower

Name: Shiny Times Holdings Limited
Address: 4th Floor, Central Tower, 28 Queen's Road Central, Hong Kong
Fax: (852) 2845 0638
Attention: Mr. Kwok Ho Wan

152

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO. 16
RECEIVED NYSCEF: 06/29/2017
20-12411-jlg    Doc 14-3    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 3
Pg 10 of 10

Appendix

Form of Notice of Confirmation

From : Shiny Times Holdings Limited

To : Pacific Alliance Asia Opportunity Fund L.P.

Date :

Dear Sirs,

Re: Facility Agreement dated      March 2011 (the "Facility Agreement")

We refer to the Facility Agreement, and hereby confirm that:

(a) all conditions precedent specified in Clause 2 of the Facility Agreement have been fully satisfied or waived with your consent;

(b) the representations and warranties specified in Clause 11 of the Facility Agreement, repeated with reference to the facts and circumstances at the date of this Notice of Confirmation, remain true and correct; and

(c) no Event of Default and no event which with the giving of notice or lapse of time or fulfillment of any other condition would constitute an Event of Default has occurred which remains unwaived or unremedied.

This Notice of Confirmation is irrevocable.

Terms defined in the Facility Agreement have the same meanings when used in this Notice of Confirmation.

Yours faithfully

_____
Director:
For and on behalf of
Shiny Times Holdings Limited

Acknowledgement

We hereby acknowledge and confirm that all conditions precedent specified in Clause 2 under the Facility Agreement have been fulfilled satisfactorily and/or waived by us with our consent.

Yours faithfully

_____
Pacific Alliance Group Asset Management Limited
the General Partner of
Pacific Alliance Asia Opportunity Fund L.P.

9

153