# EXHIBIT 4

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 17
20-12411-jlg    Doc 14-4    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 4
Pg 2 of 11
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

DATED THE 16th DAY OF MARCH 2011

**KWOK HO WAN**
as Guarantor

in favour of

**PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.**

---

**PERSONAL GUARANTEE**

---

Hong Kong

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 17
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017
20-12411-jlg    Doc 14-4    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 4
Pg 3 of 11

THIS GUARANTEE is made the 16th day of March 2011

BETWEEN:

(1)  KWOK HO WAN (郭浩云) holder of Hong Kong Identity card no. P746467(7) of Room 411, 4th Floor, Nan Fung Tower, 173 Des Voeux Road Central, Hong Kong (the "Guarantor"); and

(2)  PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P., an exempted limited partnership established under the laws of the Cayman Islands whose registered office is at P.O. Box 472, 2nd Floor, Harbour Place, Grand Cayman, Cayman Islands ("PAX").

RECITALS

A.  On or about the date of this Guarantee, PAX and Shiny Times Holdings Limited ("Shiny Times") entered into a facility letter (the "Facility Letter") whereby it was agreed that (a) the total principal amount under the Facility Letter as of the Effective Date US$46,426,489 (the "Outstanding Amount") and (b) the Outstanding Amount shall be deemed as the new revised principal amount under the Facility Letter, which shall accrue interest at the rate of 15% per annum from the Effective Date until fully repaid. It was further agreed that the maturity date for payment of the Loan (as defined in the Facility Letter) shall be on or before 30 June 2012.

B.  A condition precedent to the completion under the Facility Letter is the Guarantor's delivery of this Guarantee to secure due and punctual performance of all of Shiny Times' payment and performance obligations whatsoever (the "Obligations", and "Obligation" shall be construed accordingly), under or in relation to the Facility Letter.

C.  It was further agreed that, immediately after the Effective Date, and upon the completion of the conditions precedent under the Facility Letter, Shiny Times and the Guarantor shall be discharged and released in full from all the obligations, liabilities and responsibilities under the Deed and Letter Agreement (both terms are defined in the Facility Letter) respectively and claims arising out of or in connection with the Deed and Letter Agreement shall also be fully discharged.

1.  INTERPRETATION

1.1  References to Agreements

Unless otherwise stated, any reference in this Guarantee to any agreement or document (including any reference to this Guarantee or the Facility Letter) shall be construed as a reference to:

(a)  such agreement or document as amended, varied, novated or supplemented from time to time;

(b)  any other agreement or document whereby such agreement or document is so amended, varied or novated; and

(c)  any other agreement or document entered into pursuant to or in accordance with such agreement or document.

1

1.2     Clause Headings

Clause headings are for ease of reference only and shall not affect the construction of this Guarantee.

2.      GUARANTEE

2.1     Guarantee and Indemnity

The Guarantor hereby irrevocably and unconditionally:

(a)     guarantees to PAX the due and punctual payment of the Obligations and agrees that promptly on PAX's demand he will pay to PAX all Obligations that are due but unpaid; and

(b)     agrees (as primary obligor and not only as surety) to indemnify and hold harmless PAX on demand from and against all losses incurred by PAX as a result of any Obligation being or becoming void, voidable, unenforceable or ineffective as against Shiny Times for any reason whatsoever (whether or not known to PAX or any other person), the amount of such loss being the amount that PAX would otherwise have been entitled to recover from Shiny Times.

PROVIDED THAT the total liabilities of the Obligations or amount due from the Guarantor under this Guarantee shall always be limited to the sum of the Outstanding Amount plus interest of the rate of 15% per annum accrued from 31 December 2010 to the date on which all such liabilities are paid in full.

For the avoidance of doubt, this Guarantee came into effect on 31 December, 2010 (the "Effective Date").

2.2     Demands

The amount specified in a demand made by PAX pursuant to this Guarantee as to the amount of any Obligation or the amount due from the Guarantor under this Guarantee shall be *prima facie* evidence that such Obligation or such amount is due and payable.

3.      CONTINUING SECURITY

3.1     Continuing and Independent Obligations

The obligations of the Guarantor under this Guarantee shall constitute and be continuing obligations which shall not be released or discharged by any intermediate payment of the Obligations or any of them, shall continue in full force and effect until the unconditional and irrevocable payment and discharge in full of the Obligations and are in addition to and independent of, and shall not prejudice or merge with, any other security (or any right of set-off) which PAX may at any time hold in respect of the Obligations or any of them.

3.2     Avoidance of Payments

Where any release, discharge or other arrangement, in respect of any Obligation PAX may hold for such Obligation, is given or made in reliance on any payment or other disposition that is avoided or must be repaid (whether in whole or in part) in an insolvency, liquidation or otherwise, and whether or not PAX has conceded or compromised any claim that any such payment or other disposition will or should be avoided or repaid (in whole or in part), this

2

Guarantee shall continue as if such release, discharge or other arrangement had not been given or made.

### 3.3 Immediate Recourse

PAX shall not be obliged before exercising any of the rights conferred on it by this Guarantee or by law to seek to recover amounts due from Shiny Times or to exercise or enforce any other right or security it may have or hold in respect of the Obligations.

### 3.4 Waiver of Defences

Neither the obligations of the Guarantor contained in this Guarantee nor the rights, powers and remedies conferred upon PAX by this Guarantee or by law shall be discharged, impaired or otherwise affected by:

(a) the winding-up, dissolution, administration or re-organisation of Shiny Times or any other person or any change in the status, function, control or ownership of Shiny Times or any such person;

(b) any of the Obligations or any security held by PAX in respect thereof being or becoming illegal, invalid, unenforceable or ineffective in any respect;

(c) any time or other indulgence being granted or agreed (i) to or with Shiny Times or any other person in respect of the Obligations or any of them or (ii) in respect of any security held by PAX in respect thereof;

(d) any amendment to, or any variation, waiver or release of, the Obligations or any of them or any security held by PAX in respect thereof;

(e) any total or partial failure to take or perfect any security proposed to be taken in respect of the Obligations or any of them;

(f) any total or partial failure to realise the value of, or any release, discharge, exchange or substitution of, any security held by in respect of the Obligations or any of them; or

(g) any other act, event or omission which might operate to discharge, impair or otherwise affect the Guarantor or any of the Obligations or any of the rights, powers and remedies conferred upon PAX by this Guarantee or by law.

### 3.5 No Competition with PAX

Any right which the Guarantor may have by way of contribution or indemnity in relation to the Obligations, or otherwise to claim or prove as a creditor of Shiny Times or any other person or its estate in competition with PA, shall be exercised by the Guarantor only if and to the extent that PAX so requires and in such manner and upon such terms as PAX may specify, and the Guarantor shall hold all monies, rights or security held or received by it as a result of the exercise of any such right on trust for PAX for application in accordance with the terms of this Guarantee as if such monies, rights or security were held or received by PAX under this Guarantee.

### 3.6 Appropriation

PAX shall not be obliged to apply any sum held or received by it in respect of the Obligations in or towards payment of the Obligations and all such sums may be credited to a suspense or impersonal account and held in such account pending the application from time to time

3

157

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 17
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017
20-12411-jlg    Doc 14-4    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 4
Pg 6 of 11

(as PAX may think fit) of such sums in or towards the discharge of such obligations of the Guarantor to PAX as PAX may select.

## 4. PAYMENTS

### 4.1 Grossing Up

All payments made by the Guarantor under this Guarantee shall be made free and clear and without any deduction and free and clear of, and without deduction for or on account of, tax except, in the latter case, to the extent that the Guarantor is required by law to make payment subject to tax. If any tax or amount in respect of tax must be deducted, or any other deduction must be made, from any amount payable or paid by the Guarantor under this Guarantee, the Guarantor shall pay such additional amounts as may be necessary to ensure that PAX receives a net amount equal to the full amount which it would have received had payment not been made subject to tax.

### 4.2 Payments without Set-off

All payments made by the Guarantor under this Guarantee shall be made free and clear of and without any deduction for or on account of any set-off or counterclaim.

### 4.3 Manner of Payment

All payments made by the Guarantor under this Guarantee shall be paid in the manner required by PAX.

## 5. COSTS AND EXPENSES

### 5.1 Transaction Costs

The Guarantor shall on demand of PAX reimburse to PAX on a full indemnity basis all costs and expenses (including legal fees), incurred by PAX in connection with the preparation, negotiation and execution of this Guarantee.

### 5.2 Stamp Taxes

The Guarantor shall promptly pay all stamp, registration and other taxes to which this Guarantee or any judgment given in connection with this Guarantee is or at any time may be subject and shall on demand indemnify PAX against all Obligations, costs, claims and expenses (including legal fees) resulting from any failure to pay or delay in paying any such tax.

### 5.3 Indemnity

The Guarantor shall indemnify and hold harmless PAX from and against any and all costs, claims losses, expenses (including legal fees) and Obligations, which PAX may incur as a result of the exercise or enforcement by PAX of any of the rights or powers conferred on it under this Guarantee or by law.

## 6. WAIVERS AND REMEDIES

No failure by PAX to exercise, nor any delay by PAX in exercising, any right or remedy under this Guarantee shall operate as a waiver thereof nor shall any single or partial exercise of any such right or remedy prevent any further or other exercise thereof or the exercise of any other such right or remedy.

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 17
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

20-12411-jlg    Doc 14-4    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 4
Pg 7 of 11

## 7. ADDITIONAL PROVISIONS

### 7.1 Partial Invalidity

If at any time any provision of this Guarantee is or becomes illegal, invalid or unenforceable in any respect, or this Guarantee is or becomes ineffective in any respect under the law of any jurisdiction, such illegality, invalidity, unenforceability or ineffectiveness shall not affect:

(a) the legality, validity or enforceability of the remaining provisions of this Guarantee or the effectiveness in any other respect of this Guarantee under such law; or

(b) the legality, validity or enforceability of such provision or the effectiveness of this Guarantee under the law of any other jurisdiction.

### 7.2 Potentially Avoided Payments

If PAX determines that an amount paid to it under the Facility Letter is capable of being avoided or otherwise set aside on the liquidation or administration of the person by whom such amount was paid, then for the purposes of this Guarantee, such amount shall be regarded as not having been paid.

### 7.3 Currency Conversion

In order to apply any sum held or received by PAX in or towards payment of the Obligations, PAX may purchase an amount in another currency and the rate of exchange to be used shall be that at which, at such time as it considers appropriate, PAX is able to effect such purchase.

### 7.4 Currency Indemnity

If any sum due from the Guarantor under this Guarantee or any order or judgment given or made in relation to this Guarantee has to be converted from the currency (the "first currency") in which the same is payable under this Guarantee or under such order or judgment into another currency (the "second currency") for the purpose of (a) making or filing a claim or proof against the Guarantor, (b) obtaining an order or judgment in any court or other tribunal, or (c) enforcing any order or judgment given or made in relation to this Guarantee, the Guarantor shall indemnify and hold harmless PAX from and against any loss suffered or incurred as a result of any discrepancy between (i) the rate of exchange used for such purpose to convert the sum in question from the first currency into the second currency, and (ii) the rate or rates of exchange at which PAX may in the ordinary course of business purchase the first currency with the second currency upon receipt of a sum paid to it in satisfaction, in whole or in part, of any such order, judgment, claim or proof.

### 7.5 Rights Cumulative

The rights and remedies provided by this Guarantee are cumulative and not exclusive of any right or remedy provided by law.

## 8. ASSIGNMENTS

### 8.1 The Guarantor's Rights and Obligations

The rights and obligations of the Guarantor under this Guarantee are not assignable or transferable and the Guarantor shall not purport to assign any or all such rights or obligations, without the prior written consent of PAX.

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 17
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017
20-12411-jlg    Doc 14-4    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 4
Pg 8 of 11

8.2   PAX's Rights

The rights of PAX under this Guarantee are assignable in whole or in part, and PAX may assign all or any such right without the consent of the Guarantor.

9.    NOTICES

9.1   Communications in Writing

Each communication to be made under this Guarantee shall be made in writing but, unless otherwise stated, may be made by fax or letter.

9.2   Delivery of Notices

Any communication or document to be made or delivered by one person to another pursuant to this Guarantee shall (unless that other person has by 3 days' written notice to the other specified another address or fax number) be made or delivered to that other person at the authorized address or fax number of that person and shall be deemed to have been made or delivered when despatched (in the case of any communication made by fax), or (in the case of any communication made by letter) when left at that address or (as the case may be) five days after being deposited in the post postage prepaid in an envelope addressed to it at that address. Subject to the foregoing, the authorised address and fax number of each party, for the purpose of Clause 9, are as follows:

PA:

Address:

15/F, AIA Central
1 Connaught Road Central
Hong Kong

Fax:   +852 2918 0881
Attn:  Jon Lewis, Group General Counsel

The Guarantor:

Address:   Room 411, 4th Floor, Nan Fung Tower,
           173 Des Voeux Road Central
           Hong Kong

with a copy to

Address:   Stevenson, Wong & Co.
           4th Floor, Central Tower
           28 Queen's Road Central
           Hong Kong
Fax:       +852 2868 9928
Attn:      Hank Lo

9.3   Notices to PA

Any communication or document to be made or delivered to PAX shall be effective only when received by PAX and then only if it is expressly marked for the attention of the

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 17
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017
20-12411-jlg    Doc 14-4    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 4
Pg 9 of 11

department or officer identified with PA's signature below or such other department or officer as PAX shall from time to time specify for this purpose.

### 9.4 English Language

Each communication and document made or delivered by one party to another pursuant to this Guarantee shall be in English or accompanied by a translation into English which is certified (by an officer of the person making or delivering the same) as being a true and accurate translation.

### 10. GOVERNING LAW

This Guarantee is governed by and shall be construed in accordance with the laws of Hong Kong.

### 11. JURISDICTION

#### 11.1 Courts of Hong Kong

Each of the Guarantor and PAX irrevocably agrees that the courts of Hong Kong shall have jurisdiction to hear and determine any suit, action or proceedings, and to settle any disputes, which may arise out of or in connection with this Guarantee (respectively, "Proceedings" and "Disputes") and, for such purposes, irrevocably submits to the jurisdiction of such courts.

#### 11.2 Appropriate Forum

The Guarantor irrevocably waives any objection which he might now or hereafter have to Proceedings being brought or Disputes settled in the courts of Hong Kong and agrees not to claim that any such court is not a convenient or appropriate forum.

#### 11.3 Service of Process

The Guarantor agrees that the process by which Proceedings are begun may be served on him by being delivered to him personally in connection with all Proceedings in Hong Kong.

#### 11.4 Proceedings in Other Jurisdictions

Nothing in Clause 11.1 (*Courts of Hong Kong*) shall (and shall not be construed so as to) limit the right of PAX to take Proceedings against the Guarantor in any other court of competent jurisdiction nor shall the taking of Proceedings in any one or more jurisdictions preclude the taking of Proceedings in any other jurisdiction (whether concurrently or not) if and to the extent permitted by applicable law.

#### 11.5 General Consent

The Guarantor consents generally in respect of any Proceedings to the giving of any relief or the issue of any process in connection with such Proceedings including the making, enforcement or execution against any property whatsoever (irrespective of its use or intended use) of any order or judgment which may be made or given in such Proceedings.

### 12. COUNTERPARTS

This Guarantee may be executed in counterparts and such counterparts taken together shall constitute one and the same instrument.

### 13. SOVEREIGN IMMUNITY

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 17
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

20-12411-jlg    Doc 14-4    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 4
Pg 10 of 11

To the extent that the Guarantor may be entitled, in any Hong Kong Court or other court, to claim for himself or his revenues, assets or properties, sovereign immunity from service of process, from suit, from the jurisdiction of any court, from attachment in aid of execution or enforcement of a judgment (interlocutory or final), or from any other legal process, and to the extent that, in any such jurisdiction there may be attributed such a sovereign immunity (whether claimed or not), the Guarantor irrevocably agrees not to claim, and hereby irrevocably waives, such sovereign immunity.

IN WITNESS WHEREOF this Guarantee has been duly executed by the Guarantor and has been signed by PAX.

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 17
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017
20-12411-jlg    Doc 14-4    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 4
Pg 11 of 11

**EXECUTION PAGE**

**PERSONAL GUARANTEE**

SIGNED, SEALED AND DELIVERED
by KWOK HO WAN
in the presence of:

Signature
of Witness:

Name:
Address:

Occupation:

SIGNED by
Jon Lewis
Director, Pacific Alliance Group Asset
Management Limited,
the General Partner of
PACIFIC ALLIANCE ASIA
OPPORTUNITY FUND L.P.
in the presence of:-

Signature
of Witness:

Name: STEFFI TAM
Address: 15/F, AIA CENTRAL, 1 CONNAUGHT ROAD CENTRAL, HONG KONG
Occupation: LEGAL COUNSEL

163