# EXHIBIT 23

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

PACIFIC ALLIANCE ASIA OPPORTUNITY
FUND L.P.,

                 Plaintiff,

v.

KWOK HO WAN, a/k/a KWOK HO, a/k/a GWO
WEN GUI, a/k/a GUO WENGUI, a/k/a GUO
WEN-GUI, a/k/a WAN GUE HAOYUN, a/k/a
MILES KWOK, a/k/a HAOYUN GUO,

                 Defendant.

---

Index No. 652077/2017

Part _____

**AFFIRMATION OF PACIFIC
ALLIANCE ASIA OPPORTUNITY
FUND L.P. IN SUPPORT OF
PLAINTIFF PACIFIC ALLIANCE
ASIA OPPORTUNITY FUND L.P.'S
MOTION FOR PRE-JUDGMENT
ORDER OF ATTACHMENT**

Mot. Seq. No ___

Pacific Alliance Asia Opportunity Fund L.P. ("PAX LP"), through its authorized representative, in support of PAX LP's Motion for an Order of Attachment, hereby affirms as follows:

1. The undersigned is authorized to provide this Affirmation as the representative of PAX LP and has knowledge of the facts set forth herein based on his review of PAX LP's ordinary course records, personal knowledge, and discussions with others at PAX LP regarding these matters.

2. PAX LP is an exempted limited partnership organized under the laws of Cayman Islands.

3. The exhibits attached to this affirmation are true and correct copies of original documents maintained by a custodian that is engaged by PAX LP to retain PAX LP's records.

4. PAX LP and Kwok Ho Wan ("Kwok") have had business dealings since approximately February 4, 2008, when PAX LP entered into a written agreement (the "2008

Facility Agreement") with Spirit Charter Investment Limited ("Spirit Charter"), one of Kwok's business entities, under which PAX LP made available to Spirit Charter a loan facility in the principal amount of $30 million. This loan facility was conditioned on Kwok's execution of a personal guarantee of Spirit Charter's repayment obligations. On March 12, 2008, PAX LP and Spirit Charter amended and restated the 2008 Facility Agreement ("Amended and Restated 2008 Facility Agreement").

5. By a deed dated September 17, 2009 (the "September 2009 Deed"), Shiny Times Holdings Limited ("Shiny Times"), Spirit Charter, PAX LP, and various other parties agreed that Shiny Times (another of Kwok's entities) would replace Spirit Charter as the borrower under the Amended and Restated 2008 Facility Agreement. The parties to the September 2009 Deed also agreed that the outstanding amount under the Amended and Restated 2008 Facility Agreement, including accrued and unpaid interest, was then $45,357,534.25 as of September 12, 2009 (the "Amended 2008 Loan Facility").

6. The September 2009 Deed required Kwok to execute a personal guarantee in favor of PAX LP to secure Shiny Times' due and punctual performance and repayment of the Amended 2008 Loan Facility. Kwok executed his personal guarantee on November 18, 2009.

7. On March 16, 2011, PAX LP and Shiny Times entered into a loan facility letter (the "2011 Facility Letter"), which expressly superseded all prior agreements between the parties and in which they agreed that Shiny Times owed PAX LP $46,426,489 and would repay that amount by June 30, 2012 at 15% annual interest from December 31, 2010. Kwok executed the 2011 Facility Letter as a Director of Shiny Times. Attached hereto as Exhibit A is a true and correct copy of the 2011 Facility Letter.

8. Also on March 16, 2011, Kwok executed a personal guarantee in favor of PAX LP ("Personal Guarantee"), under which Kwok agreed to "irrevocably and unconditionally" guarantee Shiny Times' payment of all amounts under the 2011 Facility Letter, including all accrued and unpaid interest. Attached hereto as Exhibit B is a true and correct copy of the Personal Guarantee.

9. The 2011 Facility Letter explicitly is conditioned on execution of the Personal Guarantee; it lists the suitability of the Personal Guarantee as a "condition precedent" to the 2011 Facility Letter and provides that the parties "enter into this Agreement . . . on the condition that a new personal guarantee of Mr. Kwok, in favour of the Lender is delivered to secure the due and punctual performance of the Borrower to fully repay the Facility plus all accrued and unpaid interest in accordance with this Agreement. . . ."[1]

10. Attached hereto as Exhibits C through G, respectively, are true and correct copies of the April 19, 2013 Deed of Settlement ("Original Deed of Settlement"); the December 3, 2013 Supplemental Deed of Settlement; the May 15, 2014 Second Supplemental Deed of Settlement; an undated and partially executed copy of the July 11, 2014 Third Supplemental Deed of Settlement; and an undated and partially executed copy of the February 10, 2015 Fourth Supplemental Deed of Settlement. PAX LP, Shiny Times, Kwok, and Beijing Pangu Investment Inc. ("Beijing Pangu") are the parties to these agreements. The dates listed above for the undated Third and Fourth Supplemental Deeds of Settlement are set forth in the Option Agreement, discussed in paragraph 13.

11. Under the terms of the Original Deed of Settlement, the parties agreed that the total outstanding amount due under the 2011 Facility Letter plus all accrued and unpaid interest

---

[1] Ex. A.

was $52 million as of the date of the Original Deed of Settlement. The Original Deed of Settlement provided that this amount would no longer be due and owing (1) if PAX LP completed the purchase of three apartments in three separate transactions as set forth in the Original Deed of Settlement, in accordance with the terms of the purchase agreements of the three apartments, for approximately RMB35 million (approximately $5 million) each, for a total of RMB105 million (approximately $15 million);[2] and (2) after the purchase of each apartment, if Shiny Times made an installment payment of the US dollar equivalent of RMB35 million (approximately $5 million) to PAX LP for a total of approximately $15 million.

12. The Original Deed of Settlement set forth certain conditions that Beijing Pangu was required to satisfy as a precondition to PAX LP's purchase of each apartment. The parties agreed that if any of these conditions for any of the three apartments were not met by July 31, 2013, then "the entire settlement under th[e] [Original] Deed [of Settlement] shall be terminated," and the 2011 Facility Letter (for which the Personal Guarantee was a condition precedent) would revert and be in full force and effect immediately after July 31, 2013.[3] The conditions precedent were not satisfied by July 31, 2013. Each of the four Supplemental Deeds of Settlement extended the deadline by which Beijing Pangu was required to satisfy the conditions precedent and extended the schedule of Shiny Times' installment payments. The Fourth Supplemental Deed of Settlement extended the deadline for Beijing Pangu's satisfaction of the conditions precedent under the Original Deed of Settlement to June 30, 2015.[4]

13. Beijing Pangu negotiated the Deeds of Settlement with PAX LP principally through point person Lu Tao, an employee of Kwok's flagship company.

---

[2] Ex. C ¶¶ 2.1, 2.2.
[3] *Id.* ¶¶ 3.4, 4.2.
[4] Ex. G ¶ 2.1.

4

14. Attached as Exhibit H is a true and correct copy of an Option Agreement dated March 31, 2015 (the "Option Agreement"), between Shiny Times and PAX LP, among others, which provided for the repayment of amounts owed by Shiny Times to PAX LP via a share sale transaction. Under Clause 4.4 of the Option Agreement, it was to terminate without effect if certain Conditions (as defined in the Option Agreement) were not satisfied by June 30, 2015. These Conditions included Beijing Pangu's obligation to terminate an existing sale and purchase agreement relating to one of the apartments in the Deeds of Settlement, and to register and file that apartment under the name of one of the parties to the Option Agreement.

15. As of July 1, 2015, the conditions precedent set forth in the Option Agreement had not been satisfied.

16. Similarly, as of July 1, 2015, Beijing Pangu failed to satisfy the conditions precedent under the Deeds of Settlement (nor has Beijing Pangu satisfied the conditions precedent since that date).

17. As a result, PAX LP was not obligated to, and did not, complete its purchase of any of the apartments in accordance with the terms of the Deeds of Settlement. Also as a result, the "entire settlement" under the Original Deed of Settlement was terminated, and the 2011 Facility Letter and the Personal Guarantee reverted to being in full force and effect.

18. As of July 1, 2015, Shiny Times did not make, and has never made, any repayment of any amount owed under the 2011 Facility Letter. Therefore, on behalf of its partners, PAX LP is currently pursuing the satisfaction of debts owed to it by Kwok.

19. On October 16, 2015, PAX LP sent a written notice of demand (the "Notice of Demand") to Kwok's Hong Kong address (with a copy to his counsel) demanding payment of

5

FILED: NEW YORK COUNTY CLERK 07/07/2020 06:58 PM
NYSCEF DOC. NO. 497
20-12411-jlg    Doc 14-23    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 23
Pg 7 of 8
INDEX NO. 652077/2017
RECEIVED NYSCEF: 07/07/2020

$71,818,633.44 then due and owing under the Personal Guarantee as of October 14, 2015. Attached as Exhibit I is a true and correct copy of the Notice of Demand.

20. Kwok never responded to this Notice of Demand.

21. On February 19, 2016, PAX LP sent a letter to Shiny Times demanding payment of $82,219,404.08 then due and owing under the 2011 Facility Letter (the "Shiny Times Demand Letter"), which represented the principal plus contractual interest of 15% per annum calculated up to the date of the Shiny Times Demand Letter. Attached as Exhibit J is a true and correct copy of the Shiny Times Demand Letter.

22. Shiny Times never responded to the Shiny Times Demand Letter.

23. As a consequence of Shiny Times' failure to respond, PAX LP submitted an application to court in the British Virgin Islands ("BVI") on February 29, 2016 seeking the appointment of joint liquidators to put Shiny Times, which is a BVI corporation, into liquidation. The application alleged that (i) Shiny Times had failed to pay the sum then-owing of $82,410,197.87, (ii) Shiny Times was unable to pay its debts, and (iii) Shiny Times was insolvent and should be liquidated. Although Shiny Times was in fact placed into liquidation as a result of the BVI proceeding, PAX LP was unable to collect any of the monies owed to it under the 2011 Facility Letter.

24. To date, Kwok has not repaid any of the money due and owing to PAX LP under the Personal Guarantee; the outstanding principal plus accrued and unpaid interest is currently approximately $88 million.

FILED: NEW YORK COUNTY CLERK 07/07/2020 06:58 PM
NYSCEF DOC. NO. 497

20-12411-jlg    Doc 14-23    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 23
Pg 8 of 8

INDEX NO. 652077/2017
RECEIVED NYSCEF: 07/07/2020

I affirm this 7th day of July, 2017, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that I am physically located outside the geographic boundaries of the United States, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____
Jon Robert Lewis, on behalf of Pacific Alliance Asia Opportunity Fund L.P.