# EXHIBIT 35

20-12411-jlg    Doc 14-35    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 35
Pg 2 of 25

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

PACIFIC ALLIANCE ASIA OPPORTUNITY
FUND L.P.,

                                        *Plaintiff*,

        -against-

KWOK HO WAN *a/k/a* KWOK HO *a/k/a* GWO
WEN GUI *a/k/a* GUO WENGUI *a/k/a* GUO
WEN-GUI *a/k/a* WAN GUE HAOYUN *a/k/a*
MILES KWOK *a/k/a* HAOYUN GUO,

                                        *Defendant*.

---

Index No. 652077/2017

Hon. Barry R. Ostrager

**DEFENDANT'S RESPONSES
AND OBJECTIONS TO
PLAINTIFF'S AMENDED FIRST
SET OF INTERROGATORIES**

Pursuant to Article 31 of the Civil Practice Law and Rules ("CPLR"), the

defendant, sued herein as Kwok Ho Wan a/k/a Kwok Ho a/k/a Gwo Wen Gui a/k/a Guo Wengui

a/k/a Guo Wen-Gui a/k/a Wan Gue Haoyun a/k/a Miles Kwok a/k/a Haoyun Guo ("Defendant" or

"Kwok"), by his attorneys Hodgson Russ LLP, hereby responds to plaintiff Pacific Alliance Asia

Opportunity Fund L.P.'s ("Plaintiff" or "PAX") Amended First Set of Interrogatories dated July 6,

2018 (the "Interrogatories") as follows:

**GENERAL RESPONSES AND OBJECTIONS**

        Kwok's responses to the Interrogatories also are subject to the following general

responses and objections ("General Objections"):

        1.      Kwok objects to the Interrogatories, including the Definitions and

Instructions, to the extent that (i) they purport to impose burdens or obligations beyond those set

forth in the CPLR, the Rules of the Commercial Division of the Supreme Court of New York, or

any applicable orders or rulings in this action, or (ii) they are beyond the scope of the complaint

because they seek information concerning issues unrelated to the allegations or claims pleaded in

this action.  Specifically, Kwok objects to the Interrogatories to the extent that they violate

Commercial Division Rule 11-a, which limits the number of interrogatories that can be propounded to twenty-five (25), including subparts.

2.      Kwok objects to the Interrogatories, including the Definitions and Instructions, to the extent that they are vague, ambiguous, or lack sufficient particularity.

3.      Kwok objects to the Interrogatories, including the Definitions and Instructions, to the extent that they are oppressive, overbroad, or impose an undue burden and expense on Kwok to locate, review, and produce the requested information in view of the relevance and materiality, if any, of said information.

4.      Kwok objects to the Interrogatories, including the Definitions and Instructions, to the extent that they are not properly limited in time, seek information that is neither relevant to the issues raised in this action, nor reasonably calculated to lead to the discovery of admissible evidence, or that are otherwise beyond the scope of this action and not subject to disclosure under the CPLR.

5.      Kwok objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege, immunity, rule of privacy or confidentiality, protection, or restriction, including any foreign government restriction protecting such information from involuntary disclosure or production. Kwok will not disclose information covered by one or more such privileges or immunities. Inadvertent disclosure by Kwok of information protected under any of the foregoing privileges or immunities, however, shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information. Nor shall it constitute a

- 2 -

FILED: NEW YORK COUNTY CLERK 11/15/2018 07:56 PM
NYSCEF DOC. NO. 246
INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/15/2018

20-12411-jlg    Doc 14-35    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 35
Pg 4 of 25

waiver of Kwok's right to object to the use of any such information during this litigation or any later proceeding or otherwise seek its return.

6.      Kwok objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek confidential and/or proprietary business information or information which is otherwise constitutes protected financial, strategic, or trade-secret information.

7.      Kwok objects to the Interrogatories, including the Definitions and Instructions, to the extent that they assume facts presently in dispute and which may not be accurate.  By responding, Kwok does not admit, adopt, or acquiesce to any factual or legal contention, presumption, assertion, or characterization contained in the Interrogatories.

8.      Kwok objects to the Interrogatories, including the Definitions and Instructions, to the extent that they require the creation of new documents or otherwise attempt to dictate the manner in which information (or documents) are required to be produced hereunder.

9.      Kwok objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek information (i) not in Kwok's possession, custody, or control, or (ii) already in PAX's possession, custody, or control, or reasonably available to PAX from a more convenient, more efficient, less burdensome, or less expensive source than Kwok.

10.      Kwok objects to the Interrogatories, including the Definitions and Instructions, to the extent that they call for a legal conclusion.  Kwok's response shall not be construed as providing a legal conclusion with respect to the meaning or application of any terms or phrases used therein.

11.      Kwok objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek information protected by United States federal or state

*Confidential Pursuant to Parties' So-Ordered Stipulation (Dkt. No. 198)*

law, by Chinese law, or to the extent that they otherwise impinge upon the privacy rights of individuals who are not a party to this action.

12.     Kwok objects to the Interrogatories, including the Definitions and Instructions, to the extent that they are duplicative of or subsumed by one or more other Interrogatories or any other discovery served by PAX, including PAX's First and Second Sets of Requests for the Production of Documents. Kwok reserves the right to produce documents in response to the Interrogatories.

13.     Kwok objects to the Interrogatories, including the Definitions and Instructions, to the extent that they contain multiple subparts or the Definitions and/or Instructions render the Interrogatory unintelligible or otherwise confusing or unclear.

14.     Kwok's responses and objections to the Interrogatories are not, are not intended to be, and shall not be deemed an admission of the matters stated, implied, or assumed by any or all of the Interrogatories. The production of information in response to a specific Interrogatory shall not constitute any acknowledgment of the propriety of the Interrogatory.

15.     Kwok submits these responses and objections without conceding the relevancy, materiality, or admissibility of any information that may be provided and without prejudice to Kwok's rights to object to any further discovery requests. As such, Kwok does not waive the right to challenge the relevance, materiality, admissibility, or produceability of any information provided, and expressly reserves the right to object, on relevance or any other grounds, to the use of the information at trial or any subsequent proceeding.

16.     The responses and objections contained herein are made in a good faith effort to supply information based on Kwok's present knowledge, information, and belief. They do not, however, prejudice Kwok in relation to further discovery, research, or analysis. It is

*Confidential Pursuant to Parties' So-Ordered Stipulation (Dkt. No. 198)*

20-12411-jlg    Doc 14-35    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 35
Pg 6 of 25

anticipated that further discovery and analysis will supply additional facts, add meaning to known facts, and establish new factual conclusions and legal contentions, all of which may lead to substantial revisions, amendments, clarifications, or variations from the responses and objections to the Interrogatories presently set forth herein.  Kwok explicitly reserves the right to supplement any and all responses and objections herein and prove additional facts at trial.

17.    The responses and objections contained herein do not constitute a representation that responsive information exists, but only that responsive information will be disclosed if it exists, can be discovered with reasonable diligence, and is not otherwise objected to or protected from disclosure.

18.    These General Objections are incorporated in each of Kwok's specific responses and objections that follow and are not waived, or in any way limited, by any specific responses and objections.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

In addition to the General Objections, Kwok's responses to the Interrogatories are subject to the following responses and objections to PAX's instructions and definitions ("Objections to Instructions & Definitions"):

1.    Kwok objects to the Definitions set forth in the Interrogatories to the extent that they are inconsistent with the ordinary or customary meaning of such words or phrases. Kwok further objects to the Definitions to the extent that PAX is attempting to use them to impose upon Kwok any obligations broader than, or inconsistent with, applicable discovery rules or common law.  By responding, Kwok does not in any way adopt PAX's purported definitions of the words and phrases contained in the Interrogatories.

- 5 -

2. Kwok objects to the Definition of "You" and "Your" on the grounds that it is overbroad, unduly burdensome, seeks information protected by attorney-client or work product privilege, and/or seeks information not in Kwok's possession, custody, or control because it seeks all information available to Kwok's agents, attorneys, representatives, and all other persons or entities acting or purporting to act on his behalf as well as from multiple entities and their affiliates that are not owned or controlled by Kwok.

3. Kwok objects to Instruction No. 7 on the grounds that it is overbroad, unduly burdensome, and/or seeks privileged information to the extent that it seeks all information available to Kwok's agents, employees, representatives, attorneys, consultants, investigators, and any other person or entity acting, or purporting to act, on Kwok's behalf.

4. Kwok objects to Instruction No. 8 to the extent that PAX's objection to the very same timeframe is applied or upheld. Subject to and without waiving his objections, Kwok is willing to meet and confer with PAX to determine an appropriate Relevant Period.

<u>**SPECIFIC RESPONSES AND OBJECTIONS**</u>

Subject to the foregoing General Objections and Objections to Instructions & Definitions, Kwok responds as follows:

**INTERROGATORY NO. 1:** Identify all Persons with knowledge of information relating to the formation of Genever Holdings LLC.

**RESPONSE TO NO. 1:** Kwok objects to this Interrogatory as overbroad, unduly burdensome, and oppressive as it seeks the identity of all persons with knowledge or information relating to "the formation of Genever Holdings LLC" including those who may have second-hand knowledge and whose knowledge may be duplicative, cumulative, or derived from others who were more directly involved. Kwok further objects to this Interrogatory as it seeks

- 6 -

FILED: NEW YORK COUNTY CLERK 11/15/2018 07:56 PM
NYSCEF DOC. NO. 246
20-12411-jlg    Doc 14-35    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 35
Pg 8 of 25
INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/15/2018

information that is neither relevant to the issues raised in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Kwok objects to this Interrogatory to the extent that it seeks the identity of individuals whose information is protected from disclosure by the attorney-client privilege and/or the work product doctrine. In responding, Kwok will identify only those individuals known by him to have first-hand, substantive, non-privileged knowledge relating to the formation of Genever Holdings LLC. Without waiving the foregoing objections, the General Objections, and the Objections to Instructions & Definitions, and subject to them, Kwok responds as follows:

- Miles Kwok
- Transactional attorneys acting on behalf of Miles Kwok

**INTERROGATORY NO. 2:**     Identify all Persons with knowledge of information relating to the business and purpose of Genever Holdings LLC.

**RESPONSE TO NO. 2:**     Kwok objects to this Interrogatory as overbroad, unduly burdensome, and oppressive as it seeks the identity of all persons with knowledge or information relating to "the business and purpose of Genever Holdings LLC," including those who may have second-hand knowledge and whose knowledge may be duplicative, cumulative, or derived from others who were more directly involved. Kwok further objects to this Interrogatory as it seeks information that is neither relevant to the issues raised in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Kwok objects to this Interrogatory to the extent that it seeks the identity of individuals whose information is protected from disclosure by the attorney-client privilege and/or the work product doctrine. In responding, Kwok will identify only those individuals known by him to have first-hand, substantive, non-privileged knowledge relating to the purpose of Genever Holdings LLC. Without waiving the

*Confidential Pursuant to Parties' So-Ordered Stipulation (Dkt. No. 198)*

FILED: NEW YORK COUNTY CLERK 11/15/2018 07:56 PM
NYSCEF DOC. NO. 246

INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/15/2018

20-12411-jlg    Doc 14-35    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 35
Pg 9 of 25

foregoing objections, the General Objections, and the Objections to Instructions & Definitions, and subject to them, Kwok responds as follows:

- *See* Response No. 1.

**INTERROGATORY NO. 3:**     Identify all persons with knowledge of information relating to the formation of Genever Holdings Corporation (BVI).

**RESPONSE TO NO. 3:**     Kwok objects to this Interrogatory as overbroad, unduly burdensome, and oppressive as it seeks the identity of all persons with knowledge or information relating to "the formation of Genever Holdings Corporation (BVI)," including those who may have second-hand knowledge and whose knowledge may be duplicative, cumulative, or derived from others who were more directly involved.  Kwok further objects to this Interrogatory as it seeks information that is neither relevant to the issues raised in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Kwok objects to this Interrogatory to the extent that it seeks the identity of individuals whose information is protected from disclosure by the attorney-client privilege and/or the work product doctrine.  In responding, Kwok will identify only those individuals known by him to have first-hand, substantive, non-privileged knowledge relating to the formation of Genever Holdings Corporation (BVI).  Without waiving the foregoing objections, the General Objections, and the Objections to Instructions & Definitions, and subject to them, Kwok responds as follows:

- *See* Response No. 1.

**INTERROGATORY NO. 4:**     Identify all Persons with knowledge of information relating to the business and purpose of Genever Holdings Corporation (BVI).

**RESPONSE TO NO. 4:**     Kwok objects to this Interrogatory as overbroad, unduly burdensome, and oppressive as it seeks the identity of all persons with knowledge or

- 8 -

information relating to "the business and purpose of Genever Holdings Corporation (BVI),"

including those who may have second-hand knowledge and whose knowledge may be duplicative,

cumulative, or derived from others who were more directly involved.  Kwok further objects to this

Interrogatory as it seeks information that is neither relevant to the issues raised in this action, nor

reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Kwok objects to

this Interrogatory to the extent that it seeks the identity of individuals whose information is

protected from disclosure by the attorney-client privilege and/or the work product doctrine.  In

responding, Kwok will identify only those individuals known by him to have first-hand,

substantive, non-privileged knowledge relating to the purpose of Genever Holdings Corporation

(BVI).  Without waiving the foregoing objections, the General Objections, and the Objections to

Instructions & Definitions, and subject to them, Kwok responds as follows:

- *See* Response No. 1.

**INTERROGATORY NO. 5:**     Identify all Persons with knowledge of

information relating to the 2015 purchase of the Residence.

**RESPONSE TO NO. 5:**     Kwok objects to this Interrogatory as overbroad,

unduly burdensome, and oppressive as it seeks the identity of all persons with knowledge or

information relating to the "purchase of the Residence," including those who may have second-

hand knowledge and whose knowledge may be duplicative, cumulative, or derived from others

who were more directly involved.  Kwok further objects to this Interrogatory to the extent that it

seeks the identity of individuals whose information is protected from disclosure by the attorney-

client privilege and/or the work product doctrine.  In responding, Kwok will identify only those

individuals known by him to have first-hand, substantive, non-privileged knowledge relating to

the 2015 purchase of the Residence.  Without waiving the foregoing objections, the General

*Confidential Pursuant to Parties' So-Ordered Stipulation (Dkt. No. 198)*

Objections, and the Objections to Instructions & Definitions, and subject to them, Kwok responds

as follows:

- Miles Kwok
- Natasha Qu
- Kathleen Sloane
- Gilbert Haroche
- Mary Bois
- Transactional attorneys acting on behalf of Miles Kwok

**INTERROGATORY NO. 6:**        Identify all Persons with knowledge of

information relating to the actual or potential sale or transfer (whether directly or indirectly) of the

Residence.

**RESPONSE TO NO. 6:**        Kwok objects to this Interrogatory as overbroad,

unduly burdensome, and oppressive as it seeks the identity of all persons with knowledge or

information relating to "the actual or potential sale or transfer (whether directly or indirectly) of

the Residence," including those who may have second-hand knowledge and whose knowledge

may be duplicative, cumulative, or derived from others who were more directly involved.  Kwok

further objects to this Interrogatory as it assumes facts presently in dispute and which may not be

accurate.  Moreover, Kwok objects to this Interrogatory to the extent that it seeks the identity of

individuals whose information is protected from disclosure by the attorney-client privilege and/or

the work product doctrine.  In responding, Kwok will identify only those individuals known by

him to have first-hand, substantive, non-privileged knowledge relating to the actual or potential

sale of the Residence.  Without waiving the foregoing objections, the General Objections, and the

Objections to Instructions & Definitions, and subject to them, Kwok responds as follows:

- *See* Response No. 5.

*Confidential Pursuant to Parties' So-Ordered Stipulation (Dkt. No. 198)*

**INTERROGATORY NO. 7:**     Identify all Persons with knowledge of information relating to any assets held at any time by Genever Holdings LLC.

**RESPONSE TO NO. 7:**     Kwok objects to this Interrogatory as overbroad, unduly burdensome, and oppressive as it seeks the identity of all persons with knowledge or information relating to "any assets held at any time by Genever Holdings LLC," including those who may have second-hand knowledge and whose knowledge may be duplicative, cumulative, or derived from others who were more directly involved. Kwok further objects to this Interrogatory as this is not a supplementary proceeding and the "assets held at any time" by Genever Holdings LLC are neither relevant to the issues raised in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Kwok objects to this Interrogatory to the extent that it seeks the identity of individuals whose information is protected from disclosure by the attorney-client privilege and/or the work product doctrine. For information relevant to this action, Kwok directs you to the answers provided in Interrogatory Nos. 1 and 2.

**INTERROGATORY NO. 8:**     Identify all Persons with knowledge of information relating to any assets held at any time by Genever Holdings Corporation (BVI).

**RESPONSE TO NO. 8:**     Kwok objects to this Interrogatory as overbroad, unduly burdensome, and oppressive as it seeks the identity of all persons with knowledge or information relating to "any assets held at any time by Genever Holdings Corporation (BVI)," including those who may have second-hand knowledge and whose knowledge may be duplicative, cumulative, or derived from others who were more directly involved. Kwok further objects to this Interrogatory as this is not a supplementary proceeding and the "assets held at any time" by Genever Holdings Corporation (BVI) are neither relevant to the issues raised in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Kwok objects to

- 11 -

*Confidential Pursuant to Parties' So-Ordered Stipulation (Dkt. No. 198)*

this Interrogatory to the extent that it seeks the identity of individuals whose information is

protected from disclosure by the attorney-client privilege and/or the work product doctrine.  For

information relevant to this action, Kwok directs you to the answers provided in Interrogatory

Nos. 3 and 4.

      **INTERROGATORY NO. 9:**     Identify all Persons with knowledge of

information relating to any assets held at any time by Shiny Times Holdings Limited.

      **RESPONSE TO NO. 9:**     Kwok objects to this Interrogatory as overbroad,

unduly burdensome, and oppressive as it seeks the identity of all persons with knowledge or

information relating to "any assets held at any time by Shiny Times Holdings Limited," including

those who may have second-hand knowledge and whose knowledge may be duplicative,

cumulative, or derived from others who were more directly involved.  Kwok further objects to this

Interrogatory as this is not a supplementary proceeding and the "assets held at any time" by Shiny

Times Holdings Limited are neither relevant to the issues raised in this action, nor reasonably

calculated to lead to the discovery of admissible evidence.  Moreover, Kwok objects to this

Interrogatory to the extent that it seeks the identity of individuals whose information is protected

from disclosure by the attorney-client privilege and/or the work product doctrine.

      **INTERROGATORY NO. 10:**     Identify all Persons with knowledge of

information relating to any assets held by You (whether directly or indirectly) in the United States.

      **RESPONSE TO NO. 10:**     Kwok objects to this Interrogatory as overbroad,

unduly burdensome, and oppressive as it seeks the identity of all persons with knowledge or

information relating to "any assets held by [Kwok] (whether directly or indirectly) in the United

States," including those who may have second-hand knowledge and whose knowledge may be

duplicative, cumulative, or derived from others who were more directly involved.  Kwok further

*Confidential Pursuant to Parties' So-Ordered Stipulation (Dkt. No. 198)*

objects to this Interrogatory as this is not a supplementary proceeding and "any assets held by

[Kwok] (whether directly or indirectly) in the United States" are neither relevant to the issues

raised in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Moreover, Kwok objects to this Interrogatory to the extent that it seeks the identity of individuals

whose information is protected from disclosure by the attorney-client privilege and/or the work

product doctrine.

**INTERROGATORY NO. 11:**     Identify all Persons with knowledge of

information relating to any actual or potential pledge or transfer of monies or assets to/from

Genever Holdings LLC to/from any other person or entity.

**RESPONSE TO NO. 11:**     Kwok objects to this Interrogatory as overbroad,

unduly burdensome, and oppressive as it seeks the identity of all persons with knowledge or

information relating to "any actual or potential pledge or transfer of monies or assets to/from

Genever Holdings LLC to/from any other person or entity," including those who may have

second-hand knowledge and whose knowledge may be duplicative, cumulative, or derived from

others who were more directly involved.  Kwok further objects to this Interrogatory to the extent

that it seeks the identity of individuals whose information is protected from disclosure by the

attorney-client privilege and/or the work product doctrine.  Moreover, Kwok objects to this

Interrogatory as it assumes facts presently in dispute and which may not be accurate.  Finally,

Kwok objects to this Interrogatory on the grounds that it is premature to examine the issue of any

priority of lien at this stage in the proceeding.  In responding, Kwok will identify only those

individuals known by him to have first-hand, substantive, non-privileged knowledge relating to

this Request.  Without waiving the foregoing objections, the General Objections, and the

Objections to Instructions & Definitions, and subject to them, Kwok responds as follows:

*Confidential Pursuant to Parties' So-Ordered Stipulation (Dkt. No. 198)*

FILED: NEW YORK COUNTY CLERK 11/15/2018 07:56 PM
NYSCEF DOC. NO. 246
INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/15/2018

20-12411-jlg    Doc 14-35    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 35
Pg 15 of 25

- Miles Kwok
- Natasha Qu
- Transactional attorneys acting on behalf of Miles Kwok

**INTERROGATORY NO. 12:**     Identify all persons with knowledge of information relating to any actual or potential pledge or transfer of monies or assets to/from Genever Holdings Corporation (BVI) to/from any other person or entity.

**RESPONSE TO NO. 12:**     Kwok objects to this Interrogatory as overbroad, unduly burdensome, and oppressive as it seeks the identity of all persons with knowledge or information relating to "any actual or potential pledge or transfer of monies or assets to/from Genever Holdings Corporation (BVI) to/from any other person or entity," including those who may have second-hand knowledge and whose knowledge may be duplicative, cumulative, or derived from others who were more directly involved.  Kwok further objects to this Interrogatory to the extent that it seeks the identity of individuals whose information is protected from disclosure by the attorney-client privilege and/or the work product doctrine.  Moreover, Kwok objects to this Interrogatory as it assumes facts presently in dispute and which may not be accurate.  Finally, Kwok objects to this Interrogatory on the grounds that it is premature to examine the issue of any priority of lien at this stage in the proceeding.  In responding, Kwok will identify only those individuals known by him to have first-hand, substantive, non-privileged knowledge relating to this Request.  Without waiving the foregoing objections, the General Objections, and the Objections to Instructions & Definitions, and subject to them, Kwok responds as follows:

- *See* Response No. 11.

- 14 -

FILED: NEW YORK COUNTY CLERK 11/15/2018 07:56 PM
NYSCEF DOC. NO. 246

INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/15/2018

20-12411-jlg    Doc 14-35    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 35
Pg 16 of 25

**INTERROGATORY NO. 13:** Identify all persons with knowledge of information relating to any actual or potential pledge of the Residence (or Your Interest in the shares of the Sherry-Netherland or lease agreement relating to the Residence).

**RESPONSE TO NO. 13:** Kwok objects to this Interrogatory as overbroad, unduly burdensome, and oppressive as it seeks the identity of all persons with knowledge or information relating to PAX's "efforts to collect monies owed to it by [Kwok]," including those who may have second-hand knowledge and whose knowledge may be duplicative, cumulative, or derived from others who were more directly involved. Kwok further objects to this Interrogatory to the extent that it seeks the identity of individuals whose information is protected from disclosure by the attorney-client privilege and/or the work product doctrine. Moreover, Kwok objects to this Interrogatory on the grounds that it is premature to examine the issue of any priority of lien at this stage in the proceeding. In responding, Kwok will identify only those individuals known by him to have first-hand, substantive, non-privileged knowledge relating to this Request. Without waiving the foregoing objections, the General Objections, and the Objections to Instructions & Definitions, and subject to them, Kwok responds as follows:

- *See* Response No. 11.

**INTERROGATORY NO. 14:** Identify all Persons with knowledge of information relating to the loan and settlement agreements between or among the Parties that are identified in the Complaint.

**RESPONSE TO NO. 14:** Kwok objects to this Interrogatory as it contains discrete subparts that, when added together, exceed the number of interrogatories allowed by Commercial Division Rule 11-a, which limits the number of interrogatories to twenty-five (25), including subparts. Kwok further objects to this Interrogatory as overbroad, unduly burdensome,

- 15 -

and oppressive as it seeks the identity of all persons with knowledge or information relating to

each of the "loan and settlement agreements between or among the Parties that are identified in the

Complaint," including those who may have second-hand knowledge and whose knowledge may

be duplicative, cumulative, or derived from others who were more directly involved.  In

responding, Kwok will identify only those individuals known by him to have first-hand,

substantive, non-privileged knowledge relating to one or more of the agreements identified in the

Complaint.  Without waiving the foregoing objections, the General Objections, and the Objections

to Instructions & Definitions, and subject to them, Kwok responds as follows:

- Miles Kwok
- Lin Li
- Kesen Yang
- Wencun Guo
- Tao Lv a/k/a Lu Tao
- Chen Ma
- Mengru Xu
- Nan Song
- Fiona Yu
- Yuan Zhou
- Zhiwei Zhang
- Ian Cheng

**INTERROGATORY NO. 15:**     Identify all Persons with knowledge of

information relating to PAX LP's efforts to collect monies owed to it by You.

**RESPONSE TO NO. 15:**     Kwok objects to this Interrogatory as overbroad,

unduly burdensome, and oppressive as it seeks the identity of all persons with knowledge or

information relating to PAX's "efforts to collect monies owed to it by [Kwok]," including those

who may have second-hand knowledge and whose knowledge may be duplicative, cumulative, or

derived from others who were more directly involved.  Kwok further objects to this Interrogatory

as it assumes facts presently in dispute and which may not be accurate.  In responding, Kwok will

- 16 -

FILED: NEW YORK COUNTY CLERK 11/15/2018 07:56 PM

NYSCEF DOC. NO. 246

20-12411-jlg    Doc 14-35    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 35
Pg 18 of 25

INDEX NO. 652077/2017

RECEIVED NYSCEF: 11/15/2018

identify only those individuals known by him to have first-hand, substantive, non-privileged

knowledge relating to PAX's efforts to collect monies.  Without waiving the foregoing objections,

the General Objections, and the Objections to Instructions & Definitions, and subject to them,

Kwok responds as follows:

- *See* Response No. 14.

**INTERROGATORY NO. 16:**      Identify all Persons with knowledge of

information relating to Your use, or the use by any person or entity you directly or indirectly

control, of the proceeds of monies borrowed from PAX LP.

**RESPONSE TO NO. 16:**      Kwok objects to this Interrogatory as overbroad,

unduly burdensome, and oppressive as it seeks the identity of all persons with knowledge or

information relating to "[Kwok's] use, or the use by any person or entity [Kwok] directly or

indirectly control[s], of the proceeds of monies borrowed from [PAX]," including those who may

have second-hand knowledge and whose knowledge may be duplicative, cumulative, or derived

from others who were more directly involved.  Kwok further objects to this Interrogatory as it

assumes facts presently in dispute and which may not be accurate.  In responding, Kwok will

identify only those individuals known by him to have first-hand, substantive, non-privileged

knowledge relating to the monies borrowed by Guo and/or the entities who are signatories to the

agreements between the parties to this action.  Without waiving the foregoing objections, the

General Objections, and the Objections to Instructions & Definitions, and subject to them, Kwok

responds as follows:

- *See* Response No. 14.

**INTERROGATORY NO. 17:**      Identify all Persons with knowledge of

information relating to the apartments described in Paragraph 30 of the Complaint (including but

- 17 -

FILED: NEW YORK COUNTY CLERK 11/15/2018 07:56 PM
NYSCEF DOC. NO. 246

INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/15/2018

20-12411-jlg    Doc 14-35    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 35
Pg 19 of 25

not limited to value, purchases, sales, ownership, title, condition, occupancy, taxes, foreclosure,

liens, encumbrances, seizures, and any agreements or discussions with PAX).

**RESPONSE TO NO. 17:**    Kwok objects to this Interrogatory as overbroad,

unduly burdensome, and oppressive as it seeks the identity of all persons with knowledge or

information relating to "the apartments described in Paragraph 30 of the Complaint (including but

not limited to value, purchases, sales, ownership, title, condition, occupancy, taxes, foreclosure,

liens, encumbrances, seizures, and any agreements or discussions with PAX)," including those

who may have second-hand knowledge and whose knowledge may be duplicative, cumulative, or

derived from others who were more directly involved.  Kwok further objects to this Interrogatory

as it assumes facts presently in dispute and which may not be accurate.  In responding, Kwok will

identify only those individuals known by him to have first-hand, substantive, non-privileged

knowledge relating to the apartments.  Without waiving the foregoing objections, the General

Objections, and the Objections to Instructions & Definitions, and subject to them, Kwok responds

as follows:

- *See* Response No. 14.

**INTERROGATORY NO. 18:**    Identify all Persons with knowledge of

information relating to the satisfaction or lack thereof of the conditions precedent in the Parties'

agreements relating to the apartments described in Paragraph 30 of the Complaint.

**RESPONSE TO NO. 18:**    Kwok objects to this Interrogatory as overbroad,

unduly burdensome, and oppressive as it seeks the identity of all persons with knowledge or

information relating to "satisfaction or lack thereof of the conditions precedent in the Parties'

agreements relating to the apartments described in Paragraph 30 of the Complaint," including

those who may have second-hand knowledge and whose knowledge may be duplicative,

- 18 -

FILED: NEW YORK COUNTY CLERK 11/15/2018 07:56 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO. 246
RECEIVED NYSCEF: 11/15/2018

20-12411-jlg    Doc 14-35    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 35
Pg 20 of 25

cumulative, or derived from others who were more directly involved.  Kwok further objects to this

Interrogatory as it is duplicative of, and subsumed by, Interrogatory No. 17.  Moreover, Kwok

objects to this Interrogatory as it assumes facts presently in dispute and which may not be

accurate.  In responding, Kwok will identify only those individuals known by him to have first-

hand, substantive, non-privileged knowledge relating to the conditions precedent.  Without

waiving the foregoing objections, the General Objections, and the Objections to Instructions &

Definitions, and subject to them, Kwok responds as follows:

- *See* Response No. 14.

**INTERROGATORY NO. 19:**      To the extent not already requested above,

Identify all Persons with knowledge of information relating to the bases for the denials in Your

Answer.

**RESPONSE TO NO. 19:**      Kwok objects to this Interrogatory as overbroad,

unduly burdensome, and oppressive as it seeks the identity of all persons with knowledge or

information relating to "the bases for the denials in [Kwok's] Answer," including those who may

have second-hand knowledge and whose knowledge may be duplicative, cumulative, or derived

from others who were more directly involved.  Kwok further objects to this Interrogatory to the

extent that it seeks the identity of individuals whose information is protected from disclosure by

the attorney-client privilege and/or the work product doctrine.  Moreover, Kwok objects to this

Interrogatory to the extent that it seeks the identity of individuals whose information is protected

from disclosure by the attorney-client privilege and/or the work product doctrine.  In responding,

Kwok will identify only those individuals known by him to have first-hand, substantive, non-

privileged knowledge relating to the Answer.  Without waiving the foregoing objections, the

*Confidential Pursuant to Parties' So-Ordered Stipulation (Dkt. No. 198)*

FILED: NEW YORK COUNTY CLERK 11/15/2018 07:56 PM
NYSCEF DOC. NO. 246

20-12411-jlg    Doc 14-35    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 35
Pg 21 of 25

INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/15/2018

General Objections, and the Objections to Instructions & Definitions, and subject to them, Kwok

responds as follows:

- *See* Response No. 14.

**INTERROGATORY NO. 20:**      To the extent not already requested above,

Identify all Persons with knowledge of information relating to the bases for the affirmative

defenses asserted in Your Answer and any other defenses You currently plan to assert.

**RESPONSE TO NO. 20:**      Kwok objects to this Interrogatory as overbroad,

unduly burdensome, and oppressive as it seeks the identity of all persons with knowledge or

information relating to "the bases for the affirmative defenses asserted in [Kwok's] Answer,"

including those who may have second-hand knowledge and whose knowledge may be duplicative,

cumulative, or derived from others who were more directly involved.  Kwok further objects to this

Interrogatory to the extent that it seeks the identity of individuals whose information is protected

from disclosure by the attorney-client privilege and/or the work product doctrine.  In responding,

Kwok will identify only those individuals known by him to have first-hand, substantive, non-

privileged knowledge relating to the defenses in this action.  Without waiving the foregoing

objections, the General Objections, and the Objections to Instructions & Definitions, and subject

to them, Kwok responds as follows:

- *See* Response No. 14.

**INTERROGATORY NO. 21:**      Identify the custodian, location, and general

description of all Documents and Communications relating to the allegations in the Complaint and

your alleged defenses thereto.

**RESPONSE TO NO. 21:**      Kwok objects to this Interrogatory as vague,

ambiguous, and lacking sufficient particularity.  Kwok further objects to this Interrogatory as

- 20 -

FILED: NEW YORK COUNTY CLERK 11/15/2018 07:56 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO. 246
20-12411-jlg    Doc 14-35    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 35
Pg 22 of 25
RECEIVED NYSCEF: 11/15/2018

overbroad and unduly burdensome as it seeks the "custodian, location, and general description of all Documents and Communications relating to the allegations in the Complaint and [Kwok's] alleged defenses thereto" which, given the expansive definitions of "Documents" and "Communications," is oppressive and more appropriately addressed by way of document production.  Moreover, Kwok objects to this Interrogatory as it is duplicative of, and subsumed by, the preceding Interrogatories and PAX's First Set of Requests for the Production of Documents. Without waiving the foregoing objections, the General Objections, and the Objections to Instructions & Definitions, and subject to them, documents that may be responsive to this Interrogatory were seized from (i) the offices of Beijing Pangu Investment Co., Ltd. located 27 Central North 4th Ring Road, Chaoyang District, Beijing 100101, China by the Special Investigation Unit, and (ii) the offices located at Bank of China Tower, 1 Garden Road, Central, Hong Kong by the Hong Kong Police Force.  Notwithstanding, Kwok will produce non-privileged documents responsive to this Interrogatory, if any, that are in his possession, custody, or control upon entry of an agreed-upon discovery schedule addressing the substantive claims in this action.

**INTERROGATORY NO. 22:**    Identify the custodian, location, and general description of all Documents and Communications relating to the PAX LP's request for an attachment and your alleged defenses thereto.

**RESPONSE TO NO. 22:**    Kwok objects to this Interrogatory as vague, ambiguous, and lacking sufficient particularity.  Kwok further objects to this Interrogatory as overbroad and unduly burdensome as it seeks the "custodian, location, and general description of all Documents and Communications relating to the PAX LP's request for an attachment and [Kwok's] alleged defenses thereto" which, given the expansive definitions of "Documents" and "Communications," is oppressive and more appropriately addressed by way of document

- 21 -

FILED: NEW YORK COUNTY CLERK 11/15/2018 07:56 PM
NYSCEF DOC. NO. 246

INDEX NO. 652077/2017

RECEIVED NYSCEF: 11/15/2018

20-12411-jlg   Doc 14-35   Filed 12/16/20   Entered 12/16/20 15:47:19   Exhibit 35
Pg 23 of 25

production.  Moreover, Kwok objects to this Interrogatory to the extent that it seeks the identity of

individuals whose information is protected from disclosure by the attorney-client privilege and/or

the work product doctrine.  Finally, Kwok objects to this Interrogatory as it is duplicative of, and

subsumed by, the preceding Interrogatories and PAX's Second Set of Requests for the Production

of Documents.  Without waiving the foregoing objections, the General Objections, and the

Objections to Instructions & Definitions, and subject to them, documents that may be responsive

to this Interrogatory were seized from (i) the offices of Beijing Pangu Investment Co., Ltd. located

27 Central North 4th Ring Road, Chaoyang District, Beijing 100101, China by the Special

Investigation Unit, and (ii) the offices located at Bank of China Tower, 1 Garden Road, Central,

Hong Kong by the Hong Kong Police Force.  Notwithstanding, Kwok will produce non-privileged

documents responsive to this Interrogatory, if any, that are in his possession, custody, or control

pursuant to the discovery schedule set forth in the preliminary conference order addressing the

attachment issues (Dkt. No. 194).

Dated: New York, New York
      July 30, 2018

                    HODGSON RUSS LLP

                    By: _____
                        Mark A. Harmon
                        Jillian M. Searles
                    605 Third Avenue, Suite 2300
                    New York, New York 10158
                    (212) 751-4300

                    *Attorneys for Defendant*

*Confidential Pursuant to Parties' So-Ordered Stipulation (Dkt. No. 198)*

FILED: NEW YORK COUNTY CLERK 11/15/2018 07:56 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO. 246
20-12411-jlg    Doc 14-35    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 35
Pg 24 of 25
RECEIVED NYSCEF: 11/15/2018

TO:    Stuart Sarnoff, Esq.
       Edward Moss, Esq.
       O'MELVENY & MYERS LLP
       Times Square Tower
       7 Times Square
       New York, NY 10036

       *Attorneys for Plaintiff*
       *Pacific Alliance Asia Opportunity Fund L.P.*

- 23 -

FILED: NEW YORK COUNTY CLERK 11/15/2018 07:56 PM
NYSCEF DOC. NO. 246

INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/15/2018

20-12411-jlg    Doc 14-35    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 35
Pg 25 of 25

## VERIFICATION

STATE OF NEW YORK      )
                                          ) ss.:
COUNTY OF NEW YORK  )

      **KWOK HO WAN**, being duly sworn, deposes and says:

      I am the defendant in this proceeding.  Pursuant to CPLR 3020, I make this verification of Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories.  I am a native Chinese speaker and do not read English.  As a result, the foregoing was read to me by Yang Ping Wang.  Ms. Wang speaks and reads both Chinese and English, and I have no reason to doubt that she accurately translated the contents of the foregoing for me.  Having had the foregoing translated for me, I know the contents thereof to be true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

                                        _____
                                           KWOK HO WAN

Sworn to before me this
30th day of July, 2018

Notary Public

*Amy K. Hawk*
*Notary Public, State of New York*
*No. 01HA6192626*
*Qualified in Queens County*
*Commission Expires Sept. 2, 20*

- 24 -

*Confidential Pursuant to Parties' So-Ordered Stipulation (Dkt. No. 198)*