# EXHIBIT 39

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM
NYSCEF DOC. NO. 264
20-12411-jlg    Doc 14-39    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 39
Pg 2 of 3
INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/28/2018



Jillian M. Searles
Partner
Direct Dial: 646.218.7591
jsearles@hodgsonruss.com

August 17, 2018

**VIA HAND DELIVERY**

The Sherry-Netherland, Inc.
Attn: Michael J. Ullman
781 Fifth Avenue
New York, NY 10065

    Re:    The Sherry-Netherland Inc. (the "Corporation") – Apartment 1801 at 781 Fifth Avenue (the "Apartment"), and a Lawsuit entitled "Pacific Alliance Asia Opportunity Fund L.P., Plaintiff, against Miles Kwok, et al., Supreme Court of the State of New York, County of New York, Index No.: 652077/2017 (the "Action")

Dear Mr. Ullman:

    This letter is sent on behalf of Genever Holdings LLC ("Shareholder") and Miles Kwok ("Kwok") in response to your letter dated July 30, 2018, sent on behalf of the Corporation (the "Letter"). The Shareholder and Kwok believe the Corporation incorrectly has claimed the Shareholder to be in default of the Apartment's Proprietary Lease (the "Lease").

    The Letter cites paragraph 3.14 of the Lease, which provides generally that the Shareholder "shall not pledge or assign [the Lease] or the shares to which [the Lease] is appurtenant (the "shares") as security for a loan, nor permit the creation of a security interest or lien in such shares or this lease."

    The Corporation then concludes without a real basis that the Shareholder is in default of the Lease based on an affidavit submitted in the Action. Specifically, the Letter states that "an affidavit submitted on behalf of [Kwok] attests that 'Pursuant to a pledge and security agreement,… the Apartment [was] pledged to Roscalitar 2'… Affidavit of Yan Ping Wang, sworn to on May 15, 2018."

    Contrary to the Letter's misrepresentations, the Affidavit of Yan Ping Wang (the "Wang Affidavit") made no such representation. Rather, a full reading of the Wang Affidavit makes clear that the *assets* of a company *related* to the Shareholder (i.e. Genever Holdings Corporation) were pledged, *not* the Apartment or its corresponding shares in the Corporation. Nor has the Shareholder or Kwok caused either the Apartment or its corresponding shares to act as "security for a loan," or permitted "the creation of a security interest or lien" in the Apartment or its corresponding shares. Thus, there is no basis for the Corporation's conclusion that the

605 Third Avenue  ♦  Suite 2300  ♦  New York, New York  10158  ♦  telephone 212.751.4300  ♦  facsimile 212.751.0928
Albany  ♦  Buffalo  ♦  New York  ♦  Palm Beach  ♦  Saratoga Springs  ♦  Toronto  ♦  www.hodgsonruss.com

SN 0437

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM
NYSCEF DOC. NO. 264
20-12411-jlg    Doc 14-39    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 39
Pg 3 of 3
INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/28/2018

Michael J. Ullman
The Sherry-Netherland, Inc.
August 17, 2018
Page 2



Shareholder and Kwok are in default. In any event, because the referenced pledge has been discharged fully, any claims made by the Corporation concerning the pledge have been rendered moot.

The Corporation next claims that, as a result of the alleged pledge, the Corporation "is incurring and will continue to incur legal fees and other costs and expenses" and provides a copy of the Subpoena Ad Testificandum and Subpoena Duces Tecum (the "Subpoenas") served on it by the plaintiff in the Action. As is evident by the attached Subpoenas, any expenses allegedly being incurred by the Corporation do not relate to any pledge. Rather, as the Corporation is well aware – especially in light of its seemingly regular contact with the plaintiff in the Action – any alleged expenses relating to the Action would pertain to the plaintiff's motion for pre-judgment attachment of the Apartment.

The Shareholder has and will continue to abide by all of its obligations as it pertains to the Apartment. Accordingly, please provide us with a copy of any invoices detailing the Corporation's claimed attorneys' fees, costs, expenses and disbursements related to its compliance with the issued Subpoenas, so that we may determine whether repayment of these costs and expenses is consistent with the Shareholder's obligations. Going forward, we request that any additional invoices be sent to us as well, so that proper reimbursement can be made.

If you have any questions or wish to discuss this matter further, please do not hesitate to contact me.

Very truly yours,

Jillian Searles

Jillian M. Searles

cc:    Genever Holdings LLC (*via email*)

086828.00004 Litigation 14855097v2

SN 0438