# EXHIBIT 46

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 11
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

20-12411-jlg    Doc 14-46    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 46
Pg 2 of 4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.,

                  *Plaintiff*,

-against-

KWOK HO WAN, *a/k/a* KWOK HO, *a/k/a* GWO WEN GUI, *a/k/a* GUO WENGUI, *a/k/a* GUO WEN-GUI, *a/k/a* WAN GUE HAOYUN, *a/k/a* MILES KWOK, *a/k/a* HAOYUN GUO,

                  *Defendant*.

Index No. 652077/2017

Motion Sequence No. 001

## AFFIRMATION OF FIONA YU
## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

I, FIONA YU, hereby affirm under penalty of perjury, as follows:

1. I am an appointed person of Defendant Kwok Ho Wan, *a/k/a* Kwok Ho, *a/k/a* Gwo Wen Gui, *a/k/a* Guo Wengui, *a/k/a* Guo Wen-Gui, *a/k/a* Wan Gue Haoyun, *a/k/a* Miles Kwok, *a/k/a* Haoyun Guo ("Kwok"). I submit this Affirmation in support of Mr. Kwok's motion to dismiss the complaint of Plaintiff Pacific Alliance Asia Opportunity Fund L.P. ("PAX LP").

2. I make this Affirmation based upon my personal knowledge and my review of my records relating to the loan facility entered into between Spirit Charter Investment Limited ("Spirit Charter") and PAX LP on or about February 4, 2008 and the relevant transactions thereto (collectively, "Relevant Transactions").

3. Attached to this Affirmation are true and correct copies of:

    Exhibit 1    Loan Facility Letter between Spirit Charter and PAX LP, dated February 4, 2008.

    Exhibit 2    Loan Facility Letter between Spirit Charter and PAX LP, dated March 12, 2008.

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 11
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017
20-12411-jlg    Doc 14-46    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 46
Pg 3 of 4

| | |
|---|---|
| Exhibit 3 | Deed of Settlement between PAX LP, Spirit Charter, Shiny Times Holdings Limited ("Shiny Times"), Mr. Kwok, and other entities, dated September 17, 2009. |
| Exhibit 4 | Personal Guarantee between Mr. Kwok and PAX LP, dated November 18, 2009. |
| Exhibit 5 | Loan Facility Letter between Shiny Times and PAX LP, dated March 16, 2011. |
| Exhibit 6 | Personal Guarantee between Mr. Kwok and PAX LP, dated March 16, 2011. |
| Exhibit 7 | Deed of Settlement between PAX LP, Shiny Times, Mr. Kwok, and Beijing Pangu Investment Inc. ("Beijing Pangu"), dated April 19, 2013. |
| Exhibit 8 | Supplemental Deed of Settlement between PAX LP, Shiny Times, Mr. Kwok, and Beijing Pangu, dated December 3, 2013. |
| Exhibit 9 | Supplemental Deed of Settlement between PAX LP, Shiny Times, Mr. Kwok, and Beijing Pangu, dated May 15, 2014. |
| Exhibit 10 | Supplemental Deed of Settlement between PAX LP, Shiny Times, Mr. Kwok, and Beijing Pangu, dated July 11, 2014. |
| Exhibit 11 | Supplemental Deed of Settlement between PAX LP, Shiny Times, Mr. Kwok, and Beijing Pangu, February 10, 2015. |
| Exhibit 12 | Option Agreement between Shiny Times, Worldwide Opportunity Holdings Limited, Empire Growth Holdings Limited, and PAX LP, dated March 31, 2015. |

4. Based on the documents and to the best of my knowledge, Exhibits 1-12 were executed in Hong Kong or China.

5. To the best of my knowledge, PAX LP's agent for the Relevant Transactions was Jon Lewis, General Counsel of PAX LP, who was located in Hong Kong or China at the time. I believe Mr. Lewis is still located in Hong Kong or China.

6. To the best of my knowledge, the relevant persons at Spirit Charter, Shiny Times, and Beijing Pangu who were involved in the Relevant Transactions are no longer employed by those entities. At the time of the Relevant Transactions, they were employed at each respective

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 11
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

20-12411-jlg    Doc 14-46    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 46
Pg 4 of 4

entity's Hong Kong or China office. I believe those persons are still located in Hong Kong or China.

7. To the best of my knowledge, documents concerning the Relevant Transactions in the possession of Spirit Charter, Shiny Times, Beijing Pangu, or Mr. Kwok were maintained in their respective offices in Hong Kong or China. To the best of my knowledge, a number of the documents are written in Chinese.

8. I am not aware of any meetings, contacts, or communications regarding the Relevant Transactions having taken place in New York.

I affirm this 27th day of June, 2017, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that I am physically located outside the geographic boundaries of the United States, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____
Fiona Yu