# EXHIBIT 48

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 8
20-12411-jlg    Doc 14-48    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 48
Pg 2 of 19
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.,

                *Plaintiff*,

-against-

KWOK HO WAN, *a/k/a* KWOK HO, *a/k/a* GWO WEN GUI, *a/k/a* GUO WENGUI, *a/k/a* GUO WEN-GUI, *a/k/a* WAN GUE HAOYUN, *a/k/a* MILES KWOK, *a/k/a* HAOYUN GUO,

                *Defendant*.

Index No. 652077/2017

Motion Sequence No. 001

Oral Argument Requested

# MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

BOIES SCHILLER FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
(212) 446-2300

*Attorneys for Defendant Kwok Ho Wan,* a/k/a *Kwok Ho,* a/k/a *Gwo Wen Gui,* a/k/a *Guo Wengui,* a/k/a *Guo Wen-Gui,* a/k/a *Wan Gue Haoyun,* a/k/a *Miles Kwok,* a/k/a *Haoyun Guo*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND ........................................................................................................................ 3

    A.    The Parties Had No Relevant Connection to New York During the Course of Their Business Dealings. ............................................................................ 3

    B.    Kwok and PAX LP Entered Into the Allegedly Breached Agreements While in Hong Kong or China. ............................................................................ 3

LEGAL STANDARD ................................................................................................................ 5

ARGUMENT .............................................................................................................................. 5

I.    THE COURT SHOULD DISMISS THIS CASE BECAUSE NEW YORK IS NOT A CONVENIENT FORUM FOR PLAINTIFF'S CLAIMS. ................................................. 5

    A.    The Burden on This Court Is Not Justified Because This Dispute Relates to Transactions Executed Entirely in Hong Kong and China. ................................... 6

    B.    Because This Dispute Requires the Application of Foreign Law, This Case Should Be Dismissed on *Forum Non Conveniens* Grounds. ............................................. 8

    C.    Trying This Case in New York Would Impose Undue Hardship on Kwok Because Almost All Relevant Witnesses and Documents Are Either in Hong Kong or China. ............................................................................................................. 9

    D.    New York Has No Sovereign Interest in This Action. ......................................... 11

    E.    Plaintiff's Lack of Connections to New York Weighs in Favor of Dismissing Plaintiff's Claims. ................................................................................................ 12

CONCLUSION ........................................................................................................................ 12

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 8

20-12411-jlg    Doc 14-48    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 48
                                    Pg 4 of 19

INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

## TABLE OF AUTHORITIES

*Page(s)*

**CASES**

*Ace Decade Holdings Ltd. v. UBS Ag*,
　2016 WL 7158077 [Sup Ct, NY County Dec. 7, 2016, No. 653316/2015] ............................... 7

*Babcock v. Jackson*,
　12 NY2d 473 [1963] ............................................................................................................. 9

*Boss v. Am. Exp. Fin. Advisors, Inc.*,
　15 AD3d 306 [1st Dept 2005] .............................................................................................. 9

*Braspetro Oil Servs. Co. v. UK Guar. & Bonding Corp.*,
　18 AD3d 291 [1st Dept 2005] ............................................................................................ 10

*Chase Manhattan Bank v. N.H. Ins. Co.*,
　193 Misc 2d 580 [Sup Ct, NY County May 23, 2002] .......................................................... 9

*Citigroup Global Mkts., Inc. v. Metals Holding Corp.*,
　12 Misc 3d 1168(A), 2006 WL 1594442 [Sup Ct, NY County June 8, 2006] ..................... 8

*Crosstown Songs U.K. Ltd. v. Spirit Music Grp., Inc.*,
　513 F Supp 2d 13 [SDNY 2007] ................................................................................ 10, 11

*Fin. & Trading Ltd. v. Rhodia S.A.*,
　28 AD3d 346 [1st Dept 2006] .............................................................................................. 8

*Globalvest Mgmt. Co. v. Citibank, N.A.*,
　7 Misc 3d 1023(A), 2005 WL 1148687 [Sup Ct, NY County May 12, 2005] ................... 10

*Hanwha Life Ins. v. UBS AG*,
　127 AD3d 618 [1st Dept 2015] ............................................................................. 6, 7, 8, 11

*Islamic Rep. of Iran v. Pahlavi*,
　62 NY2d 474 [1984] ..................................................................................................... 5, 6, 8

*Kinder Morgan Energy Partners, L.P. v. Ace Am. Ins. Co.*,
　55 AD3d 482 [1st Dept 2008] .............................................................................................. 6

*Koko Contr. v. Continental Envtl. Asbestos Removal Corp.*,
　272 AD2d 585 [2d Dept 2000] ............................................................................................. 9

*Lawati v. Montague Morgan Slade Ltd.*,
　102 AD3d 427 [1st Dept 2013] ............................................................................................ 5

*Leon v. Martinez*,
  84 NY2d 83 [1994] .................................................................................................... 5

*Nicholson v. Pfizer, Inc.*,
  278 AD2d 143 [1st Dept 2000] ................................................................................. 9

*Nordkap Bank AG v. Standard Chartered Bank*,
  32 Misc 3d 1216(A), 2011 WL 2764279 [Sup Ct, NY County May 6, 2011] ......... 12

*Norex Petroleum Ltd. v. Blavatnik*,
  48 Misc 3d 1226(A), 2015 WL 5057693 [Sup Ct, NY County 2015] ..................... 10

*OrthoTec, LLC v. Healthpoint Capital, LLC*,
  84 AD3d 702 [1st Dept 2011] .................................................................................. 12

*Peters v. Peters*,
  101 AD3d 403 [1st Dept 2012] ................................................................................ 12

*Phat Tan Nguyen v. Banque Indosuez*,
  19 AD3d 292 [1st Dept 2005] .................................................................................... 8

*Schertenleib v. Traum*,
  589 F2d 1156 [2d Cir 1978] .................................................................................... 10

*Shin-Etsu Chem. Co. v. ICICI Bank Ltd.*,
  9 AD3d 171 [1st Dept 2004] ............................................................................... 6, 11

*Silver v. Great Am. Ins. Co.*,
  29 NY2d 356 [1972] ................................................................................................... 6

*Thor Gallery at S. DeKalb, LLC v. Reliance Mediaworks (USA) Inc.*,
  131 AD3d 431 [1st Dept 2015] ................................................................................ 12

*Transamerica ICS, Inc. v. Tugu Ins. Co.*,
  588 F Supp 1301 [SDNY 1984] .............................................................................. 11

*Troni v. Banca Popolare Di Milano*,
  129 AD2d 502 [1st Dept 1987] ................................................................................ 11

*Viking Global Equities, LP v. Porsche Automobil Holding SE*,
  101 AD3d 640 [1st Dept 2012] .................................................................................. 8

*Whitcraft v. Runyon*,
  123 AD3d 811 [2d Dept 2014] ................................................................................... 5

*Wyser-Pratte Mgmt. Co. v. Babcock Borsig AG*,
  7 Misc 3d 1012(A), 2004 WL 3312835 [Sup Ct, NY County July 8, 2004] ............ 11

**Rules**

CPLR 327 .................................................................................................................................. 1, 12

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 8
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

20-12411-jlg    Doc 14-48    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 48
Pg 7 of 19

Defendant Kwok Ho Wan, *a/k/a* Kwok Ho, *a/k/a* Gwo Wen Gui, *a/k/a* Guo Wengui, *a/k/a* Guo Wen-Gui, *a/k/a* Wan Gue Haoyun, *a/k/a* Miles Kwok, *a/k/a* Haoyun Guo ("Defendant" or "Kwok") respectfully submits this Memorandum of Law in Support of Defendant's Motion to Dismiss the complaint of Plaintiff Pacific Alliance Asia Opportunity Fund L.P. ("Plaintiff" or "PAX LP") pursuant to CPLR 327.

## PRELIMINARY STATEMENT

The Court should dismiss this case because New York is a wholly inconvenient forum for resolving this dispute between an investment fund headquartered in Hong Kong and a citizen of the People's Republic of China over contracts signed in Hong Kong, governed by Hong Kong law, and relating to a real estate development in Beijing.

Plaintiff PAX LP, a Hong Kong-based investment fund incorporated in the Cayman Islands, claims that Kwok, a Chinese citizen and at all relevant times a Hong Kong resident, breached a contract between the parties. In the underlying transaction, PAX LP made a $30 million loan facility available to Spirit Charter Investment Limited ("Spirit Charter"), a Hong Kong corporation, in connection with Pangu Plaza, a multi-use real estate development in Beijing, in 2008. As a condition of this loan facility, Kwok was to execute a personal guarantee of Spirit Charter's repayment obligations. In 2009, Shiny Times Holdings Limited ("Shiny Times"), a Hong Kong-based company incorporated in the British Virgin Islands, assumed Spirit Charter's repayment obligations and Kwok executed a personal guarantee of this debt. In 2011, PAX LP and Shiny Times entered into another written agreement superseding prior agreements between the parties about repayment of this loan facility. At the same time, Kwok also entered into a separate personal guarantee, superseding his prior personal guarantee. The parties entered into each of these agreements in Hong Kong or China, and Hong Kong law expressly governs each.

1

Between 2013 and 2015, PAX LP, Shiny Times, and Kwok entered into a settlement agreement and a series of supplemental settlement agreements. In the initial agreement, PAX LP agreed to purchase three apartments in Pangu Plaza from Beijing Pangu Investment Inc. ("Beijing Pangu"), a Chinese company, if Beijing Pangu completed certain conditions relating to title and taxes by July 31, 2013. The parties supplemented this agreement four times, extending the deadline for completion until December 31, 2013, June 30, 2014, September 30, 2014, and June 30, 2015, in each respective agreement. Under the settlement agreement, after each purchase, Shiny Times would pay PAX LP an amount equivalent to the purchase price of the apartment and, after all the conditions were met, PAX LP would forgive the loan. In 2015, Shiny Times and PAX LP entered into an agreement with Worldwide Opportunity Holdings Limited ("Worldwide") and Empire Growth Holdings Limited ("Empire"), both Hong Kong-based entities incorporated in the British Virgin Islands, regarding the transfer of ownership interest in the three Pangu Plaza apartments from Worldwide and Empire to Shiny Times. In this lawsuit, PAX LP alleges that, because Beijing Pangu did not complete the aforementioned conditions, PAX LP did not complete its purchase of the apartments in Pangu Plaza. Thus, PAX LP's alleged injury occurred in China. Again, the parties entered into each of these agreements in Hong Kong or China, and Hong Kong law expressly governs each.

Under settled law, this case does not belong in New York court. The only allegation tying this case to New York is the Plaintiff's contention that Kwok now resides in New York. This bare allegation is not enough to make this Court an appropriate forum when every relevant transaction occurred either in Hong Kong or in China. New York law is clear: this Court should not hear a case involving entirely foreign transactions, especially when all key witnesses, with the exception of Kwok who splits his time between London and New York, and all key

2

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 8
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

20-12411-jlg    Doc 14-48    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 48
Pg 9 of 19

documents are located overseas. Furthermore, Hong Kong law governs the underlying claims and, unlike New York, Hong Kong has a substantial interest in regulating alleged misconduct in connection with contract disputes in Hong Kong. Additionally, PAX LP has provided no evidence that it would be prejudiced by litigating in Hong Kong. During its involvement with Kwok, PAX LP was represented by its general counsel, who was based in Hong Kong, and PAX LP has offices in Hong Kong and no offices in New York.

BACKGROUND

**A.    The Parties Had No Relevant Connection to New York During the Course of Their Business Dealings.**

PAX LP is an "investment fund organized as an exempted limited partnership under the laws of the Cayman Islands." (Compl. ¶ 11.) PAX LP is headquartered in Hong Kong and its general counsel received notice after each relevant transaction to a Hong Kong address. (Affirmation of Fiona Yu, dated June 27, 2017 ("Yu Aff.") Ex. 1, § 20; Ex. 2, § 19; Ex. 3, § 13.2; Ex. 4, § 9.2; Ex. 5, § 19; Ex. 6, § 9.2; Ex. 7, § 11.3; Ex. 8, § 5; Ex. 9, § 5; Ex. 10, § 5; Ex. 11, § 5; Ex. 12, § 12.4.) Aside from retaining New York attorneys for this action, PAX LP has no connection to New York. PAX LP is not registered to do business in New York and maintains no offices in New York.

Kwok is a Chinese citizen and he resided in Hong Kong until 2014. In January 2015, Kwok began living in London and New York, spending more time in London, on average. (Affidavit of Kwok Ho Wan, dated June 28, 2017 ("Kwok Aff.") ¶¶ 4–5.) However, during the time periods of the relevant transactions, Kwok resided in Hong Kong. (Kwok Aff. ¶ 3.)

**B.    Kwok and PAX LP Entered Into the Allegedly Breached Agreements While in Hong Kong or China.**

On February 4, 2008, PAX LP made a $30 million loan facility available to Spirit Charter in connection with Pangu Plaza, a multi-use real estate development in Beijing. (Yu Aff. Ex. 1,

3

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 8
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

20-12411-jlg    Doc 14-48    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 48
Pg 10 of 19

¶ 2.) As a condition of the loan facility, Kwok was to execute a personal guarantee of Spirit Charter's repayment obligations. (Compl. ¶ 17.) On March 12, 2008, PAX LP and Spirit Charter amended and restated their earlier 2008 agreement. (Compl. ¶ 18.) On September 17, 2009, Shiny Times assumed Spirit Charter's repayment obligations and Kwok executed a personal guarantee of this debt on November 18, 2009. (Compl. ¶¶ 19–20.) On March 16, 2011, PAX LP and Shiny Times entered into another written agreement superseding prior agreements between the parties about repayment of this loan facility. (Compl. ¶ 21.) At this time, Kwok also entered into a separate personal guarantee, superseding his prior personal guarantee. (Compl. ¶ 25.) The parties entered into each of these agreements in Hong Kong or China. (Yu Aff. Exs. 1–6.) Furthermore, each of these agreements contained choice of law provisions specifying that Hong Kong law governs the agreements. (Yu Aff. Ex. 1, § 21; Ex. 2, § 20; Ex. 3, § 16.1; Ex. 4, § 10; Ex. 5, § 20; Ex. 6, § 10.)

Between 2013 and 2015, PAX LP, Shiny Times, and Kwok entered into a settlement agreement and a series of supplemental settlement agreements. In the initial agreement, signed April 19, 2013, PAX LP agreed to purchase three apartments in Pangu Plaza from Beijing Pangu Investment Inc., a Chinese company, if Beijing Pangu completed certain conditions relating to title and taxes by July 31, 2013. (Compl. ¶¶ 29–31; Yu Aff. Ex. 7, §§ 2.1–3.4.) After each purchase, Shiny Times would pay PAX LP an amount equal to the purchase price of each apartment. (*Id.*) After all the conditions were met, PAX LP would forgive the loan. (*Id.*) The parties supplemented this agreement four times, extending the deadline for completion until December 31, 2013, June 30, 2014, September 30, 2014, and June 30, 2015, in each respective agreement. (Yu Aff. Ex. 8, § 2.1(a); Ex. 9, § 2.1(a); Ex. 10, § 2.1(a); Ex. 11, § 2.1(a).) In 2015, Shiny Times and PAX LP entered into an agreement with Worldwide Opportunity Holdings

4

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 8
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017
20-12411-jlg    Doc 14-48    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 48
Pg 11 of 19

Limited ("Worldwide") and Empire Growth Holdings Limited ("Empire"), both Hong Kong-based companies incorporated in the British Virgin Islands, regarding the transfer of ownership interest in the three Pangu Plaza apartments from Worldwide and Empire to Shiny Times. (Yu Aff. Ex. 12.) Again, each of these agreements contained choice of law provisions specifying that Hong Kong law governs the agreements. (Yu Aff. Ex. 7, § 11.1; Ex. 8, § 5; Ex. 9, § 5; Ex. 10 § 5; Ex. 11, § 5; Ex. 12, § 12.1.) In this lawsuit, PAX LP alleges that, because Beijing Pangu did not complete the aforementioned conditions, PAX LP did not complete its purchase of the apartments in Pangu Plaza.

Furthermore, all witnesses involved in the transactions and in the completion of the settlement conditions are located in China and in Hong Kong. (Yu Aff. ¶¶ 5–6.) All documents related to the transactions, as well as registry and deed information for the three apartments, are located in China and a number of the documents are written in Chinese. (Yu Aff. ¶ 7.)

## LEGAL STANDARD

On a motion to dismiss for *forum non conveniens*, the court must accept as true all of the allegations in the complaint and view the allegations in the light most favorable to the non-moving party. (*Leon v. Martinez*, 84 NY2d 83, 87 [1994]; *Lawati v. Montague Morgan Slade Ltd.*, 102 AD3d 427, 428 [1st Dept 2013]; *Whitcraft v. Runyon*, 123 AD3d 811, 812 [2d Dept 2014].)

## ARGUMENT

**I.   THE COURT SHOULD DISMISS THIS CASE BECAUSE NEW YORK IS NOT A CONVENIENT FORUM FOR PLAINTIFF'S CLAIMS.**

CPLR 327 provides an independent ground for dismissal where "the action, although jurisdictionally sound, would be better adjudicated elsewhere." (*Islamic Rep. of Iran v. Pahlavi*, 62 NY2d 474, 479 [1984].) In weighing dismissal based on *forum non conveniens*, New York

5

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 8

INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

20-12411-jlg    Doc 14-48    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 48
Pg 12 of 19

courts consider: (i) "the burden on the New York courts" (*id*. at 479); (ii) whether "the transaction out of which the cause of action arose occurred primarily in a foreign jurisdiction" (*id.*); (iii) "[t]he applicability of foreign law" (*Shin-Etsu Chem. Co. v. ICICI Bank Ltd.*, 9 AD3d 171, 178 [1st Dept 2004]); (iv) "the potential hardship to the defendant" (*Pahlavi*, 62 NY2d at 479); and (v) whether "a foreign forum has a substantial interest in adjudicating an action" (*Shin-Etsu*, 9 AD3d at 178). Each of these considerations supports dismissal here.

**A. The Burden on This Court Is Not Justified Because This Dispute Relates to Transactions Executed Entirely in Hong Kong and China.**

It is well established that New York courts "should not be under any compulsion to add to their heavy burdens by accepting jurisdiction of a cause of action having no substantial nexus with New York." (*Silver v. Great Am. Ins. Co.*, 29 NY2d 356, 361 [1972].) Indeed, New York courts routinely dismiss suits where "the transaction out of which the cause of action arose occurred primarily in a foreign jurisdiction." (*Kinder Morgan Energy Partners, L.P. v. Ace Am. Ins. Co.*, 55 AD3d 482, 482 [1st Dept 2008] (citing *Pahlavi*, 62 NY2d at 479); *Hanwha Life Ins. v. UBS AG*, 127 AD3d 618, 619 [1st Dept 2015] (affirming dismissal where "the transaction was effected by plaintiff in Korea and defendant's employees in Hong Kong").)

Here, the Complaint avoids stating the obvious: all relevant interactions between Kwok, his agents, and PAX LP took place either in Hong Kong or in China. Additionally, all of the underlying transactions between PAX LP and Spirit Charter, Shiny Times, Beijing Pangu, Worldwide, and Empire occurred either in Hong Kong or in China. In 2008, PAX LP allegedly made the $30 million loan facility available to Spirit Charter in China. In 2009, Shiny Times assumed Spirit Charter's repayment obligations and Kwok executed a personal guarantee of this debt, again in China. In 2011, PAX LP and Shiny Times entered into another written agreement and Kwok executed another personal guarantee, in China. Between 2011 and 2015, PAX LP,

6

Shiny Times, and Kwok entered into a settlement agreement and a series of supplemental settlement agreements, again in China. In 2015, Shiny Times, PAX LP, Worldwide, and Empire entered into an options agreement, which also occurred either in Hong Kong or in China. In addition, verification of PAX LP's allegations that Beijing Pangu failed to satisfy certain conditions requires inquiry into Chinese land records and real estate transactions.

The Complaint's *only* allegation tying this dispute to New York involves Kwok's unrelated dealings in New York years after the relevant transactions. The Complaint alleges that Kwok transacted business in New York, was domiciled and resided in New York, and owned real estate in New York as of April 18, 2017. (Compl. ¶¶ 12–13.) These alleged events occurred years after PAX LP, Spirit Charter, Shiny Times, and Kwok entered into agreements regarding Pangu Plaza in Hong Kong and China. Furthermore, aside from Kwok's connections to New York after the underlying transactions, none of the relevant entities have any connection to this forum. Such an attenuated, *ex post* connection to New York is insufficient to create the required "substantial nexus" with this State, particularly given the entirely foreign nature of the transactions underlying PAX LP's claims. In fact, this Court previously held that Mr. Kwok's recent ties to New York were not enough to defeat a motion to dismiss on *forum non conveniens* grounds. (*Ace Decade Holdings Ltd. v. UBS Ag*, 2016 WL 7158077, *10 [Sup Ct, NY County Dec. 7, 2016, No. 653316/2015].)

In such circumstances, where all of the underlying transactions occurred entirely abroad, New York courts have repeatedly dismissed suits on *forum non conveniens* grounds. (*See, e.g.*, *Hanwha*, 127 AD3d at 619 (dismissing claims because "[t]he prospectus for the investment at issue was sent to plaintiff in Korea, the transaction was effected by plaintiff in Korea and defendant's employees in Hong Kong, the alleged injury to plaintiff was suffered in Korea, and

7

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 8

INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

20-12411-jlg    Doc 14-48    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 48
Pg 14 of 19

that jurisdiction has an interest in adjudicating a matter involving harm to a Korean corporation; New York has no such interest" (internal citation omitted)).) Here, all of the underlying transactions as well as PAX LP's alleged injury occurred in Hong Kong or in China. In other cases, even when part of the underlying transactions occurred in New York or plaintiffs were injured in New York, New York courts still have dismissed cases that primarily involve foreign transactions. (*See Viking Global Equities, LP v. Porsche Automobil Holding SE*, 101 AD3d 640, 641 [1st Dept 2012] (dismissing claim where "the events of the underlying transaction . . . occurred entirely in a foreign jurisdiction," even though some plaintiffs were New York residents and injured there); *Fin. & Trading Ltd. v. Rhodia S.A.*, 28 AD3d 346, 346 [1st Dept 2006] ("[P]urported meetings [in New York] do not suffice to create a substantial nexus with New York in that the underlying transaction occurred primarily in a foreign jurisdiction.").) PAX LP does not allege that any purported meetings occurred in New York, or that they suffered harm in New York, further weighing in favor of dismissal.

### B. Because This Dispute Requires the Application of Foreign Law, This Case Should Be Dismissed on *Forum Non Conveniens* Grounds.

New York courts "commonly dismiss actions that may require interpretation of foreign law." (*Citigroup Global Mkts., Inc. v. Metals Holding Corp.*, 12 Misc 3d 1168(A), 2006 WL 1594442, *10 [Sup Ct, NY County June 8, 2006]; *Hanwha*, 127 AD3d at 619 (affirming dismissal where "Korean law applies").) Courts need not determine conclusively which sovereign's law applies to consider this factor in dismissing on *forum non conveniens* grounds. (*See, e.g.*, *Pahlavi*, 62 NY2d at 480 (finding "the likely applicability of Iranian law" a relevant factor); *Phat Tan Nguyen v. Banque Indosuez*, 19 AD3d 292, 295 [1st Dept 2005] (finding "either French or Vietnamese" law applicable).)

8

Here, all of the agreements specify that Hong Kong law governs. In New York, choice of law provisions are prima facie valid, unless enforcement "would be unreasonable, unjust, or would contravene public policy, or that the clause is invalid because of fraud or overreaching." (*Boss v. Am. Exp. Fin. Advisors, Inc.*, 15 AD3d 306, 307 [1st Dept 2005] (citing *Koko Contr. v. Continental Envtl. Asbestos Removal Corp.,* 272 AD2d 585, 586 [2d Dept 2000]).) PAX LP has not and cannot allege that the choice of law provisions here, signed and agreed to by its general counsel, are unreasonable or the product of fraud.

Moreover, even absent the choice of law provisions in the agreements, Hong Kong law would apply under New York's "interest" analysis, which selects the "law of the jurisdiction which . . . has the greatest concern with the specific issue raised in the litigation." (*Babcock v. Jackson*, 12 NY2d 473, 481 [1963].) In cases involving "conduct-regulating" rules, such as those prohibiting breach of contract, the law of the jurisdiction where the alleged breach occurred applies, because "[t]he interest in regulating *behavior* taking place within a state's borders is not vindicated by applying the law of a jurisdiction in which the *behavior* being regulated *did not occur*." (*Chase Manhattan Bank v. N.H. Ins. Co.*, 193 Misc 2d 580, 583 [Sup Ct, NY County May 23, 2002] (emphasis in original).) Here, the alleged breach occurred in Hong Kong or China, where all of the relevant transactions took place. Accordingly, Hong Kong law would apply.

### C. Trying This Case in New York Would Impose Undue Hardship on Kwok Because Almost All Relevant Witnesses and Documents Are Either in Hong Kong or China.

Dismissal is also appropriate where (i) a New York court does not have jurisdiction over key witnesses (*Nicholson v. Pfizer, Inc.*, 278 AD2d 143, 143 [1st Dept 2000]); or (ii) relevant documents are located abroad (*Braspetro Oil Servs. Co. v. UK Guar. & Bonding Corp.*, 18 AD3d

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 8
20-12411-jlg    Doc 14-48    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 48
Pg 16 of 19
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

291, 291 [1st Dept 2005]). Here, virtually every witness is located in Hong Kong or China. Indeed, PAX LP's general counsel who signed the relevant agreements is in Hong Kong, and the Spirit Charter, Shiny Times, and Beijing Pangu employees who worked on the relevant agreements are in China. (Yu Aff. ¶¶ 5–6.) Moreover, Kwok, Spirit Charter, Shiny Times, and Beijing Pangu maintain all of their relevant deal documents for the transaction in China or in Hong Kong (Yu Aff. ¶ 7), and it is likely that any documents PAX LP maintains are located in China or in Hong Kong.

Thus, this Court should dismiss on *forum non conveniens* grounds because the key witnesses and documents bearing on the relevant transactions here are beyond the reach of this Court's subpoena power. (*See Schertenleib v. Traum*, 589 F2d 1156, 1165 [2d Cir 1978].) Since Kwok will likely not be able to compel these witnesses to testify in New York, proceeding in this forum will hinder his ability to defend himself against PAX LP's allegations. Consequently, this case should be tried abroad. (*Globalvest Mgmt. Co. v. Citibank, N.A.*, 7 Misc 3d 1023(A), 2005 WL 1148687, *7 [Sup Ct, NY County May 12, 2005] (The "likely inability of Citibank to compel these critical witnesses to testify in New York…will unfairly prejudice Citibank's ability to defend against Globalvest's charges, strongly militating in favor of having this case heard in Brazil.").) The cost of bringing even those witnesses willing to testify to New York "weighs heavily in favor of dismissal." (*Norex Petroleum Ltd. v. Blavatnik*, 48 Misc.3d 1226(A), 2015 WL 5057693, *31 [Sup Ct, NY County 2015].)

Moreover, if the parties were required to proceed with this lawsuit in New York, they "will have to engage in the time-consuming and expensive process of obtaining essential documentary evidence and witness testimony under the Hague Convention." (*Crosstown Songs U.K. Ltd. v. Spirit Music Grp., Inc.*, 513 F Supp 2d 13, 17 [SDNY 2007].) The need for excessive

10

FILED: NEW YORK COUNTY CLERK 06/29/2017 05:31 PM
NYSCEF DOC. NO. 8
20-12411-jlg    Doc 14-48    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 48
Pg 17 of 19
INDEX NO. 652077/2017
RECEIVED NYSCEF: 06/29/2017

translation, as a number of the relevant documents to this case are written in Chinese, will amplify these burdens. (*See, e.g.*, Yu Aff. ¶ 7 & Ex. 7 app. 1; *see also Wyser-Pratte Mgmt. Co. v. Babcock Borsig AG*, 7 Misc 3d 1012(A), 2004 WL 3312835, *5 [Sup Ct, NY County July 8, 2004] (recognizing burden where documents "will require extensive translation").)

### D. New York Has No Sovereign Interest in This Action.

"New York courts have recognized that where a foreign forum has a substantial interest in adjudicating an action, such interest is a factor weighing in favor of dismissal." (*Shin-Etsu*, 9 AD3d at 178 (in reversing trial court's failure to dismiss on *forum non conveniens* grounds, recognizing that "Indian courts are keenly interested in governing the affairs of [India's] financial institutions to insure uniformity and consistency in the processing of financial transactions and in the interpretation of Indian banking statutes and laws."); *Troni v. Banca Popolare Di Milano*, 129 AD2d 502, 503 [1st Dept 1987] (recognizing that New York courts had no interest in adjudicating breach of contract claims originating in Italy and dismissing those claims on *forum non conveniens* grounds).)

Hong Kong's and China's interest in this lawsuit is far greater than that of New York. Hong Kong has an interest in enforcing contracts negotiated and executed in Hong Kong, and its "interest in enforcing contracts negotiated and executed in Hong Kong clearly outweighs any New York interest." (*Transamerica ICS, Inc. v. Tugu Ins. Co.*, 588 F Supp 1301, 1304 [SDNY 1984].) Because New York has no sovereign interest in regulating transactions in Hong Kong and China (*see Hanwha*, 127 AD3d at 619), this Court should defer to Hong Kong's and China's interest in "resolving [their] own affairs" (*Shin-Etsu*, 9 AD3d at 178).

11

### E. Plaintiff's Lack of Connections to New York Weighs in Favor of Dismissing Plaintiff's Claims.

In New York, courts may defer to a plaintiff's choice of forum where the plaintiff has contacts with the forum state. (*See OrthoTec, LLC v. Healthpoint Capital, LLC*, 84 AD3d 702, 702 [1st Dept 2011].) Here, PAX LP has *no* contacts with New York and has not alleged any contacts with the forum. In resolving a motion under CPLR 327, the residence of a plaintiff "has been held to generally be the most significant factor." (*See Thor Gallery at S. DeKalb, LLC v. Reliance Mediaworks (USA) Inc.*, 131 AD3d 431, 432 [1st Dept 2015].) PAX LP is a Cayman Islands investment fund headquartered in Hong Kong. General counsel to PAX LP, Jon Lewis, is also based in Hong Kong. There is no indication that PAX LP has offices in New York, or that any of PAX LP's officers or principals reside in New York. PAX LP is also not registered as a corporation in New York, which weighs in favor of dismissal. (*See Nordkap Bank AG v. Standard Chartered Bank*, 32 Misc 3d 1216(A), 2011 WL 2764279, *4 [Sup Ct, NY County May 6, 2011].) Indeed, even when a plaintiff resides in New York—which is not the case here—New York courts have still dismissed cases on *forum non conveniens* grounds when all of the transactions occurred abroad and nearly all of the documents and witnesses are located abroad. (*Peters v. Peters*, 101 AD3d 403, 403 [1st Dept 2012] ("[P]laintiff's residence in New York is outweighed by the remaining factors..."); *Ace Decade*, 2016 WL 7158077, at *10. ("Plaintiff's residence in New York is insufficient to establish that New York is a convenient forum for this action.").) PAX LP's nonexistent ties to New York further weigh in favor of dismissal of this action on *forum non conveniens* grounds.

## CONCLUSION

Defendant's motion to dismiss should be granted.

Dated: New York, NY
      June 29, 2017

    Respectfully submitted,

    */s/ Joshua I. Schiller*
    Joshua I. Schiller
    Frederick J. Lee
    Benjamin Margulis
    BOIES SCHILLER FLEXNER LLP
    575 Lexington Avenue
    New York, NY 10022
    Tel: (212) 446-2300
    Fax: (212) 446-2350
    jischiller@bsfllp.com
    flee@bsfllp.com
    bmargulis@bsfllp.com

    *Attorneys for Defendant Kwok Ho Wan,* a/k/a *Kwok Ho,* a/k/a *Gwo Wen Gui,* a/k/a *Guo Wengui,* a/k/a *Guo Wen-Gui,* a/k/a *Wan Gue Haoyun,* a/k/a *Miles Kwok,* a/k/a *Haoyun Guo*