# EXHIBIT 67

FILED: NEW YORK COUNTY CLERK 10/08/2020 09:08 AM
NYSCEF DOC. NO. 594
INDEX NO. 652077/2017
RECEIVED NYSCEF: 10/07/2020

20-12411-jlg    Doc 14-67    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 67
Pg 2 of 18

```
 1    SUPREME COURT OF THE STATE OF NEW YORK
      COUNTY OF NEW YORK:   CIVIL TERM:   PART 61
 2    ------------------------------------------------X
      PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.,
 3
                                Plaintiff,
 4
                      - against -                        INDEX #
 5                                                       652077/2017
      KWOK HO WAN, GENEVER HOLDINGS LLC,
 6    GENEVER HOLDINGS CORPORATION,

 7
                                Defendants.
 8    ------------------------------------------------X
      Motion
 9

10                                  September 30, 2020
                                    Skype Teleconference
11

12    B E F O R E:   THE HONORABLE BARRY OSTRAGER,
                                    Justice of the Supreme Court
13

14
      A P P E A R A N C E S:
15

16                  O'MELVENY & MYERS LLP
                    Attorneys for the Plaintiff
17                  7 Times Square
                    New York, NY 10036
18                  By: EDWARD MOSS, ESQ.
                        STUART SARNOFF, ESQ.
19

20
                    HODGSON RUSS LLP
21                  Outgoing Attorneys for Mr. Kwok
                    605 Third Avenue, Suite 2300
22                  New York, NY 10158
                    By: MARK HARMON, ESQ.
23

24

25


                              mlp

                           1 of 17
```

FILED: NEW YORK COUNTY CLERK 10/08/2020 09:08 AM
INDEX NO. 652077/2017
NYSCEF DOC. NO. 594
RECEIVED NYSCEF: 10/07/2020

20-12411-jlg    Doc 14-67    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 67
Pg 3 of 18

1    A P P E A R A N C E S: (Cont'd)

2

3                    BAKER HOSTETLER LLP
                     Incoming Attorneys for Mr. Kwok
4                    45 Rockefeller Plaza
                     New York, NY 10111
5                    By: MELISSA CARVALHO, ESQ.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
                                        MICHELE PANTELOUKAS
25                                      Senior Court Reporter

FILED: NEW YORK COUNTY CLERK 10/08/2020 09:08 AM    INDEX NO. 652077/2017
NYSCEF DOC. NO. 594    RECEIVED NYSCEF: 10/07/2020
20-12411-jlg    Doc 14-67    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 67
Pg 4 of 18
Proceedings

| | |
|---|---|
| 1 | THE COURT: This is an order to show cause for a |
| 2 | restraining order. And what I would like to do, subject to |
| 3 | what I hear from the parties, is schedule this for a |
| 4 | hearing, including potentially an evidentiary hearing, for |
| 5 | October 8, which is exactly eight days from today. And I |
| 6 | would hope that counsel for Mr. Kwok would agree |
| 7 | voluntarily to preserve the status quo between now and |
| 8 | October 8. |
| 9 | So let me hear from counsel for Mr. Kwok. |
| 10 | MR. HARMON: Good morning, Your Honor. This is |
| 11 | Mark Harmon. |
| 12 | I am in a bit of an awkward situation, as we |
| 13 | learned yesterday that Hodgson Russ is being replaced by |
| 14 | Baker Hostetler, and I am anticipating that we will be |
| 15 | asked to sign, and will sign, a substitution of counsel |
| 16 | either later today or tomorrow. So it creates, as you can |
| 17 | imagine, Your Honor, an awkward situation for us regarding |
| 18 | your proposal or suggestion. Let me say that we are not in |
| 19 | a position today to stipulate to temporary relief, but nor |
| 20 | are we going to object to the temporary relief that Your |
| 21 | Honor has suggested in principle. |
| 22 | Preserving the status quo is a broad term, so I |
| 23 | would just suggest that it be clarified that during the |
| 24 | pendency of the status quo that Mr. Kwok is allowed to make |
| 25 | payments for valid -- in the ordinary course, for valid |

```
 1          consideration.
 2                    And I suppose I need to leave to counsel that is
 3          replacing us, who I understand is also on the call, to
 4          just -- to raise any issues regarding scheduling and the
 5          like.
 6                    MS. CARVALHO:  Good morning, Your Honor.
 7                    This is Melissa Carvalho with Baker Hostetler.
 8          My colleague, John Siegal, may be on the line as well.
 9                    We wanted to participate today to introduce
10          ourselves and let the Court know there will be a
11          substitution of counsel.  We do plan to have the consent to
12          change counsel filed today.  We will be sending it to
13          Mr. Harmon within a couple of hours.
14                    So, we would like to be heard on the order to
15          show cause briefing schedule, as well as the pending
16          motion, I believe it is motion nine, for damages.  Just so
17          we can set a briefing schedule that will allow us to get up
18          to speed as quickly as possible, and get all of this
19          underway.
20                    THE COURT:  I issued a judgment on liability at
21          the last oral argument.  We are not having a damages trial
22          in the immediate near term.  But, what we do need to
23          address and resolve is the plaintiff's request that
24          Mr. Kwok be enjoined from rendering any judgment
25          meaningless by transferring assets that would be subject to
```

Proceedings

1     a potential damages award.  And obviously he has to -- the
2     plaintiff has to make a showing to obtain some type of de
3     facto injunction on how Mr. Kwok conducts his business and
4     his personal affairs.
5             But all that is before us today is an issue as to
6     whether or not we can preserve the status quo between now
7     and when we have a hearing on October 8.  And you have
8     indicated that you are going to file a substitution as
9     counsel.  And for purposes of the proceedings this morning
10    we will assume, without any objection from anybody, that
11    you have affected the substitution.  And I'll hear you with
12    respect to my proposal that Mr. Kwok agree to maintain the
13    status quo, except with respect to ordinary expenses.
14    Nobody is preventing him from ordering dinner or buying a
15    newspaper.  He just can't sell his Rolls Royce, if he has
16    one.
17            I am waiting to hear from successor counsel on
18    that issue.
19            MS. CARVALHO:  Yes, we are in agreement with the
20    views that were presented by Mr. Harmon as current counsel
21    of record that, you know, that can be agreed to as long as
22    there is an exception for ordinary course transactions and
23    it isn't as broad.
24            THE COURT:  All right.
25            And counsel for the plaintiff?

```
 1              MR. MOSS:  Yes, Your Honor.  On the -- are you
 2     asking for our position on the TRO?
 3              THE COURT:  Yes.
 4              MR. MOSS:  Okay.  Sure.  So, Your Honor, I think
 5     we would be fine with a TRO enjoining Mr. Kwok from
 6     dissipating his assets.  I think the devil will be a little
 7     bit in the details as far as exactly what that says.  I am
 8     not sure if the Court would like us to submit a proposed
 9     order or if the Court will fashion one.  What we have asked
10     for is an order enjoining and restraining Mr. Kwok with the
11     same affect as if a restraining order had been served upon
12     him after judgment from making or causing any sale,
13     assignment, transfer or interference with any property in
14     which he has an interest or from paying over or otherwise
15     disposing of any debt now due or thereafter coming due to
16     him, subject to the exceptions set forth CPLR 5222.
17              I submit, Your Honor, that that is the
18     appropriate form of relief here.  CPLR 5229 essentially is
19     temporary relief.  It provides an injunction, before the
20     injunction that will automatically be entered when we get
21     our judgment.  So, that essentially is temporary relief.
22     And all we are asking for here is for that relief to be
23     extended prior -- for the next eight days, I guess, prior
24     to the hearing.
25              As we set out, Your Honor, the only requirement
```

mlp

| | |
|---|---|
| 1 | under CPLR 5229 is a verdict, a decision in the plaintiff's |
| 2 | favor. And it has been applied precisely, Proffesor Siegal |
| 3 | talks about how it is precisely for this situation, where |
| 4 | there is an interval between an order on summary judgment |
| 5 | on liability and a determination on damages. |
| 6 | And so we believe we will prevail on the 5229. |
| 7 | It is not clear to us that we actually need to show the TRO |
| 8 | standard here. We can, and we have the irreparable harm |
| 9 | and likelihood of success and balance of equities, because |
| 10 | this essentially is preliminary relief. The 5229 is a TRO, |
| 11 | and the only requirement is a verdict in your favor. |
| 12 | So, we would submit, Your Honor, that the |
| 13 | language that we have provided in our proposed order on the |
| 14 | TRO is the correct language. |
| 15 | THE COURT: Okay. I think you have to show more |
| 16 | than that you have a judgment on liability in order to |
| 17 | secure the injunction that you are seeking. And that's |
| 18 | what will be addressed on October 8. |
| 19 | In the interim I am going to sign the temporary |
| 20 | restraining order and I am going to enjoin Mr. Kwok from |
| 21 | any activity that alters the status quo, except ordinary |
| 22 | course expenses. |
| 23 | And you will make a full record on October 8 as |
| 24 | and how you see fit. Mr. Kwok has an opportunity to |
| 25 | contest that. And on October 8 we will fashion whatever |

|   |   |
|---|---|
| 1 | relief you are entitled to as a result of what transpires |
| 2 | on October 8. |
| 3 | So, for the sake of clarity, on consent, Mr. Kwok |
| 4 | has agreed that he is not going to dispose of any of his |
| 5 | assets or pay any debts or do anything to alter the status |
| 6 | quo as it exists today, except he can engage in the |
| 7 | ordinary conduct of his life between now and October 8. |
| 8 | MS. CARVALHO: Your Honor if I could, since we do |
| 9 | have a TRO that is going to be put in place here, as new |
| 10 | counsel that is coming on board and just starting to get up |
| 11 | to speed today on this matter, is it possible to entertain |
| 12 | a request to push the October 8 date even an additional |
| 13 | week just to give counsel more time? |
| 14 | THE COURT: As long as you agree on behalf of |
| 15 | Mr. Kwok to the TRO that I am proposing, it doesn't matter |
| 16 | to the Court whether we do this on October 8 or the |
| 17 | following week. |
| 18 | MS. CARVALHO: Okay. Mr. Harmon, is that |
| 19 | something that we can agree to? |
| 20 | MR. HARMON: I think that the Judge has already |
| 21 | indicated that at least for the purpose of this hearing he |
| 22 | is considering the substitution approved and accepted |
| 23 | without objection, so I leave that to you. |
| 24 | MS. CARVALHO: Okay. Well, it was our |
| 25 | understanding that the current counsel of record was |

```
 1    handling the TRO.  We weren't prepared do so today.  But
 2    understanding the positions that have already been voiced
 3    on this and the Court's opinion, I think that that's a fair
 4    compromise, if we can get some additional time to brief and
 5    get to hearing on this.
 6                THE COURT:  All right.  I don't have a calendar
 7    handy.  I apologize.  What is a week from Monday?  Would
 8    that be the 12th?  That's Columbus Day.
 9                MS. CARVALHO:  Yes.
10                THE COURT:  So you are prepared to stipulate to a
11    TRO until.
12                MS. CARVALHO:  The 14th or 15th, if we could.
13                MS. COSTELLO:  Judge, the 15th is okay.
14                THE COURT:  The 15th is okay?
15                MS. COSTELLO:  Yes.
16                THE COURT:  On consent counsel for Mr. Kwok is
17    agreeing to preserve the status quo and any violation of
18    the TRO will be considered a criminal contempt, so we are
19    clear.
20                MS. CARVALHO:  Yes, Your Honor.
21                THE COURT:  All right.  I'll put that in the
22    order.
23                You are consenting to the extension of the TRO
24    that I have proposed, with the understanding that any
25    violation of it will be a criminal contempt.
```

```
 1                    I am waiting for a response.
 2              MS. CARVALHO:  Yes, Your Honor.
 3              THE COURT:  All right.  I'll fashion an
 4    appropriate order.  And the plaintiff will consult the
 5    authorities in the cases as to the showing that needs to be
 6    made to get permanent injunctive relief of the type that
 7    counsel for defendant has agreed to.  But in the meantime
 8    we have a temporary restraining order on consent and I'll
 9    issue an appropriate order.
10              MS. CARVALHO:  Okay.  So Your Honor, I just want
11    to make sure, so the order to show cause hearing will be
12    set for October 15.  Is there a time?
13              THE COURT:  10:00.
14              MS. CARVALHO:  10:00.
15              And before we conclude, Your Honor, could we also
16    just address the current pending damages motion which is
17    motion number nine?  Our opposition to that motion is due
18    today.  I spoke to Mr. Moss and requested an extension, and
19    the plaintiff agreed to only give us until this Friday,
20    which is two additional days, October 2.  And just coming
21    on today that's not something that we can do.  And having
22    the TRO in place we are hoping that we can come up with a
23    briefing schedule that will allow us the customary courtesy
24    to just get up to speed and be able to oppose that motion
25    appropriately.  So if we could get 30 days for our
```

```
 1      opposition on motion nine we would greatly appreciate it.
 2              THE COURT:  I don't think I want to give you 30
 3      days.  You can have a ten-day extension, which should be
 4      more than sufficient.
 5              MS. CARVALHO:  That would be Monday, Columbus
 6      day.
 7              THE COURT:  Then October 13.
 8              MS. CARVALHO:  Okay.  And then what day would the
 9      motion be returnable?
10              Mr. Moss, I think it is currently on for the 7th.
11              MR. MOSS:  I think that's right.  And Your Honor,
12      may I be heard on the extension request?
13              THE COURT:  Yes.
14              MR. MOSS:  Your Honor, this is Mr. Kwok's second
15      substitution of counsel.  We are -- we already have an
16      order on liability.  Our damages motion is a two-page
17      motion that says the contract says $46 million.  The
18      contract says 15 percent interest.  And we put in a table
19      that has 15 percent interest per year times $46 million
20      from the effective date through today's date.  Mr. Kwok has
21      never made an argument, as the Court found in the summary
22      judgment -- in your summary judgment ruling, has never even
23      argued that he has repaid any portion of the debt under the
24      March 2011 guaranty.  There is nothing to decide here other
25      than damages.  We didn't even compound, which we could have
```

FILED: NEW YORK COUNTY CLERK 10/08/2020 09:08 AM
NYSCEF DOC. NO. 594
INDEX NO. 652077/2017
RECEIVED NYSCEF: 10/07/2020

20-12411-jlg    Doc 14-67    Filed 12/16/20    Entered 12/16/20 15:47:19    Exhibit 67
Pg 13 of 18

Proceedings

```
 1         done under the contract, arguably.  We did simple interest
 2         which is the lowest possible number.
 3                 And the contract also gives us right to
 4         enforcement fees.  There is no question about what the
 5         amount of the fees are.  We have submitted evidence, we
 6         have submitted invoices, we have submitted an affidavit.
 7         And there is no requirement under the contract that the
 8         fees be not in excess of Y or be reasonable or anything.
 9         It is simply if we incurred the cost of enforcement then
10         those are the costs and those are part of damages.
11                 There is really nothing to respond to here, Your
12         Honor.  And every minute that we go on where we are not
13         allowed to take the discovery into the assets, even with
14         the TRO I would submit, Your Honor, even with the criminal
15         contempt, which is -- which is great, but there is still a
16         risk that this defendant -- this is a defendant who has
17         been sanctioned $250,000 a day in Nevada because there was
18         a judgment entered against him, his counsel withdrew, same
19         movie right here.  His counsel withdrew and he did not
20         provide any information -- incorrect contact information.
21         He gave the plaintiff incorrect contact information.  The
22         plaintiff couldn't take discovery and Mr. Kwok was
23         sanctioned for not providing the information.  That's a
24         $200,000 debt, Your Honor.  How do you think he going to
25         handle a $120 million debt.  There is a huge risk here.
```

mlp

Proceedings

1  And we need to get to the judgment as soon as possible.
2  The contract was signed in March of 2011. We have been
3  pursuing him for a decade. He has dragged us along on this
4  case. He has absolutely no defense. It took three years
5  and he had absolutely no defense. We need a judgment now,
6  it is not a complicated motion.
7         MS. CARVALHO: Your Honor, if I could just
8  respond. This is not going to be an uncontested motion.
9  The defendant has the right, irrespective of what is
10 happening in Nevada or anywhere else, to oppose the motion
11 and to present defenses. And any argument to the contrary
12 is simply not right and Mr. Moss knows that.
13        With a TRO in place, especially with a criminal
14 contempt, I mean, we are asking for the customary courtesy
15 for time to get up to speed. And if the motion is a simple
16 two-page motion with no real opposition or response there
17 shouldn't be a problem here, Mr. Moss. I think that the
18 position that you are taking here is very unfair. This
19 isn't the way justice plays out. And anything that is
20 happening in Nevada is just -- it is not relevant here. We
21 are talking about the New York State proceedings. And I am
22 quite offended that those statements are even made. I
23 don't have facts on that proceeding to even be able to say
24 whether or not any of these representations are true.
25        I am not counsel of record there, I am counsel of

mlp

```
 1    record here.
 2              MR. MACARIAN:  To be fair, Your Honor, those are
 3    mischaracterizations as to what happened in Nevada and New
 4    York.  Mr. Moss doesn't have the full set of facts there.
 5    It is probably a misunderstanding.  I don't think it is an
 6    intentional misrepresentation, but it is incorrect facts
 7    that Your Honor shouldn't consider in this case.
 8              MR. MOSS:  We submitted the order from the Nevada
 9    Judge.
10              THE COURT:  We are going to have a preliminary
11    injunction type hearing on October 15.  The status quo is
12    going to be maintained under penalty of criminal contempt,
13    meaning a marshal is going to come and arrest Mr. Kwok if
14    he violates the Court's temporary restraining order.  I am
15    going to see you on the 15th.
16              Defense counsel's opposition papers are going to
17    be filed on the 14th.  And if you want to proceed with
18    the damages issue on the 15th, since it is just a
19    two-page application and there is no defense to it, we can
20    proceed on the 15th.
21              MR. MOSS:  Your Honor, when you say the
22    opposition will be due on the 14th, you mean Mr. Kwok's
23    opposition to the damages motion?
24              THE COURT:  Correct.
25              MR. MOSS:  And it will heard on the 15th?
```

mlp

```
 1              THE COURT:  Correct.
 2              MR. MOSS:  With no reply?  That's fine with us.
 3    We can respond on the 15th.
 4              THE COURT:  Okay.  So then on the 15th we are
 5    going to deal with everything.  We are going to deal with
 6    your application for what is, in essence, a preliminary
 7    injunction.  And we are going to deal with your motion for
 8    judgment on the damages issue.
 9              MS. CARVALHO:  Thank you, Your Honor.
10              THE COURT:  So everybody is satisfied with the
11    arrangements that we discussed this morning?  Is that
12    correct?
13              MR. MOSS:  Yes, Your Honor.
14              Your Honor, if I can clarify it, when is the
15    opposition to our injunction due?  Will we get a reply on
16    that?
17              THE COURT:  Counsel, new counsel for Mr. Kwok.
18              MS. CARVALHO:  Yes, Your Honor?
19              THE COURT:  When are you going to file your
20    opposition to the motion for a preliminary injunction?
21              MS. CARVALHO:  I had thought we were doing that
22    October 13 or 14th, unless I was confused.
23              THE COURT:  October 13.
24              MS. CARVALHO:  Okay.
25              THE COURT:  And if Mr. Moss wants to respond to
```

Proceedings

1    that on or before the 15th we will resolve everything on
2    the 15th.
3              MR. MOSS: Your Honor, can we put the same
4    schedule in on damages? Just because I don't know what
5    they are going to say on damages. They are now saying they
6    have new arguments. If they could put their damages
7    motion -- opposition in and the PI in on October 13 we will
8    get you reply papers before the hearing on both.
9              THE COURT: That's what -- that's what I just
10   said.
11             MR. MOSS: I think you had October 14 originally.
12             MS. CARVALHO: For the damages.
13             MR. MOSS: For the damages opposition. And I am
14   asking for both oppositions to be due October 13.
15             THE COURT: Both oppositions will be filed on the
16   13th.
17             MR. MOSS: Thank you, Your Honor.
18             MS. CARVALHO: Okay, Your Honor. Thank you.
19             THE COURT: All right. Have a nice day. I am
20   going to sign off. It is very important that you order a
21   copy of the transcript of the proceedings of today. I
22   would ask that it be ordered on an expedited basis. I'll
23   so order it. I will also issue a short memorandum decision
24   incorporating what we have discussed and agreed to today.
25             MR. MOSS: May I ask one clarifying question on

mlp

FILED: NEW YORK COUNTY CLERK 10/08/2020 09:08 AM INDEX NO. 652077/2017
NYSCEF DOC. NO. 594 RECEIVED NYSCEF: 10/07/2020
20-12411-jlg  Doc 14-67  Filed 12/16/20  Entered 12/16/20 15:47:19  Exhibit 67
Pg 18 of 18

Proceedings

```
 1        the hearing on the 15th -- on the injunction part of the
 2        hearing?  If the other side is planning to bring Mr. Kwok
 3        or any witnesses, can we have a date by which, even if it
 4        is just a couple of days before, the parties exchange
 5        witness lists.  It is not clear to me whether or not this
 6        is going to be an evidentiary hearing or not.  And if they
 7        are planning to bring any witnesses we would like to at
 8        least have 48 hours notice.
 9              THE COURT:  That's fair.  So, both parties will
10        submit witness lists to each other and to the Court on the
11        13th.
12              MR. MOSS:  Thank you.
13              THE COURT:  All right.  Now please get the court
14        reporter's information so you can order an expedited
15        transcript of today's proceedings.
16              MR. MOSS:  We will, thank you, Your Honor.
17              THE COURT:  Have a nice day everyone.
18              MR. HARMON:  Thank you, Your Honor.
19              MS. CARVALHO:  Thank you.
20                        *      *      *
21        CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT OF THE ORIGINAL
22        STENOGRAPHIC MINUTES IN THIS CASE.
23                          _Michele Panteloukas_
24                              MICHELE PANTELOUKAS
25   SO-ORDERED 10-7-2020    SENIOR COURT REPORTER
```

_Barry Ostrager_
BARRY R. OSTRAGER, J.S.C.

of 17