TROUTMAN PEPPER
HAMILTON SANDERS LLP
Francis J. Lawall
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4000
Facsimile: (215) 981-4750
francis.lawall@troutman.com

*Counsel for Bravo Luck Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genever Holdings LLC, | Case No. 20-12411 (JLG) |
| Debtor. | **Re: ECF No. 12, 13, 14** |

**OBJECTION OF BRAVO LUCK LIMITED TO MOTION OF PLAINTIFF PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P. TO MODIFY THE AUTOMATIC STAY TO PROCEED WITH STATE COURT LITIGATION, AND RELATED RELIEF**

Bravo Luck Limited ("Bravo Luck"), by and through its counsel, hereby objects (this "Objection")[1] to the *Motion of Plaintiff Pacific Alliance Asia Opportunity Fund L.P. to Modify the Automatic Stay to Proceed with State Court Litigation, and Related Relief* (ECF No. 12) (the "Motion") filed by Pacific Alliance Asia Opportunity Fund L.P. ("PAX") in the bankruptcy case of the above-captioned debtor and debtor in possession (the "Debtor"). In support of this Objection, Bravo Luck respectfully states as follows:

## BACKGROUND

---

[1] By filing this Objection, Bravo Luck does not submit to general bankruptcy or United States jurisdiction. This Objection is only to be construed as a limited appearance of Bravo Luck necessitated by the PAX Motion's potential effect on Bravo Luck and in order for Bravo Luck to protect its rights as a major party-in-interest in this bankruptcy case. Bravo Luck does not waive, and specifically preserves, all of its procedural and substantive defenses to any claims that may be asserted against Bravo Luck by PAX, the Debtor, or any other party in this case.

#112303239 v3

1.	On October 12, 2020, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of New York (this "Court").

2.	Pursuant to the *Debtor's Declaration Pursuant to Local Bankruptcy Rule 1007-2* (ECF No. 1) (the "Debtor's Declaration"), the Debtor provided that it filed its chapter 11 bankruptcy case so that "[b]efore the Premises [i.e., the Residence] become further entangled in litigation involving competing claims of ownership, the Debtor . . . [can] gain the needed flexibility to be in a ·position to maximize value under the rehabilitative power of the Bankruptcy Court." *Id.*, ¶ 10.

3.	Additionally, the Debtor provided that:

> an important threshold goal of the Chapter 11 case is to obtain a resolution of the competing claims relating to the Premises· as between Bravo and Pacific Alliance. Once· this issue is resolved or settled, the matter involving Pacific Alliance will be clarified and the Debtor will then be in a position to promulgate a plan of reorganization. Pending such a determination, Chapter 11 will help the Debtor preserve the status quo.

*Id.* at ¶ 12.

4.	On December 16, 2020, PAX filed the Motion, a memorandum of law in support of the Motion (ECF No. 13),[2] and a supporting declaration of Edward Moss, Esq. (ECF No. 14). By the Motion, PAX seeks to modify the automatic stay to allow PAX's State Court Action against the Debtor to proceed to final judgment. Motion at ¶ 3 (Proposed Order).[3] PAX also references that it may utilize the State Court Action to address any attendant claims by other non-debtor third parties, including Bravo Luck. *Id.*

---

[2] Terms capitalized but not defined herein shall be ascribed the definitions set forth in PAX's *Memorandum of Law in Support of Motion to Modify the Automatic Stay to Proceed with State Court Litigation, and Related Relief* (ECF No. 13) (the "Memo of Law").

[3] A Notice of Appeal of the September 15, 2020, Decision and Order on PAX's motion for summary judgement (State Court Action, NYSCEF Doc. No. 549) against Kwok Ho Wan ("Kwok") was filed on October 16, 2020.

# **OBJECTION**

5. Bravo Luck objects to PAX's Motion because the ownership issues related to the Genever Entities and its assets are best decided in the British Virgin Islands ("BVI")—where PAX has already initiated litigation, including against Bravo Luck, where it seeks, *inter alia,* a declaration that Bravo Luck is beneficially owned by Mr. Miles Kwok—because it will result in the most efficient resolution of these issues for all of the courts and parties involved.

6. As set forth in the Debtor's Declaration, the Debtor commenced its chapter 11 bankruptcy case in order to resolve issues related to competing claims of ownership against the Debtor's primary asset—the Sherry-Netherland Residence. *See* Debtor's Declaration, ¶ 10. The resolution of these ownership issues is a gating issue that must be addressed before the Debtor can begin to formulate a plan to restructure as it has indicated it intends to do. *See id.* at ¶ 12.

7. Despite PAX's unwarranted invective throughout the Motion, it is uncontroverted that Bravo Luck and its principal, Qiang Guo, advanced tens of millions of dollars to the Debtor in order to purchase the Residence.[4] As such, Bravo Luck intends to file a counterclaim in the BVI litigation for purposes of finding that Bravo Luck is the Residence's rightful owner. If, however, the BVI court were not to so find, Bravo Luck will nevertheless hold a claim against the Debtor for the millions of dollars it advanced and, as such, Bravo Luck is a major party-in-interest in the Debtor's bankruptcy case.[5]

8. Given Bravo Luck's status as a substantial party-in-interest in the Debtor's bankruptcy and the need to resolve the ownership issues related to the Genever Entities before

---

[4] Bravo Luck will be filing a claim in the alternative against the Debtor in the approximate amount of $70 million, which was advanced by Bravo Luck to purchase the Residence.

[5] It is uncontroverted that the monies used to fund the purchase the Residence were sourced from Bravo Luck bank accounts.

the Debtor will be able to reorganize, it is clear that this bankruptcy case must preserve the status quo so that the ownership issues can be determined by the BVI court pursuant to the litigation PAX has already commenced. Moreover, given PAX's prior representations to the state court, its attempt to seek stay relief to now pursue that State Court Action is entirely inconsistent.[6]

9. As revealed in footnote 85 of PAX's Memo of Law, PAX has commenced litigation in the BVI against Genever BVI, Bravo Luck, Kwok, and Qiang Guo. The current proceeding, Case No. BVIHCM 2020/0137, tees up, among other things, the issue of whether Genever BVI's shares are owned by Kwok or are being held by Kwok for Bravo Luck as the beneficial owner. Most importantly, PAX has sought and obtained *ex-parte* freezing orders[7] in the BVI to prevent the dissipation of any assets while its claims are pending, including an order that if Genever BVI wants to take any action regarding its shares that PAX is to be given advance notice and an order otherwise freezing Bravo Luck's assets up to the amount of $112 million. Bravo Luck and Qiang Guo have a deadline of January 14, 2021 to file their defense to

---

[6] In a Memorandum filed by PAX in support of its motion for partial summary judgment (Index No. 652077/2017, NYSCEF Doc. No. 409 at fn. 2) in the State Court Action, PAX stated the following:

> PAX has asserted a veil-piercing claim against Defendants Genever Holdings Corporation and Genever Holdings, LLC, which were not involved in the underlying contract dispute but are both part of the ownership chain of Kwok's apartment at the Sherry-Netherland Hotel. PAX does not seek summary judgment on that claim. PAX respectfully submits that the veil-piercing claim is directed to enforcement of a judgment against Kwok on the substantive contract claim. Therefore, if PAX were to prevail on this motion, it would seek a supplementary proceeding to take discovery into Kwok's other assets, including assets that may (supposedly) be held by persons or entities other than Kwok, as well as current discovery about the Sherry-Netherland apartment. <u>As a result, PAX believes it may be most efficient to dismiss the veil-piercing claim if it prevails on this motion and address that issue in a supplementary proceeding. At the appropriate time, we would welcome the opportunity for a conference to discuss this procedure with the Court.</u>

[7] Due to BVI civil procedure rules, certain of the pleadings from the BVI proceeding cannot be filed in other courts without BVI court approval, consent of the filing party, or having been referred to in open court in the BVI. Bravo Luck did not have time to seek such authority from the BVI court in advance of filing this Objection but will coordinate with PAX to see if PAX consents to the filing of other pleadings from the BVI proceeding in this Court. Claim forms and court orders from BVI proceedings, however, may be filed in other cases without court authority or consent; therefore, attached hereto as **Exhibit B** is the claim form from the BVI proceeding and **Exhibit C** is the BVI freezing injunction order against Bravo Luck and Mr. Kwok.

PAX's claims in the BVI and intend to assert counterclaims against PAX relating to Bravo Luck's ownership of the Sherry-Netherland Residence.

10. PAX availed itself of jurisdiction in the BVI in order to have the court there decide the issue of Bravo Luck's ownership over the Genever Entities and the Residence; thus, PAX should not now be able to modify the automatic stay so that the veil-piercing issues can proceed in the State Court Action where PAX can then attempt[8] to raise claims from its BVI proceeding against Bravo Luck in New York state. Moreover, Bravo Luck and Genever BVI are BVI Business Companies governed by the BVI Business Companies Act, 2004, and thus such the matters are best decided by a court in the BVI.

11. Additionally, the ownership issues will be more efficiently and economically resolved in the BVI. First, although PAX asserts that a trial on the veil-piercing issue in the State Court Action is expected to be held as early in 2021 as the COVID-19 pandemic will allow, *see* Memo of Law at ¶ 5, trial on the veil-piercing issue in the State Court Action has been adjourned indefinitely with a status conference not set until May 4, 2021 for a report on the status of the Debtor's bankruptcy case. *See* State Court Action, NYSCEF Doc. No. 685 at p. 5; attached hereto as **Exhibit A**. The Motion also references that PAX may seek to join Bravo Luck in the State Court Action, but as of this filing, PAX has not yet done so—it has only filed an action against Bravo Luck in the BVI.[9] Moreover, judicial economy would be enhanced by maintaining the status quo in this bankruptcy case because even if ownership of the Residence is found to remain with the Genever Entities, the issue of Bravo Luck's monetary claim against

---

[8] Bravo Luck preserves all of its rights should PAX attempt to bring claims against Bravo Luck in New York and Bravo Luck's response hereto should not be considered to waive any of its defenses thereto, including, but not limited to, jurisdictional defenses.

[9] Moreover, attempting to join Bravo Luck in the State Court Action at this late stage is clearly inappropriate on many levels, not the least of which is that PAX has already brought suit against Bravo Luck in the BVI.

the Debtor will still need to be litigated. On the other hand, if ownership of the Residence is determined by the BVI court to vest with Bravo Luck, then there will be no need to burden this Court with that litigation and unnecessary hardship will not be placed on the Debtor, which will otherwise be forced to incur litigation fees in several courts at one time on issues that are substantially related. Lastly, if Bravo Luck is successful in proving its ultimate ownership over the Genever Entities and their assets in the BVI proceeding initiated by PAX, then that would obviate the need for the veil-piercing claim to be heard in the State Court Action because the Residence and any other assets of the Genever Entities will be judicially-determined to belong to Bravo Luck, not Kwok.

12. PAX will not be prejudiced by a denial of its Motion because (i) it availed itself of BVI jurisdiction related to these ownership issues; (ii) there is a BVI freezing order preventing Genever BVI from taking any action with respect to its shares without providing PAX advance notice, such that the assets PAX seeks to execute upon related to its judgment against Kwok are preserved; (iii) the Debtor's shares and the Sherry-Netherland Residence owned by the Debtor remain subject to the automatic stay and, thus, will not be transferred without this Court's approval and an opportunity for PAX to object and be heard; and (iv) trial on the veil-piercing issue in the State Court Action is currently adjourned indefinitely. Therefore, Bravo Luck believes that it is in the best interest of the Debtor and all parties-in-interest in this bankruptcy case for the status quo to be maintained—such that the Motion should be denied—pending a resolution of the BVI proceeding.

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, Bravo Luck respectfully requests that the Court deny the Motion.

*[Signature page follows]*

Dated: January 5, 2021
      Philadelphia, PA

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ *Francis J. Lawall*
Francis J. Lawall (PA Bar No. 43932)
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
Telephone: (215) 981-4000
Facsimile:  (215) 981-4750
E-mail: francis.lawall@troutman.com

*Counsel for Bravo Luck Limited*