# **EXHIBIT A**

## **State Court Action, NYSCEF Doc. No. 685**

#112303239 v3

FILED: NEW YORK COUNTY CLERK 12/18/2020 04:45 PM
NYSCEF DOC. NO. 685
INDEX NO. 652077/2017
RECEIVED NYSCEF: 12/18/2020

20-12411-jlg    Doc 21-1    Filed 01/05/21    Entered 01/05/21 15:52:59    Exhibit A
State Court Action    Pg 2 of 7

# SUPREME COURT OF THE STATE OF NEW YORK NEW YORK COUNTY

| PRESENT: | HON. BARRY R. OSTRAGER | PART | IAS MOTION 61EFM |
|---|---|---|---|
| | *Justice* | | |

-------------------------------------------------------------------------------X

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.,

                                  Plaintiff,

                                  - v -

KWOK HO WAN, a/k/a KWOK HO, a/k/a GWO WEN GUI, a/k/a GUO WENGUI, a/k/a GUO WEN-GUI, a/k/a WAN GUE HAOYUN, a/k/a MILES KWOK, a/k/a HAOYUN GUO, GENEVER HOLDINGS LLC, and GENEVER HOLDINGS CORPORATION,

                                  Defendants.

| INDEX NO. | 652077/2017 |
|---|---|
| MOTION DATE | |
| MOTION SEQ. NO. | 009 |

**DECISION + ORDER ON MOTION**

-------------------------------------------------------------------------------X

HON. BARRY R. OSTRAGER

        The Court heard oral argument on motion 009 by plaintiff for damages on December 18, 2020 via Microsoft Teams. In accordance with the documents submitted and the proceedings on the record, plaintiff's motion is granted to the extent of awarding plaintiff damages of $46,426,489.00 (unpaid principal) plus contractual interest pursuant to the 2011 Personal Guarantee at a rate of 15% per annum from effective date of December 31, 2010. *See* Aff. of Jon Lewis made on personal knowledge (NYSCEF Doc. No. 563).

**Procedural History**

        On September 15, 2020, the Court issued a Decision and Order on Motion 007, plaintiff's motion for summary judgement (NYSCEF Doc. No. 549). The Court found Kwok Ho Wan ("Kwok") liable for breach of contract, specifically the 2011 Personal Guarantee entered into by the parties. In this Decision and Order, the Court expressed skepticism about Kwok's newly raised mitigation argument but reserved ruling on the issue until the Court determined damages. The Court directed plaintiff to file a motion setting forth both damages pursuant to the 2011 Personal Guarantee and attorney's fees which the Court expressly found that plaintiff is entitled

to under the contract. The issue of damages, and whether the Court should pierce the corporate veil and hold the Genever defendants liable remained outstanding.

Because the veil piercing issue will require a trial by jury, the Court asked plaintiff to withdraw the portion of Motion 009 which sought attorney's fees, and to renew it at the resolution of the entire action. Plaintiff agreed to do so, and thus this motion only addresses the damages portion of Motion 009.

The initial briefing on this motion included a cross-motion by defendant Kwok to amend his Answer to assert mitigation as an affirmative defense. In its November 12, 2020 Status Conference Order (NYSCEF Doc. No. 648) the Court directed that Kwok need not amend his Answer to argue his mitigation defense. Accordingly, this Decision and Order addresses the merits of plaintiff's motion for damages and Kwok's mitigation defense.

**Discussion**

As the Court had already found Kwok liable under the 2011 Personal Guarantee, plaintiff filed a straightforward motion setting forth the interest owed on the unpaid principal pursuant to the terms of the agreement. In opposition, defendants argue that plaintiff had a duty to mitigate its damages, specifically by pursuing an offer from the Beijing police to potentially sell apartments to plaintiff – the same apartments that Kwok was supposed to transfer to plaintiff to satisfy his debt owed to plaintiff.

As stated in the Decision and Order on Motion 007 (NYSCEF Doc. No. 549):

> In April 2013, the parties entered into a Deed of Settlement, whereby the outstanding loan amount would no longer be due and owing to Pacific Alliance if Pacific Alliance purchased certain apartments from Beijing Pangu Investment Inc. ("Beijing Pangu"), another Kwok business entity, and Shiny Times' made certain installment payments to Pacific Alliance Beijing Pangu was required to satisfy ten conditions precedent in connection with the sale and purchase of each of the apartments by Pacific Alliance. If any such condition was not satisfied by June of 2013, the Deed of Settlement would be terminated in its entirety. Pacific Alliance

2

FILED: NEW YORK COUNTY CLERK 12/18/2020 04:45 PM
NYSCEF DOC. NO. 685
INDEX NO. 652077/2017
RECEIVED NYSCEF: 12/18/2020

20-12411-jlg    Doc 21-1    Filed 01/05/21    Entered 01/05/21 15:52:59    Exhibit A
State Court Action    Pg 4 of 7

> and Kwok subsequently executed four extensions of the Deed of Settlement, changing only the date by which the conditions precedent needed to be satisfied. The latest Deed of Settlement required that the conditions precedent be satisfied by June of 2015. . . .
>
> [S]everal of the conditions precedent in the 2013 Deed of Settlement were not fulfilled. Namely, defendant Kwok failed to deliver clean title, failed to provide plaintiff with an invoice for the purchase of the apartments, failed to provide plaintiff with evidence regarding the payment of all relevant taxes and charges in connection with the sale and purchase of the apartments, and failed to deliver the House Ownership Certificates of any of the Apartments to plaintiff. . . .

Because the conditions precedent were not satisfied by June 30, 2015 the Deed of Settlement was terminated and its entirety and the 2011 Personal Guarantee was once again in full force and effect.

Defendants first argue that plaintiff had a duty to mitigate its damages "once the Deed of Settlement was breached." However, the Deed of Settlement was never "breached" because the Deed of Settlement never went into effect, because the conditions precedent were not satisfied by June 30, 2015. Defendants argue that the conditions listed above were not conditions precedent, because "the Deed of Settlement was not conditioned upon anything happening before it could come into full force and effect" (*See* Def. Sur-Reply at p. 7). The Court rejects this argument raised for the first time in defendants' sur-reply. Defendants had until June 30, 2015 to satisfy the conditions precent. Failure to meet the conditions prior to June 30, 2015 was not a breach of the agreement, and on June 30, 2015, the failure to meet the conditions precedent resulted in the nullification of the Deed of Settlement and reversion to the 2011 Personal Guarantee, not a "breach" of the agreement.

Defendants next argue that there are genuine issues of material fact that would show plaintiff had the opportunity to mitigate its damages prior to the expiration of the Deed of Settlement. First, the Court has already found – based on documentary evidence submitted by both parties – that the opportunity presented by the Beijing police only came up *after* June 2015

3

FILED: NEW YORK COUNTY CLERK 12/18/2020 04:45 PM
NYSCEF DOC. NO. 685
INDEX NO. 652077/2017
RECEIVED NYSCEF: 12/18/2020

20-12411-jlg    Doc 21-1    Filed 01/05/21    Entered 01/05/21 15:52:59    Exhibit A
State Court Action    Pg 5 of 7

when the Deed of Settlement had already expired. *See* NYSCEF Doc. No. 549 at p. 6. Second, it does not make a difference as a matter of law when the police presented the opportunity to plaintiff. If it was prior to June 30, 2015, then plaintiff did not know whether or not Kwok would fulfill the conditions precedent and transfer plaintiff the apartments, and thus there was nothing to mitigate and no reason to pursue alternative methods of procuring the apartments. If it was after June 30, 2015, the 2011 Personal Guarantee was in effect, and under Hong Kong law, mitigation is inapplicable to a debt-repayment claims. Both plaintiff and Kwok's experts in Hong Kong law affirm this. *See* Melwani Aff. (NYSCEF Doc. No. 640) at ¶ 10 ("the Court of Final Appeal … has confirmed … that mitigation is not applicable to claims for repayment of a debt") *and* Georgiou Aff. (NYSCEF Doc. No. 667) at ¶ 7 ("I agree with Mr. Melwani that the principle of mitigation does not apply to a claim for repayment of a debt where that claim is made under a . . . personal guarantee.").

Defendants further argue that plaintiff had an obligation to pursue the offer from the Beijing police because plaintiff was allegedly being presented with an opportunity to receive the benefit it had bargained for under the Deed of Settlement – the apartments. As stated above, plaintiff did not have an obligation to pursue mitigation of a debt-repayment claim. However, even if plaintiff did have a duty to mitigate, as the Court has already found, plaintiff is only ever required to *reasonably* mitigate damages. The proposal to purchase the apartments from the Beijing police for $17 M, when plaintiff was supposed have the apartments transferred to it for zero dollars (in satisfaction of a debt) is hardly receiving the benefit for which plaintiff had bargained.

Finally, defendants argue that plaintiff has possession of the keys to the apartments, and that that must be worth something to offset the contractual damages under the 2011 Personal

4

FILED: NEW YORK COUNTY CLERK 12/18/2020 04:45 PM
NYSCEF DOC. NO. 685
INDEX NO. 652077/2017
RECEIVED NYSCEF: 12/18/2020

20-12411-jlg    Doc 21-1    Filed 01/05/21    Entered 01/05/21 15:52:59    Exhibit A
State Court Action    Pg 6 of 7

Guarantee. Defendants cite no legal authority for this contention. While this type of conclusory assertion is insufficient to bar judgment as a matter of law, the Court notes that even under the Deed of Settlement, plaintiff did not bargain for mere possession of the apartments, and instead plaintiff bargained for clean title so that it could legally sell the apartments in satisfaction of the debt Kwok owed plaintiff. *See* Pl. Reply Memo at p. 11.

In conclusion, Kwok's mitigation argument is without merit and plaintiff is entitled to contractual damages and interest under the 2011 Personal Guarantee.

The Court notes that plaintiff's Second Cause of Action for veil piercing against the Genever defendants must still be tried. A trial on the remaining claim was set for January 15, 2021. The parties have submitted a stipulation requesting to adjourn the trial without a date, in light of (1) the present prohibition on jury trials in New York State due to the Covid-19 pandemic, and (2) the bankruptcy stay against one of the Genever defendants. This request is granted. A status conference is scheduled for May 4, 2021 at 10:00 am to report on the status of the Genever bankruptcy.

Accordingly, it is hereby,

ORDERED the Clerk of Court is directed to enter judgment in favor of plaintiff Pacific Alliance Asia Opportunity Fund L.P. and against defendant Kwok Ho Wan in the amount of $46,426,489.00 plus contractual interest pursuant to the 2011 Personal Guarantee at a rate of 15% per annum from effective date of December 31, 2010 and at the statutory rate of 9% per annum from the date of entry of this decision and order.

December 18, 2020
**DATE**

*[signature]*
BARRY R. OSTRAGER, J.S.C.

FILED: NEW YORK COUNTY CLERK 12/18/2020 04:45 PM
NYSCEF DOC. NO. 685
20-12411-jlg    Doc 21-1    Filed 01/05/21    Entered 01/05/21 15:52:59    Exhibit A
State Court Action    Pg 7 of 7
INDEX NO. 652077/2017
RECEIVED NYSCEF: 12/18/2020

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |