# EXHIBIT C

## BVI Freezing Injunction Order

#112303239 v3



THE EASTERN CARIBBEAN SUPREME COURT
BRITISH VIRGIN ISLANDS
IN THE HIGH COURT OF JUSTICE
COMMERCIAL DIVISION

**Submitted Date:30/10/2020 16:20**

**Filed Date:02/11/2020 08:30**

Claim No 0137 of 2020

**Fees Paid:72.59**

BETWEEN

   PACIFIC ALLIANCE ASIA OPPORTUNITY FUND LP

                   **Claimants**

   and

(1) GENEVER HOLDINGS CORP
(2) BRAVO LUCK LIMITED
(3) KWOK HO WAN (also known as MILES KWOK, HO WAN KWOK and GUO WEN GUI)
(4) QIANG GUO (also known as QUO QIANG and MILESON KWOK)

                   **Defendants**

   and

(1) HARNEYS CORPORATE SERVICES LIMITED
(2) FFP (BVI) LIMITED
(3) TRIDENT TRUST COMPANY (BVI) LIMITED
(4) COMMERCE OVERSEAS LIMITED

                   **Disclosure Respondents**

---

### ORDER AND WORLDWIDE FREEZING INJUNCTION AGAINST THE SECOND AND THIRD DEFENDANTS

---

**BEFORE:** The Honourable Mr Justice Adrian Jack [AG]

**MADE:** 30 October 2020

**ENTERED:** 2 November 2020

## PENAL NOTICE

**IF YOU KWOK HO WAN (also known as MILES KWOK) DISOBEY THIS ORDER YOU MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE YOUR ASSETS SEIZED.**

**IF YOU BRAVO LUCK LIMITED DISOBEY THIS ORDER YOU MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE FINED OR HAVE YOUR ASSETS SEIZED.**

**ANY OTHER PERSON WHO KNOWS OF THIS ORDER AND DOES ANYTHING WHICH HELPS OR PERMITS THE RESPONDENT TO BREACH THE TERMS OF THIS ORDER MAY ALSO BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED.**

**THIS ORDER**

1. This is a Freezing Injunction made against Bravo Luck Limited (**Bravo Luck**) and against the Third Defendant Kwok Ho Wan (also known as Miles Kwok, Ho Wan Kwok and Guo Wen Gui) (the **Respondent**) on 30 October 2020 by Mr Justice Adrian Jack [AG] on the application of Pacific Alliance Asia Opportunity Fund LP (the **Applicant**). The Judge read the Affidavits listed in Schedule 1 to this Order and accepted the undertakings set out in Schedule 2 at the end of this Order.

2. This order was made at a hearing without notice to the Respondent. The Respondents (and any of the Disclosure Respondents) have a right to apply to the court to vary or discharge the order - see paragraph 24 below.

3. There will be a further hearing in respect of this order on 1 December 2020, which is to be heard alongside:

    (a) the application of the First Defendant in BVIHCM 2019/0170 (the **Genever BVI Proceedings**).

    (b) any application which the Claimant makes for injunctive relief against the First Defendant (**Genever BVI**).

    In the interim, there be a short hearing at 9.30am on 19 November 2020 (the **return date**) with a time estimate of 15 minutes.

4. If there is more than one Respondent:

(a) unless otherwise stated, references in this order to "the Respondent" mean both or all of them; and

(b) this order is effective against any Respondent on whom it is served or who is given notice of it.

**INJUNCTION**

5. Until the return date or further order of the Court, Bravo Luck must not whether by itself or by encouraging or instructing or permitting any other person from:

(a) Making or permitting there to be made any changes to the Register of Members of Bravo Luck or to the Register of Charges of Bravo Luck, whether public or private;

(b) Discontinuing or redomiciling itself from the Virgin Islands or placing itself into a voluntary liquidation process under the BVI Business Companies Act 2004;

(c) Alter the whereabouts of its statutory registers, unless it is to deliver the originals thereof to its Registered Agent or to some other address in the Virgin Islands.

**FREEZING INJUNCTION**

6. Until the return date or further order of the court, the Respondents must not:

(a) remove from the British Virgin Islands any of their assets which are in the British Virgin Islands up to the value of US$112 million; or

(b) in any way dispose of, deal with or diminish the value of any of their assets whether they are in or outside the British Virgin Islands up to the same value.

7. Paragraph 6 applies to all the Respondents assets whether or not they are in their own name and whether they are solely or jointly owned and whether the Respondent is interested in them legally, beneficially or otherwise. For the purpose of this order the Respondents assets include any asset which they have the power, directly or indirectly, to dispose of or deal with as if it were their own. The Respondents are to be regarded as having such power if a third party holds or controls the asset in accordance with his direct or indirect instructions.

8. In particular:

(a) The Respondents may not dispose of, or divest themselves of, the shares (or any other beneficial interest) which they hold in any company around the world, including in:

(i) Genever Holdings Corporation

(ii) Genever Holdings, LLC

(the **Genever Entities**)

(iii) AAGV Limited (the **Commerce Overseas Entity**)

(iv) Ace Decade Holdings Limited (the **Trident Entity**)

(v) Alfa Global Ventures Limited

(vi) Alfonso Global Limited

((v) and (vi) together being the **FFP Entities**)

(vii) Allied Capital Global Limited

(viii) Creative Apex Investments Limited

(ix) Crystal Breeze Investments Limited

(x) Elite Well Global Limited

(xi) Globalist International Limited

(xii) Infinitum Developments Limited

(xiii) Infinite Increase Limited

(xiv) Noble Frame Global Limited

(xv) Rosy Acme Ventures Limited

(xvi) Leading Shine Limited

((vii) to (xvi) being the **Vistra Entities**)

(b) The Respondents may not transfer, assign or otherwise deal with any interest which they have or might claim to have in the shares issued by either of the Genever Entities or in any of the other listed entities, or in

any dividends that might become payable by or to one of the Genever Entities or one of the other listed entities.

(c) Any legal or beneficial interest which it may have in the property known as 18th floor property (Units 1801, 1804, 1807, 1809, 1811) at the Sherry-Netherland Apartments, 781 Fifth Avenue, New York or in the net sale money after payment of any mortgages if it has been sold;

(d) Any monies in the account numbered 371236 at UBS AG, Hong Kong.

(e) Any interest under any trust or similar entity including any interest which can arise by virtue of the exercise of any power of appointment, discretion or otherwise howsoever.

9.

(a) If the total value free of charges or other securities (**unencumbered value**) of the Respondents assets in The British Virgin Islands exceeds US$112m, the Respondents may remove any of those assets from The British Virgin Islands or may dispose of or deal with them so long as the total unencumbered value of the Respondent's assets still in The British Virgin Islands remains above US$112m.

(b) If the total unencumbered value of the Respondent's assets in The British Virgin Islands does not exceed US$112m, the Respondent must not remove any of those assets from The British Virgin Islands and must not dispose of or deal with any of them.  If the Respondent has other assets outside The British Virgin Islands, he may dispose of or deal with those assets outside The British Virgin Islands so long as the total unencumbered value of all his assets whether in or outside The British Virgin Islands remains above US$112m.

**PROVISION OF INFORMATION**

10.

(a) Unless paragraph (c) applies, the Respondents must within 72 hours of notice of this order and to the best of their ability inform the Applicant's solicitors of all its assets whether in or outside the British Virgin Islands exceeding $10,000 in value whether their its own name or not and whether solely or jointly owned, giving the value, location and details of all such assets.

(b) By the same time and date, Bravo Luck shall disclose to the Applicant:

35461924v1                                                                                                          5

      (i)    A copy of any trust instruments or like documents by which Bravo Luck holds, or purports to hold, or by which Bravo Luck has conferred, or has purported to confer, an interest in any asset of any description whatsoever.

      (ii)   A copy of its current and historic Registers of Members and Directors together with the location of those registers.

      (iii)  A copy of its Charges Register.

(c) If the provision of this information is likely to incriminate the Respondent, it may be entitled to refuse to provide it, but is recommended to take legal advice before refusing to provide the information. Wrongful refusal to provide the information is contempt of court and may render the Respondent liable to be imprisoned, fined or have his assets seized.

11. Within five working days after being notified of this order, the Respondents must (in the case of Bravo Luck, by a director) swear and serve upon the Applicant's solicitors an affidavit confirming the above information.

**THE REGISTERED AGENTS**

12. The Disclosure Respondents be joined to these proceedings for the purposes of providing disclosure (and taking advantage of the undertakings given in Schedule 2 of this Order) only.

13. Harneys Corporate Services Limited (**HCSL**) shall within 72 hours of service of this order disclose to the Applicant's Legal Practitioners:

(a) A copy of the Respondent's Register of Members, Directors and Charges, identifying all changes thereto which have taken place in the last 3 years;

(b) The identity of its client of record in respect of the Respondent, past and present;

(c) All applicable pre-incorporation or client application forms, together with all client identification evidence maintained under applicable "Know Your Client" and anti-money laundering legislation in respect of its provision of services to Bravo Luck, to include all available due diligence materials which it might hold in respect of the structure under which the shares issued by Bravo Luck are held;

    (d)    All resolutions and instruments of transfer in its possession relating to the structure under which the shares issued by Bravo Luck are held;

    (e)    The correspondence (including email correspondence) which HCSL might hold relating to:

        (i)    the onboarding of Bravo Luck (or its client of record) as a client of HCSL;

        (ii)    the structure under which the shares issued by Bravo Luck are held or have been transferred.

14.

    (a)    Commerce Overseas Limited in respect of the Commerce Overseas Entity;

    (b)    Trident Trust Company (BVI) Limited in respect of the Trident Entity;

    (c)    FFP (BVI) Limited in respect of the FFP Entities;

    (d)    Vistra (BVI) Limited in respect of the VISTRA Entities;

(the **Registered Agents**)

shall within 72 hours of service of this Order disclose to the Applicant's Legal Practitioners the documents and information set out at paragraph 13 (a) to (e) of this Order as if all references to Bravo Luck were to the Commerce Overseas Entity, the Trident Entity, the FFP Entities and the VISTRA Entities respectively.

15.    Within 7 days of a request in writing from the Applicant's Legal Practitioners, the Registered Agents shall verify that disclosure by affidavit.

16.    The Claimants shall pay the Disclosure Respondents reasonable costs of complying with this order to be assessed if not agreed.

## EXCEPTIONS TO THIS ORDER

17.

    (a)    This order does not prohibit the Respondents from spending a reasonable sum on legal advice and representation. But before spending any money the Respondent must tell the Applicant's legal representatives where the money is to come from.

(b) This order does not prohibit the Respondents from dealing with or disposing of any of his assets in the ordinary and proper course of business, but before doing so the Respondent must tell the Applicant's legal representative.

(c) The Respondent may agree with the Applicant's legal representatives that the above spending limits should be increased or that this order should be varied in any other respect, but any agreement must be in writing.

(d) The order will case to have effect if the Respondent –

(i) provides security by paying the sum of US$112m into court, to be held to the order of the court; or

(ii) makes provision for security in that sum by another method agreed with the Applicant's legal representatives.

## STATEMENTS OF CASE AND SERVICE OUT OF THE JURISDICTION

18. The Claimant is released any from obligation to file and serve the Amended Statement of Claim in a form which identifies the amendments in accordance with CPR 20PD 3.2 and 3.3.

19. The Claimant has leave to serve these proceedings out of the jurisdiction upon the Third Defendant in New York.

20. The Claimant has leave to serve these proceedings out of the jurisdiction upon the Fourth Defendant in the Special Administrative Region of Hong Kong or in such other place as the Fourth Defendant might be found.

21. The Claimant has permission to serve these proceedings by an alternative method:

(i) In the case of the Third Defendant, by delivering them to the offices of Forbes Hare in the British Virgin Islands;

(ii) In the case of the Fourth Defendant, by delivering them to the Registered Agent of the Second Defendant with a copy to the offices of Forbes Hare in the British Virgin Islands.

22. The Third and Fourth Defendants shall file their acknowledgement of service within 35 days of the date of service of the Claim Form upon them, and their Defence within 56 days of service of the Claim Form upon them.

**COSTS**

23. The costs of this application are reserved to the judge hearing the application on the return date.

**VARIATION OR DISCHARGE OF THIS ORDER**

24. Anyone served with or notified of this order may apply to the court at any time to vary or discharge this order (or so much of it as affects that person), but they must first inform the Applicant's solicitors. If any evidence is to be relied upon in support of the application, the substance of it must be communicated in writing to the Applicant's solicitors in advance.

**INTERPRETATION OF THIS ORDER**

25. A Respondent who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

26. A Respondent which is not an individual which is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

**PARTIES OTHER THAN THE APPLICANT AND RESPONDENT**

27. **Effect of this Order**

    It is a contempt of court for any person notified of this order knowingly to assist in or permit a breach of this order. Any person doing so may be imprisoned, fined or have their assets seized.

28. **Set off by Banks**

    This injunction does not prevent any bank from exercising any right of set-off it may have in respect of any facility which it gave to the respondent before it was notified of this order.

29. **Withdrawals by the Respondent**

    No bank need enquire as to the application or proposed application of any money withdrawn by the Respondent if the withdrawal appears to be permitted by this order.

30. **Persons Outside The British Virgin Islands**

(a) Except as provided in paragraph (b) below, the terms of this order do not affect or concern anyone outside the jurisdiction of this court.

(b) The terms of this order will affect the following persons in a country or state outside the jurisdiction of this court -

(i) the Respondent or his officer or agent appointed by power of attorney;

(ii) any person who -

(A) is subject to the jurisdiction of this court;

(B) has been given written notice of this order as his residence or place of business within the jurisdiction of this court; and

(C) is able to prevent acts or omissions outside the jurisdiction of this court which constitute or assist in a breach of the terms of this order; and

(iii) any other person, only to the extent that this order is declared enforceable by or is enforced by a court in that country or state.

## 31. Assets Located Outside The British Virgin Islands

Nothing in this order shall, in respect of assets located outside The British Virgin Islands, prevent any third party from complying with -

(a) what it reasonably believes to be its obligations, contractual or otherwise, under the laws and obligations of the country or state in which those assets are situated or under the proper law of any contract between itself and the Respondent; and

(b) any orders of the courts of that country or state, provided that reasonable notice of any application for such an order is given to the Applicant's solicitors.

## 32. Communications with the Court

All communications to the court about this order should be sent to –

The Registry of the High Court, Road Town, Tortola, British Virgin Islands.

Telephone:  + 1 284 494 3492;  Fax:  + 1 284 494 6664

33. **Name and Address of Applicant's Legal Representatives**

The Applicant's legal representatives are -

Appleby, Jayla Place, Road Town, Tortola, British Virgin Islands, VG1110

**Telephone**: +1 284 393 5323

**Facsimile**: +1 284 494 7279

**Out of hours contact number**: +1 284 340 5323

BY THE COURT

_____
Ag. Deputy Registrar
for the REGISTRAR



## SCHEDULE 1

## AFFIDAVITS

The Applicant relied on the following affidavits –

| name | | number of affidavit | date filed | filed on behalf of |
|---|---|---|---|---|
| (1) | Hilarie Lam | First | 25/11/2019 | Applicant |
| (2) | JR Lewis | First | 02/09/2020 | Applicant |
| (3) | JR Lewis | Second | 16/10/2020 | Applicant |
| (4) | Miles Kwok | Second (in the Genever BVI Proceedings) | 03/09/2020 | Third Respondent |

## SCHEDULE 2

### UNDERTAKINGS GIVEN TO THE COURT BY THE APPLICANT

1. If the court later finds that this order has caused loss to the Respondent (or to any Disclosure Respondent), and decides that the Respondent should be compensated for that loss, the Applicant will comply with any order the court may make.

2. The Applicant will serve upon the Respondent (and the Disclosure Respondents) together with this order as soon as practicable:

    (a) copies of the affidavits and exhibits containing the evidence relied upon by the Applicant, and any other documents provided to the court on the making of the application;

    (b) the claim form; and

    (c) an application notice for continuation of the order;

    (d) in the absence of a notice of application seeking relief against the Disclosure Respondents, a copy of the note of the hearing at which that relief was sought.

3. Anyone notified of this order will be given a copy of it by the Applicant's legal representatives.

4. The Applicant will pay the reasonable costs of the Disclosure Respondents and of anyone other than the Respondents which have been incurred as a result of this order including the costs of finding out whether that person holds any of the Respondent's assets and if the court later finds that this order has caused such person loss, and decides that such person should be compensated for that loss, the Applicant will comply with any order the court may make.

5. If this order ceases to have effect (for example, if the Respondent provides security or the Applicant does not provide a bank guarantee as provided for above) the Applicant will immediately take all reasonable steps to inform in writing anyone to whom he has given notice of this order, or who he has reasonable grounds for supposing may act upon this order, that it has ceased to have effect.

6. The Applicant will not without the permission of the court use any information obtained as a result of this order for the purpose of any civil or

criminal proceedings, either in the British Virgin Islands or in any other jurisdiction, other than this claim.

7. The Applicant will not without the permission of the court seek to enforce this order in any country outside the British Virgin Islands or seek an order of an similar nature including orders conferring a charge or other security against the Respondent or the Respondent's assets.

The Court office is at Road Town, Tortola, British Virgin Islands.  Telephone number: 284-468-5001/5153.  Fax: 284-468-4951.  The Court office is open between 9am and 3.30pm on Monday to Friday except on public holidays.

**THE EASTERN CARIBBEAN SUPREME COURT
BRITISH VIRGIN ISLANDS
IN THE HIGH COURT OF JUSTICE
COMMERCIAL DIVISION**

**Claim No 0137 of 2020**

**BETWEEN**

**PACIFIC ALLIANCE ASIA OPPORTUNITY FUND LP**

**Claimant**

**and**

**GENEVER HOLDINGS CORP
BRAVO LUCK LIMITED
KWOK HO WAN (also known as MILES KWOK, HO WAN KWOK and GUO WEN GUI)
QIANG GUO (also known as QUO QIANG and MILESON KWOK)**

**Defendants**

---

**ORDER AND WORLDWIDE FREEZING INJUNCTION AGAINST THE SECOND AND THIRD DEFENDANTS**

---

# APPLEBY

**Legal Practitioners for the Claimant**

Appleby (BVI) Limited
Tel: +1 284 393 5323
Email: awillins@applebyglobal.com

Ref: AW.432766.0003

35461924v1