# EXHIBIT D

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM
NYSCEF DOC. NO.: 688
INDEX NO. 652077/2017
RECEIVED NYSCEF: 12/24/2020
20-12411-jlg   Doc 37-4   Filed 01/12/21   Entered 01/12/21 16:46:48   Exhibit D
Pg 2 of 45

**NOTICE**: THE PURPOSE OF THIS PROCEEDING IS TO PUNISH YOU FOR CONTEMPT OF COURT. SUCH PUNISHMENT MAY CONSIST OF A FINE, IMPRISONMENT, OR BOTH ACCORDING TO LAW.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P., <br><br> Plaintiff, <br><br> v. <br><br> KWOK HO WAN, *a/k/a* KWOK HO, *a/k/a* GWO WEN GUI, *a/k/a* GUO WENGUI, *a/k/a* GUO WEN-GUI, *a/k/a* WAN GUE HAOYUN, *a/k/a* MILES KWOK, *a/k/a* HAOYUN GUO, GENEVER HOLDINGS LLC, *and* GENEVER HOLDINGS CORPORATION, <br><br> Defendants. | Index No. 652077/2017 <br><br> Hon. Barry R. Ostrager <br><br> Part 61 <br><br> Mot. Seq. No. __ <br><br> **NOTICE OF MOTION FOR ORDER OF CONTEMPT AGAINST DEFENDANT KWOK** |

**PLEASE TAKE NOTICE** that upon the annexed December 24, 2020 Memorandum of Law in Support of Pacific Alliance Asia Opportunity Fund L.P.'s ("PAX") Motion for Order of Contempt Against Defendant Kwok, and the Affirmation of Edward Moss, Esq., dated December 24, 2020, and the exhibits attached thereto, PAX will move the Court at the New York County Courthouse located at 60 Centre Street, Room 130, New York, NY 10007, on the 19th day of January, 2021, at 9:30 a.m., or as soon after that as counsel may be heard, for an order, under N.Y. Judiciary Law § 753 and N.Y. CPLR § 5104, (i) finding Defendant Miles Kwok in contempt of Court for disobeying the Court's October 15, 2020 Restraining Order; (ii) directing Kwok immediately to cause the return of his yacht, the Lady May, to the jurisdiction of the Court; and (iii) granting such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that, under CPLR 2214(b), answering papers, if

any, are required to be served upon the undersigned at least seven days before the return date of

this motion.

DATED: December 24, 2020                    Respectfully submitted,
      New York, New York

                                       O'MELVENY & MYERS LLP
                                       By: */s/ Edward Moss*
                                       Stuart Sarnoff (ssarnoff@omm.com)
                                       Edward Moss (emoss@omm.com)
                                       7 Times Square
                                       New York, NY 10036
                                       (212) 326-2000

                                       -and-

                                       Robert W. Seiden
                                       (rseiden@seidenlegal.com)
                                       1120 Avenue of the Americas
                                       New York, NY 10036
                                       (212) 626-6708

                                       *Attorneys for Plaintiff Pacific Alliance*
                                       *Asia Opportunity Fund L.P.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P., | |
| Plaintiff, | |
| v. | Index No. 652077/2017 |
| | Hon. Barry Ostrager |
| KWOK HO WAN, *a/k/a* KWOK HO, *a/k/a* GWO WEN GUI, *a/k/a* GUO WENGUI, *a/k/a* GUO WEN-GUI, *a/k/a* WAN GUE HAOYUN, *a/k/a* MILES KWOK, *a/k/a* HAOYUN GUO, GENEVER HOLDINGS CORPORATION, and GENEVER HOLDINGS LLC, | Part 61 |
| | Mot Seq. No. __ |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S MOTION FOR ORDER OF CONTEMPT AGAINST DEFENDANT KWOK**

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM
NYSCEF DOC. NO. 689

INDEX NO. 652077/2017
RECEIVED NYSCEF: 12/24/2020

20-12411-jlg   Doc 37-4   Filed 01/12/21   Entered 01/12/21 16:46:48   Exhibit D
Pg 5 of 45

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................. 1

BACKGROUND .................................................................................................................. 2

ARGUMENT ....................................................................................................................... 4

CONCLUSION .................................................................................................................... 6

i

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO. 689
20-12411-jlg   Doc 37-4   Filed 01/12/21   Entered 01/12/21 16:46:48   Exhibit D
Pg 6 of 45
RECEIVED NYSCEF: 12/24/2020

## TABLE OF AUTHORITIES

**Pages**

**Cases**

*Financial v. Walter J. Dowd, Inc.*
  No. 113484/2011, 2016 WL 11546917 (Sup. Ct. N.Y. Cnty. Sept. 14, 2016)..………………..4

*McCormick v. Axelrod,*
  59 N.Y.2d 574, *amended*, 60 N.Y.2d 652 (1983)……………………………………………..4

**Statutes**

Judiciary Law § 753 ...........…………….........................……………….........................1, 4

CPLR § 5104 ...........…………….........................……………….........................…1

ii

Pacific Alliance Asia Opportunity Fund L.P. ("PAX") respectfully submits this memorandum of law in support of its motion, under CPLR § 5104 and Judiciary Law § 753, for an order (i) finding Defendant Miles Kwok in contempt of Court for disobeying the Court's October 15, 2020 Restraining Order (the "Order"); (ii) directing Kwok immediately to cause the return of his yacht (the "Lady May") to the jurisdiction of the Court; and (iii) granting such other and further relief as the Court deems just and proper.

## PRELIMINARY STATEMENT

This Court previously has recognized that Kwok has "flaunted or exceedingly liberally interpreted" its orders, and has made "intentional or unintentional misstatements that have misled the Court."[1]  In the words of Yogi Berra, it is déjà vu all over again:  there is no doubt that Kwok knowingly has violated this Court's Order restraining him from moving his yacht[2] outside the Court's jurisdiction and—perhaps worse—he has once again put his counsel in the line of fire by instructing him to *request the Court's permission to move the yacht even though Kwok knew it already had been moved outside of U.S. territorial waters at the time that request was made*. The Court should hold Kwok in contempt, require him immediately to return the yacht to the jurisdiction, and grant whatever additional relief it deems necessary and appropriate to finally stop Kwok from making a mockery of this proceeding.

---

[1] Dkt. 647 at 26:6–8.

[2] Any suggestion by Kwok in opposition that the yacht technically is not "his" would be disingenuous nonsense.  If Kwok advances that false argument (which is directly contradicted by, among other evidence and admissions, Kwok's counsel's request at a recent conference *for Kwok* to be able to move the yacht outside this Court's jurisdiction), PAX will respond on reply. PAX notes, however, that any such argument would be irrelevant to this motion because the Order expressly covers the yacht even if it is held by another registered owner (whether it be a Kwok shell company or family member).

1

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM
NYSCEF DOC. NO. 689

INDEX NO. 652077/2017
RECEIVED NYSCEF: 12/24/2020

20-12411-jlg    Doc 37-4    Filed 01/12/21    Entered 01/12/21 16:46:48    Exhibit D
Pg 8 of 45

# BACKGROUND

On September 30, 2020, this Court entered a Temporary Restraining Order (the "TRO") preventing Kwok from, among other things, "interference with any property in which he has an interest."[3]  In issuing the TRO, the Court noted that "[a]ny violation . . . shall be considered criminal contempt."[4]  About two weeks later, on October 15, 2020, the Court issued the Order, which granted PAX's motion under CPLR 5229 and expressly restrained the Lady May:

> Mr. Kwok is restrained from making or causing any sale, assignment, transfer, or interference with any property in which he has an interest, whether directly or indirectly, and from paying over or otherwise disposing of any debt now due or thereafter coming due to him subject to the exceptions set forth in CPLR 5222, in accordance with the proceedings on the record of October 15, 2020.  ***Specifically, Mr. Kwok and/or the registered owners of*** (1) the Residence at the Sherry-Netherland Hotel and (2) ***the yacht, "the Lady May" are restrained from making or causing any sale, assignment, transfer, or interference with those assets.***[5]

On November 12, 2020, the Court held a conference, during which Kwok's counsel (presumably at his client's instruction) made a specific point to ask this Court if Kwok could move the yacht offshore:[6]

> Apparently the boat is registered offshore I believe in the British Virgin Islands, and there is a requirement that it return to its home port at six-month intervals.  It is not an issue that is going to affect in any way ownership or title, but ***it needs to travel offshore at some point for a brief period and then come back into the United States***.  And we just wanted to disclose that so that there is no thought that this is being secreted or transferred.  This is just an ordinary thing it has to do for licensing purposes.[7]

---

[3] Dkt. 591 at 1.

[4] *Id.* at 2.

[5] Dkt. 630.

[6] Moss Aff. Ex. 1 (Nov. 12, 2020 Conf. Tr.) at 12:23–25.

[7] *Id.* at 13:9–18.

The Court unequivocally responded that Kwok was *not* permitted to remove the yacht from this jurisdiction and would be required to make a motion before doing so:

> You will have to make that application on papers. I don't know anything about the requirement that an asset that has been restrained in the United States should be allowed to go to the British Virgin Islands. I seriously doubt [PAX] wants that yacht to be outside the jurisdiction of the Court . . . You will make a motion with supporting documentation on notice to [PAX], and I will rule on it. What I am not going to have happen is Mr. Kwok move the yacht to the British Virgin Islands and then it becomes potentially unavailable for [PAX] to levy upon . . . that's an application that has to be made on formal motion papers with supporting documentation and appropriate opportunity for [PAX] to reply.[8]

Although Kwok's counsel responded that he "[u]nderstood" "the Court's directive" and would "provide that information in writing,"[9] Kwok made no such motion.

Given their experience with Kwok and his misbehavior, PAX and its counsel were concerned by Kwok's counsel's question and did some research. A few days later—based on publicly available information accessed at MarineTraffic.com—PAX learned that the yacht had in fact departed Fort Lauderdale, Florida, on *November 1, 2020*, and as of November 18, 2020, was located in the Bahamas at or near Old Fort Bay, Nassau.[10] In other words, Kwok had actually moved the yacht out of United States waters approximately *two weeks after the Order* and *two weeks before his counsel sought permission for Kwok to do precisely that at the November 12 conference.*

In light of this information, PAX's counsel wrote to Kwok's counsel on November 18, 2020, providing the information it had accessed as to the yacht's whereabouts, expressing its

---

[8] *Id.* at 13:19–15:4.

[9] *Id.* at 14:2–3, 15:5–6.

[10] Moss Aff. Ex. 2 (Nov. 18, 2020 Ltr.) at Ex. A.

concern "given Mr. Kwok's history of making misrepresentations throughout this litigation," and asking Kwok's counsel to "confirm the location of the Lady May" and "that the vessel will be back in New York within 48 hours."[11]

Kwok's counsel never responded. Rather, later that night, Kwok's counsel filed a letter with the Court claiming to know nothing and committing to investigate and report back:

> [W]e have just become aware this evening that the yacht, the Lady May, referenced in this Court's restraining order (NYSCEF Doc. 630) and discussed during the Pre-Trial conference held before this Court on November 11, 2020, is currently in international waters. Although Plaintiff's counsel has just sent us a letter regarding the purported whereabouts of the yacht, we have not confirmed any details . . . We are attempting to gain additional information and will promptly inform the Court and counsel when we learn anything further.[12]

But as of today's filing—*five weeks later*—Kwok's counsel has provided no further information to either the Court or to PAX's counsel. Also as of today, according to MarineTraffic.com, the yacht is still moored in or around Nassau, Bahamas.[13]

## ARGUMENT

Under Judiciary Law section 753:

> In order to find that contempt has occurred in a given case, [(1)] it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect. [(2)] It must appear, with reasonable certainty, that the order has been disobeyed. [(3)] Moreover, the party to be held in contempt must have had knowledge of the court's order, although it is not necessary that the order actually have been served upon the party. [(4)] Finally, prejudice to the right of a party to the litigation must be demonstrated.

---

[11] *Id.*

[12] Dkt. No. Dkt. 649.

[13] *See* Moss Aff. ¶ 5.

4

*McCormick v. Axelrod*, 59 N.Y.2d 574, 583, *amended*, 60 N.Y.2d 652 (1983); *see also Financial v. Walter J. Dowd, Inc.* No. 113484/2011, 2016 WL 11546917, at *2 (Sup. Ct. N.Y. Cnty. Sept. 14, 2016) (Ostrager, J.) (citing *McCormick* and applying the four-pronged test). PAX easily satisfies each of the four elements for contempt here.

*First*, the Order is a lawful order of the Court: an unequivocal mandate that Kwok is "restrained from making or causing any sale, assignment, transfer, or interference with [the yacht]."[14]

*Second*, Kwok disobeyed the Order by causing the yacht to leave the jurisdiction about two weeks after the Court issued the Order (and continues to disobey it).

*Third*, Kwok is a sophisticated party, who is involved with this litigation and obviously had knowledge of the Order. Moreover, his counsel specifically sought clarification of the Order at the November 12 conference,[15] during which he stated that he "[u]nderstood" "the Court's directive" that Kwok was required to make a motion before removing the yacht from the jurisdiction.[16]

*Fourth*, PAX has been prejudiced by Kwok's intentional flouting of the Order. Kwok has been trying for years to frustrate the eventual judgment of this Court, and he has been trying for far longer than that to avoid repaying his debt to PAX. Kwok shields his assets through family members and shell companies, and it will be difficult enough for PAX to collect on assets within the United States. If Kwok were permitted to expand his shell game by hiding his yacht

---

[14] *See supra* n.5.

[15] *See supra* n.6.

[16] *See supra* n.9.

somewhere on the open seas outside this Court's jurisdiction, PAX's chances of enforcing

against that asset would decrease significantly.

## CONCLUSION

For these reasons, PAX respectfully requests that the Court enter an order, under CPLR

5104 and Judiciary Law section 753, (i) finding Kwok in contempt of Court for disobeying the

Order; (ii) directing Kwok immediately to cause the return of his yacht, the Lady May, to the

jurisdiction of the Court; and (iii) granting such other and further relief as the Court deems just

and proper.

DATED: December 24, 2020                Respectfully submitted,
        New York, New York

                                        O'MELVENY & MYERS LLP
                                        By: */s/ Edward Moss*
                                        Stuart Sarnoff (ssarnoff@omm.com)
                                        Edward Moss (emoss@omm.com)
                                        7 Times Square
                                        New York, NY 10036
                                        (212) 326-2000

                                        -and-

                                        Robert W. Seiden
                                        (rseiden@seidenlegal.com)
                                        1120 Avenue of the Americas
                                        New York, NY 10036
                                        (212) 626-6708

                                        *Attorneys for Plaintiff Pacific Alliance*
                                        *Asia Opportunity Fund L.P.*

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM
NYSCEF DOC. NO. 689
INDEX NO. 652077/2017
RECEIVED NYSCEF: 12/24/2020
20-12411-jlg    Doc 37-4    Filed 01/12/21    Entered 01/12/21 16:46:48    Exhibit D
Pg 13 of 45

## CERTIFICATION OF WORD COUNT

Plaintiff hereby certifies that this document complies with the word count provisions of Commercial Division Rule 17. This memorandum of law was prepared using Microsoft Word, and the total number of words in this memorandum of law, exclusive of the caption, title, and signature block, is less than 4,200 words.

DATED: December 24, 2020
      New York, New York

Respectfully submitted,

O'MELVENY & MYERS LLP
By: */s/ Edward Moss*
Edward Moss (emoss@omm.com)
7 Times Square
New York, NY 10036
(212) 326-2000

*Attorneys for Plaintiff Pacific Alliance*
*Asia Opportunity Fund L.P.*

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO. 690
RECEIVED NYSCEF: 12/24/2020

20-12411-jlg   Doc 37-4   Filed 01/12/21   Entered 01/12/21 16:46:48   Exhibit D
Pg 14 of 45

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PACIFIC ALLIANCE ASIA OPPORTUNITY
FUND L.P.,

        Plaintiff,

    v.

KWOK HO WAN, *a/k/a* KWOK HO, *a/k/a* GWO
WEN GUI, *a/k/a* GUO WENGUI, *a/k/a* GUO
WEN-GUI, *a/k/a* WAN GUE HAOYUN, *a/k/a*
MILES KWOK, *a/k/a* HAOYUN GUO,
GENEVER HOLDINGS CORPORATION, and
GENEVER HOLDINGS LLC,

        Defendants.

Index No. 652077/2017

Hon. Barry Ostrager

Part 61

Mot Seq. No. __

**AFFIRMATION OF EDWARD MOSS IN
SUPPORT OF PLAINTIFF'S MOTION
FOR ORDER OF CONTEMPT
AGAINST DEFENDANT KWOK**

I, Edward Moss, an attorney duly admitted to practice before the Courts of the State of
New York, hereby affirm, under penalty of perjury, pursuant to the Civil Practice Law and Rules
of the State of New York § 2106, as follows:

1.      I am counsel to Plaintiff Pacific Alliance Asia Opportunity Fund L.P. ("PAX"),
and, as such, am fully familiar with the facts and circumstances surrounding this matter based
upon my personal knowledge.

2.      I submit this affirmation to place before the Court certain documents and facts in
further support of PAX's Motion for Order of Contempt Against Defendant Kwok.

3.      Attached as **Exhibit 1** is a true and correct copy of a transcript of the November
12, 2020 conference held in this litigation.

4.      Attached as **Exhibit 2** is a true and correct copy of a November 18, 2020 letter
from me to Defendant Kwok's counsel, Melissa Carvalho, Esq., of Baker Hostetler LLP.

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM INDEX NO. 652077/2017
NYSCEF DOC. NO. 690 RECEIVED NYSCEF: 12/24/2020

5.    Based on publicly available information I obtained from MarineTraffic.com,

Defendant Kwok's yacht, the Lady May, is currently located at or near Nassau, Bahamas.  A

screenshot taken today from MarineTraffic.com is attached as **Exhibit 3**.


Dated:    December 24, 2020          By:  _/s/ Edward Moss_____
          New York, New York              Edward Moss

2

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM
NYSCEF DOC. NO. 690

INDEX NO. 652077/2017
RECEIVED NYSCEF: 12/24/2020

20-12411-jlg   Doc 37-4   Filed 01/12/21   Entered 01/12/21 16:46:48   Exhibit D
Pg 16 of 45

## CERTIFICATION OF WORD COUNT

I hereby certify that this document complies with the word count provisions of

Commercial Division Rule 17.  This affirmation was prepared using Microsoft Word, and the

total number of words in this affirmation, exclusive of the caption, title, and signature block is

less than 7,000 words.


DATED: December 24, 2020          */s/ Edward Moss*
       New York, New York          O'MELVENY & MYERS LLP
                                   Edward Moss (emoss@omm.com)
                                   7 Times Square
                                   New York, NY 10036
                                   (212) 326-2000

                                   *Attorneys for Plaintiff Pacific Alliance Asia*
                                   *Opportunity Fund L.P.*

3

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO. 691
RECEIVED NYSCEF: 12/24/2020

20-12411-jlg    Doc 37-4    Filed 01/12/21    Entered 01/12/21 16:46:48    Exhibit D
Pg 17 of 45

# EXHIBIT 1

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM
INDEX NO. 652077/2017

20-12411-jlg   Doc 37-4   Filed 01/12/21   Entered 01/12/21 16:46:48   Exhibit D

NYSCEF DOC. NO. 691

RECEIVED NYSCEF: 12/24/2020

Pg 18 of 45

```
                                                                        1

 1    SUPREME COURT OF THE STATE OF NEW YORK
      COUNTY OF NEW YORK : PART 61
 2    -------------------------------------------------X
      PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P,
 3
                            Plaintiff(s),
 4
                    - against -
 5
      KWOK HO WAN, a/k/a KWOK HO, a/k/a GWO WEN GUI, a/k/a
 6    GUO WENGUI, a/k/a GUO WEN-GUI, a/k/a WAN GUE HAOYUN,
      a/k/a MILES KWOK, a/k/a HAOYUN GUO, GENEVER HOLDINGS
 7    LLC, and GENEVER HOLDINGS CORPORATION,

 8                           Defendant(s).
      -------------------------------------------------X
 9    Index No. 652077/2017          November 12, 2020  - Microsoft Teams
                                                          Teleconference
10

11    B E F O R E:      HONORABLE BARRY OSTRAGER, JSC

12

13    A P P E A R A N C E S:

14            O'MELVENEY & MYERS
                  Attorneys for Plaintiff(s)
15                7 Times Square
                  New York, New York 10036
16            BY: EDWARD MOSS, ESQ.
                  STUART SARNOFF, ESQ.
17

18            BBAKER& HOSTETLER LLP
                  Attorneys for Defendant Kwok
19                45 Rckefeller Plaza
                  New York, New York 10111
20            BY:  JOHN SIEGAL, ESQ.
                   MELISSA CARVALHO, ESQ.
21                 ERICA BARROW, ESQ.

22

23            LAWALL & MITCHELL LLC
                  Attorneys for Genever Defendants
24                162 East 64th Street
                  New York, New York 10065
25            BY:  AARON A. MITCHELL, ESQ.
```

Rachel C. Simone, CSR, RMR, CRR

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO. 691
RECEIVED NYSCEF: 12/24/2020

20-12411-jlg    Doc 37-4    Filed 01/12/21    Entered 01/12/21 16:46:48    Exhibit D
Pg 19 of 45

**Proceedings**

2

```
 1              THE COURT:  This is a pretrial conference.

 2              We have a July 15, 2021 jury trial in this case.

 3       It is November 12.  I think we need to start fixing

 4       deadlines for pretrial submissions.

 5              Let me hear from the parties as to what you

 6       propose.

 7              MR. SIEGAL:  This is John Siegal for Miles Kwok.

 8       I am here with my colleagues, Melissa Carvalho and Erica

 9       Barrow.

10              Your Honor, I don't actually see plaintiff's

11       counsel on the line.  I don't know if they are.

12              THE COURT:  So there are three people from Baker &

13       Hostetler on the line?

14              MR. SIEGAL:  Yes, there are, Judge.

15              THE COURT:  All right.  So we will wait -- oh, we

16       now have Mr. Moss.  I will repeat what I said.

17              We have a January 15, 2021 trial date in this

18       case.  Today is November 12, so it would seem to be

19       reasonable to fix a schedule for whatever pretrial

20       submissions there are going to be.

21              Mr. Moss, what do you propose?  I believe you are

22       on mute, Mr. Moss.

23              MR. MOSS:  Sorry about that.  Can you hear me now?

24              THE COURT:  Yes.

25              MR. SIEGAL:  We hear you.
```

**Proceedings**

3

```
 1              Excuse me, your Honor.  We are also expecting

 2      Aaron Mitchell who represents the two Genever entities.  I

 3      don't see them here yet.  And it raises the issue of what

 4      issues are to be tried on January 15.  There are two issues.

 5      There is the alter ego issue regarding the Genever entities,

 6      and then there are damages.

 7              THE COURT:  Yes.

 8              MR. SIEGAL:  We are not clear on which are being

 9      tried when.

10              THE COURT:  Everything is being tried on

11      January 15.

12              MR. SIEGAL:  Okay.  Well, we are expecting

13      Mr. Mitchell.  There was a meet and confer yesterday, and I

14      think the parties have worked out a lot of those mechanics.

15      If Mr. Moss wants to present that or Ms. Carvalho, whoever

16      is going to explain what was agreed on yesterday, I suppose

17      that's fine.

18              THE COURT:  I suppose if Mr. Mitchell is not on

19      the call somebody should contact him.

20              MR. MOSS:  Your Honor, I have one issue that I

21      don't believe involves Mr. Mitchell.  This is something

22      Ms. Carvalho and I talked about yesterday.  It is the

23      damages proceeding that is only against Mr. Kwok.

24              Your Honor, I don't know if I may be heard on

25      this, but we explained in our reply papers that this is
```

**Proceedings**

4

```
1          really a matter of law.  It is a matter of Hong Kong law,

2          and there is no need for a trial on this issue.  There are

3          no disputed facts.  The very brief summary that we have laid

4          out, your Honor, is that the highest Appellate Court in Hong

5          Kong has held that mitigation is not applicable to a

6          contract for the repayment of a debt.  There is nothing to

7          mitigate.

8               If Mr. Kwok had agreed to buy widgets from our

9          client and he failed to pay, we'd have to go out and try to

10         mitigate by selling the widgets to somebody else.  But there

11         is no analog when the contract is simply a loan agreement.

12         That's what the highest Court had said.  Our client lent

13         money and Mr. Kwok owes it back.  There is no framework for

14         mitigation here.  It can't be that we are required to look

15         into every unrelated business opportunity to try to make

16         money.

17              So, Judge, there are other reasons which you

18         found, or at least you suggested you might find, that relate

19         to why mitigation applies as a matter of law does not apply

20         as a matter of law.  It was not reasonable to spend money,

21         to spend $17 million to maybe make a profit of $10 million.

22         That's what they say our documents show.  They owed us

23         $80 million, and they want us to expend $17 million to maybe

24         make a delta of $10 million.  That's not mitigation.  That's

25         not reasonable.  And as the Court's already found, the deed
```

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM          INDEX NO. 652077/2017

NYSCEF DOC. NO. 691          20-12411-jlg   Doc 37-4   Filed 01/12/21   Entered 01/12/21 16:46:48   Exhibit D          RECEIVED NYSCEF: 12/24/2020

Pg 22 of 45

**Proceedings**

5

```
 1          of settlement had expired by the time of this alleged

 2          mitigation opportunity.

 3                  So the whole concept, your Honor, is really a

 4          false issue.  There is no disputed fact to actually be tried

 5          here.  So we would submit that this is something -- I

 6          understand we are not scheduled to have oral argument on it

 7          today, but we suggest that this is something that can be

 8          dealt with and should be dealt with by the Court on the

 9          papers.  And I spoke to Ms. Carvalho about this yesterday.

10          I don't want to speak for her, but I think her position was

11          that there should be a trial but that they were potentially

12          open to having it be a bench trial instead of a jury trial.

13          I will let Ms. Carvalho speak to that.

14                  MR. SIEGAL:  Your Honor, this is John Siegal for

15          Mr. Kwok.

16                  I will give you the short version.  Then I can

17          give you the long version.  The short is that every thing

18          that Mr. Moss just said is hotly disputed and requires a

19          trial, including on what obligations there needs to be

20          mitigation, including on the impact of Hong Kong law and all

21          the rest.  And to be clear, we are not waiving a jury right.

22          We want a jury trial for this.

23                  So, the trial on damages needs to go forward.

24          There will be expert testimony offered on the Hong Kong law

25          issue as well as others.  And we are prepared to discuss the
```

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM
NYSCEF DOC. NO. 691

INDEX NO. 652077/2017

RECEIVED NYSCEF: 12/24/2020

20-12411-jlg    Doc 37-4    Filed 01/12/21    Entered 01/12/21 16:46:48    Exhibit D
Pg 23 of 45

**Proceedings**

6

1          scheduling mechanics of the trial.

2                    I see Mr. Mitchell is here now and can join in

3          that.

4                    I can go on at length as to what was said, but the

5          short version is that it is all disputed.  Every factual

6          assertion and every legal assertion he just made.

7                    THE COURT:  All right.  Let's be clear about a

8          couple of things.

9                    Number one, subject to whatever motions are

10         pending or will be filed on January 15, we are going to have

11         a trial of all issues that are unresolved prior to

12         January 15.  And if there is a demand for a jury, we will

13         have a jury trial.

14                    Now, one issue that is certainly going to be tried

15         is the alter ego issue that Mr. Mitchell is defending the

16         Genever entities with respect to.

17                    Insofar as the damages issue, to the extent that's

18         not resolved as a matter of law by motion, that will be

19         decided by the jury.

20                    It is also possible, Mr. Siegal, that you and

21         Mr. Moss might, and I underscore "might," come to some

22         stipulated resolution of the damages issue because I don't

23         believe that there are assets aggregating the amount that

24         Mr. Moss is seeking anywhere for Mr. Moss's client to

25         recover.  So if, for example, we are going to have a trial

**Proceedings**

7

1          about whether the plaintiff "coulda, woulda, shoulda"

2          purchased real estate from the Communist Chinese Party,

3          assuming that they even had that option to do so, and if

4          having done so they would have realized some disputed amount

5          of money in excess of the purchase price, the impact on the

6          amount of damages Mr. Moss is seeking is minimal in relative

7          terms.

8                    MR. SIEGAL:  Respectfully, your Honor, we don't

9          believe that's so because when you figure what that

10         mitigation would have done, it would have cut off an

11         interest amount that is the lion's share of what the

12         plaintiff is seeking.  But we are glad to have a

13         conversation to see if there is a number well south of the

14         demand that makes sense.  We are open to having a

15         conversation, but factually we will dispute that there is

16         impact to this issue.  We think it is a tremendous issue of

17         tens of millions of dollars.

18                   THE COURT:  Okay.  Well, I think I already have

19         opined on this in a manner that is adverse to the position

20         that you are sponsoring in a written decision, but I don't

21         have that decision in front of me.

22                   What I wanted to accomplish today is to have a

23         submission date for all pretrial submissions.  That

24         submission date is December 31.  By December 31 the parties

25         will submit requests to charge with respect to all issues

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO. 691
20-12411-jlg   Doc 37-4   Filed 01/12/21   Entered 01/12/21 16:46:48   Exhibit D
Pg 25 of 45
RECEIVED NYSCEF: 12/24/2020
Proceedings

8

1    that are to be tried on January 15.  The parties will submit
2    witness lists of all witnesses who are going to testify and
3    the order in which they are going to testify.  The parties
4    will prepare a joint exhibit book containing all the
5    exhibits that the plaintiffs and the defendants are going to
6    introduce at trial.  And it is my expectation that you will
7    meet and confer with respect to the exhibits and stipulate
8    with respect to any exhibits that are going to be introduced
9    into evidence.  If there are evidentiary issues with respect
10   to any of the exhibits that are going to be trial exhibits,
11   you will call that to the Court's attention in advance of
12   December 31.
13          So, on December 31 I am going to have your
14   pretrial memos of law, your requests to charge, your
15   exhibits, your order of witnesses, the identity of all the
16   witnesses.  And if there are any open issues about experts
17   or any open issues about anything, they have to be resolved
18   by November 30.
19          Now, any questions?
20          MR. MOSS:  Yes, your Honor.  I have a couple.
21          The first one is you talked about the fact that we
22   are going to try all of the issues that have not been
23   resolved by motion.  We filed a motion on damages.  That is
24   fully briefed and --
25          THE COURT:  That will be decided before

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO.: 691
20-12411-jlg   Doc 37-4   Filed 01/12/21   Entered 01/12/21 16:46:48   Exhibit D
Pg 26 of 45
RECEIVED NYSCEF: 12/24/2020

**Proceedings**

9

1    December 31.

2              MR. MOSS:  You will decide that motion?

3              THE COURT:  Yes, of course.

4              MR. MOSS:  Okay.  That's my first question.

5              The second question is:  In terms of the pandemic,

6    your Honor, and a jury trial on January 15, you know, we

7    have witnesses who are in Hong Kong.  I think they would

8    have already had to start quarantining in order to be here

9    on January 15.  Will we be able to call witnesses by video?

10   Are you anticipating this all being done in person?  By

11   video?

12             THE COURT:  I am anticipating it will all be done

13   in person.  The Chief Judge of the State of New York has

14   declared that the New York courts are open for business for

15   the conduct of jury trials, so it is my plan to conduct the

16   jury trial on January 15.  I will reserve the large

17   courtroom, Courtroom 300, for that purpose.

18             If the parties want to put off the trial with the

19   expectation that there will be a vaccine in the very near

20   term, and in the interest of the parties and the interest of

21   the witnesses and the interest of justice to be served by

22   putting the trial off for of 60 days, you will let me know.

23             MR. MOSS:  If we do want to proceed, your Honor,

24   on the 15th and we have witnesses who are in Hong Kong, may

25   we do their examinations either by video or do some sort of

**Proceedings**

10

```
1        trial preservation deposition beforehand and play the video

2        at trial?

3                THE COURT:  I think that is something that you are

4        going to have to discuss with your adversaries because it is

5        very complicated to present to a jury cross-examination of

6        witnesses with respect to documents by video.  It is doable,

7        but it is suboptimal.

8                MR. MOSS:  Is there capability in the courtroom if

9        we wanted to have our Hong Kong witnesses live by video in

10       the courtroom as opposed to taping the testimony beforehand?

11               THE COURT:  There is not presently capability in

12       the courtroom to do what you propose, although I have

13       conducted many trials pre-pandemic in which the parties have

14       imported their own technology into the courtroom to achieve

15       what you may be interested in achieving.

16               MR. MOSS:  Okay.

17               THE COURT:  You are free to do that.

18               MR. MOSS:  Thank you.  Thank you, your Honor.  We

19       will confer with Mr. Kwok's counsel on that.

20               THE COURT:  All right.

21               Mr. Mitchell, do you have any questions?

22               MR. MITCHELL:  Yes, your Honor.  And I'm sorry for

23       being a couple of minutes late.  I am not technically savvy,

24       but I am sure I will become so sooner or later with the way

25       of the world.
```

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM
NYSCEF DOC. NO: 691

INDEX NO. 652077/2017
RECEIVED NYSCEF: 12/24/2020

20-12411-jlg   Doc 37-4   Filed 01/12/21   Entered 01/12/21 16:46:48   Exhibit D
Pg 28 of 45

**Proceedings**

11

1          The only question I have is regarding open issues

2    by November 30.  As you are aware, your Honor, Genever New

3    York is in bankruptcy, so I am not sure what that means in

4    terms of the automatic stay of Genever New York by way of

5    trial on January 15.

6          THE COURT:  If they are in bankruptcy, then there

7    is an automatic stay and I can't try the case against your

8    clients.

9          MR. MITCHELL:  Okay.

10          And I guess I will speak to my adversary about

11    whether or not they want to continue against the one Genever

12    entity and not the other.  I guess we can have that

13    conversation and resolve that prior to November 30.

14          MR. MOSS:  Yes.  Mr. Mitchell and your Honor, our

15    position on this, which I think we previewed for the Court

16    before, is that this is an inappropriate bankruptcy filing.

17    We plan to have a motion on file probably by the end of this

18    week to either dismiss the bankruptcy, or, in the

19    alternative, to lift the stay.  So I would propose that we

20    keep the trial date on for now.  I expect that we will hear

21    from the Bankruptcy Court prior to January 15 as to whether

22    or not that bankruptcy is still going forward, and as to

23    whether or not if it is going forward the Court will lift

24    the stay so that this trial can happen on January 15.

25          THE COURT:  I don't want to mislead anybody.  It

Rachel C. Simone, CSR, RMR, CRR

**Proceedings**

12

1    is positively my desire to resolve the entire case in one

2    proceeding on January 15.  If for whatever reason that can't

3    happen, then we will pick another date by which it can

4    happen.  I do not want to do this in tranches.  I understand

5    that there have been a number of obstacles that have

6    prevented this case from moving with the speed with which

7    one would hope it could move.  Maybe the pending motion will

8    simplify matters.  Maybe the bankruptcy stay will be lifted.

9    So whatever needs to be done you are all trying to do, and

10   you will keep the Court informed.

11           We should schedule another Microsoft Teams

12   conference for the first week of December.  I don't know

13   what day that will be, but I will issue an order which will

14   identify the date.  In the meantime, everybody should be

15   operating on the premise that we are going to trial on

16   January 15.  And all of the things that are reflected in the

17   transcript of today's proceedings have to be submitted by

18   December 31.  And each of you will be meeting and conferring

19   with a view toward minimizing the burdens on yourself and on

20   the Court.

21           Any further questions?

22           MR. SIEGAL:  Yes, your Honor.

23           We have two questions we wanted to raise

24   clarifying the scope of the restraining order that the Court

25   has entered.  The first is that we want to just clarify and

**Proceedings**

13

1    be sure of what I think we all understand the situation to

2    be but wanted clarification directly.  The payment of legal

3    fees to counsel to litigate this case is not -- is an

4    ordinary course expenditure and is not restrained by the

5    restraining order.

6              THE COURT:  That's correct as long as the fees are

7    customary and reasonable.

8              MR. SIEGAL:  Understood.  Thank you, your Honor.

9              The second issue relates to the boat.  Apparently

10   the boat is registered offshore I believe in the British

11   Virgin Islands, and there is a requirement that it return to

12   its home port at six-month intervals.  It is not an issue

13   that is going to affect in any way ownership or title, but

14   it needs to travel offshore at some point for a brief period

15   and then come back into the United States.  And we just

16   wanted to disclose that so that there is no thought that

17   this is being secreted or transferred.  This is just an

18   ordinary thing it has to do for licensing purposes.

19             THE COURT:  You will have to make that application

20   on papers.  I don't know anything about the requirement that

21   an asset that has been restrained in the United States

22   should be allowed to go to the British Virgin Islands.  I

23   seriously doubt Mr. Moss wants that yacht to be outside the

24   jurisdiction of the Court.

25             MR. MOSS:  You read my mind, your Honor.  That's

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO.: 691
20-12411-jlg   Doc 37-4   Filed 01/12/21   Entered 01/12/21 16:46:48   Exhibit D
Pg 31 of 45
RECEIVED NYSCEF: 12/24/2020

**Proceedings**

14

1     absolutely correct.

2          MR. SIEGAL:  Well, we will provide that

3     information in writing and --

4          THE COURT:  You will make a motion with supporting

5     documentation on notice to Mr. Moss, and I will rule on it.

6     What I am not going to have happen is Mr. Kwok move the

7     yacht to the British Virgin Islands and then it becomes

8     potentially unavailable for Mr. Moss's client to levy upon.

9          MR. MITCHELL:  If I may, your Honor, in relation

10    to the BVI, the plaintiff has already filed and has sought

11    restraining orders in the BVI related to assets of Mr. Kwok.

12    They are already actively pursuing assets there.  I don't

13    see where, assuming that that's all correct, it would have

14    any affect on Mr. Moss and his client.  They are seeking

15    to -- they are making claims there related to the alter ego

16    assertions they are making here.  They are making the same

17    claims in the two different countries, so I am not sure that

18    it would necessarily affect Mr. Moss and his client in that

19    regard.

20         THE COURT:  I don't know one way or the other.  If

21    you and Mr. Moss, or Mr. Siegal and Mr. Moss enter into some

22    type of stipulation that obviates the need for Mr. Siegal or

23    for you, Mr. Mitchell, to file a motion, better and better.

24    But Mr. Siegal asked me a question about whether the

25    restraining order can be modified to allow this yacht to

Rachel C. Simone, CSR, RMR, CRR

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM     INDEX NO. 652077/2017

NYSCEF DOC. NO. 691      20-12411-jlg   Doc 37-4   Filed 01/12/21   Entered 01/12/21 16:46:48   Exhibit D
                                          Pg 32 of 45                        RECEIVED NYSCEF: 12/24/2020

**Proceedings**

15

1      move from a US port to the British Virgin Islands, and I

2      said that's an application that has to be made on formal

3      motion papers with supporting documentation and appropriate

4      opportunity for Mr. Moss to reply.

5              MR. SIEGAL:  We understand the Court's directive.

6      Thank you for the clarification.

7              On the issue of the damages motion, we were under

8      the impression based on the last conference that that motion

9      is off the docket and that we are going to a trial.  You

10     have now indicated that the Court will be issuing a

11     decision.  So if that is the case and that motion is still

12     pending, we have two requests.  The first is that we be

13     permitted to submit a surreply on the issue that mitigation

14     is available as a right under the deed of settlement; and,

15     secondly, that we be heard on oral argument on that motion

16     which the Court has not heard previously.

17             THE COURT:  I think the motion is fully submitted.

18     I thought that I would defer it to the trial.  It is

19     apparent that it has to be decided before December 31.  It

20     will be decided before December 31.  I don't need any

21     surreply documents.  You have already responded to the

22     motion, so I will fix a date in the order that I am

23     requesting to issue for oral argument on that motion

24     relating to mitigation of damages.

25             MR. SIEGAL:  Thank you, your Honor.

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO.: 691
20-12411-jlg    Doc 37-4    Filed 01/12/21    Entered 01/12/21 16:46:48    Exhibit D
RECEIVED NYSCEF: 12/24/2020
Pg 33 of 45
**Proceedings**

16

1              THE COURT:  All right.

2              Just to repeat, I am going to schedule a further

3      status conference for the first week in December.  You are

4      going to use the time between now and the next status

5      conference to meet and confer with respect to a host of

6      issues and to potentially stipulate to other issues.  In all

7      events, by December 31 all of the documents that are going

8      to be submitted into evidence have to be submitted to the

9      Court, and all of the other pretrial documents to which I

10     referred in the transcript of proceedings have to be

11     submitted except to the extent that you stipulate them away

12     or the issues are resolved by this motion on damages.

13              Anything further?

14              MR. MOSS:  One question, your Honor.

15              If we have of in limine motions, should those be

16     filed by November 30?

17              THE COURT:  The in limine motions -- everything

18     should be filed by December 31.

19              MR. MOSS:  Okay.

20              THE COURT:  You are going to explore with your

21     adversary the potential use of technology.  You are going to

22     advise the Court on the status of the bankruptcy

23     proceedings.  If we can't proceed against the Genever

24     entities or we can't examine witnesses remotely in an

25     appropriate way, we will put off the January 15 trial.

Rachel C. Simone, CSR, RMR, CRR

20-12411-jlg   Doc 37-4   Filed 01/12/21   Entered 01/12/21 16:46:48   Exhibit D
Pg 34 of 45

17

1        That's what we will decide at the status conference during

2    the first week in December.  All right?

3            Now, it is imperative that you order a copy of the

4    transcript.

5            MR. MOSS:  We will, your Honor.

6            THE COURT:  All right.  Have a nice day, everyone.

7            MR. MOSS:  Thank.  You, you too, your Honor.

8

9                    *     *     *

10       The foregoing is hereby certified to be a true and

11   accurate proceedings.

12

13                              _____

14                              Rachel C. Simone
                                Senior Court Reporter
15

16

17

18

19

20

21

22

23

24

25

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM INDEX NO. 652077/2017

NYSCEF DOC. NO. 147    20-12411-jlg    Doc 37-4    Filed 01/12/21    Entered 01/12/21 16:46:48    Exhibit D    RECEIVED NYSCEF: 12/24/2020

Pacific Alliance v
Kwok, et al

Pg 35 of 45

November 12, 2020

**$**

**$10 (2)**
4:21,24
**$17 (2)**
4:21,23
**$80 (1)**
4:23

**A**

**Aaron (1)**
3:2
**able (1)**
9:9
**absolutely (1)**
14:1
**accomplish (1)**
7:22
**achieve (1)**
10:14
**achieving (1)**
10:15
**actively (1)**
14:12
**actually (2)**
2:10;5:4
**advance (1)**
8:11
**adversaries (1)**
10:4
**adversary (2)**
11:10;16:21
**adverse (1)**
7:19
**advise (1)**
16:22
**affect (3)**
13:13;14:14,18
**against (4)**
3:23;11:7,11;16:23
**aggregating (1)**
6:23
**agreed (2)**
3:16;4:8
**agreement (1)**
4:11
**alleged (1)**
5:1
**allow (1)**
14:25
**allowed (1)**
13:22
**alter (3)**
3:5;6:15;14:15
**alternative (1)**
11:19
**although (1)**
10:12
**amount (4)**
6:23;7:4,6,11
**analog (1)**

**4:11**
**anticipating (2)**
9:10,12
**apparent (1)**
15:19
**Apparently (1)**
13:9
**Appellate (1)**
4:4
**applicable (1)**
4:5
**application (2)**
13:19;15:2
**applies (1)**
4:19
**apply (1)**
4:19
**appropriate (2)**
15:3;16:25
**argument (3)**
5:6;15:15,23
**assertion (1)**
6:6,6
**assertions (1)**
14:16
**asset (1)**
13:21
**assets (3)**
6:23;14:11,12
**assuming (2)**
7:3;14:13
**attention (1)**
8:11
**automatic (2)**
11:4,7
**available (1)**
15:14
**aware (1)**
11:2
**away (1)**
16:11

**B**

**back (2)**
4:13;13:15
**Baker (1)**
2:12
**bankruptcy (8)**
11:3,6,16,18,21,22;
12:8;16:22
**Barrow (1)**
2:9
**based (1)**
15:8
**become (1)**
10:24
**becomes (1)**
14:7
**beforehand (2)**
10:1,10
**bench (1)**
5:12

**better (1)**
14:23,23
**boat (1)**
13:9,10
**book (1)**
8:4
**brief (2)**
4:3;13:14
**briefed (1)**
8:24
**British (4)**
13:10,22;14:7;15:1
**burdens (1)**
12:19
**business (2)**
4:15;9:14
**buy (1)**
4:8
**BVI (2)**
14:10,11

**C**

**call (3)**
3:19;8:11;9:9
**Can (9)**
2:23;5:7,16;6:2,4;
11:12,24;12:3;14:25
**capability (2)**
10:8,11
**Carvalho (5)**
2:8;3:15,22;5:9,13
**case (7)**
2:2,18;11:7;12:1,6;
13:3;15:11
**certainly (1)**
6:14
**charge (2)**
7:25;8:14
**Chief (1)**
9:13
**Chinese (1)**
7:2
**claims (2)**
14:15,17
**clarification (2)**
13:2;15:6
**clarify (1)**
12:25
**clarifying (1)**
12:24
**clear (3)**
3:8;5:21;6:7
**client (6)**
4:9,12;6:24;14:8,
14,18
**clients (1)**
11:8
**colleagues (1)**
2:8
**Communist (1)**
7:2
**complicated (1)**

**10:5**
**concept (1)**
5:3
**conduct (2)**
9:15,15
**conducted (1)**
10:13
**confer (4)**
3:13;8:7;10:19;
16:5
**conference (5)**
2:1;12:12;15:8;
16:3,5
**conferring (1)**
12:18
**contact (1)**
3:19
**containing (1)**
8:4
**continue (1)**
11:11
**contract (2)**
4:6,11
**conversation (3)**
7:13,15;11:13
**coulda (1)**
7:1
**counsel (3)**
2:11;10:19;13:3
**countries (1)**
14:17
**couple (3)**
6:8;8:20;10:23
**course (2)**
9:3;13:4
**COURT (40)**
2:1,12,15,24;3:7,10,
18;4:4,12;5:8;6:7;
7:18;8:25;9:3,12;
10:3,11,17,20;11:6,
15,21,23,25;12:10,20,
24;13:6,19,24;14:4,
20;15:10,16,17;16:1,
9,17,20,22
**courtroom (6)**
9:17,17;10:8,10,12,
14
**courts (1)**
9:14
**Court's (3)**
4:25;8:11;15:5
**cross-examination (1)**
10:5
**customary (1)**
13:7
**cut (1)**
7:10

**D**

**damages (10)**
3:6,23;5:23;6:17,
22;7:6;8:23;15:7,24;

**16:12**
**date (7)**
2:17;7:23,24;11:20;
12:3,14;15:22
**day (1)**
12:13
**days (1)**
9:22
**deadlines (1)**
2:4
**dealt (2)**
5:8,8
**debt (1)**
4:6
**December (12)**
7:24,24;8:12,13;
9:1;12:12,18;15:19,
20;16:3,7,18
**decide (1)**
9:2
**decided (4)**
6:19;8:25;15:19,20
**decision (3)**
7:20,21;15:11
**declared (1)**
9:14
**deed (2)**
4:25;15:14
**defendants (1)**
8:5
**defending (1)**
6:15
**defer (1)**
15:18
**delta (1)**
4:24
**demand (2)**
6:12;7:14
**deposition (1)**
10:1
**desire (1)**
12:1
**different (1)**
14:17
**directive (1)**
15:5
**directly (1)**
13:2
**disclose (1)**
13:16
**discuss (2)**
5:25;10:4
**dismiss (1)**
11:18
**dispute (1)**
7:15
**disputed (5)**
4:3;5:4,18;6:5;7:4
**doable (1)**
10:6
**docket (1)**
15:9
**documentation (2)**

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO.    20-12411-jlg    Doc 37-4    Filed 01/12/21    Entered 01/12/21 16:46:48    Exhibit D.
RECEIVED NYSCEF: 12/24/2020
Pacific Alliance v
Kwok, et al
Pg 36 of 45
November 12, 2020

14:5;15:3
**documents (5)**
4:22;10:6;15:21;
16:7,9
**dollars (1)**
7:17
**done (5)**
7:4,10;9:10,12;12:9
**doubt (1)**
13:23

**E**

**ego (3)**
3:5;6:15;14:15
**either (2)**
9:25;11:18
**else (1)**
4:10
**end (1)**
11:17
**enter (1)**
14:21
**entered (1)**
12:25
**entire (1)**
12:1
**entities (4)**
3:2,5;6:16;16:24
**entity (1)**
11:12
**Erica (1)**
2:8
**estate (1)**
7:2
**even (1)**
7:3
**events (1)**
16:7
**everybody (1)**
12:14
**evidence (2)**
8:9;16:8
**evidentiary (1)**
8:9
**examinations (1)**
9:25
**examine (1)**
16:24
**example (1)**
6:25
**except (1)**
16:11
**excess (1)**
7:5
**Excuse (1)**
3:1
**exhibit (1)**
8:4
**exhibits (6)**
8:5,7,8,10,10,15
**expect (1)**
11:20

**expectation (2)**
8:6;9:19
**expecting (2)**
3:1,12
**expend (1)**
4:23
**expenditure (1)**
13:4
**expert (1)**
5:24
**experts (1)**
8:16
**expired (1)**
5:1
**explain (1)**
3:16
**explained (1)**
3:25
**explore (1)**
16:20
**extent (2)**
6:17;16:11

**F**

**fact (2)**
5:4;8:21
**facts (1)**
4:3
**factual (1)**
6:5
**factually (1)**
7:15
**failed (1)**
4:9
**false (1)**
5:4
**fees (2)**
13:3,6
**figure (1)**
7:9
**file (2)**
11:17;14:23
**filed (5)**
6:10;8:23;14:10;
16:16,18
**filing (1)**
11:16
**find (1)**
4:18
**fine (1)**
3:17
**first (6)**
8:21;9:4;12:12,25;
15:12;16:3
**fix (2)**
2:19;15:22
**fixing (1)**
2:3
**formal (1)**
15:2
**forward (3)**
5:23;11:22,23

**found (2)**
4:18,25
**framework (1)**
4:13
**free (1)**
10:17
**front (1)**
7:21
**fully (2)**
8:24;15:17
**further (3)**
12:21;16:2,13

**G**

**Genever (7)**
3:2,5;6:16;11:2,4,
11;16:23
**glad (1)**
7:12
**guess (2)**
11:10,12

**H**

**happen (4)**
11:24;12:3,4;14:6
**hear (4)**
2:5,23,25;11:20
**heard (3)**
3:24;15:15,16
**held (1)**
4:5
**highest (2)**
4:4,12
**home (1)**
13:12
**Hong (7)**
4:1,4;5:20,24;9:7,
24;10:9
**Honor (21)**
2:10;3:1,20,24;4:4;
5:3,14;7:8;8:20;9:6,
23;10:18,22;11:2,14;
12:22;13:8,25;14:9;
15:25;16:14
**hope (1)**
12:7
**host (1)**
16:5
**Hostetler (1)**
2:13
**hotly (1)**
5:18

**I**

**identify (1)**
12:14
**identity (1)**
8:15
**impact (3)**
5:20;7:5,16

**imported (1)**
10:14
**impression (1)**
15:8
**inappropriate (1)**
11:16
**including (2)**
5:19,20
**indicated (1)**
15:10
**information (1)**
14:3
**informed (1)**
12:10
**Insofar (1)**
6:17
**instead (1)**
5:12
**interest (4)**
7:11;9:20,20,21
**interested (1)**
10:15
**intervals (1)**
13:12
**into (6)**
4:15;8:9;10:14;
13:15;14:21;16:8
**introduce (1)**
8:6
**introduced (1)**
8:8
**involves (1)**
3:21
**Islands (4)**
13:11,22;14:7;15:1
**issue (18)**
3:3,5,20;4:2;5:4,25;
6:14,15,17,22;7:16,
16;12:13;13:9,12;
15:7,13,23
**issues (12)**
3:4,4;6:11;7:25;8:9,
16,17,22;11:1;16:6,6,
12
**issuing (1)**
15:10

**J**

**January (15)**
2:17;3:4,11;6:10,
12;8:1;9:6,9,16;11:5,
21,24;12:2,16;16:25
**John (2)**
2:7;5:14
**join (1)**
6:2
**joint (1)**
8:4
**Judge (3)**
2:14;4:17;9:13
**July (1)**
2:2

**jurisdiction (1)**
13:24
**jury (11)**
2:2;5:12,21,22;
6:12,13,19;9:6,15,16;
10:5
**justice (1)**
9:21

**K**

**keep (2)**
11:20;12:10
**Kong (7)**
4:1,5;5:20,24;9:7,
24;10:9
**Kwok (7)**
2:7;3:23;4:8,13;
5:15;14:6,11
**Kwok's (1)**
10:19

**L**

**laid (1)**
4:3
**large (1)**
9:16
**last (1)**
15:8
**late (1)**
10:23
**later (1)**
10:24
**law (8)**
4:1,1,19,20;5:20,
24;6:18;8:14
**least (1)**
4:18
**legal (2)**
6:6;13:2
**length (1)**
6:4
**lent (1)**
4:12
**levy (1)**
14:8
**licensing (1)**
13:18
**lift (2)**
11:19,23
**lifted (1)**
12:8
**limine (2)**
16:15,17
**line (2)**
2:11,13
**lion's (1)**
7:11
**lists (1)**
8:2
**litigate (1)**
13:3

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM    INDEX NO. 652077/2017

NYSCEF DOC. NO. 111    20-12411-jlg   Doc 37-4   Filed 01/12/21   Entered 01/12/21 16:46:48   Exhibit D    RECEIVED NYSCEF: 12/24/2020

Pacific Alliance v
Kwok, et al

Pg 37 of 45

November 12, 2020

live (1)
  10:9
loan (1)
  4:11
long (2)
  5:17;13:6
look (1)
  4:14
lot (1)
  3:14

### M

makes (1)
  7:14
making (3)
  14:15,16,16
manner (1)
  7:19
many (1)
  10:13
matter (5)
  4:1,1,19,20;6:18
matters (1)
  12:8
may (4)
  3:24;9:24;10:15;
  14:9
maybe (4)
  4:21,23;12:7,8
means (1)
  11:3
meantime (1)
  12:14
mechanics (2)
  3:14;6:1
meet (3)
  3:13;8:7;16:5
meeting (1)
  12:18
Melissa (1)
  2:8
memos (1)
  8:14
Microsoft (1)
  12:11
might (3)
  4:18;6:21,21
Miles (1)
  2:7
million (5)
  4:21,21,23,23,24
millions (1)
  7:17
mind (1)
  13:25
minimal (1)
  7:6
minimizing (1)
  12:19
minutes (1)
  10:23
mislead (1)

11:25
Mitchell (12)
  3:2,13,18,21;6:2,
  15;10:21,22;11:9,14;
  14:9,23
mitigate (1)
  4:7,10
mitigation (9)
  4:5,14,19,24;5:2,
  20;7:10;15:13,24
modified (1)
  14:25
money (4)
  4:13,16,20;7:5
Moss (28)
  2:16,21,22,23;3:15,
  20;5:18;6:21,24;7:6;
  8:20;9:2,4,23;10:8,16,
  18;11:14;13:23,25;
  14:5,14,18,21,21;
  15:4;16:14,19
Moss's (2)
  6:24;14:8
motion (17)
  6:18;8:23,23;9:2;
  11:17;12:7;14:4,23;
  15:3,7,8,11,15,17,22,
  23;16:12
motions (3)
  6:9;16:15,17
move (3)
  12:7;14:6;15:1
moving (1)
  12:6
mute (1)
  2:22

### N

near (1)
  9:19
necessarily (1)
  14:18
need (4)
  2:3;4:2;14:22;
  15:20
needs (4)
  5:19,23;12:9;13:14
New (4)
  9:13,14;11:2,4
next (1)
  16:4
notice (1)
  14:5
November (6)
  2:3,18;8:18;11:2,
  13;16:16
Number (3)
  6:9;7:13;12:5

### O

obligations (1)

5:19
obstacles (1)
  12:5
obviates (1)
  14:22
off (5)
  7:10;9:18,22;15:9;
  16:25
offered (1)
  5:24
offshore (2)
  13:10,14
one (9)
  3:20;6:9,14;8:21;
  11:11;12:1,7;14:20;
  16:14
only (2)
  3:23;11:1
open (6)
  5:12;7:14;8:16,17;
  9:14;11:1
operating (1)
  12:15
opined (1)
  7:19
opportunity (3)
  4:15;5:2;15:4
opposed (1)
  10:10
option (1)
  7:3
oral (3)
  5:6;15:15,23
order (8)
  8:3,15;9:8;12:13,
  24;13:5;14:25;15:22
orders (1)
  14:11
ordinary (2)
  13:4,18
others (1)
  5:25
out (3)
  3:14;4:4,9
outside (1)
  13:23
owed (1)
  4:22
owes (1)
  4:13
own (1)
  10:14
ownership (1)
  13:13

### P

pandemic (1)
  9:5
papers (4)
  3:25;5:9;13:20;
  15:3
parties (8)

2:5;3:14;7:24;8:1,
  3;9:18,20;10:13
Party (1)
  7:2
pay (1)
  4:9
payment (1)
  13:2
pending (3)
  6:10;12:7;15:12
people (1)
  2:12
period (1)
  13:14
permitted (1)
  15:13
person (2)
  9:10,13
pick (1)
  12:3
plaintiff (3)
  7:1,12;14:10
plaintiffs (1)
  8:5
plaintiff's (1)
  2:10
plan (2)
  9:15;11:17
play (1)
  10:1
point (1)
  13:14
port (2)
  13:12;15:1
position (3)
  5:10;7:19;11:15
positively (1)
  12:1
possible (1)
  6:20
potential (1)
  16:21
potentially (3)
  5:11;14:8;16:6
premise (1)
  12:15
pre-pandemic (1)
  10:13
prepare (1)
  8:4
prepared (1)
  5:25
present (2)
  3:15;10:5
presently (1)
  10:11
preservation (1)
  10:1
pretrial (6)
  2:1,4,19;7:23;8:14;
  16:9
prevented (1)
  12:6

previewed (1)
  11:15
previously (1)
  15:16
price (1)
  7:5
prior (3)
  6:11;11:13,21
probably (1)
  11:17
proceed (2)
  9:23;16:23
proceeding (2)
  3:23;12:2
proceedings (3)
  12:17;16:10,23
profit (1)
  4:21
propose (4)
  2:6,21;10:12;11:19
provide (1)
  14:2
purchase (1)
  7:5
purchased (1)
  7:2
purpose (1)
  9:17
purposes (1)
  13:18
pursuing (1)
  14:12
put (2)
  9:18;16:25
putting (1)
  9:22

### Q

quarantining (1)
  9:8

### R

raise (1)
  12:23
raises (1)
  3:3
read (1)
  13:25
real (1)
  7:2
realized (1)
  7:4
really (2)
  4:1;5:3
reason (1)
  12:2
reasonable (4)
  2:19;4:20,25;13:7
reasons (1)
  4:17
recover (1)

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM    INDEX NO. 652077/2017

NYSCEF DOC. 20-12411-jlg    Doc 37-4    Filed 01/12/21    Entered 01/12/21 16:46:48    Exhibit D    RECEIVED NYSCEF: 12/24/2020

Pacific Alliance v
Kwok, et al

Pg 38 of 45

November 12, 2020

6:25
**referred (1)**
16:10
**reflected (1)**
12:16
**regard (1)**
14:19
**regarding (2)**
3:5;11:1
**registered (1)**
13:10
**relate (1)**
4:18
**related (2)**
14:11,15
**relates (1)**
13:9
**relating (1)**
15:24
**relation (1)**
14:9
**relative (1)**
7:6
**remotely (1)**
16:24
**repayment (1)**
4:6
**repeat (2)**
2:16;16:2
**reply (2)**
3:25;15:4
**represents (1)**
3:2
**requesting (1)**
15:23
**requests (3)**
7:25;8:14;15:12
**required (1)**
4:14
**requirement (2)**
13:11,20
**requires (1)**
5:18
**reserve (1)**
9:16
**resolution (1)**
6:22
**resolve (2)**
11:13;12:1
**resolved (4)**
6:18;8:17,23;16:12
**respect (7)**
6:16;7:25;8:7,8,9;
10:6;16:5
**Respectfully (1)**
7:8
**responded (1)**
15:21
**rest (1)**
5:21
**restrained (2)**
13:4,21
**restraining (4)**

12:24;13:5;14:11,
25
**return (1)**
13:11
**right (6)**
2:15;5:21;6:7;
10:20;15:14;16:1
**rule (1)**
14:5

## S

**same (1)**
14:16
**savvy (1)**
10:23
**schedule (3)**
2:19;12:11;16:2
**scheduled (1)**
5:6
**scheduling (1)**
6:1
**scope (1)**
12:24
**second (2)**
9:5;13:9
**secondly (1)**
15:15
**secreted (1)**
13:17
**seeking (4)**
6:24;7:6,12;14:14
**seem (1)**
2:18
**selling (1)**
4:10
**sense (1)**
7:14
**seriously (1)**
13:23
**served (1)**
9:21
**settlement (2)**
5:1;15:14
**share (1)**
7:11
**short (3)**
5:16,17;6:5
**shoulda (1)**
7:1
**show (1)**
4:22
**Siegal (18)**
2:7,7,14,25;3:8,12;
5:14,14;6:20;7:8;
12:22;13:8;14:2,21,
22,24;15:5,25
**simplify (1)**
12:8
**simply (1)**
4:11
**situation (1)**
13:1

**six-month (1)**
13:12
**somebody (2)**
3:19;4:10
**sooner (1)**
10:24
**Sorry (2)**
2:23;10:22
**sort (1)**
9:25
**sought (1)**
14:10
**south (1)**
7:13
**speak (3)**
5:10,13;11:10
**speed (1)**
12:6
**spend (2)**
4:20,21
**spoke (1)**
5:9
**sponsoring (1)**
7:20
**start (2)**
2:3;9:8
**State (1)**
9:13
**States (2)**
13:15,21
**status (3)**
16:3,4,22
**stay (5)**
11:4,7,19,24;12:8
**still (2)**
11:22;15:11
**stipulate (3)**
8:7;16:6,11
**stipulated (1)**
6:22
**stipulation (1)**
14:22
**subject (1)**
6:9
**submission (2)**
7:23,24
**submissions (3)**
2:4,20;7:23
**submit (4)**
5:5;7:25;8:1;15:13
**submitted (5)**
12:17;15:17;16:8,8,
11
**suboptimal (1)**
10:7
**suggest (1)**
5:7
**suggested (1)**
4:18
**summary (1)**
4:3
**supporting (2)**
14:4;15:3

**suppose (2)**
3:16,18
**sure (4)**
10:24;11:3;13:1;
14:17
**surreply (2)**
15:13,21

## T

**talked (2)**
3:22;8:21
**taping (1)**
10:10
**Teams (1)**
12:11
**technically (1)**
10:23
**technology (2)**
10:14;16:21
**tens (1)**
7:17
**term (1)**
9:20
**terms (3)**
7:7;9:5;11:4
**testify (2)**
8:2,3
**testimony (2)**
5:24;10:10
**thought (2)**
13:16;15:18
**three (1)**
2:12
**title (1)**
13:13
**Today (3)**
2:18;5:7;7:22
**today's (1)**
12:17
**toward (1)**
12:19
**tranches (1)**
12:4
**transcript (2)**
12:17;16:10
**transferred (1)**
13:17
**travel (1)**
13:14
**tremendous (1)**
7:16
**trial (28)**
2:2,17;4:2;5:11,12,
12,19,22,23;6:1,11,
13,25;8:6,10;9:6,16,
18,22;10:1,2;11:5,20,
24;12:15;15:9,18;
16:25
**trials (2)**
9:15;10:13
**tried (6)**
3:4,9,10;5:4,6;14:;

8:1
**try (4)**
4:9,15;8:22;11:7
**trying (1)**
12:9
**two (5)**
3:2,4;12:23;14:17;
15:12
**type (1)**
14:22

## U

**unavailable (1)**
14:8
**under (2)**
15:7,14
**underscore (1)**
6:21
**Understood (1)**
13:8
**United (2)**
13:15,21
**unrelated (1)**
4:15
**unresolved (1)**
6:11
**upon (1)**
14:8
**use (2)**
16:4,21

## V

**vaccine (1)**
9:19
**version (3)**
5:16,17;6:5
**video (6)**
9:9,11,25;10:1,6,9
**view (1)**
12:19
**Virgin (4)**
13:11,22;14:7;15:1

## W

**wait (1)**
2:15
**waiving (1)**
5:21
**wants (2)**
3:15;13:23
**way (5)**
10:24;11:4;13:13;
14:20;16:25
**week (1)**
11:18;12:12;16:3
**whole (1)**
5:3
**widgets (2)**
4:8,10
**witness (1)**

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM
NYSCEF DOC. NO. 77

INDEX NO. 652077/2017

RECEIVED NYSCEF: 12/24/2020

20-12411-jlg    Doc 37-4    Filed 01/12/21    Entered 01/12/21 16:46:48    Exhibit D

Pg 39 of 45

8:2
**witnesses (10)**
   8:2,15,16;9:7,9,21,
   24;10:6,9;16:24
**worked (1)**
   3:14
**world (1)**
   10:25
**woulda (1)**
   7:1
**writing (1)**
   14:3
**written (1)**
   7:20

## Y

**yacht (3)**
   13:23;14:7,25
**yesterday (4)**
   3:13,16,22;5:9
**York (4)**
   9:13,14;11:3,4

## 1

**12 (2)**
   2:3,18
**15 (16)**
   2:2,17;3:4,11;6:10,
   12;8:1;9:6,9,16;11:5,
   21,24;12:2,16;16:25
**15th (1)**
   9:24

## 2

**2021 (2)**
   2:2,17

## 3

**30 (4)**
   8:18;11:2,13;16:16
**300 (1)**
   9:17
**31 (10)**
   7:24,24;8:12,13;
   9:1;12:18;15:19,20;
   16:7,18

## 6

**60 (1)**
   9:22

FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM
INDEX NO. 652077/2017

NYSCEF DOC. NO: 692

20-12411-jlg    Doc 37-4    Filed 01/12/21    Entered 01/12/21 16:46:48    Exhibit D

Pg 40 of 45

RECEIVED NYSCEF: 12/24/2020

# EXHIBIT 2

20-12411-jlg    Doc 37-4    Filed 01/12/21    Entered 01/12/21 16:46:48    Exhibit D
Pg 41 of 45

**O'Melveny**

O'Melveny & Myers LLP          T: +1 212 326 2000
Times Square Tower             F: +1 212 326 2061
7 Times Square                 omm.com
New York, NY 10036-6537

November 18, 2020                                    **Edward Moss**
                                                     D: +1 212 728 5671
**VIA E-MAIL**                                       emoss@omm.com

Melissa Carvalho, Esq.
Baker Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

Re:     *Pacific Alliance Asia Opportunity Fund L.P. v. Kwok, et al. (Index No. 652077/2017)*
        *– The Lady May*

Dear Melissa:

We write on behalf of Plaintiff to request assurances about the status of the Lady May.

We are very concerned that Mr. Kwok has violated the Court's October 15, 2020 Restraining
Order (Dkt. No. 630).  As you will recall, the Court made it quite clear during the November 12,
2020 conference that Mr. Kwok is not permitted to take or send the yacht out of the Court's
jurisdiction without making a motion for relief from the Restraining Order.[1]  To date, Mr. Kwok
has not filed such a motion.

Based on publicly available information, which we accessed at MarineTraffic.com and have
attached as Exhibit A, we understand that the yacht departed Fort Lauderdale, Florida, on
November 1, 2020, and, as of today, is located in the Bahamas at or near Old Fort Bay,
Nassau.  In fact, it appears that the yacht was already out of the jurisdiction on November 12,
2020, when Mr. Siegal (presumably carrying out Mr. Kwok's instructions) asked Justice
Ostrager if Mr. Kwok could send the yacht out of the jurisdiction.[2]  This is particularly concerning
given Mr. Kwok's history of making misrepresentations throughout this litigation.

By 5:30 p.m. on Thursday, November 19, please (i) confirm the location of the Lady May and (ii)
if we are correct that it is out of the jurisdiction, confirm that the vessel will be back in New York
within 48 hours.  PAX reserves all of its rights, including to seek immediate relief from the Court
if Mr. Kwok's answers are not satisfactory.

---

[1] Nov. 12, 2020 Hr'g Tr. at 14:4–8 (instructing that for the yacht to be moved outside the Court's
jurisdiction, Kwok must first "make a motion with supporting documentation on notice to [PAX], and I will
rule on it.  What I am not going to have happen is Mr. Kwok move the yacht to the British Virgin Islands
and then it becomes potentially unavailable for [PAX] to levy upon.").

[2] *See id.* at 13:9–18; *see also* Exhibit A.

O'Melveny

---

Sincerely,

*/s/ Edward Moss*

Edward Moss
of O'MELVENY & MYERS LLP

cc:       All counsel of record

**Exhibit A**

MarineTraffic
Live Map
Explore
Community
Pricing
Search MarineTraffic
LADY MAY
Yacht IMO: 1012359
ADD NOTES
ADD TO FLEET
CREATE NOTIFICATIONS
Voyage Information
UNLOCK VOYAGE INFORMATION
US FLL
FORT LAUDERDALE
Unknown
ATD: 2020-11-01 17:45 LT (UTC -5)
PAST TRACK
ROUTE FORECAST
Latest Position
Position Received: 2020-11-18 21:16 UTC
22 minutes ago
Vessel's Local Time:
2020-11-18 16:16 LT (UTC -5)
Area: CARIBS - Caribbean Sea
Current Port: -
Latitude / Longitude: 25.03677° / -77.51331°
Status: Moored
Speed/Course: 0 kn / 157 °
AIS Source: Satellite
Nicholls Town
Nassau
Adelaide Village
SHOW ON LIVE MAP
Andros Town
Map data ©2020

MarineTraffic
Live Map
Explore
Community
Pricing
Search MarineTraffic
LADY MAY
Yacht
US FLL
US MIA
ATD: 2020-11-01 17:45
ETA: -
PAST TRACK
USE ROUTE TOOL
Add to Fleet
Vessel Details
Status: Moored
Speed/Course: 0kn / 0°
Draught: 2.3m
Received: 29 minutes ago (AIS Source: Satellite )
Old Fort Bay
ISLANDS
MOUNT PLEASANT VILLAGE
LYFORD CAY
Clifton Bay
198K
582"
Google
500 m
2000 ft
Support
Leaflet
Map data ©2020
Terms of Use
Terms
Privacy
User Agreement
English (EN)
About
MarineTraffic Blog
Help Centre





FILED: NEW YORK COUNTY CLERK 12/24/2020 04:11 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO. 693
RECEIVED NYSCEF: 12/24/2020

20-12411-jlg    Doc 37-4    Filed 01/12/21    Entered 01/12/21 16:46:48    Exhibit D
Pg 44 of 45

# EXHIBIT 3

MarineTraffic
Live Map
Explore
Community
Pricing
Search MarineTraffic
Log in
LADY MAY
Yacht IMO: 1012359
ADD NOTES
ADD TO FLEET
CREATE NOTIFICATIONS
MarineTraffic
Global Ship Tracking Intelligence
Access
more information.
LEARN MORE
Voyage Information
UNLOCK VOYAGE INFORMATION
US FLL
FORT LAUDERDALE
BS NAS
NASSAU
ATD: 2020-11-01 17:45 LT (UTC -5)
ATA: 2020-11-21 11:24 LT (UTC -5)
PAST TRACK
ROUTE FORECAST
Reported ETA: 2020-09-04 07:00 LT (UTC -5)
Calculated ETA: ••••••••••
Latest Position
Position Received: 2020-12-24 13:43 UTC
4 minutes ago
Vessel's Local Time:
2020-12-24 08:43 LT (UTC -5)
Area: CARIBS - Caribbean Sea
Current Port: NASSAU
Latitude / Longitude: 25.07593° / -77.31864°
Status: Moored
Speed/Course: 0 kn / 72 °
AIS Source: 1762 PTZtv
PortNassauWebcam.com
Spanish Wells
Nassau
Adelaide
SHOW ON LIVE MAP
Google
Map data ©2020

