Hearing Date and Time: February 3, 2021 at 10:00 a.m. (EST)

STROOCK & STROOCK & LAVAN LLP
Curtis C. Mechling
Gabriel E. Sasson
Emily L. Kuznick
180 Maiden Lane
New York, NY 10038-4982
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Counsel for The Sherry-Netherland, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
In re:                                                     :
                                                           :     Chapter 11
                                                           :
GENEVER HOLDINGS LLC,                                      :     Case No. 20-12411 (JLG)
                                                           :
       Debtor.                                         :
                                                           :
---------------------------------------------------------- x

**JOINDER AND RESERVATION OF RIGHTS OF THE SHERRY-NETHERLAND, INC.
WITH RESPECT TO PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S
MOTION FOR AN ORDER UNDER 11 U.S.C. § 1112(b) CONVERTING THE
DEBTOR'S CASE TO A CASE UNDER CHAPTER 7 OR, IN THE ALTERNATIVE,
FOR AN ORDER UNDER 11 U.S.C. § 1104(a) APPOINTING A TRUSTEE TO
ADMINISTER THE DEBTOR'S ESTATE**

       The Sherry-Netherland, Inc. (the "Sherry"), by and through its undersigned attorneys, hereby joins (this "Joinder") in the motion [Docket No. 28] (the "Motion to Convert")[1] of Pacific Alliance Asia Opportunity Funds L.P. ("Pacific") for entry of an order under 11 U.S.C. § 1112(b) converting the above-captioned chapter 11 case of Genever Holdings LLC (the "Debtor") to a case under chapter 7 or, in the alternative, for entry of an order under 11 U.S.C. §

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion to Convert and *Pacific Alliance Asia Opportunity Fund L.P.'s Memorandum of Law in Support of Motion for an Order Under 11 U.S.C. § 1112(b) Converting the Debtor's Case to a Case Under Chapter 7 or, in the Alternative, For an Order Under 11 U.S.C. § 1104(a) Appointing a Trustee to Administer the Debtor's Estate* [Docket No. 29] (the "Memorandum of Law").  While the Sherry joins in requesting the relief sought in the Motion, the Sherry is neither adopting nor taking a position at this time with respect to the statements and the characterization of testimony set forth in the Memorandum of Law.

1104(a) appointing a chapter 11 trustee to administer the Debtor's estate and respectfully states as follows:

## JOINDER

1.     The Sherry is a residential cooperative housing corporation, within which the Residence is located. In the five years since the sale of the Residence to the Debtor, it has become clear that the Debtor and Kwok defrauded the Sherry as part of an effort to receive approval of the sale and that the Debtor and Kwok have subsequently taken action with respect to the beneficial ownership of the Residence in contravention of the Debtor's and Kwok's agreements with the Sherry.

2.     When he applied for the requisite approval of the Sherry's Board of Directors of his purchase of the Residence in February and March of 2015, Kwok and his personal attorney represented, among other things, that Kwok was the beneficial owner of the Debtor and the Debtor's parent, Genever Holdings Corporation. In reliance upon those representations—including that Kwok was the beneficial owner of the Debtor, the sole purchaser of the Residence—the Board of Directors of the Sherry approved the sale of the Residence to the Debtor. Following the purchase of the Residence, Kwok, his family members and certain related entities have been embroiled in litigation with Pacific regarding the ownership of the Residence and the Genever Entities.

3.     Now, not only is the ownership of the Residence is embroiled in litigation, but (a) the Debtor has not paid maintenance and other charges to the Sherry since January 2020, unpaid arrearages that totaled $809,968.29 as of the commencement of this case, and (b) the Debtor has continued to fail to pay any maintenance or other charges since the start of this case, generating post-petition administrative claims that now exceed $331,203.03. Maintenance and other

charges owed to the Sherry continue to accrue at approximately $81,774 per month, and the Debtor has no way of satisfying those administrative obligations on an ongoing basis.[2]

4. The Debtor's and Kwok's misrepresentations and fraudulent behavior call into question the Debtor's ability to act as a fiduciary of the estate and maximize the value of the estate. Accordingly, the Sherry joins in the relief requested in the Motion to Convert.

5. Moreover, a sale of the Residence is the only path forward in this case. Indeed, the Debtor, Pacific, and the Sherry all agreed to that course of action at the January 12, 2021 initial case conference. The Sherry understands that negotiations between the Debtor, Bravo Luck, and Pacific with respect to the sale process are ongoing, as reflected in the Debtor's January 27, 2021 status letter to the Court [Docket No. 43], but the Sherry has not been party to such negotiations and its rights must be preserved and protected. Regardless of the outcome of the Motion to Convert (and any potential settlement thereof), in accordance with the terms of the agreements between the Debtor, Kwok, and the Sherry applicable to the Residence, the Sherry's right to approve any buyer of the Residence and apply the proceeds of the sale to satisfy its outstanding maintenance charges and other expenses, which constitute a first lien secured claim against the Debtor's estate, should be expressly preserved in connection with any sale of the Residence.

## RESERVATION OF RIGHTS

The Sherry expressly reserves the right to supplement, modify and amend this Joinder in writing or orally at the hearing thereon.

---

[2] The foregoing amounts owed to the Sherry do not include all amounts that may be due and owing or become due and owing to the Sherry, and the Sherry reserves the right to supplement and/or modify the amounts stated herein.

**CONCLUSION**

**WHEREFORE**, for the foregoing reasons, the Sherry respectfully requests that the Court grant the Motion to Convert and grant the Sherry relief that is consistent with the foregoing or such other and further relief as the Court may deem just and proper.

Dated:   January 27, 2021
         New York, New York

                                            STROOCK & STROOCK & LAVAN LLP

                                            /s/ Gabriel E. Sasson
                                            Curtis C. Mechling
                                            Gabriel E. Sasson
                                            Emily L. Kuznick
                                            180 Maiden Lane
                                            New York, NY 10038-4982
                                            Telephone: (212) 806-5400
                                            Facsimile: (212) 806-6006

                                            *Counsel for The Sherry-Netherland, Inc.*