UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

In re:                                                    Chapter 11

Genever Holdings LLC,                                     Case No. 20-12411-JLG

                                    Debtor.
----------------------------------------------------------------x

**ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM
AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the application of Genever Holdings LLC, Debtor and Debtor in Possession, for an

order, pursuant to Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rule**") 3003(c)(3),

fixing a deadline (the "**Bar Date**") and establishing procedures for filing proofs of claim and

approving the form and manner of service thereof, and it appearing that the relief requested is in

the best interests of the Debtor, its estate, and creditors and that adequate notice has been given

and that no further notice is necessary; and after due deliberation and good and sufficient cause

appearing therefor, it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities (including,

without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a

claim, as defined in §101(5) of the Bankruptcy Code, against the Debtor which arose on or prior

to the filing of the Chapter 11 petition on October 12, 2020 (the "Filing Date"), shall file a proof

of such claim in writing or electronically on the Court's website at www.nysb.uscourts.gov so

that it is received on or before ~~February 26, 2021~~ **March 10, 2021 [JLG]**  (the "**Bar Date**");

and it is further

**ORDERED**, that notwithstanding any other provision hereof, proofs of claim filed by

governmental units must be filed on or before **April 12, 2021** (a date that is at least one hundred

eighty days (180) days after the Order for relief); and it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

(a)     Proofs of claim must conform substantially to Official Bankruptcy Form No. 410;

(b)     Attorneys (with full access account) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("**CM/ECF**") system.  Those without accounts with the CM/ECF system may electronically create and file proofs of claim through the "File A Proof of Claim" link on the Court's website at  www.nysb.uscourts.gov or file their proofs of claim by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Southern District of New York, One Bowling Green, Room 534, New York, New York 10004;

(c)     Proofs of claim will be deemed timely filed only when <u>received</u> by the Clerk of the Bankruptcy Court on or before the Bar Date; and

(d)     Proofs of claim must (i) be signed; (ii) include other supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency; and it is further

**ORDERED**, that Proofs of Claim need not be filed as to the following types of claim:

(a)     Any claim as to which the holder has already filed a proof of claim against the Debtor in  the above-captioned case in a form substantially similar to Official Bankruptcy Form No. 410;

(b)    Any claim that is listed on the Schedules filed by the Debtor, provided that, (i) the claim is <u>not</u> scheduled as "disputed," "contingent" or "unliquidated"; <u>and</u> (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules;

(c)    Any claim that heretofore has been allowed in this case by order of the Court;

(d)    Any claim that has been paid in full by the Debtor;

(e)    Any claim for which different specific deadlines have previously been fixed by this Court; or

(f)    Any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration, except as otherwise provided below; and it is further

**ORDERED**, Claims under section 503(b)(9) must be filed by the deadlines set forth in this Order, and it is further;

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds such a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that holders of equity security interests in the Debtor need not file proofs of interest with respect to the ownership of such equity interests, <u>provided</u>, <u>however</u>, that if any

such holder asserts a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the Bar Date pursuant to the procedures set forth in this Order; and it is further

**ORDERED**, that if the Debtor amends or supplements the Schedules subsequent to the date hereof, the Debtor shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file proofs of claim in respect of their claims, and shall be given notice of such deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED**, that a copy of the notice substantially in the form annexed hereto is approved, and shall be deemed adequate and sufficient if served by first-class mail at least thirty-five (35) days prior to the Bar Date on:

    (a)    The United States Trustee;

    (b)    Counsel to each official committee;

    (c)    All person or entities that have requested notice of the proceedings in this Chapter 11 case;

    (d)    All persons or entities that have filed claims;

    (e)      All creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

    (f)      All parties to executory contracts and unexpired leases of the Debtor;

    (g)      All parties to litigation with the Debtor;

    (h)      The Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court; and

    (i)      Such additional persons and entities as deemed appropriate by the Debtor;

and it is further

**ORDERED**, that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

**ORDERED**, that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

Dated: New York, New York
       January 24, 2021

                    /s/ *James L. Garrity, Jr.*
                    HONORABLE JAMES L. GARRITY, JR.
                    UNITED STATES BANKRUPTCY JUDGE