UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                                                                    Chapter 11

Genever Holdings LLC,                                                      Case No. 20-12411-JLG

                                 Debtor.
----------------------------------------------------------------x

**MOTION FOR AN ORDER FURTHER EXTENDING THE DEBTOR'S EXCLUSIVE PERIODS TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES THERETO PURSUANT TO 11 U.S.C. §1121(d)(1)**

**TO THE HONORABLE JAMES L. GARRITY, JR.,
UNITED STATES BANKRUPTCY JUDGE:**

        The motion of Genever Holdings LLC (the "Debtor") by and through its counsel, Goldberg Weprin Finkel Goldstein LLP, for an order further extending the Debtor's exclusive period to file a plan of reorganization for an additional ninety (90) days from April 12, 2021 until July 12, 2021, and the concomitant period in which to solicit acceptances for ninety (90) days, or from June 11, 2021 to September 9, 2021, pursuant to 11 U.S.C. §1121(d)(1), respectfully represents and shows this Court as follows:

**BACKGROUND**

        1.     The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on October 12, 2020, and thereafter has continued in possession and management of its assets as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

        2.     The Debtor owns the entire 18th Floor Apartment and auxiliary units in the Sherry Netherland Hotel located at 781 Fifth Avenue, New York, NY 10022 (the "Residence").

        3.     Over the last several months, the Debtor has been in discussions with Pacific Alliance Pacific Alliance Asia Opportunity Fund L.P. ("PAX") and Bravo Luck Ltd. ("Bravo

Luckö) regarding a negotiated framework for the sale of the Residence pending disposition of litigation in New York and the British Virgin Islands

4. A formal agreement has been executed which, *inter alia*, provides for the retention of former Bankruptcy Judge Melanie Cyganowski as an independent Sales Officer to oversee the sale process. A hearing is currently scheduled for April 27, 2021 to consider both the settlement and the retention.

5. With the sale process about to get underway in earnest, the Debtor seeks to maintain the status quo, and is moving for an extension of the exclusivity period for an additional ninety (90) days (without prejudice to future extensions) pursuant to Section 1121(d)(1) of the Bankruptcy Code. The extension will enable the framework for the sale process to be approved by the Court and implemented so that the marketing effort can go forward.

**The Requested Extension Is Warranted Under The Circumstances**

6. The determination of whether sufficient õcauseö exists to grant an extension rests with the sound discretion of the court and should be based upon the facts and circumstances of each individual case. *In re Adelphia Communications Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006); *In re Borders Group, Inc.*, 460 B.R. 818 (Bankr. S.D.N.Y. 2011); *In re Texaco Inc.*, 76 B.R. 322 (Bankr. S.D.N.Y. 1987); *In re McLean Indus., Inc.*, 87 B.R. 830 (Bankr. S.D.N.Y. 1987). While section 1121(d)(1) of the Bankruptcy Code requires the bankruptcy court to find õcauseö to extend a debtorøs exclusivity period, it is clear from the legislative history of that section that the bankruptcy court is given broad flexibility in making such a determination so as to balance the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595, 95th Cong.; 2d Sess 221-222 (1978); *In re Perkins*, 71 B.R. 294 (W.D. Tenn. 1987) (õThe hallmark of Section [1121(d)] is flexibilityö). *In re Newark Airport/Hotel Ltd. P'ship.*, 156 B.R. 444, 451 (Bankr. D.N.J. 1993)

(notice that Congress designed chapter 11 provision to enable a debtor to remain in control for some period of time, thereby making reorganization an attractive alternative to financially troubled companies).

7. In determining whether cause exists to extend the, the Court may consider a variety of factors including:

(a) the size and complexity of the case;
(b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
(c) the existence of good faith progress toward reorganization;
(d) the fact that the debtor is paying its bills as they become due;
(e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
(f) whether the debtor has made progress in negotiations with its creditors;
(g) the amount of time which has elapsed in the case;
(h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
(i) whether an unresolved contingency exists.

*In re Adelphia*, 352 B.R. at 587, *In re Borders*, 460 at 821-822; *In re McLean Indus.*, 87 B.R. 830 (Bankr. S.D.N.Y. 1987). However, not all of the *Adelphia* factors are relevant in every case and it is within the court's discretion to determine the relevancy and weight of each such factor. *In re Hoffinger Indus., Inc.*, 292 B.R. 639, 644 (8th Cir. BAP 2003). Furthermore, although such factors are helpful, they serve only as a guide and not as required standards for courts to use when determining whether an extension of the exclusive periods should be granted in a particular case. *In re R&G Properties, Inc.*, 2009 WL 269696 (Bankr. Vt. 2009).

8. The Debtor respectfully submits that the relevant *Adelphia* factors favor the request for an extension of exclusivity since the marketing of the Residence presents unique challenges. The Debtor has been working diligently with PAX and Bravo Luck on finalizing a comprehensive sale framework that is designed to promote a transparent and coordinated marketing effort under the stewardship of Melanie Cyganowski, Esq. as the duly appointed Sales Officer.

3

9. The most likely scenario is that the Residence will be sold under, or in connection with, a Chapter 11 plan process. Moreover, the expectation is that the marketing of the Residence will take many months to complete.

10. The Residence is a unique asset and will require a significant effort in order to maximum value. To help facilitate achieving the maximize value, a unified plan needs to be negotiated and developed in conjunction with the marketing process. Thus, maintaining exclusivity will add to the overall stability of the Chapter 11 case, and cause thereby exists to grant the requested extension.

11. By the end of the additional ninety (90) days, the Debtor anticipates that the marketing effort will be well underway, at which time the Debtor, the Court and all creditors and interested parties will be in a better position to evaluate the next steps.

**WHEREFORE,** the Debtor respectfully requests entry of an Order consistent with the foregoing, together with such other and further relief as is just and proper.

Dated: New York, New York
April 12, 2021

             Goldberg Weprin Finkel Goldstein LLP
             *Attorneys for the Debtor*
             1501 Broadway, 22nd Floor
             New York, NY 10036
             (212) 221-5700

             By: /s/ J. Ted Donovan, Esq.