**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GENEVER HOLDINGS LLC, | Case No. 20-12411 (JLG) |
| Debtor. | |

― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― x

~~In re:~~                                                                      ~~Chapter 11~~

~~Genever Holdings LLC,~~                                         ~~Case No. 20-12411 (JLG)~~

                                         ~~Debtor.~~

― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― x

**ORDER APPROVING THE ENGAGEMENT AND RETENTION OF MELANIE L. CYGANOWSKI, ESQ. TO ACT AS THE DULY APPOINTED SALES OFFICER FOR THE DEBTOR'S BANKRUPTCY ESTATE**

This matter having come before the Court on the motion (the "Motion")[1] [ECF ____] of ~~the~~ Genever Holdings LLC (the "Debtor"), seeking to retain former Judge Melanie L. Cyganowski ("Judge Cyganowski") as sales officer ("Sales Officer") for the Debtor and Debtor's bankruptcy estate in accordance with the terms of the engagement letter annexed to the Motion as Exhibit "A" (the "Engagement Letter~~"~~"), based upon that certain Settlement Agreement ("Settlement Agreement") entered into as of February 26, 2021, between the Debtor, Bravo Luck Limited ("Bravo Luck"), and Pacific Alliance Asia Opportunity Fund L.P. ("PAX"); and sufficient and proper notice of the Motion having been given; and a hearing having been held on

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

#115775982_v2

April __, 2021; and sufficient cause having been shown for the proposed retention~~;~~:

IT IS ~~HEREBY~~HERERBY ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. The Debtor is authorized to retain Judge Cyganowski as ~~the designated~~ Sales Officer effective as of the date of entry of this Order, under the terms of the Engagement Letter having the powers and duties delineated for the Sales Officer, solely as provided in the Settlement Agreement.

3. Judge Cyganowski and the Assisting Personnel[2], assisting her in this matter, shall be compensated in accordance with the billing and rate structure as set forth in the Engagement Letter.

4. The Debtor is authorized to pay the amounts invoiced by Judge Cyganowski and the Assisting Personnel for fees and expenses incurred in connection with the rendition of services hereunder from the proceeds of sale of the Residence as defined in the Motion, without further order of the Court.

5. The Debtor ~~shall have and does~~is hereby ~~authorize the retention of~~authorized to retain Judge Cyganowski as the designated Sales Officer~~, an officer of the Debtor,~~ under its limited liability company operating agreement~~,~~ and bylaws~~, and expressly authorizes Judge Cyganowski~~ to carry out ~~all~~ such duties and obligations and ~~confers all~~exercise such rights all as ~~provided~~specifically set forth in and limited by the ~~Engagement Letter,~~ Settlement Agreement, ~~and this Order,~~ without further action by the Debtor.

---

[2] Assisting Personnel shall be a limited number of professionals and paraprofessionals from Otterbourg P.C. ("Otterbourg") assisting the Sales Officer consisting of one junior lawyer, one paralegal, and from time to time, if required, one or more senior lawyers, as provided in the Engagement Letter.

2

#115775982 v2

6. The rights, duties and obligations of the Sales Officer shall be carried out without the necessity for further approvals from the Debtor's ~~members~~member(s) and manager; provided, ~~however,~~ that, (i) the ~~Sales~~Sale Officer shall report periodically to the Debtor's ~~members~~member(s); (ii) approval of the highest and best offer for the sale of the Residence shall be subject to further approval by the Debtor's member(s), further provided however that notwithstanding the foregoing, any such approval shall not be unreasonably withheld, and (iii) in all respects the approval or non-approval by the Debtor's member(s) shall be subject to review and final determination by the Bankruptcy Court upon notice.

7. The Debtor's retention of Judge Cyganowski as the Sales Officer in accordance with the Settlement Agreement is hereby approved, subject to the following general limitations~~:~~.

   a. Judge Cyganowski (and any agent and/or related entity) shall not act in any other capacity (for example, and without limitation, as a financial advisor, examiner, trustee or investor/acquirer) in connection with the above-captioned case;

   b. ~~In the event~~Solely upon written consent of the Debtor, Bravo Luck ~~or~~and PAX ~~(or anyone else)~~, the Debtor may seek to have Judge Cyganowski assume duties that are different than the functions envisioned in the Settlement Agreement ~~or Motion~~, or to materially change the terms of the engagement; modifying the functions provided thereunder; adding new executive officers, or altering or expanding the scope of the engagement, ~~a~~which relief shall be sought by motion to modify the retention ~~shall be~~ filed with the Court;

   c. No principal or employee associated with Judge Cyganowski shall serve as a director of the Debtor during the pendency of the above-captioned case;

   d. Judge Cyganowski shall file or cause to ~~file~~be filed with the Court and provide notice to parties having filed notices of appearance~~,~~ (the U.S. Trustee, Bravo Luck, and PAX) in this Chapter 11 case, reports of compensation earned and expenses incurred on a monthly basis; ~~and~~

   e. Judge Cyganowski, the Assisting Personnel and Otterbourg shall be entitled to advancement and indemnification by the Debtor's estate for all judgments, costs, and expenses, including reasonable legal fees (which shall be paid under the indemnity after court approval as they arise), arising from or related to any and all claims of whatsoever type brought against any of them in their

capacity as Sales Officer or her agent, except for gross negligence, willful misconduct, fraud, or breach of fiduciary duty determined by a final order no longer subject to appeal. Nothing herein shall limit the immunity of Judge Cyganowski, the Assisting Personnel or Otterbourg allowed by law or deprive any of them of indemnity for any act or omission for which they have immunity.; and

f. In the event of death, incapacity, resignation, or removal, a replacement Sales Officer shall be selected through the same process as the initial selection of the Sales Officer in accordance with the Settlement Agreement and further order of the Court.

8. All compensation and reimbursement due to, and other rights of Judge Cyganowski and Assisting Personnel under this Order, shall be treated and allowed as administrative expenses in accordance with Section 503 of the Bankruptcy Code.

9. Judge Cyganowski shall make decisions in accordance with the terms of the Settlement Agreement regarding the sale and marketing of the Residence utilizing her business judgment subject to Bankruptcy Court approval as applicable. In addition, the Debtor's operating documents shall be deemed modified to the extent necessary, to facilitate the within appointment.

10. ~~Judge Cyganowski shall not be terminated except upon further order of the Court, upon notice and application.~~

10. Judge Cyganowski's authority hereunder may be revoked and/or she may be removed by the Debtor's member(s) provided, however, notwithstanding the foregoing, there shall be no such revocation and/or removal without review and approval by the Bankruptcy Court upon notice.

11. To the extent there is inconsistency between the terms of the Settlement Agreement, the Motion, the Engagement Letter and this Order, the terms of the Settlement Agreement shall govern.

4

#115775982 v2

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. The ~~Debtors are~~Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of the Engagement Letter and this Order.

DATED: New York, NY
_____, 2021        _____
                          HON. JAMES L. GARRITY, JR.
                          UNITED STATES BANKRUPTCY JUDGE

~~Dated: New York, NY~~
~~_____, 2021~~        _____
                          ~~HON. JAMES L. GARRITY, JR.~~
                          ~~UNITED STATES BANKRUPTCY JUDGE~~

| Page 1: [1] Style Definition | Ted Donovan | May 10, 2021 2:12:00 PM |
|---|---|---|

Title: Font: +Headings (Cambria), 28 pt, Not Bold, No underline, Left, Space After:  0 pt, Don't add space between paragraphs of the same style

| Page 1: [2] Style Definition | Ted Donovan | May 10, 2021 2:12:00 PM |
|---|---|---|

List Number: Indent: Left:  0.25", Hanging:  0.5"

| Page 1: [3] Style Definition | Ted Donovan | May 10, 2021 2:12:00 PM |
|---|---|---|

Body Text 3: Indent: First line:  1"

| Page 1: [4] Style Definition | Ted Donovan | May 10, 2021 2:12:00 PM |
|---|---|---|

Body Text 2: Indent: Left:  1", Hanging:  0.25", Space After:  12 pt, Line spacing:  single

| Page 1: [5] Style Definition | Ted Donovan | May 10, 2021 2:12:00 PM |
|---|---|---|

Heading 9:  No bullets or numbering

| Page 1: [6] Style Definition | Ted Donovan | May 10, 2021 2:12:00 PM |
|---|---|---|

Heading 8:  No bullets or numbering

| Page 1: [7] Style Definition | Ted Donovan | May 10, 2021 2:12:00 PM |
|---|---|---|

Heading 7:  No bullets or numbering

| Page 1: [8] Style Definition | Ted Donovan | May 10, 2021 2:12:00 PM |
|---|---|---|

Heading 6:  No bullets or numbering

| Page 1: [9] Style Definition | Ted Donovan | May 10, 2021 2:12:00 PM |
|---|---|---|

Heading 5:  No bullets or numbering

| Page 1: [10] Style Definition | Ted Donovan | May 10, 2021 2:12:00 PM |
|---|---|---|

Heading 4:  No bullets or numbering

| Page 1: [11] Style Definition | Ted Donovan | May 10, 2021 2:12:00 PM |
|---|---|---|

Heading 3:  No bullets or numbering

| Page 1: [12] Style Definition | Ted Donovan | May 10, 2021 2:12:00 PM |
|---|---|---|

Heading 2: Font: +Headings (Cambria), 13 pt, Font color: Accent 1, Left, Space Before:  2 pt, After:  0 pt,  No bullets or numbering

| Page 1: [13] Style Definition | Ted Donovan | May 10, 2021 2:12:00 PM |
|---|---|---|

Heading 1: Font: 24 pt, Bold, Left, Space Before:  Auto, Line spacing:  single,  No bullets or numbering

| Page 1: [14] Formatted | Ted Donovan | May 10, 2021 2:12:00 PM |
|---|---|---|

Left, Right:  0", Space After:  18 pt, Hyphenate, Tab stops: Not at  -0.5"

| Page 1: [15] Formatted | Ted Donovan | May 10, 2021 2:12:00 PM |
|---|---|---|

Font: (Default) Times New Roman, 12 pt, Bold, Underline, Condensed by  0.5 pt