1.To the extent there is inconsistency between the terms of the the Original Settlement Agreement, the Amended and Restated Settlement Agreement, the Motion, the Engagement Letter or any Exhibits related thereto, the terms of this Order shall govern.

2.The Motion is granted to the extent set forth herein.

3.The terms of the Amended and Restated Agreement, including without limitation, the compensation provisions and the indemnification provisions, as modified by this Order, are reasonable terms and conditions of employment and are hereby approved.

4.Notwithstanding the indemnification provisions in the Amended and Restated Agreement, the only Otterbourg professional eligible for indemnification by the Debtor shall be the professional who is serving as an executive officer of the Debtor. The indemnification provided to Otterbourg personnel serving in such roles shall be on the same terms as provided to the Debtor's other officers and manager(s) under the respective corporate bylaws and applicable state law, along with insurance coverage under the Debtor's liability policies. There shall be no indemnification of Otterbourg's other personnel or any limitations on their or Otterbourg's liability, and the Debtor shall not have any liability or obligation for claims, liabilities, expenses, damages or costs resulting from claims that are determined by the Bankruptcy Court to have resulted from Otterbourg's bad faith, gross negligence, self-dealing, willful misconduct or violations of law.

5.Subject to Paragraph 6.e. below, the Debtor is authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by Otterbourg for fees and expenses incurred in connection with Otterbourg's retention .

6.Judge Cyganowski will act under the direction, control and guidance of the Debtor's manager(s) and shall serve at the Debtor's pleasure.

7.The Debtor's retention of Otterbourg to provide the Debtor with a Sales Officer

and certain Otterbourg personnel to assist the Sales Officer and the designation of Judge Cyganaowski as the Debtor's Sales Officer, on the terms and conditions set forth in the Motion and the Amended and Restated Settlement Agreement is hereby approved, subject to the following terms, which apply notwithstanding anything in the Original Settlement Agreement, the Amended and Restated Settlement Agreement, the Motion, the Engagement Letter or any Exhibits related thereto to the contrary:

    a. Otterbourg and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases;

    b. in the event the Debtor seeks to have the Sales Officer assume one or more executive officer positions that are different than the position disclosed in the Motion, or to materially change the terms of the engagement by either: (ii) modifying the functions of personnel; (iii) adding new executive officers; or (iv) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed;

    c. Otterbourg shall file with the Court, with copies to the United States Trustee and any official committee appointed in these chapter 11 cases, a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed;

    d. no principal, employee, or independent contractor of Otterbourg and its affiliates shall serve as a director or manager or managing member of any of the above-captioned Debtor during the pendency of the above-captioned cases;

    e. Otterbourg shall file with the Court, and provide notice to the United States Trustee and any official committee appointed in these chapter 11 cases, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts that describe the time incurred and services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall: (i) be appended to the reports; (ii) contain detailed time entries describing the tasks performed; (iii) be organized by project category; and (iv) the time entries shall identify the time spent completing each task in 30 minute increments and the corresponding charge (time multiplied by hourly rate) for each task. All compensation shall be subject to review by the Court subject to the standards set forth in sections 330 and 331 of the Bankruptcy Code in the event an objection is filed.

      f.      success fees, restructuring fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee;

      g.      Otterbourg shall disclose any and all facts that may have a bearing on whether Otterbourg, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtor, its creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation;

      h.      notwithstanding anything in paragraph 7 of the Services Agreement to the contrary, Otterbourg employees who are appointed officers of the Debtor shall be subject to all duties and obligations pertaining to their status as officers under applicable law; and

      i.      notwithstanding anything in the Original Settlement Agreement, the Amended and Restated Settlement Agreement, the Motion, the Engagement Letter or any Exhibits related thereto to the contrary, the Debtor is not obligated to reimburse Otterbourg's Judge Cyganowski's, or any other Otterbourgg employee's expenses for legal counsel.

8.      For a period of three years after the conclusion of the engagement, neither Otterbourg nor any of its affiliates shall make any investments in the Debtor or the reorganized Debtor.

9.      All compensation and reimbursement due to, and other rights of Otterbourg and Judge Cyganowski in accordance with the Services Agreement as modified by this Order, including without limitation indemnification obligations, shall be treated and allowed (subject to the compensation review procedures identified in this Order) as administrative expenses in accordance with section 503 of the Bankruptcy Code and shall be paid in accordance with the Services Agreement.

10.      In connection with any increases in Otterbourg's rates, Otterbourg shall file a supplemental declaration with the Court and provide ten business days' notice to the U.S. Trustee prior to any increase in rates. The supplemental declaration shall set forth the requested rate increases, explain the basis for the requested rate increase, and certify that the Debtor has

6

consented to the requested rate increases.

11. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York

Dated: May __, 2021

_____
UNITED STATES BANKRUPTCY JUDGE