# GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
ATTORNEYS AT LAW

ANDREW W. ALBSTEIN*
ARNOLD I. MAZEL
STEVEN R. UFFNER
HARVEY L. GOLDSTEIN
NEAL M. ROSENBLOOM
KEVIN J. NASH
IRIS A. ALBSTEIN
BARRY E. ZWEIGBAUM
DOUGLAS TAUS
ROBERT W. LO SCHIAVO*
ELIZABETH SMITH* †
KATHARINE M. FINCH◦
MATTHEW E. HEARLE
AUBREY E. RICCARDI*
STEPHEN BORDANARO
ANTHONY J. SCHLUR
DANIEL J. SLATZ
MICHELLE A. McLEOD☆

_____

J. TED DONOVAN
DORAN I. GOLUBTCHIK
SERGIO J. TUERO*
JAY E. SIMENS
STEWART A. WOLF*
YAN LAURENCY
ERIK ZARATIN
BRIAN A. KOHN
BRIAN W. KEMPER
JOHN P. HOGAN
ZACHARY D. KUPERMAN*
NEIL I. ALBSTEIN*
GIDON SHAMIR
JARED STEINBERG♦

Kevin J. Nash, Esq.
Direct: 212-301-6944
Facsimile: 212-221-6532
KNash@GWFGLaw.com

1501 BROADWAY
22nd FLOOR
NEW YORK, N. Y. 10036
(212) 221-5700
TELECOPIER (212) 730-4518
_____

BENJAMIN C. KIRSCHENBAUM
ROBERT KANDEL
(OF COUNSEL)
_____

EMANUEL GOLDBERG (1904 - 1988)
JACK WEPRIN (1930 - 1996)
BENJAMIN FINKEL (1905 - 1986)
_____

*   ALSO MEMBER OF NEW JERSEY BAR
†   ALSO MEMBER OF MASSACHUSETTS BAR
☆   ALSO MEMBER OF FLORIDA AND WASHINGTON DC BAR
◦   ALSO MEMBER OF CONNECTICUT BAR
♦   ADMITTED IN OHIO AND PENNSYLVANIA ONLY

May 14, 2021

<u>Via ECF and Email</u>

Hon. James L. Garrity, Jr.
US Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

    Re:    <u>Genever Holdings LLC - Case No. 20-12411-JLG</u>

Dear Judge Garrity:

Please accept this letter to outline the points of agreement and disagreement between the settling parties and the U.S. Trustee ("UST") regarding the appointment of Judge Cyganowski as the Debtor's Sales Officer. While the matters are still under discussion, I think there is a general consensus along the following lines:

I.    Points of General Agreement Concerning Judge Cyganowski's appointment:

The parties generally agree as follows:

1. The Debtor has the right to hire Judge Cyganowski as an employee and designated Sale Officer under state law.
2. Judge Cyganowski is willing to serve as the Sale Officer individually, solely for the purpose of the sale, and will only have the obligations set forth in the Order and Settlement Agreement.
3. Judge Cyganowski will be subject to the specific reporting and other requirements for her appointment as provided in the Settlement Agreement and shall not be subject to any other obligations or duties of the type that would be expected of an ordinary course officer or employee.

    4.    The Debtor can also delegate the authority to oversee and control the sales process to Judge Cyganowski under state law.

    5.    The Settlement, including, the engagement of Judge Cyganowski is an exercise of the Debtor's business judgment made outside of the ordinary course of business.

II.    Points of Disagreement:

We are still comparing Mr. Morrissey's proposed order to the settling parties' proposed language in the restated settlement, but the major point of disagreement surrounds Mr. Morrissey's paragraph 6, as to what happens if Judge Cyganowski makes a recommendation that the Debtor's member does not approve or adopt (even if, presumably, the recommendation is acceptable to Bravo Luck, PAX or the Sherry Netherland).

The UST contends that since Judge Cyganowski is an employee of the Debtor she can always be overruled or terminated in the Debtor's sole discretion without Bankruptcy Court approval. According to the UST, the Debtor must retain authority over Judge Cyganowski's decision irrespective of the rights and expectations of the other parties and creditors, and irrespective of whether this undermines the letter and spirit of the Settlement.

The settling parties disagree, and believe that the Debtor may irrevocably delegate authority to Judge Cyganowski, and may amend its operating agreement ("OA") as necessary to facilitate such appointment during the bankruptcy case. In addition, the settling parties believe that any modification or termination of the order of appointment cannot be exercised unilaterally without Court oversight (which is consistent with other cases approving restructuring officers). Instead, the decision remains subject to the Debtor's duties as a fiduciary under the Bankruptcy Code, as well as the Debtor's duties as a fiduciary under the Debtor's OA.

The terms of the OA are informative and a copy is attached for Your Honor's ready reference. Specifically, Section 9.3 of the OA authorizes the Member to designate officers and delegate to them various powers. The OA further provides that the Member may terminate the officer with or without cause. In exercising the power to terminate, the provisions of Section 9.4 of the OA further provide that "each Member and Officer, pursuant to general principles of law, has a fiduciary duty to act reasonably in (or not opposed to) the best interests of the Company and the Members. In addition, Section 23 of the OA authorizes the Member to amend the agreement upon written consent. Under the proposed order, the OA can be deemed amended to effectuate the appointment (and to the extent necessary, a formal amendment can be submitted to the Court).

Because the appointment is part of a bundle of duties and obligations, subject to court approvals, and fiduciary duties are associated with the Debtor's decisions regarding officers under the OA, the settling parties view any decision to override, alter, or terminate Judge Cyganowski's appointment as a modification of the approval order, if any, which should require court approvals In addition, as a business judgement matter, the settling parties believe that the Bankruptcy Court retains authority to determine whether the Debtor is abusing its business judgement under Section 363 of the Bankruptcy Code in countermanding or terminating Judge Cyganowski.

The settling parties believe that the issue (as remote a possibility as it is) could be brought to the Court in one of two ways: (a) the Debtor moves affirmatively before the Court to overrule or terminate Judge Cyganowski; or (b) the Debtor gives notice to the other parties of its intention to overrule or terminate Judge Cyganowski, whereupon the other parties have the right to seek to have the Bankruptcy Court determine whether the modification of the approval order (if granted), is warranted, and if the Debtor is properly exercising its business judgment.  In either event, Court approval is necessary.

III.    Briefing Schedule:

If the settling parties and the UST still continue to disagree, we propose the following briefing schedule:

1. On May 24, 2021, the parties will simultaneously file supplemental briefs on the issues outlined above.

2. On May 28, 2021, the parties will simultaneously file reply briefs on this issue.

3. The Court will convene a hearing to rule upon the proposed settlement as memorialized by the Restated and Amended Settlement Agreement, albeit with paragraph 27(c)(iii) to be better clarified.

I have tried to incorporate the parties' respective comments before the noon deadline, so as to provide the Court with a basic framework of where we stand.  I also understand that Gabriel Sasson, Esq. will be presenting a proposed order on interim payments by 12:00 noon, which the parties are still reviewing.

                        Respectfully yours,

                        /s/ Kevin J. Nash

cc:    Richard Morrissey, Esq.
        Douglas Spelfogel, Esq.
        Francis Lawall, Esq.
        Hon. Melanie Cyganowski (Ret.)