# STROOCK

By ECF and Email

May 14, 2021

Gabriel Sasson
Direct Dial: 212.806.5669
Fax: 212.806.6006
gsasson@stroock.com

Hon. James L. Garrity
US Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

Re:   Genever Holdings LLC - Case No. 20-12411-JLG

Dear Judge Garrity:

As the Court is aware, we represent The Sherry-Netherland, Inc. (the "Sherry"), the residential cooperative housing corporation, within which the Debtor's residence and sole asset is located.

As set forth in greater detail in the *Joinder and Reservation of Rights of the Sherry-Netherland, Inc. With Respect to Pacific Alliance Asia Opportunity Fund L.P.'s Motion for an Order Under 11 U.S.C. § 1112(b) Converting the Debtor's Case to a Case Under Chapter 7 or, in the Alternative, For an Order Under 11 U.S.C. § 1104(a) Appointing a Trustee to Administer the Debtor's Estate* [Docket No. 45] and the Sherry' Proof of Claim [Claim 1], the Debtor has not paid maintenance and other charges to the Sherry since January 2020, and unpaid arrearages totaled at least $800,000 as of the commencement of this case. Since the commencement of this case, the Debtor has failed to pay any maintenance or other charges, which charges are undeniably administrative expense claims and continue to accrue at approximately $82,000 per month. The Sherry currently holds a $3 million security deposit to secure obligations, including unpaid maintenance, arising under the proprietary leases between the Sherry, as lessor, and the Debtor, as lessee, entered into on March 6, 2015 and that certain Agreement and Consent with Respect to Shares and Proprietary Lease, made as of March 6, 2015, by and between the Sherry, as lessor, the Debtor, as lessee, and Mr. Kwok Ho Wan a/k/a Miles Kwok a/k/a Miles Guo, as Occupant.

Although all parties in interest in this case, including the Debtor, Pacific Alliance Asia Opportunity Fund L.P. and Bravo Luck Limited, agreed (subject to the approval of the Court) to permit the Sherry to apply the security deposit to satisfy all post-petition accrued and unpaid maintenance fees and assessments and to continue to do so on a monthly basis, the proposed settlement agreement, which sets forth the framework for an agreed-upon sale process and the payment of those amounts due to the Sherry, has not yet been approved by the Court.

Accordingly, rather than continuing to accrue post-petition maintenance as the parties negotiate amendments to the proposed settlement agreement in an attempt to satisfy the concerns

of the United States Trustee, which do not relate to the Sherry's request for payment, the Sherry respectfully requests that the Court enter the attached order lifting the automatic stay to permit the Sherry to apply the security deposit to satisfy all post-petition accrued and unpaid maintenance fees and assessments and to continue to do so on a monthly basis.

This letter does not waive any right, remedy, claim, or relief that the Sherry has now or in the future, each of which is reserved in full.

Respectfully submitted,

/s/ Gabriel Sasson

Gabriel Sasson

cc:   Kevin J. Nash, Esq.
      Richard Morrissey, Esq.
      Douglas Spelfogel, Esq.
      Francis Lawall, Esq.
      Hon. Melanie Cyganowski (Ret.)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
*In re:*                                                   :
                                                           :    Chapter 11
                                                           :
GENEVER HOLDINGS LLC,                                      :    Case No. 20-12411 (JLG)
                                                           :
      Debtor.                 :
                                                           :
---------------------------------------------------------- x

**[PROPOSED] ORDER GRANTING THE SHERRY-NETHERLAND, INC. RELIEF FROM THE AUTOMATIC STAY**

Upon consideration of the application (the "Application") of the Sherry-Netherland, Inc. (the "Sherry") for entry of an order, pursuant to Section 362(d) of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), for relief from the automatic stay to apply the security deposit held by the Sherry to satisfy post-petition maintenance fees and assessments due under those certain proprietary leases entered into on March 6, 2015 by and between the Sherry and the Debtor and that certain Agreement and Consent with Respect to Shares and Proprietary Lease entered into on March 6, 2015 by and between the Sherry, the Debtor, and Mr. Kwok Ho Wan a/k/a Miles Kwok a/k/a Miles Guo (collectively, the "Proprietary Lease"); and the Court having jurisdiction to decide the Application and the relief requested pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having considered the Application and any objections thereto; and the Court having determined that just cause exists for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

1

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED to the extent set forth herein.

2. The automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby lifted in the above-captioned proceeding with respect to the Sherry for the express purpose of allowing the Sherry to apply all accrued and owing post-petition maintenance fees and assessments due under the Proprietary Lease as of the date hereof, and hereafter on a monthly basis, from the Sherry's security deposit, with the stay to otherwise remain in place for all other purposes.

3. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____  
New York, New York

_____  
HONORABLE JAMES L. GARRITY, JR.  
UNITED STATES BANKRUPTCY JUDGE

2