UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                    Chapter 11

Genever Holdings LLC,                                     Case No. 20-12411-JLG

                              Debtor.
---------------------------------------------------------------x

**DEBTOR'S SUPPLEMENTAL MEMORANDUM OF LAW (i) IN
FURTHER SUPPORT OF ITS MOTION TO APPROVE THE SETTLEMENT
REACHED WITH BRAVO LUCK, PAX AND THE SHERRY NETHERLAND,
AND (ii) IN FURTHER OPPOSITION TO THE MOTION OF THE U.S. TRUSTEE
SEEKING THE APPOINTMENT OF AN OPERATING TRUSTEE**

**Preliminary Statement**

The Debtor herein, Genever Holdings LLC (the "Debtor"), respectfully submits this Supplemental Memorandum of Law[1] in further of the parties' Settlement, and in further opposition to the motion of the U.S. Trustee ("UST") seeking the appointment of an Operating Trustee. For the reasons stated throughout, the Settlement, which has been amended[2] in an effort to address various issues raised by the UST, should be approved as meeting all of the relevant standards and criteria of reasonableness under Bankruptcy Rule 9019(a) resolving complex litigation. *See, In re Iridium Operating LLC,* 478 F.3d 452, 462 (2d Cir.2007); *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2nd Cir. 1983), *cert. denied*, 464 U.S. 822, 104 S. Ct. 89 (1983).

---

[1] Capitalized terms shall have the same meaning as in the Debtor's original Motion to Approve the Settlement (ECF #62) and other prior submissions including the Motion to Employ Judge Cyganowski (ECF #72 ), Opposition to UST Motion seeking Operating Trustee (ECF #83), Opposition to PAX Motion to Convert (ECF #84) and May 14, 2021Status Letter (ECF#88).

[2] As noted herein, the settling parties have updated the document and executed a certain Amended and Restated Settlement Agreement (the "Settlement"). As per the Court's direction, this Settlement constitutes the final version of the document for the Court's consideration. A copy of the Settlement is being included as <u>Exhibit</u> "A" in the accompanying appendix of documents to be filed contemporaneously herewith or shortly thereafter (the "Appendix").

1

In turn, the UST's motion for the appointment of an Operating Trustee should be denied in favor of authorizing the settling parties to proceed with the agreed sale and marketing process. Bravo Luck and Pax (hereinafter, together with the Debtor, the "Settling Parties") will each be submitting Supplemental Memorandums of Law. The Debtor's Supplemental Memorandum will focus on its Operating Agreement dated February 13, 2015 (the "OA"), which, *inter alia*, authorizes the Debtor's member and managers to appoint officers to act on behalf of the Company. A copy of the OA is also included as <u>Exhibit</u> "B" to the Appendix. The appointment of Judge Cyganowski is in conformity with the OA, complies with applicable state law governing New York limited liability companies, and should be permitted as per the attached Company Resolution included as <u>Exhibit</u> "C" to the Appendix.

## The Remaining Points of Contention

The UST remains the lone objector to that portion of the Settlement which seeks the hiring and appointment of Hon. Melanie Cyganowski (ret.) ("<u>Judge Cyganowski</u>") as the designated Sales Officer ("SO"). According to the UST, the appointment purportedly constitutes an "abdication" of the Debtor's responsibilities as a debtor-in-possession relating to the marketing and sale of its primary asset unless, in the UST's view, Judge Cyganowski can be terminated by the Debtor in its sole discretion.

By contrast, the question for the Debtor is one of business judgment and whether the appointment is a permitted action under the OA, particularly since that the Bankruptcy Code allows the appointment of so-called "Section 363 professionals" even though the term is not expressly referenced under the Bankruptcy Code itself. *See*, *In re Nine W. Holdings, Inc.*, 588 B.R. 678 (Bankr. S.D.N.Y. 2018).

2

Although the Settling Parties take issue with the UST's absolutist position, significant effort was made to clarify that the Debtor is not being displaced by the SO, PAX, or anyone else for that matter. To the contrary, the Settlement has been revised to reflect the following:

- Judge Cyganowski is being hired as an employee officer of the Debtor consistent with the OA.
- Judge Cyganowski is willing to serve as the Sale Officer individually, and will only have the obligations set forth in the Settlement.
- Judge Cyganowski will be subject to the specific reporting requirements of the Settlement. Judge Cyganowski shall work in conjunction with the Debtor, which will be consulted on all aspects of the sale.
- Only the Debtor retains the authority to seek to terminate or revoke the appointment of Judge Cyganowski, subject to Bankruptcy Court approval

Under the Settlement, the responsibilities of the Debtor as a debtor-in-possession are expressly retained. While it is highly unlikely that the Debtor would take action to terminate Judge Cyganowski solely to exercise sovereignty, that power does exist, albeit subject to Court approval. Since Judge Cyganowski is being approved by Order of the Bankruptcy Court, there is an inherent logic and symmetry that her termination also requires an Order of the Bankruptcy Court. This should not be controversial in the context of this Chapter 11 case. Yet, the UST still objects, and has adopted the position that unless the Debtor retains the unqualified right to fire Judge Cyganowski, it continues to abdicate its responsibilities as a debtor-in-possession.

However, the UST initially made this argument without a full review of the Debtor's OA. The OA contains several important provisions relative to the Debtor's state law rights to appoint Judge Cyganowski as SO. Because the terms of the OA expressly permit the Debtor to retain additional officers for specified purposes, there was been no abdication of any responsibility. Instead, the Debtor is proceeding in a manner consistent with its corporate charter, and the Debtor's decisions in this regard are thereby subject to a business judgment standard. *See*, *e.g. In re L&N Twins Place LLC*, No. 20-CV-1858 (KMK), 2020 WL 7211235 (S.D.N.Y. Dec. 4, 2020)

3

[remanded to Bankruptcy Court to apply business judgment standard to decisions made by debtor's management under authority granted in operating agreement].

### The Relevant Provisions of the OA Allow for the Appointment of Judge Cyganowski

The Debtor is a New York limited liability company, and its sole member is Genever Holdings Corporation, whose sole member, in turn, is Miles Kwok. As a New York limited liability company, the Debtor is governed by the New York Limited Liability Company Act ("NY LLC"), which recognizes the right of members to govern their affairs by agreement.

Specifically, Section 417 of the NYLLC makes clear that the operating agreement defines the powers and authority of the members and manager (*id*.). An operating agreement may include provisions "relating to (i) the business of the limited liability company, (ii) the conduct of its affairs and (iii) the rights, powers, preferences, limitations or responsibilities of its members, managers, employees or agents" ( LLC Law § 417 [a] ).

"It is often said that LLCs are 'creatures of contract,' and that '[o]ne attraction of the LLC form of entity is the statutory freedom granted to members to shape, by contract, their own approach to common business relationship problems'" (*LNYC Loft, LLC v. Hudson Opportunity Fund I, LLC*, 154 A.D.3d 109, 114 (1st Dep't 2017), *quoting Obeid v. Hogan*, 2016 WL 3356851, *5 (June 10, 2016, C.A. No. 11900-VCL).

Although the *Lync Loft* Court rejected members' appointment of a special litigation committee, the reasoning was **not** because LLC Law prohibited that, but because "the operating agreement[] d[id] not explicitly provide such an appointment, and otherwise d[id] not evince an intent to delegate core governance functions to nonmembers." *Id*.; *see also Nathanson v Nathanson*, 20 A.D.3d 403, 403-404 (2d Dep't 2005) ["Although management of the defendant company is vested in its members by its articles of organization, <u>such vesting of authority is</u>

4

subject to any provisions in . . . the operating agreement . . . granting or withholding the management powers or responsibilities of one or more members" (Limited Liability Company Law § 401(a)). Accordingly, the provisions of the operating agreement granting management powers and responsibilities . . . were legal" (emphasis supplied)].

> "The operating agreement is, therefore, the primary document defining the rights of members, the duties of managers and the financial arrangements of the limited liability company." *Willoughby Rehabilitation and Health Care Ctr., LLC v Webster*, 13 Misc.3d 1230(A) *4, 2006 NY Slip Op 52067 [U] (Sup Ct, Nassau Co. 2006), *aff'd* 46 A.D.3d 801 (2d Dep't 2007), *citing*, Rich, Practice Commentaries, 32A Limited Liability Company Law Section 1.A, p. 4, (McKinney's, 2006).

*Goldstein v Pikus*, 2015 NY Slip Op 31483, *10 (Sup Ct, NY Co. 2015).

In bankruptcy, the Debtor's OA governs the Debtor's authority to appoint Judge Cyganowski as the SO. *In re E. End Dev., LLC*, 491 B.R. 633, 638 (Bankr. E.D.N.Y. 2013); *see also In re K.G. IM, LLC*, 620 BR 469, 479 (Bankr SDNY 2020) [interpreting Delaware limited liability company to uphold appointment of a chief restructuring officer]. Such appointment also falls under Section 363, as supported by the "mountain of precedent" approving the employment of restructuring officers and other executives. *In re Nine W. Holdings, Inc. supra*, 588 B.R. at 694.

Nor does the fact that the OA is being amended to provide that Judge Cyganowski can be terminated only with Bankruptcy Court approval undermine the Settlement of the Debtor's authority. Even in bankruptcy, the Debtor's Member retains the right to alter the Debtor's management structure. As Judge Martin Glenn has explained:

> the Debtors' rights under state law and the applicable operating agreements to alter their management structure postpetition is an appropriate exercise of their governance rights and permissible under the Bankruptcy Code. Absent appointment of a chapter 11 trustee, those state law governance rights with respect to a Delaware LLC persist; and neither Delaware law nor the Bankruptcy

5

> Code gives the UST special rights to block the exercise or transfer of governance rights in the absence of appointment of a chapter 11 trustee. In *In re Johns-Manville Corp.*, 801 F.2d 60 (2d Cir. 1986), the Second Circuit held that a chapter 11 proceeding did not prevent the right of shareholders to compel a shareholders' meeting for the purposes of electing a new board of directors. *See, Manville*, 801 F.2d at 63. The circuit noted that the shareholders' right to govern their corporation is a "prerogative ordinarily uncompromised by reorganization" and that the "law of this circuit directs that the shareholders' natural wish to participate in this matter of corporate governance be respected." *See id.* at 64.

*In re K.G. IM, LLC*, 620 B.R. 469, 482 (Bankr. S.D.N.Y. 2020).

Notably, under Section 23 of the OA the Member may amend the OA upon written consent, to provide that a future termination or revocation of Judge Cyganowski's appointment requires Bankruptcy Court approval based on an exercise of business judgment, and consistent with the Debtor's fiduciary obligations. Specifically, Section 9.4 of the OA provides that "each Member and Officer, pursuant to general principles of law, has a fiduciary duty to act reasonably in (or not opposed to) the best interests of the Company and the Members. Hence, under both bankruptcy and non-bankruptcy law, the Debtor is subject to fiduciary standards regarding the future status of Judge Cyganowski.

This leads back to the core premise that the Debtor's right to terminate or revoke Judge Cyganowski's appointment flows out of the OA, remains a matter of business judgment, and, therefore, is properly subject to Bankruptcy Court approval. Viewed in this light, the fact that a potential termination of Judge Cyganowski remains subject to Bankruptcy Court approval is consistent with the requirements of 11 U.S.C. §363(c) that any action taken outside of the ordinary of the course is subject to notice of creditors and an opportunity for a hearing. As the Second Circuit Court of Appeals has explained:

> Section 363(c)(1) of the Bankruptcy Code authorizes a debtor-in-possession to enter into transactions involving property of the estate within the ordinary course of business without notice or a hearing. However, where the transaction is outside

6

> the ordinary course of the debtor's business, the debtor may not "use, sell, or lease" estate property until creditors and other interested parties are given notice of the proposed transaction and the opportunity for a hearing if they object. 11 U.S.C. § 363(b)(1). "Section 363 is designed to strike [a] balance, allowing a business to continue its daily operations without excessive court or creditor oversight and protecting secured creditors and others from dissipation of the estate's assets." *In re Roth American,* 975 F.2d at 952 (quoting *In re H & S Transp. Co.,* 115 B.R. 592, 599 (M.D.Tenn.1990)) (alteration in original).

*In re Lavigne*, 114 F.3d 379, 384 (2d Cir. 1997).

The standard under Section 363 is the business judgment of the Debtor, whether the proposed action is a sale of all of the debtor's assets [*In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983)]; a sale of assets of a de minimis value [*In re Borders Grp., Inc.*, 453 B.R. 477 (Bankr. S.D.N.Y. 2011)]; or the termination of an insurance policy. *In re Lavigne*, 114 F.3d 384 (2d Cir. 1997).

The same rationale should apply to any future decision regarding Judge Cyganowski's tenure, which could arise in one of two ways, either: (a) the Debtor moves affirmatively before the Court to overrule or terminate Judge Cyganowski; or (b) the Debtor gives notice to the other parties of its intention to overrule or terminate Judge Cyganowski, whereupon the other parties have the right to seek to have the Bankruptcy Court determine whether such action is warranted, and if the Debtor is properly exercising its business judgment. In either event, the Debtor would seek Bankruptcy Court approval based on the OA. Indeed, the appointment of Judge Cyganowski is a proper adherence to its role of as a fiduciary, which guides any debtor-in-possession, as supported by the express terms of the OA. The UST's position effectively undermines the Debtor's right to fully control its own internal affairs. The standard should not be what the UST views as a proper exercise of business judgment, but what the Debtor believes is proper, after taking into consideration the competing claims and interests of its creditors.

7

**Conclusion**

For all of the reasons set forth throughout, the Settlement should approved and Judge Cyganowski should be appointed as SO, and the motion of the UST should be denied.

Dated: New York, New York
       May 24, 2021

                                  Goldberg Weprin Finkel Goldstein LLP
                                  *Attorneys for the Debtor*
                                  1501 Broadway, 22nd Floor
                                  New York, NY 10036
                                  (212) 221-5700

                                  By:    /s/ Kevin J. Nash, Esq.