UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                            Chapter 11

Genever Holdings LLC,                             Case No. 20-12411 (JLG)

                                    Debtor.
------------------------------------------------------------x

## ORDER APPROVING THE HIRING AND APPOINTMENT OF MELANIE L. CYGANOWSKI, ESQ. TO ACT AS THE SALES OFFICER FOR THE DEBTOR'S BANKRUPTCY ESTATE

This matter having come before the Court on the motion (the "**Motion**")[1] [ECF #72] of Genever Holdings LLC (the "**Debtor**"), seeking to hire and appoint Hon. Melanie L. Cyganowski (Ret.) ("**Judge Cyganowski**") as the Debtor's sales officer ("**Sales Officer**") in accordance with the terms of the engagement letter annexed to the Motion as Exhibit "A" (the "**Engagement Letter**"), based upon that certain agreement entered into as of February 26, 2021, between the Debtor, Bravo Luck Limited ("**Bravo Luck**"), and Pacific Alliance Asia Opportunity Fund L.P. ("**PAX**") as amended and restated on May __, 2021 (ECF #__) (the "Settlement **Agreement**"); and sufficient and proper notice of the Motion having been given; and a hearing having been held on May 11, 2021 and continued on May 13, 2021, and May 14, 2021; and sufficient cause having been shown for the proposed retention:

IT IS HERERBY ORDERED that:

    1.      The Motion is granted to the extent set forth herein.

    2.      Judge Cyganowski is hereby appointed and hired by the Debtor in accordance with the Engagement Letter and Settlement Agreement, pursuant to Sections 9.3 and 23 of the Debtor's Operating Agreement as the Debtor's employee and sales officer ("**SO**") solely to

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

control and oversee the sale of the Residence as provided under the Settlement Agreement and without subjecting Judge Cyganowski to any other duties or responsibilities.

3. The terms of the Engagement Letter, as modified by this Order, are reasonable terms and conditions of employment, and are hereby approved.

4. The Debtor is authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced for fees and expenses incurred in connection with Judge Cyganowski's role as SO and the Assisting Personnel's assistance of Judge Cyganowski in the role of SO.

5. The Debtor may only revoke or terminate the hiring and appointment of Judge Cyganowski pursuant to Order of the Bankruptcy Court.

6. The following other general limitations shall apply to Judge Cyganowski's hiring and appointment:

   a. Judge Cyganowski (and any agent and/or related entity) shall not act in any other capacity (for example, and without limitation, as a financial advisor, examiner, trustee or investor/acquirer) in connection with the above-captioned case;

   b. Solely upon written consent of the Debtor, Bravo Luck and PAX, the Debtor may seek to have Judge Cyganowski assume duties that are different than the functions envisioned in the Settlement Agreement, or to materially change the terms of the engagement; modifying the functions provided thereunder; adding new executive officers, or altering or expanding the scope of the engagement, which relief shall be sought by motion to modify the retention filed with the Court;

   c. No principal or employee associated with Judge Cyganowski shall serve as a director of the Debtor during the pendency of the above-captioned case;

   d. Judge Cyganowski shall file or cause to be filed with the Court and provide notice to parties having filed notices of appearance (the UST, Bravo Luck, and PAX) in this Chapter 11 case, reports of compensation earned and expenses incurred on a monthly basis;

    e. Judge Cyganowski, the Assisting Personnel and Otterbourg shall be entitled to advancement and indemnification by the Debtor's estate for all judgments, costs, and expenses, including reasonable legal fees (which shall be paid under the indemnity after Court approval as they arise), arising from or related to any and all claims of whatsoever type brought against any of them in their capacity as SO or her agent, except for gross negligence, willful misconduct, fraud, or breach of fiduciary duty determined by a final order no longer subject to appeal. Nothing herein shall limit the immunity of Judge Cyganowski, the Assisting Personnel or Otterbourg allowed by law or deprive any of them of indemnity for any act or omission for which they have immunity. Judge Cyganowski shall be provided with insurance coverage under the Debtor's liability policies; and

    f. In the event of death, incapacity, resignation, or removal, a replacement SO shall be selected through the same process as the initial selection of the SO in accordance with the Settlement Agreement and further order of the Court.

7. Neither Judge Cyganowski nor Otterbourg nor any of its employees shall make any investments in the Debtor or the Reorganized Debtor.

8. All compensation and reimbursement due to, and other rights of Judge Cyganowski and the Assisting Personnel in accordance with the Engagement Letter and Settlement Agreement as modified by this Order, including without limitation indemnification obligations, shall be treated and allowed (subject to the compensation review procedures identified in this Order) as administrative expenses in accordance with section 503 of the Bankruptcy Code and shall be paid in accordance with the Engagement Agreement.

9. Judge Cyganowski shall be compensated on an hourly basis predicated on a current billing rate of $1,400 per hour. Assisting Personnel shall be compensated on an hourly basis predicated on a current billing rate of $325 per hour for paralegals, $450 per hour for junior lawyers, and a range of $450 per hour to $850 per hour for senior lawyers.

10. In connection with any increases in Judge Cyganowski's or the Assisting Personnel's rates, Judge Cyganowski shall file a supplemental declaration with the Court and provide ten business days' notice to the U.S. Trustee prior to any increase in rates. The

3

6564681.1

supplemental declaration shall set forth the requested rate increases, explain the basis for the requested rate increase, and certify that the Debtor has consented to the requested rate increases.

11. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, NY
      May __, 2021

_____
UNITED STATES BANKRUPTCY JUDGE

6564681.1