| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------x<br>In re:<br><br>Genever Holdings LLC,<br><br>                            Debtor.<br>-----------------------------------------------------------x | Hearing Date and Time:<br>August 10, 2021 at 10:00 a.m.<br><br>Chapter 11<br><br>Case No. 20-12411 (JLG) |

### NOTICE OF HEARING ON DEBTOR'S MOTION TO THE FURTHER EXTEND THE EXCLUSIVE PERIODS TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES THERETO PURSUANT TO 11 U.S.C. §1121(d)(1)

**PLEASE TAKE NOTICE** that upon the annexed motion of Genever Holdings LLC (the "Debtor"), a hearing will be held before the Honorable James L. Garrity of the United States Bankruptcy Court for the Southern District of New York, via Court Solutions on August 10, 2021 at 10:00 a.m. to consider the Debtor's motion pursuant to 11 U.S.C. Section 1121(d)(1) for an order further extending the Debtor's exclusive period to file a plan of reorganization for sn additional sixty (60) days from July 12, 2021 until September 10, 2021, and the concomitant period in which to solicit acceptances for sixty (60) days thereafter, or to November 9, 2021, pursuant to 11 U.S.C. §1121(d)(1).

**PLEASE TAKE FURTHER NOTICE THAT** any party wishing to participate in and/or listen to the hearing can register through Court Solutions at www.court-solutions.com, in accordance with General Order M-543.

**PLEASE TAKE FURTHER NOTICE THAT** objections, if any, shall be filed in writing through the Clerk's ECF system, with two copies delivered to the Hon. James L. Garrity Jr. at the United States Bankruptcy Court for the Southern District of New York, Courtroom 601, One Bowling Green, New York, New York 10004, and a copy served upon the Debtor's counsel, Kevin J. Nash, Esq., Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 22nd Floor, New York, NY 10036, knash@gwfglaw.com, all so as to be received no later than August 3, 2021.

Dated: New York, NY
       July 12, 2021

                                            Goldberg Weprin Finkel Goldstein LLP
                                            Attorneys for the Debtor
                                            1501 Broadway, 22nd Floor
                                            New York, New York 10036
                                            (212) 221-5700

                                            By:    /s/ J. Ted Donovan, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                      Chapter 11

Genever Holdings LLC,                                        Case No. 20-12411-JLG

                        Debtor.
------------------------------------------------------------x

### MOTION FOR AN ORDER FURTHER EXTENDING THE DEBTOR'S EXCLUSIVE PERIODS TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES THERETO PURSUANT TO 11 U.S.C. §1121(d)(1)

**TO THE HONORABLE JAMES L. GARRITY, JR.,
UNITED STATES BANKRUPTCY JUDGE:**

The motion of Genever Holdings LLC (the "Debtor") by and through its counsel, Goldberg Weprin Finkel Goldstein LLP, for an order further extending the Debtor's exclusive period to file a plan of reorganization for an additional sixty (60) days from July 12, 2021 until September 10, 2021, and the concomitant period in which to solicit acceptances until sixty (60) days thereafter, or until November 9, 2021, pursuant to 11 U.S.C. §1121(d)(1), respectfully represents and shows this Court as follows:

### BACKGROUND

1. The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on October 12, 2020, and thereafter has continued in possession and management of its assets as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

2. The Debtor owns the entire 18th Floor Apartment and auxiliary units in the Sherry Netherland Hotel located at 781 Fifth Avenue, New York, NY 10022 (the "Residence").

3. The Debtor has reached an agreement with Pacific Alliance Pacific Alliance Asia Opportunity Fund L.P. ("PAX") and Bravo Luck Ltd. ("Bravo Luck") regarding a negotiated framework for the sale of the Residence pending disposition of litigation in New York and the

British Virgin Islands. This framework includes the retention of former Bankruptcy Judge Melanie Cyganowski as an independent Sales Officer to oversee the sale process. The U.S. Trustee has objected to the proposed agreement and retention. Following a series of hearings and additional briefing, the matter is *sub judice* with the Court.

4. With the commencement of the sale process still unresolved, the Debtor seeks to maintain the status quo, and is moving for a third extension of the exclusivity period for an additional sixty (60) days (without prejudice to future extensions) pursuant to Section 1121(d)(1) of the Bankruptcy Code.

### The Requested Extension Is Warranted Under The Circumstances

5. Section 1121(b) of the Bankruptcy Code provides a debtor with an initial exclusive period of 120 days after the commencement of its Chapter 11 case within which to propose and file a plan of reorganization. Once a plan is filed within the 120-day period, Section 1121(c)(3) grants the debtor 180 days after the order for relief, or an additional 60 days, to solicit and obtain acceptance of the plan.

6. Section 1121(d) provides that the Court may enlarge the 120-day and 180-day "exclusivity periods" in the Court's discretion and upon a showing of "cause", providing, in relevant part, as follows:

> (d) (1) . . . [o]n request of a party in interest made within the respective periods specified in subsection (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section. . . . .
>
> (2)(B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

7. The exclusive periods were provided by Congress to afford a full and fair opportunity for a debtor to propose a Chapter 11 plan and solicit acceptances of it, without the

2

disruption and deterioration of a debtor's business typically caused by the filing of competing plans. Congress also gave courts the ability to extend the exclusive periods under the Bankruptcy Code for cause, so as to allow flexibility in individual cases. See H.R.Rep. No. 95-595, at 232 (1977), reprinted in 1978 U.S. C.C.A.N. 5963, 6191.

8. While Section 1121(d)(1) of the Bankruptcy Code requires the bankruptcy court to find "cause" to extend a debtor's exclusivity period, it is clear from the legislative history of that section that the Bankruptcy Court is given broad flexibility in making such a determination so as to balance the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595, 95th Cong.; 2d Sess 221-222 (1978); *In re Perkins*, 71 B.R. 294 (W.D. Tenn. 1987) ("The hallmark of Section [1121(d)] is flexibility"). *In re Newark Airport/Hotel Ltd. P'ship.*, 156 B.R. 444, 451 (Bankr. D.N.J. 1993) [notice that Congress designed Chapter 11 provision to enable a debtor to remain in control for some period of time, thereby making reorganization an attractive alternative to financially troubled companies].

9. The determination of whether sufficient "cause" exists to grant an extension rests with the sound discretion of the court and should be based upon the facts and circumstances of each individual case. *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006), *clarified on denial of reconsideration,* No. 02-41729, 2006 WL 2927222 (Bankr. S.D.N.Y. Oct. 10, 2006) ["A decision to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court, and is fact-specific." (footnote omitted)]; *In re Borders Group, Inc.*, 460 B.R. 818 (Bankr. S.D.N.Y. 2011); *In re Texaco Inc.*, 76 B.R. 322 (Bankr. S.D.N.Y. 1987); *In re McLean Indus., Inc.*, 87 B.R. 830 (Bankr. S.D.N.Y. 1987).

10. In determining whether cause exists to extend exclusivity, the Court may consider a variety of factors including:

3

(a) the size and complexity of the case;
(b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
(c) the existence of good faith progress toward reorganization;
(d) the fact that the debtor is paying its bills as they become due;
(e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
(f) whether the debtor has made progress in negotiations with its creditors;
(g) the amount of time which has elapsed in the case;
(h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
(i) whether an unresolved contingency exists.

*In re Adelphia, supra*, 352 B.R. at 587, *In re Borders, supra*, 460 at 821-822; *In re McLean Indus.*, 87 B.R. 830 (Bankr. S.D.N.Y. 1987).

11. Importantly, although such factors are helpful, they serve only as a guide and not as required standards for courts to use when determining whether an extension of the exclusive periods should be granted in a particular case. *In re R&G Properties, Inc.*, 2009 WL 269696 (Bankr. Vt. 2009). Indeed, not all factors are applicable in each case. Thus, "[n]otwithstanding the frequently-cited nine-factor test, the court has a 'high degree of flexibility' in designing the appropriate test for each case and 'is not required to apply any particular set of factors, or number of factors, in every case." *In re Sportsman's Link, Inc.*, No. 07-10454, 2007 WL 7023830, at *2 (Bankr. S.D. Ga. Dec. 3, 2007) (*quoting, In re The Elder Beerman Stores Corporation*, 1997 No. C-3-97-175, 1997 WL 1774880, at *4 (S.D. Ohio June 23, 1997)). "[M]any courts have chosen to rely upon relatively few factors – albeit different ones – to determine whether the necessary cause exists to alter the statutory time period set forth in 11 U.S.C. § 1121 . . . . Furthermore, it appears that the choice of pertinent factors depends largely upon the factual nature of the case before the court." *In re The Elder Beerman Stores Corporation, supra*, 1997 WL 1774880, at *4. *See also In re R & G Properties, Inc.*, No. 08-10876, 2009 WL 269696, at *1 (Bankr. D. Vt. Jan. 28, 2009); *In re Hoffinger Indus., Inc.*, 292 B.R. 639, 644 (8th Cir. BAP 2003).

4

12. Often, "the primary consideration should be whether or not doing so [extending an exclusive period] would facilitate moving the case forward. And that is a practical call that can override a mere toting up of the factors." *In re Adelphia, supra*, 352 B.R. at 590 (*citing, In re Dow Corning Corp.*, 208 B.R. 661, 670 (Bankr. E.D. Mich. 1997)).

13. Here, the relevant *Adelphia* factors favor the request for a further extension of exclusivity since the marketing of the Residence presents unique challenges. The Debtor has been worked diligently with PAX and Bravo Luck on comprehensive sale framework that is designed to promote a transparent and coordinated marketing effort under the stewardship of Melanie Cyganowski, Esq. as the duly appointed Sales Officer. Since any plan will be funded by the proceeds of the sale, the Debtor cannot formulate a plan until the sale process has at least been implemented, and perhaps not until it is concluded, so that there is a better understanding of the potential recovery from the sale.

14. While the Debtor had hoped that the sale process would be underway by this time, the U.S. Trustee has raised substantive issues which are before the Court for resolution. The Debtor submits that the requested sixty (60) day extension represents a reasonable period of time, as it is long enough that the final resolution of the U.S. Trustee's objection to the settlement should be obtained in the interim, but not so long as to prejudice creditors.

15. In the meantime, maintaining exclusivity will add to the overall stability of the Chapter 11 case. Accordingly, cause thereby exists to grant the requested extension.

**WHEREFORE,** the Debtor respectfully requests entry of an Order consistent with the foregoing, together with such other and further relief as is just and proper.

Dated: New York, New York
July 12, 2021

        Goldberg Weprin Finkel Goldstein LLP
        *Attorneys for the Debtor*
        1501 Broadway, 22nd Floor
        New York, NY 10036
        (212) 221-5700

        By:   /s/ J. Ted Donovan, Esq.