Hearing Date and Time: August 10, 2021 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: August 3, 2021 at 4:00 p.m. (prevailing Eastern Time)

O'MELVENY & MYERS LLP
Stuart Sarnoff
Edward Moss
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2224
Email: ssarnoff@omm.com
      emoss@omm.com

-and-

MAYER BROWN LLP
Douglas E. Spelfogel
Derek Wright
1221 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 506-2151
Facsimile: (212) 849-5973
Email: dspelfogel@mayerbrown.com
      dwright@mayerbrown.com

*Attorneys for Pacific Alliance Asia Opportunity Fund L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GENEVER HOLDINGS LLC,<br><br>            Debtor. | Chapter 11<br><br>Case No. 20-12411 (JLG) |

**LIMITED OBJECTION OF PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P. TO DEBTOR'S APPLICATION TO EXTEND EXCLUSIVITY AND REQUEST FOR STATUS CONFERENCE**

742874583.1

Pacific Alliance Asia Opportunity Fund L.P. ("PAX"), by its undersigned attorneys, hereby files its limited objection to the Debtor's motion (the "Extension Motion") to extend exclusivity [ECF 111], and requests the Court set a status conference to address certain open and pending matters in the Chapter 11 Case that will significantly impact the proceedings going forward. In support of same PAX respectfully states as follows:

1. PAX is the largest creditor in this Chapter 11 case, with a claim in excess of $116 million, arising out of a judgment entered against Miles Kwok ("Kwok"), the controlling party of his alter ego, the Debtor.

2. This is a single asset case in which the Debtor's sole asset is a luxury residence in the Sherry-Netherland in New York City, which was purchased by the Debtor (through Kwok) in 2015 for approximately $70 million (the "Residence"). PAX asserts a claim against the Debtor, and an interest in the Residence, based on the fact that the Debtor is Kwok's alter ego.

3. On December 16, 2020, PAX filed the Motion to Lift Stay [Dkt. 12] alleging, among other things, that the Debtor's Petition was filed in bad faith in order to further a scheme to defraud PAX and avoid its enforcement efforts against Kwok and the Residence. The Motion to Lift Stay also sought relief to permit PAX to continue certain state court litigation outside of the Bankruptcy Court.

4. On January 8, 2021, PAX filed the Conversion Motion [Dkt. 28 and 35] seeking to convert the Chapter 11 case to a Chapter 7 or alternatively, for an order appointing a Chapter 11 trustee.[1] Through the Conversion Motion, PAX argued, among other things, that the Debtor suffered from conflicts of interest and could not be trusted to satisfy its fiduciary duties as the debtor-in-possession. In particular, PAX filed the Motion to ensure that the Residence would be

---

[1] PAX's Motion to Lift Stay and the Conversion Motion are collectively referred to herein as the "Motions".

742874583.1

properly preserved and its value maximized, whether through a sale or otherwise.

5. The Sherry-Netherland joined the Conversion Motion [Dkt. 45]. The Debtor and Bravo Luck opposed both Motions [Dkt. 44].

6. Following extended, arm's-length negotiations by and among, the Debtor, PAX, Bravo Luck and the Sherry-Netherland – representing each purported major stakeholder and party-in-interest in this Chapter 11 case[2] – the parties reached a global settlement of the Motions and all related issues in this Chapter 11 case. The global settlement is memorialized in a settlement agreement dated February 26, 2021 between the Debtor, PAX and Bravo Luck, with express approval by the Sherry-Netherland (as amended, the "Settlement Agreement"). The Settlement Agreement included an agreed sales process to preserve, protect and maximize the value of the Residence and for the consensual modification of the automatic stay to proceed and adjudicate non-core claims in New York and the BVI.

7. Notwithstanding the agreement among the stakeholders, the United States Trustee (the "UST") objected to the Settlement Agreement. Thereafter, despite the parties' repeated efforts to revise the Settlement Agreement to address the UST's purported concerns, the UST maintained its objections and on March 22, 2021, filed its Motion for an Order Directing the Appointment of a Chapter 11 Trustee Pursuant to Section 1104 of the Bankruptcy Code [Dkt. 64] (the "Trustee Motion" and together with the motion to approve the Settlement Agreement, the "Pending Motions"). The Pending Motions were fully briefed as of May 28, 2021 and the matters are under submission with the Court.

---

[2] It is PAX's position that Bravo Luck is not a legitimate stakeholder, but that issue is not now before the Court.

8.    The outcome of the Pending Motions will greatly impact the proceedings in both this Chapter 11 Case and the related non-bankruptcy proceedings.  First and foremost, if the Settlement Agreement is approved as submitted to the Court, the sale process may begin in order to liquidate the Residence for the benefit of creditors.  Conversely, if the Settlement Agreement is not approved as submitted, PAX has reserved its right to move to dismiss the Chapter 11 Case, and/or renew its previously filed motions to lift stay to proceed in the State Court Action [Dkt. No. 12] and convert this Chapter 11 Case to a case under Chapter 7 [Dkt. No. 28 and 35], which would otherwise have been resolved through the Settlement Agreement.

9.    PAX is concerned that the window for achieving the stated purpose of the Settlement is closing.  The Settlement Agreement contemplated a 180-day period to market and sell the Residence, with time being of the essence.  The prime selling market in a resurgent New York City real estate market may be fleeting with the rise of the Covid-19 Delta Variant, PAX fears that if the Settlement Agreement as submitted is not promptly approved, the sole asset will further deteriorate in value.  Indeed, PAX's forbearance to date has been due to the apparent consensus among all of the major purported stakeholders regarding the orderly sale of the Residence, as well as the resolution of the PAX Motions.

10.    In addition, the prior status conferences in this case have been marked off calendar.  However, given the timing concerns noted above, and that the Debtor hasn't appeared at a status conference in approximately two months, PAX respectfully requests that the Court set a case conference to discuss the Debtors' Exclusivity Motion, PAX's pending Motions, the Settlement Agreement, or such other matters as the Court directs.

3

11. With respect to the Debtor's motion to extend exclusivity, the motion – now the Debtor's third such request – states that a plan cannot be filed until the sale process has been implemented and/or concluded. Such blanket statement contradicts representations made to PAX that the Debtor would propose as an alternative to the settlement, a plan that would seek to consummate the parties' Settlement Agreement. While PAX reserves its right to review and/or object to any such plan, it is difficult to understand why a liquidating plan cannot be filed immediately, given that the instant Chapter 11 is a single asset case, the debtor has no operations, employees or other business, and a primary stated purpose of the filing was the sale and monetization of the apartment as the sole asset.

12. In any event, PAX submits that should the Court grant an extension of exclusivity, any such extension should be deemed final, and that PAX may file its own plan in the event that the Debtor is unable or unwilling to do so (and the case is not dismissed or converted).

For all of the reasons stated above PAX submits that (i) the Motion to Extend Exclusivity be either denied or deemed a final extension; (ii) that the Court hold a status conference with respect to the timing and process to address the pending Motions, Settlement, and related matters as provided above; and (iii) grant such other and further relief as the Court may deem just and proper.

Dated: August 3, 2021  Respectfully submitted,
New York, New York

**O'MELVENY & MYERS LLP**

    */s/ Edward Moss*
By: Edward Moss
    Stuart Sarnoff
    7 Times Square
    New York, NY 10036
    Telephone: (212) 326-2000
    Email: emoss@omm.com
        ssarnoff@omm.com

-and-

**MAYER BROWN LLP**

    */s/ Douglas Spelfogel*
By: Douglas E. Spelfogel
    Derek Wright
    1221 Avenue of the Americas
    New York, NY 10020
    Telephone: (212) 506-2151
    Facsimile: (212) 849-5973
    Email:   dspelfogel@mayerbrown.com
        dwright@mayerbrown.com
*Attorneys for Pacific Alliance Asia Opportunity Fund L.P.*

742874583.1