UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                      Chapter 11

Genever Holdings LLC,                                       Case No. 20-12411-JLG

                                Debtor.
------------------------------------------------------------x

## MOTION FOR A FINAL EXTENSION OF THE DEBTOR'S EXCLUSIVE PERIODS TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES THERETO PURSUANT TO 11 U.S.C. §1121(d)(1)

**TO THE HONORABLE JAMES L. GARRITY, JR.,
UNITED STATES BANKRUPTCY JUDGE:**

The motion of Genever Holdings LLC (the "Debtor"), by and through its counsel, Goldberg Weprin Finkel Goldstein LLP, for an order granting a final extension of the Debtor's exclusive period to file a plan of reorganization for a total of thirty (30) days from September 10, 2021 until October 9, 2021 (including a requested bridge period through September 22, 2021) and a concomitant extension in which to solicit acceptances until sixty (60) days thereafter, pursuant to 11 U.S.C. §1121(d)(1), respectfully represents and shows this Court as follows:

### BACKGROUND

1. The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on October 12, 2020, and thereafter has continued in possession and management of its assets as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

2. The Debtor owns the entire 18th Floor Apartment and auxiliary units in the Sherry Netherland Hotel located at 781 Fifth Avenue, New York, NY 10022 (the "Residence").

3. The Debtor reached a proposed settlement with Pacific Alliance Asia Opportunity Fund L.P. ("PAX") and Bravo Luck Ltd. ("Bravo Luck") establishing, *inter alia*, a negotiated framework for the sale of the Residence under the stewardship of a Sale Officer to be

employed by the Debtor. The parties agreed upon the selection of Melanie Cyganowski, Esq., to serve in this capacity, and the Debtor moved for approval of the proposed settlement and the retention of Melanie Cyganowski, Esq. as the Sale Officer (*See*, ECF Nos. 62 and 72).

4. The Office of the U.S. Trustee filed its own motion for the appointment of an operating trustee (ECF No. 64), and objected to both motions (ECF Nos. 94 and 103). Thereafter, the parties briefed a number of issues in connection therewith (*See*, ECF Nos 76, 81, 83, 95, 96, 97, 99, 104, 105 and 106).

5. On September 1, 2021, this Court issued a comprehensive decision relating to the Debtor's motions, finding (i) that the settlement comfortably fell within the range of reasonableness, and was in the best interests of the Debtor's estate; and (ii) that the Debtor had the right under state law to amend its operating agreement to appoint the Sale Officer.

6. The Bankruptcy Court, however, found issues with Ms. Cyganowski providing any legal advice to the Debtor or utilizing personnel at her firm (Otterbourg P.C.) without retention under 11 U.S.C. §327. Accordingly, the Bankruptcy Court did not approve the motions on this basis. In the main, however, the proposed settlement appeared acceptable to the Court for purposes of Bankruptcy Rule 9019. The parties appeared before the Court at a conference on September 2, 2021, at which time it was the consensus of the settling parties to revise the retention of the Sale Officer to attempt to address the Court's concerns.

7. In the meanwhile, the Court extended exclusivity until September 10, 2021, and scheduled a follow-up conference for September 22, 2021 to afford the parties an opportunity to potentially resolve remaining issues with the U.S. Trustee and consider a further extension of exclusivity.

8. By the next conference on September 22, 2021, the Debtor intends to have on file a revised settlement agreement and a revised retention application for Ms. Cyganowski, which the Debtor hopes will pass muster with the U.S. Trustee. The Debtor also intends to file a plan of reorganization shortly thereafter, and is moving for a final extension of exclusivity for a relatively short time until October 9, 2021.

**The Requested Final Extension Is Warranted Under All Of The Circumstances**

9. Section 1121(d) provides that the Court may enlarge the 120-day and 180-day "exclusivity periods" in the Court's discretion and upon a showing of "cause", providing, in relevant part, as follows:

> (d) (1) . . . [o]n request of a party in interest made within the respective periods specified in subsection (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section. . . . .
>
> (2)(B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

10. Given the confluence of recent events, the Debtor believes that it is close to implementing a consensual sale process (albeit, subject to certain modifications) and will then pursue confirmation of a formal plan of reorganization to effectuate an anticipated sale of the Residence. The Debtor and PAX discussed the prospect of fixing a deadline for the filing of a plan and the Debtor will seek PAX's and Bravo Luck's consent to a final extension. Even without such consent, however, the Debtor submits that a final extension is warranted to provide a necessary window to revise the settlement papers and craft an appropriate plan consistent therewith. Under the totality of the circumstances presented by this case (including the legal complexities posed by the settlement) cause exists to warrant a final extension under applicable criteria in furtherance of the broad flexibility given to the Court in making such a determination under Section 1121 (d).

3

11. The determination of whether sufficient "cause" exists to grant an extension rest with the sound discretion of the court and should be based upon the facts and circumstances of each individual case. *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006), *clarified on denial of reconsideration,* No. 02-41729, 2006 WL 2927222 (Bankr. S.D.N.Y. Oct. 10, 2006) ["A decision to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court, and is fact-specific." (footnote omitted)]; *In re Borders Group, Inc.*, 460 B.R. 818 (Bankr. S.D.N.Y. 2011); *In re Texaco Inc.*, 76 B.R. 322 (Bankr. S.D.N.Y. 1987); *In re McLean Indus., Inc.*, 87 B.R. 830 (Bankr. S.D.N.Y. 1987).

12. In determining whether cause exists to extend exclusivity, the Court may consider a variety of factors including:

    (a)    the size and complexity of the case;
    (b)    the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
    (c)    the existence of good faith progress toward reorganization;
    (d)    the fact that the debtor is paying its bills as they become due;
    (e)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;
    (f)    whether the debtor has made progress in negotiations with its creditors;
    (g)    the amount of time which has elapsed in the case;
    (h)    whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
    (i)    whether an unresolved contingency exists.

*In re Adelphia, supra*, 352 B.R. at 587, *In re Borders, supra*, 460 at 821-822; *In re McLean Indus.*, 87 B.R. 830 (Bankr. S.D.N.Y. 1987). Often, "the primary consideration should be whether or not doing so [extending an exclusive period] would facilitate moving the case forward. And that is a practical call that can override a mere toting up of the factors." *In re Adelphia, supra*, 352 B.R. at 590 (*citing, In re Dow Corning Corp.*, 208 B.R. 661, 670 (Bankr. E.D. Mich. 1997)).

13. Here, the relevant *Adelphia* factors favor the request for a final extension of exclusivity for all of the reasons set forth above. Indeed, the Debtor has been working diligently

with PAX and Bravo Luck to obtain approval of a comprehensive sale framework that is designed to promote a transparent and coordinated marketing effort. With these goals now on the horizon, a plan will follow in relatively short order and the *status quo* should be maintained insofar as exclusivity is concerned at least in the short-term.

**WHEREFORE,** the Debtor respectfully requests entry of an Order consistent with the foregoing, together with such other and further relief as is just and proper.

Dated:   New York, New York
         September 9, 2021

                                            Goldberg Weprin Finkel Goldstein LLP
                                            *Attorneys for the Debtor*
                                            1501 Broadway, 22nd Floor
                                            New York, NY 10036
                                            (212) 221-5700

                                            By:   /s/ Kevin J. Nash, Esq.