UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                              Chapter 11

Genever Holdings LLC,                              Case No. 20-12411 (JLG)

                                   Debtor.
---------------------------------------------------------x

**DEBTOR'S OMNIBUS SECOND RENEWED MOTION (i) TO APPROVE SECOND AMENDED AND RESTATED SETTLEMENT WITH BRAVO LUCK AND PAX; AND (ii) TO HIRE MELANIE L. CYGANOWSKI AS AN EMPLOYEE ONLY TO ACT AS THE SALES OFFICER FOR THE DEBTOR'S BANKRUPTCY ESTATE**

Genever Holdings LLC (the "Debtor"), as and for its omnibus and second renewed motion (the "Renewed Motion") (i) seeking approval pursuant to Bankruptcy Rule 9019(a) of the Second Amended and Restated Settlement with Pacific Alliance Asia Opportunity Fund L.P. ("PAX") and Bravo Luck Limited ("Bravo Luck"), a copy of which is annexed hereto as Exhibit "A" (the "Revised Settlement"); and (ii) to hire Melanie L. Cyganowski ("Ms. Cyganowski") as an employee only to act as the Sales Officer for the Debtor's Bankruptcy Estate pursuant to 11 U.S.C. §§ 105 and 363 in accordance with the attached revised Employment Letter annexed hereto as Exhibit "B" and pursuant to the respective pre-fixed revised Orders approving the Revised Settlement and the corresponding hiring of Ms. Cyganowski, which are being separately noticed for presentment, represents and shows this Court as follows:

**Background**

1.  The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on October 12, 2020 and thereafter has continued in possession and management of its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

1

2. The Debtor's chief asset consists of the 18th floor apartment and auxiliary units in the Sherry Netherland Hotel located at 781 Fifth Avenue, New York, New York 10022 (collectively, the "Residence").

3. The Debtor reached a proposed settlement with Pacific Alliance Asia Opportunity Fund L.P. ("PAX") and Bravo Luck Ltd. ("Bravo Luck") establishing, *inter alia*, a negotiated framework for the sale of the Residence under the stewardship of a Sales Officer to be employed by the Debtor. The parties agreed upon the selection of Melanie Cyganowski to serve in this capacity, and the Debtor previously moved for Bankruptcy Court approval of the proposed settlement and the retention of Melanie Cyganowski as the Sales Officer (*See*, ECF Nos. 62 and 72).

4. The Office of the U.S. Trustee objected to both motions (ECF Nos. 94 and 103). Thereafter, the parties briefed a number of issues in connection therewith (*See*, ECF Nos. 76, 81, 83, 95, 96, 97, 99, 104, 105 and 106).

5. On September 1, 2021, the Bankruptcy Court issued a comprehensive decision (the "September 1, 2021 Decision") relating to the Debtor's motions, finding (i) that the settlement comfortably fell within the range of reasonableness and was in the best interests of the Debtor's estate; (ii) that the Debtor had the right under state law to amend its operating agreement to appoint the Sales Officer; and (iii) that the Debtor had the right to employ Ms. Cyganowski as Sales Officer.

6. The Bankruptcy Court, however, found certain issues with Ms. Cyganowski providing any legal advice to the Debtor or utilizing personnel at her firm (Otterbourg P.C.) to assist her without retention of the firm under 11 U.S.C. §327. Accordingly, the Bankruptcy Court initially did not approve either of the motions on this basis. In the main, however, the proposed settlement appeared acceptable to the Court for purposes of Bankruptcy Rule 9019.

7. Following receipt of the September 1, 2021 Decision, the Settling Parties have modified the proposed retention of Ms. Cyganowski to address the foregoing, essentially as follows:

- Ms. Cyganowski shall be hired strictly as an employee of the Debtor and shall not provide any legal advice or counsel to the Debtor.

- The Debtor shall not retain the Otterbourg P.C. law firm to assist Ms. Cyganowski or otherwise.

8. Based upon these modifications, the Settling Parties hereby seek to renew the Debtor's motion for approval of the Revised Settlement with the same corresponding modifications relating to the hiring of Ms. Cyganowski. The Revised Settlement continues to provide an agreed framework for the sale of the Residence under the stewardship of the Sales Officer, who shall direct the sale and marketing process based upon her status as an employee of the Debtor. The Revised Settlement is substantially identical to the prior version of the settlement agreement, but has been modified to remove the provisions outlined in Paragraph 7 above regarding Ms. Cyganowski's status as an employee; (i) that the Otterbourg firm shall not be retained; and (ii) Ms. Cyganowski shall not provide legal advice to the Debtor. Also there were clarifications made regarding the structure of Ms. Cyganowski's indemnity and compensation, plus other non-substantive clean-up. Accordingly, the Debtor has obtained the agreement of the Settling Parties and the Office of the U.S. Trustee to the revised terms, and submits that the Revised Settlement should now be approved by the Court.

### Renewed Retention of Ms. Cyganowski

9. Ms. Cyganowski is a highly respected and experienced person who can bring a sense of stability and confidence to the position of Sales Officer. Indeed, there is unanimous agreement among the parties that Ms. Cyganowski is an ideal candidate, as her experience and judgment are beyond reproach.

## Scope of Services

10.   In keeping with the Court's September 1, 2021 Decision, Ms. Cyganowski will perform the following services as more particular detailed in the renewed settlement agreement solely as an employee of the Debtor[1]:

   a. Ms. Cyganowski shall oversee the sale of the Residence through a conventional bankruptcy-type sale process for the Debtor in consultation with Bravo Luck and PAX. Ms. Cyganowski is not a chapter 11 trustee or examiner and is being hired strictly as an employee of the Debtor and Ms. Cyganowski will not render any legal advice or counsel.

   b. Ms. Cyganowski shall select the real estate broker ("Broker") on behalf of the Debtor, subject to the right of Bravo and PAX to object. The broker shall have expertise selling luxury residential Manhattan real estate and employed by the Debtor's Bankruptcy Estate. Bravo Luck and PAX shall be allowed to recommend and interview parties to fill the role of Broker in conjunction with Ms. Cyganowski.

   c. Ms. Cyganowski shall also oversee the establishment of a marketing program and sales procedures for the Debtor that are designed to maximize value of the Residence. Procedures and the ultimate approval of any sale shall be subject to further application to the Court to be filed by the Debtor's counsel.

11.   In sum, Ms. Cyganowski is being hired as an employee and designated sale officer to lead the Debtor's efforts to sell the Residence with delineated functions as set forth in the Renewed Settlement Agreement.

## Ms. Cyganowski's Disinterestedness

12.   Although the hiring of Ms. Cyganowski is being done under 11 U.S.C. § 363, she has no disqualifying relationships involving any creditors or parties in interest, and otherwise qualifies as a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code to the extent applicable.

13.   To the best of the Debtor's knowledge, information, and belief, Ms. Cyganowski: (a) has no prior or current connection with the Debtor, its creditors, any member of the Kwok

4

family, or other parties in interest; and (b) does not hold any interest adverse to the Debtor, the Debtor's estate, PAX or Bravo Luck.

### Terms of Compensation

14. As set forth in the renewed Employment Letter, Ms. Cyganowski has requested and will be paid on an hourly basis predicated on a current billing rate of $1,400 per hour. Ms. Cyganowski has agreed that her compensation shall be paid from the sale proceeds generated from the sale of the Residence, and the Debtor shall seek authorization to pay her fees and expense in connection with a future application to sell the Residence. Pending a sale of the Residence, Ms. Cyganowski shall accrue her fees and expenses as an administrative expense claim.

### Basis for Granting Application to Hire Ms. Cyganowski

15. The legal predicates for Ms. Cyganowski's hiring have already been extensively briefed and analyzed in this Court's September 1, 2021 Decision. Essentially, the Debtor's authority to hire Ms. Cyganowski flows from the Debtor's ability to sell the Residence pursuant to Section 363 of the Bankruptcy Code. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under Section 363(b), courts require only that the debtor "show that a sound business purpose justifies such actions." *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (internal citations omitted); *see also In re Elpida Memory, Inc.*, No. 12-10947 (CSS), 2012 WL 6090194, at *5 (Bankr. D. Del. Nov. 20, 2012) (noting that it is "well-settled" that a debtor may use its assets outside the ordinary course where such use "represents the sound exercise of

---

[1] The Court is respectfully referred to the renewed settlement agreement for a complete recitation of the terms.

business judgment"); *In re Phoenix Steel Corp.,* 82 B.R. 334, 335-36 (Bankr. D. Del. 1987) (stating that judicial approval under Section 363 of the Bankruptcy Code requires a showing that the proposed action is fair and equitable, in good faith, and supported by a good business reason). Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) (stating that "[o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean task").

16. The decision to hire Ms. Cyganowski, having been made with the approval of the Debtor's major creditors, should be approved and authorized because it is based on a sound exercise of the Debtor's business judgment, and her employment is in the best interest of the Debtor's estate and creditors consistent with the Revised Settlement.

### The Revised Settlement and Revised Order Approving the Debtor's Hiring of Ms. Cyganowski Should Each Be Approved

17. This Court previously found in its September 1, 2021 decision that the initial settlement was reasonable and met the *Iridium* factors for approval of settlements. As the Court stated:

> The sixth Iridium Factor is not relevant to this matter. The Settlement Agreement falls comfortably within the scope of the remaining factors . . . The Court finds that the Settlement Agreement is fair and equitable and is in the best interests of the Debtor's estate and creditors.

18. However, as noted, the Court declined to approve the settlement because of its concerns relating to Ms. Cyganowski's retention. Since the Revised Settlement fully addresses these concerns, as detailed above, the Debtor respectfully submits that the Revised Settlement should now be approved, together with Ms. Cyganowski's employment.

19. The final terms of the Revised Settlement (including the revised terms relating to hiring of Ms. Cyganowski) have been reviewed with the Office of the U.S. Trustee and all objections have been resolved. Accordingly, the Debtor is seeking Bankruptcy Court approval of these motions based upon a Notice of Presentment as authorized during the hearing on September 22, 2021. Any other creditor or party in interest having an objection may file the same prior to the presentment date, which then will be heard on October 20, 2021

WHEREFORE, the Debtor respectfully prays for the entry of the pre-fixed Orders.

Dated: New York, New York
September 24, 2021

>GOLDBERG WEPRIN FINKEL
>GOLDSTEIN LLP
>Attorney for the Debtor
>1501 Broadway, 22nd Floor
>New York, New York 10036
>(212) 221-5700
>
>By:    /s/ Kevin J. Nash, Esq.