UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                    Chapter 11

Genever Holdings LLC,                                     Case No. 20-12411 (JLG)

                        Debtor.
---------------------------------------------------------x

### ORDER GRANTING DEBTOR'S SECOND RENEWED MOTION TO APPROVE THE REVISED SETTLEMENT AGREEMENT

Upon the Debtor's renewed motion (ECF No 131) (the "**Renewed Motion**") of Genever Holdings LLC, (the "**Debtor**") seeking approval of a certain settlement agreement between the Debtor, Pacific Alliance Asia Opportunity Fund L.P. ("**PAX**") and Bravo Luck Limited ("**Bravo Luck**") (ECF No. 62); and upon the opposition to the Renewed Motion filed by the Office of the U.S. Trustee via a motion for the appointment of an Operating Chapter 11 Trustee (ECF No. 64) (the "**UST Opposition**"); and upon the supplemental responses filed by the Debtor, PAX and Bravo Luck relating to the UST Opposition (ECF Nos. 76, 81, 83, 95, 96, 97, 99, 104, 105 and 106); and a series of hearings having been held before the undersigned; and upon the record compiled at these hearings; and the Court having considered the UST Opposition; and upon the September 1, 2021, decision (the "September 1, 2021 Decision") in which the undersigned determined that the Restated Settlement meets the standards of reasonableness and is supported by the creditors and major stakeholders in the Chapter 11 case, but denied the Renewed Motion due to issues relating to certain aspects of the proposed retention of Melanie L. Cyganowski, Esq. and her firm, Otterbourg, P.C.; and, thereafter, the Settling Parties having agreed to the Second Amended and Revised Settlement Agreement between the Debtor, PAX and Bravo Luck (the "**Revised Settlement Agreement**") which addresses the concerns raised by the Court in its September 1, 2021 Decision as well as the objections of the U.S. Trustee, which no longer has any objections to the Revised

1

Settlement Agreement and the terms of Melanie L. Cyganowski's employment as Sale Officer for the Debtor; and the Court having agreed to consider final approval of the Renewed Settlement by Notice of Presentment; and based upon the entirety of the record compiled at the various hearings; and good cause appearing therefor; it is hereby

ORDERED as follows:

1. The Renewed Settlement Motion is granted as set forth herein.

2. The Revised Settlement Agreement is approved in all respects and shall become effective immediately upon the entry of this Order.

3. The Debtor's proposed employment of Melanie L. Cyganowski as Sale Officer shall be approved by separate Order to be notices and entered simultaneously herewith.

4. The UST Motion seeking the appointment of an Operating Trustee is adjourned *sine die*.

5. Stay relief is granted to allow PAX to prosecute, and the Debtor to defend, the state court action currently pending in the New York Supreme Court under Docket No. 652077/2017 (the "**State Court Action**"), with the stay to otherwise remain in place for all other purposes, including relating to enforcement or collection of any judgment entered against the Debtor in the State Court Action, pending further order of the Bankruptcy Court upon further notice to all Parties.

6. The Lift Stay Motion and Conversion Motion filed by PAX are withdrawn as mooted by the approval of the Revised Settlement Agreement.

Dated: New York, New York
      October \_\_, 2021

                                                  _____
                                                  Hon. James L. Garrity, Jr.