UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                    Chapter 11

Genever Holdings LLC,                                      Case No. 20-12411 (JLG)

                                    Debtor.
-----------------------------------------------------------x

## REVISED ORDER APPROVING THE HIRING OF
## MELANIE L. CYGANOWSKI AS AN EMPLOYEE ONLY TO ACT AS THE
## SALES OFFICER FOR THE DEBTOR'S BANKRUPTCY ESTATE

This matter having come before the Court on a second revised motion (the "**Revised Motion**")[1] [ECF #131] of Genever Holdings LLC (the "**Debtor**") following issuance of this Court's decision dated September 1, 2021, seeking to hire and appoint Hon. Melanie L. Cyganowski (Ret.) ("**Ms. Cyganowski**") as the Debtor's sales officer in accordance with the terms of the revised engagement letter annexed to the Revised Motion as Exhibit "B" (the "**Revised Engagement Letter**"), pursuant to the Revised Settlement Agreement entered into as of September 24, 2021, between the Debtor, Bravo Luck Limited ("**Bravo Luck**"), and Pacific Alliance Asia Opportunity Fund L.P. ("**PAX**") (the "**Revised Settlement Agreement**"); and sufficient and proper notice of the Revised Motion having been given as per the hearing held on September 22, 2021 at which time the Court authorized the Debtor to serve this Revised Order by means of Notice of Presentment and further authorized the Debtor to seek authorization to pay Ms. Cyganowski in connection with the application to approve the sale of the Residence; and sufficient cause having been shown for the proposed retention:

IT IS HEREBY ORDERED that:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term in the Revised Motion.

1

1. The Revised Motion is granted to the extent set forth herein.

2. Ms. Cyganowski is hereby appointed and hired by the Debtor in accordance with the Revised Engagement Letter and Revised Settlement Agreement, pursuant to Sections 9.3 and 23 of the Debtor's Operating Agreement as the Debtor's employee and sales officer ("**SO**") solely to control and oversee the sale of the Residence as provided under the Revised Settlement Agreement and without subjecting Ms. Cyganowski to any other duties or responsibilities.

3. The terms of the Revised Engagement Letter are reasonable terms and conditions of employment, and are hereby approved.

4. The Debtor shall also be permitted to seek authority to pay Ms. Cyganowski her fees and expenses as the Debtor's SO in connection with a future application to approve the sale of the Residence.

5. Ms. Cyganowski shall not provide any legal advice to the Debtor, and the firm of Otterbourg P.C. is not being retained. As an employee of the Debtor, Ms. Cyganowski shall be eligible to receive indemnification from the Debtor's estate in like manner as provided to the Debtor's other officers and manager(s) under the respective corporate bylaws and applicable state law.

6. The Debtor may only revoke or terminate the hiring and appointment of Ms. Cyganowski pursuant to Order of the Bankruptcy Court.

7. The following other general limitations shall apply to Ms. Cyganowski's hiring:

   a. Ms. Cyganowski shall not act in any other capacity (for example, and without limitation, as a lawyer, counsel, financial advisor, examiner, trustee or investor/acquirer) in connection with the above-captioned case;

   b. Solely upon written consent of the Debtor, Bravo Luck and PAX, and on notice to the Office of the U.S. Trustee with an opportunity to object, the Debtor may seek to have Ms. Cyganowski assume duties that are different than the functions provided herein, or to expand into other areas; modifying

      the functions provided thereunder; adding new executive officers, or altering or expanding the scope of the engagement, which relief shall be sought by motion to modify the retention filed with the Court (except neither Ms. Cyganowski nor Otterbourg P.C. shall provide legal services to the Debtor);

    c.    Ms. Cyganowski shall not serve as a director of the Debtor during the pendency of the above-captioned case;

    d.    The Debtor shall file periodically from time to time and at least twenty (20) days in advance of any payment hereunder, with the Court and provide notice to parties having filed notices of appearance (the UST, Bravo Luck, and PAX) in this Chapter 11 case, statement of compensation earned and expenses incurred by Ms. Cyganowski;

    e.    Ms. Cyganowski and her agents shall be entitled to advancement and indemnification by the Debtor's estate in like manner as any of the Debtor's other officers for all judgments, costs, and expenses, including reasonable legal fees (which shall be paid under the indemnity after Court approval as they arise), arising from or related to any and all claims of whatsoever type brought against ~~any of~~ **[JLG]** her in her capacity as SO or her agent, except for gross negligence, willful misconduct, fraud, or breach of fiduciary duty determined by a final order no longer subject to appeal. Nothing herein shall limit any defenses of Ms. Cyganowski allowed by law or deprive her of indemnity for any act or omission for which she has a defense; Ms. Cyganowski shall be added to the Debtor's existing liability policy with AIG Property and Casualty Company as an additional insured; and

    f.    In the event of **Ms. Cyganowski's [JLG]** death, incapacity, resignation, or removal, a replacement SO shall be selected through the same process as the initial selection of the SO in accordance with the Revised Settlement Agreement and further order of the Court.

8.    Ms. Cyganowski shall not make any investments in the Debtor or the Reorganized Debtor.

9.    All compensation and reimbursement due to, and other rights of Ms. Cyganowski in accordance with the Revised Engagement Letter, including without limitation indemnification obligations, shall be treated and allowed as administrative expenses in accordance with section 503 of the Bankruptcy Code and shall be paid consistent with the terms set forth above.

10. ~~Judge~~ **Ms. [JLG]** Cyganowski shall be compensated on an hourly basis predicated on a current billing rate of $1,400 per hour. In connection with any increases in Ms. Cyganowski's rates, she shall file a supplemental declaration with the Court and provide ten business days' notice to the U.S. Trustee prior to any increase in rates. The supplemental declaration shall set forth the requested rate increases, explain the basis for the requested rate increase, and certify that the Debtor has consented to the requested rate increases.

11. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, NY
October 8, 2021

/s/ *James L. Garrity, Jr.*
UNITED STATES BANKRUPTCY JUDGE