UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                          Chapter 11

Genever Holdings LLC,                                           Case No. 20-12411-JLG

                         Debtor.
------------------------------------------------------------x

### DECLARATION OF SERENA BOARDMAN IN SUPPORT OF DEBTOR'S APPLICATION TO EMPLOY AND RETAIN SOTHEBY'S INTERNATIONAL REALTY AS ITS REAL ESTATE BROKER AND SALES AGENT

Serena Boardman hereby declares under penalties of perjury, pursuant to 28 U.S.C. §1746, to the best of her knowledge, information and belief:

1. I am a Senior Global Real Estate Advisor and Associate Broker at Sotheby's International Realty ("Sotheby's"), and as such, I am fully familiar with the facts and circumstances set forth herein. I respectfully submit this Declaration in support of Sotheby's retention by Genever Holdings LLC (the "Debtor") to serve as the Debtor's real estate broker and agent for the sale of the subject 18th floor apartment and auxiliary units at the Sherry-Netherland Hotel, 781 Fifth Avenue, New York, NY (the "Residence").

### Retention Agreement

2. The terms and conditions of Sotheby's proposed retention are set forth in the engagement agreement annexed hereto as Exhibit "A" (the "Retention Agreement"). The agreed upon commission proposed herein is three (3%) percent of the total purchase price for a direct sale involving no cooperating broker and four (4%) of the total purchase price, with 2% commission paid to Ms. Boardman and 2% commission paid to a cooperating broker if there is a cooperating broker. This commission formula is consistent with market standards.

1

3.  Sotheby's is also prepared to advance funds to launch the marketing of the Residence, which will be pursued on a world-wide basis. Sotheby's understands that all commissions and reimbursement of expenses are subject to a successful sale, and Sotheby's will not be paid until there is a closing on the Residence, which is subject to approval by this Court.

4.  We further understand that Melanie L. Cyganowski, as the duly appointed Sales Officer (the "Sales Officer"), acting on behalf of the Debtor, retains all final decision making authority regarding the terms of the sale and whether to proceed with a particular buyer.

### Qualifications

5.  Sotheby's is well qualified to perform the services required under the Retention Agreement to sell the Residence. Among other things, Sotheby's is the industry leader in the sale of premier Manhattan residences. The firm's worldwide network, as well as the association with Sotheby's Auction House, provides sellers with access to a unique and qualified group of buyers. Quite simply, these purchasers expect Sotheby's listings to be the finest properties on the market and they are willing to pay premium prices to secure them. To that end, Sotheby's is prepared to commit to a very strong marketing and advertising campaign with the goal of achieving the strongest possible purchase price.

6.  I started with Sotheby's in 2001. Since that time, I have sold in excess of $4 billion dollars in property. I am currently ranked the highest producing Sotheby's broker. The Wall Street Journal has ranked me as the number one broker in the United States by sales volume.

7.  In 2014, I set the sales record for a New York City cooperative apartment by selling the Penthouse at 960 Fifth Avenue for $70 million. Two months later, I surpassed this new record by representing both the buyer and the seller of a high floor apartment at 740 Park

Avenue, which closed for $71.3 million. Since then, I set a new record by selling an apartment at 834 Fifth Avenue for $77.5 million in a transaction where I represented both the buyer and the seller.

8. Moreover, I was the broker who actually sold the Residence to the Debtor in 2015, representing the prior owner. Accordingly, I already have direct, firsthand knowledge and familiarity with the Residence, as well as experience selling other apartments at the Sherry-Netherland, and believe I am uniquely qualified to represent the Debtor's estate in connection with the proposed sale.

### Disinterestedness

9. Sotheby's is not a creditor of the Debtor and does not otherwise hold or represent any interest adverse to the Debtor's estate. As noted above, Sotheby's previously represented the prior owner of the Residence and brokered the sale of the Residence to the Debtor. However, neither I nor Sotheby's represented the Debtor in the sale and only acted on behalf of the seller. We have never represented the Debtor since, nor any of its creditors.

10. In the interest of complete transparency, Sotheby's discloses that Miles Kwok attended a showing of a property on January 28, 2019, which was handled by other independent brokers at Sotheby's, not me. No sale or other transaction materialized from Mr. Kwok's attendance at that showing. Brokers unrelated to me represented the Kwok family prior to joining Sotheby's. Those representations are closed, and neither Sotheby's, nor I, were involved. I note these tangential interactions in an effort to provide full transparency.

11. In connection with preparing for this engagement, I also reviewed the names identified on the list of creditors and equity holders attached hereto as Exhibit "B" for any potential conflicts. Based upon that review, to the best of my knowledge, after due inquiry Sotheby's does not

3

maintain a current relationship with any of the Debtor's creditors or equity holders. Sotheby's, its locations, brokers, agents, contractors, and representatives work with vendors, service providers, and professionals throughout the world. Sotheby's cannot feasibly maintain a central database of every connection Sotheby's may have with third parties; however, should Sotheby's become aware of any conflict, connection, or financial relationship not already disclosed herein, Sotheby's will make a supplemental disclosure.

12. In view of the foregoing, Sotheby's is disinterested and has no disabling conflicts which would impede its engagement as the broker for the sale of the Residence.

Dated: New York, NY
December __, 2021
Dec 13, 2021 | 5:18:24 PM EST

DocuSigned by:
*Serena Boardman*
EF87E1809284703
Serena Boardman

# EXHIBIT A



December 13, 2021

Ms. Melanie L. Cyganowski, in her capacity as Sales Officer
Genever Holdings LLC
mcyganowski@otterbourg.com

Ms. Yangping Wang, duly authorized representative
Genever Holdings LLC
The Sherry-Netherland
781 Fifth Avenue
Unit 1801
New York, New York 10022

            Re:  781 Fifth Avenue, 18th Floor

Dear Ms. Cyganowski and Ms. Wang:

This agreement (the "Agreement") sets forth the terms under which Genever Holdings LLC ("Owner") engages our firm, Sotheby's International Realty, a licensed real estate broker (sometimes herein referred to as "SIR"), to act as brokerage agent in the sale of the entire 18th floor apartment and auxiliary units located at The Sherry-Netherland, 781 Fifth Avenue, New York, New York 10022 (the "Premises"). On October 12, 2020, the Owner filed for bankruptcy relief with the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case No. 20-12411 (JLG) (the "Bankruptcy Case"). SIR acknowledges and agrees that the terms and provisions of this Agreement and the employment and retention of SIR as broker for the Owner shall be subject to Court approval.

   1.  (a)  You authorize SIR to offer the Premises for sale at a price of $TBD___ (or such lesser price as you may indicate to SIR, orally or in writing, from time to time) during the period commencing on the date you sign this Agreement and ending on the date which is 180 days from the entry of the Order approving this Agreement (the "Listing Term"), provided however, if you enter into a contract sale for the Premises, all rights and obligations under this Agreement shall automatically extend through the date of the actual Closing of the Premises.

      (b)  SIR shall confirm the monthly maintenance and number of shares associated with the Premises with your managing agent and shall send the same to you for approval prior to listing the Premises for sale.

   2.  We will arrange inspections by prospective purchasers and you will facilitate these inspections in an appropriate manner. We will submit to you all purchase offers and will act in accordance with your instructions with respect to each such offer. SIR will use its own advertising and public relations staff to advertise and promote the Premises through exposure in appropriate publications, and all funds reasonably necessary to market the Premises shall be advanced by SIR and reimbursed by the Owner after an order of the Court approving payment of such reasonable expenses at the closing.

   3.  The Owner has advised us that the Premises are not now the subject of a listing agreement with any other broker and the Owner agrees that it will not advertise the sale of the Premises or list the Premises with any

MG_____ 6786698.1

broker, then the commission shall be an amount equal to 3% of the purchase price of the Premises. SIR shall offer 2% of the purchase price of the Premises as compensation to cooperating brokers. If during the Listing Term a contract is signed to sell the Premises to any person and a closing of the sale of the Premises (a "Closing") occurs at any time with such person, then the Commission will be payable to us at that Closing. Payment of the Commission is subject to an order of the Court approving the payment of the Commission.

    (b)    Within seven (7) business days after the expiration of the Listing Term, we shall deliver to you in writing a list of no more than six (6) names of persons who inspected the Premises during the Listing Term. If within ninety (90) days after the expiration of the Listing Term a contract is signed to sell the Premises to a person on said list (or related entity), we shall be entitled to the Commission provided for in paragraph 4(a) of this Agreement. The Owner represents and warrant that if a new exclusive listing agreement is executed with another real estate broker (the "New Exclusive Broker"), the Owner will notify the New Exclusive Broker of this provision and that SIR may negotiate directly with the Owner with respect to any person on the list during the ninety (90) day protected period.

    (c)    Subject to order of the Court, unless and until a Closing shall occur, the Owner will not be obligated to pay us any Commission, provided, however, that if a Closing does not occur or is delayed by reason of your failure or refusal to facilitate it, then the Owner shall nevertheless pay to us on demand the Commission as if the Closing had occurred and provided, further, that if the Owner retains, or becomes legally entitled to retain (whether or not the Owner does in fact retain), the deposit paid by the prospective purchaser under a contract of sale, or if the Owner receives any other payment from a prospective purchaser, then the Owner shall pay to us an amount equal to 4 % of such deposit or other payment, whichever is greater, with the understanding that the amount so paid to us shall be credited in partial satisfaction of any Commission that may thereafter become payable hereunder.

    5.    As a member of The Real Estate Board of New York ("REBNY"), we are required to inform all other REBNY member real estate brokers of the Premises ("Co-Broking") and invite their cooperation for sale via the REBNY Listing Service ("RLS") simultaneously with any public dissemination of such Exclusive Listing unless the Owner specifies in writing that the Owner does not wish that the Property be Co-Brokered through the RLS. Public dissemination includes, but is not limited to, the display of the Exclusive Listing on our public website, any third-party website, or any other public disclosure of the Listing Information. The Owner authorizes us to invite the cooperation of and to retain other real estate brokers, some or all of whom may be acting on behalf of prospective purchasers in connection with offering the Premises for sale. We agree to compensate any such other brokers retained by us from the Commission received by us hereunder.

    6.    The Owner represents that the Owner owns the Premises and may enter into this Agreement and sell the Premises without any other person's consent, except that this Agreement and the sale of the Premises is subject to approval by the Court. The Owner represents that all information about the Premises that the Owner has provided to us was, and that all such information which the Owner will provide to us will be, true, complete and accurate when provided and that the Owner will not fail to disclose to us any fact which might be material to a prospective purchaser's decision to purchase the Premises or which might be legally required to be disclosed to a prospective purchaser.

    7.    In consideration of our efforts pursuant to this Agreement, the Owner agrees that during the Listing Term the Owner will not enter into any lease, or agreement to lease, with respect to the Premises. Should you enter into a lease of the Premises unless a lease transaction is part of a sale transaction.

    8.    In the event that either party shall commence any action or proceeding to enforce the terms of this Agreement, the prevailing party shall be entitled to, and the other party shall pay to the prevailing party, its actual costs of such action or proceeding, including actual attorneys' fees.

    9.    This Agreement (a) shall be governed by the laws of the state in which the Premises are located applicable to contracts made and to be performed wholly in such state, (b) sets forth the entire understanding between us and supersedes all prior agreements or understandings, and (c) cannot be changed, modified or amended, nor can any of its provisions be waived, except by an agreement in writing signed by the party to be charged. If this

MG [ MG ]

between us and supersedes all prior agreements or understandings, and (c) cannot be changed, modified or amended, nor can any of its provisions be waived, except by an agreement in writing signed by the party to be charged. If this Agreement is signed by two or more persons as owners of the Premises, the liability of each hereunder shall be joint and several.

10. As used herein, the term "person" shall mean natural persons, partnerships, corporations, trusts and other entities.

**Your agreement with SIR provides for an Exclusive Right to Sell listing. By New York State law, we are required to provide the following explanations:**

An "Exclusive Right to Sell" listing means that if the Owner of the Premises finds a buyer for the apartment, or if another broker finds a buyer, the Owner must pay the agreed commission to the present broker.

An "Exclusive Agency" listing means that if the Owner of the Premises find a buyer, the Owner will not have to pay a commission to the broker. However, if another broker finds a buyer, the Owner will owe a commission to both the selling broker and your present broker.

**Please sign on the line below to acknowledge your understanding of the foregoing.**

_____
Signature: Melanie L. Cyganowski, as Sales Officer of Genever Holdings LLC

_____
Signature: Yangping Wang, as duly authorized representative of Genever Holdings LLC

This agreement is accompanied by separate forms entitled "Disclosure Regarding Real Estate Agency Relationships" and "New York State Housing and Anti-Discrimination Disclosure Form." You should read and acknowledge this material as provided therein.

YOU ACKNOWLEDGE THAT IT IS UNLAWFUL UNDER APPLICABLE LAW TO DISCRIMINATE ON THE BASIS OF VARIOUS FACTORS AND THAT WE WILL AT ALL TIMES COMPLY WITH FEDERAL, STATE AND NEW YORK CITY LAWS APPLICABLE TO THE PREMISES.

MG_____6786698.1

Please sign, date and return the enclosed copy of this Agreement to indicate your acceptance of and agreement to the foregoing.

Very truly yours,

SOTHEBY'S INTERNATIONAL REALTY

ACCEPTED AND AGREED TO

This _14th_ day of _December_ 20_21_ :

_[signature]_
Signature: Melanie L. Cyganowski,
as Sales Officer of Genever Holdings LLC

_[signature]_
Signature: Yangping Wang, as duly authorized representative of Genever Holdings LLC

By:_____ Date_____
Marissa Ghesquiere
Senior Vice President of Sales – New York City

By:_____ Date_____
Serena Boardman
Senior Global Real Estate Advisor, Assoc. Broker

MG_____ 6786698.1

Please sign, date and return the enclosed copy of this Agreement to indicate your acceptance of and agreement to the foregoing.

Very truly yours,

**SOTHEBY'S INTERNATIONAL REALTY**

ACCEPTED AND AGREED TO

By: *Marissa Ghesquiere*   Date Dec 13, 2021 | 4:17:25

This _____ day of _____ 20___:

Marissa Ghesquiere
Senior Vice President of Sales – New York City

_____
Signature: Melanie L. Cyganowski,
as Sales Officer of Genever Holdings LLC

_____
Signature: Yangping Wang, as duly authorized
representative of Genever Holdings LLC

By: *Serena Boardman*   Date Dec 13, 2021 | 5:18:24 P

Serena Boardman
Senior Global Real Estate Advisor, Assoc. Broker

MG