UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                              Chapter 11

Genever Holdings LLC,                                   Case No. 20-12411-JLG

                              Debtor.
------------------------------------------------------------x

**MOTION TO APPROVE THE DISCLOSURE STATEMENT
AND, THEREAFTER, ENTRY OF AN ORDER SCHEDULING
A CONFIRMATION HEARING AND APPROVING NOTICE
PROCEDURES RELATING TO CONFIRMATION**

Genever Holdings LLC (the "Debtor") hereby moves the Court (the "Motion") for entry of an order approving the Debtor's Disclosure Statement (ECF No. 165) (the "Disclosure Statement") pursuant to 11 U.S.C. §1125 as containing adequate information regarding such disclosure provided therein for solicitation purposes; and thereafter (b) scheduling a hearing on confirmation of the Debtor's Liquidating Plan of Reorganization (ECF No. 164) (the "Plan") (the "Confirmation Hearing"); and approving notice procedures relating thereto; and in support thereof respectfully represents:

**Background**

1.  The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on October 20, 2020, and thereafter has remained in possession of its assets and management of its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.  The Debtor is the title owner of a luxury apartment and auxiliary units on the 18th floor of The Sherry-Netherland Inc., located at 781 Fifth Avenue, New York, NY 10022 (the "Residence"). The Debtor sought Chapter 11 relief on October 12, 2020 in the face of a dispute in multiple courts in New York and the British Virgin Islands relating to claims

concerning the beneficial ownership of the Residence as between Bravo Luck Limited ("Bravo Luck") and Pacific Alliance Asian Opportunity Fund ("PAX").

3. During the Chapter 11 case, the Debtor was able to reach a comprehensive global settlement with Bravo Luck and PAX pursuant to that certain Second Amended and Restated Settlement Agreement dated September 24, 2021 (ECF No. 131), and approved by order of the Court dated October 8, 2021 (ECF No. 141). At its core, the Global Settlement establishes a consensual bankruptcy process for the sale of the Residence under the stewardship of Melanie L. Cyganowski as the Debtor's duly appointed Sales Officer.

4. Contemporaneously herewith, the Debtor has prepared and filed the Plan, together with an accompanying Disclosure Statement, to implement the Global Settlement. By this Motion, the Debtor seeks a hearing for approval of the Disclosure Statement and establishment of procedures for a confirmation hearing, should the Disclosure Statement be approved.

## Relief Requested

### A. Approval of the Disclosure Statement

5. Pursuant to Section 1125 of the Bankruptcy Code, a debtor-in-possession must provide creditors with "adequate information" regarding the terms of the proposed Plan so that creditors can make an informed decision whether to vote in favor of the Plan or to file objections thereto. In this regard, Section 1125(a)(1) provides:

> '[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan. . . .

11 U.S.C. §1125(a)(1).

6. Thus, a disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by impaired creditors and equity interest holders entitled to vote on a Chapter 11 plan or reorganization or liquidation. *See*, *e.g.*, *In re PC Liquidation Corp.*, 383 B.R. 856, 866 (E.D.N.Y. 2008); *see also, In re Worldcom, Inc.*, 2003 WL 21498904 *10 (S.D.N.Y. Jun. 30, 2003) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court", *quoting In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 29 (S.D.N.Y. 1995); *In re Crowthers McCall Pattern, Inc.*, 120 B.R. 279, 300 (Bankr. S.D.N.Y. 1990) ("At the 'heart' of the chapter 11 process is the requirement that holders of claims in impaired classes be furnished a proper disclosure statement 'that would enable a hypothetical reasonable investor typical of claims or interests of the relevant class to make an informed judgment about the plan.'" (*quoting* H.R. Rep. No. 595, 95th Cong., 1st Sess. 408 (1977), 1998 U.S. Code Cong. & Admin News. 5787, 6364)).

7. Courts evaluating the adequacy of a disclosure statement frequently look to whether it contains the following types of information:

(a) the circumstances that gave rise to the filing of the bankruptcy petition;

(b) an explanation of the available assets and their value;

(c) anticipated future of the debtor;

(d) the source of the information provided in the disclosure statement;

(e) a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

(f) the condition and performance of the debtor while in chapter 11;

(g) information regarding claims against the estate;

3

(h) a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

(i) the accounting and valuation methods used to produce the financial information in the disclosure statement;

(j) information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors and/or officers of the debtor;

(k) a summary of the plan of reorganization or liquidation;

(l) an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

(m) the collectability of any accounts receivable;

(n) any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

(o) information relevant to the risks being taken by the creditors and interest holders;

(p) the actual or projected value that can be obtained from avoidable transfers;

(q) the existence, likelihood and possible success of non-bankruptcy litigation;

(r) the tax consequences of the plan; and

(s) the relationship of the debtor with its affiliates.

*See, e.g., In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988). This list is not meant to be comprehensive, and the Debtor need not provide all the information on the list. Rather, the Court decides what is appropriate in each case. *See, In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (making use of a similar list but cautioning that "no one list of categories will apply in every case").

8. The Debtor submits that the Disclosure Statement does, in fact, contain adequate information within the meaning of Section 1125 of the Bankruptcy Code, and should

4

be approved, since all of the relevant categories of information have been included and discussed in the Disclosure Statement. Of note, the Disclosure Statement contains information relating to (a) a summary of the terms of the Plan and the proposed treatment of claims (both classified and unclassified) thereunder; (b) status surrounding the ownership dispute between PAX and Bravo Luck; (c) a discussion of post-petition events culminating in the Global Settlement; and (d) the status of the steps taken to date to begin marketing the Residence for sale.

### B. Procedures for Soliciting Votes and Scheduling the Confirmation Hearing

9. In addition to the entry of an Order approving the Disclosure Statement (the "Approval Order"), the Debtor seeks relief relating to the scheduling of a confirmation hearing.

10. If the Disclosure Statement is approved and a confirmation hearing is scheduled, the Debtor proposes to provide a solicitation package (the "Solicitation Package") to all creditors and other parties-in-interest consisting of the following: of (a) a conformed copy of the Order approving the Disclosure Statement and scheduling the Confirmation Hearing; (b) the Plan; (c) the Disclosure Statement; and (d) a ballot for use by the creditors in voting on the Plan, subject to the making of any motion to designate the voting rights of particular creditors.

11. In sum, the Approval Order will (i) approve the Solicitation Package and set the date by which it must be served; (ii) fix a deadline for the return of ballots and the filing objections to confirmation of the Plan; and (iv) schedule the time, date, and place for the Confirmation Hearing. The Debtor submits that the foregoing procedure will provide adequate notice of the Confirmation Hearing and, accordingly, requests that the Court approve such notice as adequate.

6

**WHEREFORE**, the Debtor respectfully requests entry of an order consistent with the foregoing, and such other and further relief as is just and proper.

Dated: New York, New York
January 10, 2022

                                      GOLDBERG WEPRIN
                                      FINKEL GOLDSTEIN, LLP
                                      Attorneys for the Debtor
                                      1501 Broadway, 22nd Floor
                                      New York, New York 10036
                                      (212) 221-5700


                                      By:    /s/ J. Ted Donovan, Esq.