# EXHIBIT 4

# Genever Holdings LLC

## Corporate Documents

## LIABILITY COMPANY AGREEMENT

### OF

### GENEVER HOLDINGS LLC

LIMITED LIABILITY COMPANY AGREEMENT made as of the 1^th day of February, 2015 by and among (a) GENEVER HOLDINGS LLC (the "Company"), and (b) the persons identified on Schedule A as members of the Company (hereinafter referred to as the "Members" and each individually, a "Member").

The Members are entering into this Agreement in order to form the Company as a New York limited liability company by organizing the Company in accordance with the New York Limited Liability Company Law, as amended from time to time (the "Act").

The parties hereto desire to set forth the terms and conditions for the operation of the Company. This Agreement sets forth fully the agreements and understandings of the Members in respect of the Company.

NOW, THEREFORE, in consideration of the covenants and agreements hereinafter set forth, the parties hereto agree as follows:

1.    Definitions.

1.1    "Family Group," with respect to any Member, includes (i) with respect to any Member who is an individual, such Member's spouse and descendants, (ii) with respect to any Member that is a trust, any beneficiary of the trust and the spouse and descendants of any beneficiary and (iii) with respect to any Member that is an entity, any beneficial owner of such entity and the spouse and descendants of any such beneficial owner.

1.2    "Membership Interest" means the ownership interest of a Member in the Company. The Membership Interest of each of the Members as of the date hereof is set forth on Schedule A.

1.3    "Property" shall have the meaning set forth in Section 5.

2.    Name. The name of the Company shall be GENEVER HOLDINGS LLC.

3.    Articles; Certificates. The Members, from time to time as such Members deem advisable, may, by written instrument, elect one or more additional natural persons and designate them as "authorized persons" of the Company. The Members or any officer or authorized person shall execute, deliver and file any other articles and/or certificates (and any amendments and/or restatements thereof) necessary for the Company to qualify to do business in any jurisdiction in which the Company may wish to conduct business.

SN 0156

INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/28/2018

## GENEVER HOLDINGS CORPORATION

### GENEVER HOLDINGS LLC

<u>Designation of Authorized Person</u>

The undersigned, being an Authorized Person of Genever Holdings Corporation, a British Virgin Islands limited company (the "Corporation"), hereby makes the following delegation of authority:

**THE AUTHORIZED PERSON** hereby designates each of Ira Gilbert, Esq. and Steven Simkin, Esq., acting alone or jointly, as an "Authorized Person" of Genever Holdings LLC ( "Genever New York"), a New York limited liability company of which the Corporation is the sole member,  and delegates authority to and directs each of them to enter into a purchase agreement with Sherry 1800s LLC, as seller, for the purchase of certificates of stock in The Sherry-Netherland, Inc., a cooperative apartment located at 781 Fifth Avenue, New York City, New York (the "Sherry-Netherland") with respect to UNITS 1801, 1804, 1807, 1809, 1811, and Servant's Room 1519) on terms and conditions as have been discussed among representatives of the Corporation and Genever New York and the director and sole shareholder of the Corporation. This authority is non-delegable by either of Messrs. Gilbert and Simkin.

**Pursuant to this designation of authorized person,** Messrs. Gilbert and Simkin are each authorized to take such other actions and make such revisions to the purchase documents as such person deems advisable or necessary in order to carry out the actions authorized in this designation, the approval of such revised documents being evidence of such authorized person's determination.

Dated as of February 17, 2015

Michael F. O'Connor
Authorized Person

SN 0157

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM
NYSCEF DOC. NO. 252
20-12411-jlg    Doc 177-5    Filed 03/15/22    Entered 03/15/22 18:12:10    Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation    Pg 5 of 53
INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/28/2018

# British Virgin Islands

# Certificate of Incorporation

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM INDEX NO. 652077/2017

NYSCEF DOC. NO. 252    20-12411-jlg   Doc 177-5   Filed 03/15/22   Entered 03/15/22 18:12:10   Exhibit 4 - RECEIVED NYSCEF: 11/28/2018

Genever Holdings Corporations Certificate of Incorporation    Pg 6 of 53

### TERRITORY OF THE BRITISH VIRGIN ISLANDS
### BVI BUSINESS COMPANIES ACT, 2004



15CB941595

### CERTIFICATE OF INCORPORATION
### (SECTION 7)

The REGISTRAR of CORPORATE AFFAIRS, of the British Virgin Islands HEREBY CERTIFIES, that pursuant to the BVI Business Companies Act, 2004, all the requirements of the Act in respect of incorporation having been complied with,

**Genever Holdings Corporation**

BVI COMPANY NUMBER: 1862840

is incorporated in the BRITISH VIRGIN ISLANDS as a BVI BUSINESS COMPANY, this 13th day of February, 2015.



*for* **REGISTRAR OF CORPORATE AFFAIRS**
13th day of February, 2015

SN 0159

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM

NYSCEF DOC. NO. 252

INDEX NO. 652077/2017

RECEIVED NYSCEF: 11/28/2018

20-12411-jlg   Doc 177-5   Filed 03/15/22   Entered 03/15/22 18:12:10   Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation   Pg 7 of 53

# British Virgin Islands

# Share Certificate

SN 0160

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM

NYSCEF DOC. NO. 252

20-12411-jlg    Doc 177-5    Filed 03/15/22    Entered 03/15/22 18:12:10    Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation    Pg 8 of 53

INDEX NO. 652077/2017

RECEIVED NYSCEF: 11/28/2018



Incorporated under the BVI Business Companies Act, 2004

Number of certificate

1

Number of shares

1,000

**Genever Holdings Corporation**

This is to certify that **Ho Wan Kwok** of **49th Floor, Bank of China Tower, No. 1 Garden Road, Central, Hong Kong** is the registered holder of **One Thousand (1,000) Ordinary shares** with **USD$0.001 par value** each being fully paid in the above-named company, subject to the Memorandum and Articles of Association of the company.

Given under the seal of the company dated 13 February 2015.

For and on behalf of
Elian First Director (BVI) Limited
**Director**

SN 0161

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO. 292
20-12411-jlg    Doc 177-5    Filed 03/15/22    Entered 03/15/22 18:12:10    Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation    Pg 9 of 53
RECEIVED NYSCEF: 11/28/2018

# British Virgin Islands

# Director Registry

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM
NYSCEF DOC. NO. 222

INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/28/2018

20-12411-jlg    Doc 177-5    Filed 03/15/22    Entered 03/15/22 18:12:10    Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation    Pg 10 of 53

Client Register of Directors
OG BVI Live

18. February 2015
Page    1
fault

## Genever Holdings Corporation

### Current Directors

| Formal Name | Mr Ho Wan Kwok | | |
|---|---|---|---|
| Residential Address | 49th Floor | | |
| | Bank of China Tower | Statutory Ref. | |
| | No.1 Garden Road | Occupation | Investor |
| | CENTRAL | Nationality | Chinese |
| | Hong Kong | Date of Birth | 10/05/68 |
| | | Date Appointed | 13/02/15 |
| | | Notes | |

**Former Names**
**Surname**
**Forename**

### Current Secretary

| Company Name | Elian Secretaries (BVI) Limited | | |
|---|---|---|---|
| Place Of | British Virgin Islands | | |
| Incorporation | | Statutory Ref. | |
| Principal Office | Nemours Chambers | Date Appointed | 13/02/15 |
| | Road Town | Notes | |
| | Tortola VG1110 | | |
| | British Virgin Islands | | |

**Former Names**
**Previous Name**

### Former Directors

| Company Name | Elian First Director (BVI) Limited | | |
|---|---|---|---|
| Place Of | British Virgin Islands | | |
| Incorporation | | Date Appointed | 13/02/15 |
| Principal Office | Nemours Chambers | Date Resigned | 13/02/15 |
| | Road Town | Notes | |
| | Tortola VG1110 | | |
| | British Virgin Islands | | |

**Former Names**
**Previous Name**

SN 0163

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM
NYSCEF DOC. NO. 252
Genever Holdings Corporations Certificate of Incorporation    Pg 11 of 53
20-12411-jlg    Doc 177-5    Filed 03/15/22    Entered 03/15/22 18:12:10    Exhibit 4 -
INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/28/2018

# British Virgin Islands

# Bylaws

SN 0164

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM
NYSCEF DOC. NO. 252
20-12411-jlg    Doc 177-5    Filed 03/15/22    Entered 03/15/22 18:12:10    Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation    Pg 12 of 53
INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/28/2018

No: 1862840



**British Virgin Islands**

**The BVI Business Companies Act 2004**



**MEMORANDUM OF ASSOCIATION**

**ARTICLES OF ASSOCIATION**

**OF**

Genever Holdings Corporation

**A BVI BUSINESS COMPANY**
INCORPORATED 13 FEBRUARY **2015**

**Elian Fiduciary Services (BVI) Limited**
Nemours Chambers
Road Town, Tortola
British Virgin Islands VG1110

Regulated by the British Virgin Islands Financial Services Commission.



-15520821-2

SN 0165

Territory of the British Virgin Islands

The BVI Business Companies Act 2004

Memorandum of Association

of

Genever Holdings Corporation

a company limited by Shares

**1    Name**

1.1    The name of the Company is Genever Holdings Corporation.

**2    Status**

2.1    The Company is a company limited by Shares.

**3    Registered office and registered agent**

3.1    The first registered office of the Company is at Nemours Chambers, Road Town, Tortola, British Virgin Islands, the office of the first registered agent.

3.2    The first registered agent of the Company is Elian Fiduciary Services (BVI) Limited of Nemours Chambers, Road Town, Tortola, British Virgin Islands.

3.3    The Company may change its registered office or registered agent by a resolution of directors or a resolution of members. The change shall take effect upon the Registrar registering a notice of change filed under section 92 of the Act.

**4    Capacity and power**

4.1    The Company has, subject to the Act and any other British Virgin Islands legislation for the time being in force, irrespective of corporate benefit:

(a)    full capacity to carry on or undertake any business or activity, do any act or enter into any transaction; and

(b)    for the purposes of 4.1(a), full rights, powers and privileges.

4.2    There are subject to clause 4.1 no limitations on the business that the Company may carry on.

-15520821-2

SN 0166

**5      Number and classes of Shares**

5.1     The Company is authorised to issue a maximum of 50,000 Shares of US$0.001 par value each of a single class.

5.2     The Company may issue fractional Shares and a fractional Share shall have the corresponding fractional rights, obligations and liabilities of a whole Share of the same class or series of Shares.

**6      Designations powers preferences of Shares**

6.1     Each Share in the Company confers upon the Member:

        (a)     the right to one vote at a meeting of the Members of the Company or on any Resolution of Members;

        (b)     the right to an equal Share in any dividend paid by the Company; and

        (c)     the right to an equal Share in the distribution of the surplus assets of the Company on its liquidation.

6.2     The directors may at their discretion by Resolution of Directors redeem, purchase or otherwise acquire all or any of the Shares in the Company subject to Regulation 3 of the Articles.

**7      Variation of rights**

        The rights attached to Shares as specified in Clause 6 may only, whether or not the Company is being wound up, be varied with the consent in writing of or by a resolution passed at a meeting by the holders of more than 50 per cent of the issued Shares of that class.

**8      Rights not varied by the issue of Shares pari passu**

        The rights conferred upon the holders of the Shares of any class issued with preferred or other rights shall not, unless otherwise expressly provided by the terms of issue of the Shares of that class, be deemed to be varied by the creation or issue of further Shares ranking pari passu therewith.

**9      Registered Shares**

9.1     The Company shall issue registered Shares only.

9.2     The Company is not authorised to issue bearer Shares, convert registered Shares to bearer Shares or exchange registered Shares for bearer Shares.

-15520821-2

**SN 0167**

INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/28/2018

**10 Transfer of Shares**

10.1 A Share may, subject to the provisions of the Articles, be transferred subject to the prior or subsequent approval of the Company contained in a Resolution of Members or a Resolution of Directors.

10.2 The Members and/or the directors may in their absolute and unfettered discretion refuse to approve any intended transfer of a Share.

**11 Amendment of memorandum and articles**

11.1 The Company may amend its Memorandum or Articles by a Resolution of Members or by a Resolution of Directors, save that no amendment may be made by a Resolution of Directors:

    (a) to restrict the rights or powers of the Members to amend the Memorandum or Articles;

    (b) to change the percentage of Members required to pass a Resolution of Members to amend the Memorandum or Articles;

    (c) in circumstances where the Memorandum or Articles cannot be amended by the Members; or

    (d) to Clauses 7 or 8 or this Clause 11.

**12 Definitions and interpretation**

12.1 In this Memorandum of Association and the attached Articles of Association, if not inconsistent with the subject or context:

**Act** means the BVI Business Companies Act and includes the regulations made under the Act;

**Articles** means the attached Articles of Association of the Company;

**Chairman of the Board** has the meaning specified in Regulation 13;

**Distribution** in relation to a distribution by the Company means the direct or indirect transfer of an asset, other than Shares, to or for the benefit of a Member in relation to Shares held by a Member, and whether by means of a purchase of an asset, the redemption or other acquisition of Shares, a distribution of indebtedness or otherwise, and includes a dividend;

**Eligible Person** means individuals, corporations, trusts, the estates of deceased individuals, partnerships and unincorporated associations of persons;

**Member** means an Eligible Person whose name is entered in the register of members of the Company as the holder of one or more Shares or fractional Shares;

3

-15520821-2

SN 0168

**Memorandum** means this Memorandum of Association of the Company;

**Resolution of Directors** means either:

(a)     a resolution approved at a duly convened and constituted meeting of directors of the Company or of a committee of directors of the Company by the affirmative vote of a majority of the directors present at the meeting who voted except that where a director is given more than one vote, he shall be counted by the number of votes he casts for the purpose of establishing a majority; or

(b)     a resolution consented to in writing by all directors or by all Members of a committee of directors of the Company, as the case may be;

**Resolution of Members** means either:

(a)     a resolution approved at a duly convened and constituted meeting of the Members of the Company by the affirmative vote of a majority of the votes of the Shares entitled to vote thereon which were present at the meeting and were voted; or

(b)     a resolution consented to in writing by a majority of the votes of Shares entitled to vote thereon;

**Seal** means any seal which has been duly adopted as the common seal of the Company;

**Securities** means Shares and debt obligations of every kind of the Company, and including without limitation options, warrants and rights to acquire Shares or debt obligations;

**Share** means a Share issued or to be issued by the Company;

**Treasury Share** means a Share that was previously issued but was repurchased, redeemed or otherwise acquired by the Company and not cancelled; and

**written** or any term of like import includes information generated, sent, received or stored by electronic, electrical, digital, magnetic, optical, electromagnetic, biometric or photonic means, including electronic data interchange, electronic mail, telegram, telex or telecopy, and "in writing" shall be construed accordingly.

12.2    In the Memorandum and the Articles, unless the context otherwise requires a reference to:

(a)     a Regulation is a reference to a regulation of the Articles;

(b)     a Clause is a reference to a clause of the Memorandum;

(c)     voting by Member is a reference to the casting of the votes attached to the Shares held by the Member voting;

-15520821-2

SN 0169

    (d)    the Act, the Memorandum or the Articles is a reference to the Act or those documents as amended; and

    (e)    the singular includes the plural and vice versa.

12.3    Any words or expressions defined in the Act unless the context otherwise requires bear the same meaning in the Memorandum and Articles unless otherwise defined herein.

12.4    Headings are inserted for convenience only and shall be disregarded in interpreting the Memorandum and Articles.

We, Elian Fiduciary Services (BVI) Limited of Nemours Chambers, Road Town, Tortola, British Virgin Islands, for the purpose of incorporating a BVI business company under the laws of the British Virgin Islands hereby sign this Memorandum of Association.

Dated the 13th day of February, 2015

Incorporator

**Signed for and on behalf of** Elian Fiduciary Services (BVI) **Limited** of Nemours Chambers, Road Town, Tortola, British Virgin Islands

---------------------------------------    ---------------------------------------
Signature of authorised signatory      Signature of authorised signatory

**Charlotte Bailey**                Susan Palmer
**Print name**                  Print name

-15520821-2

SN 0170

Territory of the British Virgin Islands

The BVI Business Companies Act 2004

Articles of Association

of

Genever Holdings Corporation

a company limited by Shares

**1        Registered Shares**

1.1    Every Member is entitled to a certificate signed by a director of the Company or under the Seal specifying the number of Shares held by him and the signature of the director and the Seal may be facsimiles.

1.2    Any Member receiving a certificate shall indemnify and hold the Company and its directors and officers harmless from any loss or liability which it or they may incur by reason of any wrongful or fraudulent use or representation made by any person by virtue of the possession thereof. If a certificate for Shares is worn out or lost it may be renewed on production of the worn out certificate or on satisfactory proof of its loss together with such indemnity as may be required by a Resolution of Directors.

1.3    If several Eligible Persons are registered as joint holders of any Shares, any one of such Eligible Persons may give an effectual receipt for any Distribution.

**2        Shares**

2.1    Shares and other Securities may be issued and option to acquire Shares or other Securities may be granter at such times, to such Eligible Persons, for such consideration and on such terms as the directors may by Resolution of Directors determine.

2.2    Section 46 of the Act does not apply to the Company.

2.3    A Share may be issued for consideration in any form, including money, a promissory note, real property, personal property (including goodwill and know-how) or a contract for future services.

2.4    No Shares may be issued for a consideration other than money, unless a Resolution of Directors has been passed stating:

(a)    the amount to be credited for the issue of the Shares;

(b)    their determination of the reasonable present cash value of the non-money consideration for the issue; and

-15520821-2

SN 0171

(c)     that, in their opinion, the present cash value of the non-money consideration for the issue is not less than the amount to be credited for the issue of the Shares.

(d)     The Company shall keep a register (**register of members**) containing:

(e)     the names and addresses of the persons who hold Shares;

(f)     the number of each class and series of Shares held by each Member;

(g)     the date on which the name of each Member was entered in the register of members; and

(h)     the date on which any Eligible Person ceased to be a Member.

2.5     The register of members may be in any such form as the directors may approve, but if it is in magnetic, electronic or other data storage form, the Company must be able to produce legible evidence of its contents. Until the directors otherwise determine, the magnetic, electronic or other data storage form shall be the original register of members.

2.6     A Share is deemed to be issued when the name of the Member is entered in the register of members.

**3      Forfeiture**

3.1     Shares that are not fully paid on issue are subject to the forfeiture provisions set forth in this Regulation and for this purpose Shares issued for a promissory note or a contract for future services are deemed to be not fully paid.

3.2     A written notice of call specifying the date for payment to be made shall be served on the Member who defaults in making payment in respect of the Shares.

3.3     The written notice of call referred to in Regulation 3.1 shall name a further date not earlier than the expiration of 14 days from the date of service of the notice on or before which the payment required by the notice is to be made and shall contain a statement that in the event of non-payment at or before the time named in the notice the Shares, or any of them, in respect of which payment is not made will be liable to be forfeited.

3.4     Where a written notice of call has been issued pursuant to Regulation 3.2 and the requirements of the notice have not been complied with, the directors may, at any time before tender of payment, forfeit and cancel the Shares to which the notice relates.

3.5     The Company is under no obligation to refund any moneys to the Member whose Shares have been cancelled pursuant to Regulation 3.3 and that Member shall be discharged from any further obligation to the Company.

-15520821-2

SN 0172

**4      Transfer of Shares**

4.1    Subject to the Memorandum Shares may be transferred by a written instrument of transfer signed by the transferor and containing the name and address of the transferee, which shall be sent to the Company for registration.

4.2    The transfer of a Share is effective when the name of the transferee is entered on the register of members.

4.3    If the directors of the Company are satisfied that an instrument of transfer relating to Shares has been signed but that the instrument has been lost or destroyed, they may resolve by Resolution of Directors:

(a)    to accept such evidence of the transfer of Shares as they consider appropriate; and

(b)    that the transferee's name should be entered in the register of members notwithstanding the absence of the instrument of transfer.

4.4    Subject to the Memorandum, the personal representative of a deceased Member may transfer a Share even though the personal representative is not a Member at the time of the transfer.

**5      Distributions**

5.1    The directors of the Company may, by Resolution of Directors, authorise a distribution at a time and of an amount they think fit if they are satisfied, on reasonable grounds, that, immediately after the distribution, the value of the Company's assets will exceed its liabilities and the Company will be able to pay its debts as they fall due.

5.2    Dividends may be paid in money, Shares, or other property.

5.3    Notice in writing of any dividend that may have been declared shall be given to each Member in accordance with Regulation 21 and all dividends unclaimed for 3 years after notice shall have been given to a Member may be forfeited by Resolution of Directors for the benefit of the Company.

5.4    No dividend shall bear interest as against the Company and no dividend shall be paid on Treasury Shares.

**6      Redemption of Shares and Treasury Shares**

6.1    The Company may purchase, redeem or otherwise acquire and hold its own Shares save that the Company may not purchase, redeem or otherwise acquire its own Shares without the consent of Member whose Shares are to be purchased, redeemed or otherwise acquired unless the Company is permitted by the Act or any other provision in the Memorandum or Articles to purchase, redeem or otherwise acquire the Shares without such consent.

-15520821-2

**SN 0173**

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM
NYSCEF DOC. NO. 232

INDEX NO. 652077/2017

RECEIVED NYSCEF: 11/28/2018

20-12411-jlg   Doc 177-5   Filed 03/15/22   Entered 03/15/22 18:12:10   Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation   Pg 21 of 53

6.2    The purchase redemption or other acquisition by the Company of its own Shares is deemed not to be a distribution where:

6.3    The Company purchases, redeems or otherwise acquires the Shares pursuant to a right of a Member to have his Shares redeemed or to have his Shares exchanged for money or other property of the Company, or

6.4    The Company purchases, redeems or otherwise acquires the Shares by virtue of the provisions of section 179 of the Act.

6.5    Sections 60, 61 and 62 of the Act shall not apply to the Company.

6.6    Shares that the Company purchases, redeems or otherwise acquires pursuant to this Regulation may be cancelled or held as Treasury Shares except to the extent that such Shares are in excess of 50 percent of the issued Shares in which case they shall be cancelled but they shall be available for reissue.

6.7    All rights and obligations attaching to a Treasury Share are suspended and shall not be exercised by the Company while it holds the Share as a Treasury Share.

6.8    Treasury Shares may be disposed of by the Company on such terms and conditions (not otherwise inconsistent with the Memorandum and Articles) as the Company may by Resolution of Directors determine.

6.9    Where Shares are held by another body corporate of which the Company holds, directly or indirectly, Shares having more than 50 per cent of the votes in the election of directors of the other body corporate, all rights and obligations attaching to the Shares held by the other body corporate are suspended and shall not be exercised by the other body corporate.

7    **Mortgages and charges of Shares**

7.1    A Member may by an instrument in writing mortgage or charge his Shares.

7.2    There shall be entered in the register of members at the written request of the Member:

(a)    a statement that the Shares held by him are mortgaged or charged;

(b)    the name of the mortgagee or chargee; and

(c)    the date on which the particulars specified in 7.2(a) and 7.2(b) are entered in the register of members.

(d)    Where particulars of a mortgage or charge are entered in the register of members, such particulars may be cancelled:

(e)    with the written consent of the named mortgagee or chargee or anyone authorised to act on his behalf; or

9

-15520821-2

**SN 0174**

(f)    upon evidence satisfactory to the directors of the discharge of the liability secured by the mortgage or charge and the issue of such indemnities as the directors shall consider necessary or desirable.

(g)    Whilst particulars of a mortgage or charge over Shares are entered in the register of members pursuant to this Regulation:

(h)    no transfer of any Share the subject of those particulars shall be effected;

(i)    the Company may not purchase, redeem or otherwise acquire any such Share; and

      (i)    no replacement certificate shall be issued in respect of such Shares,

      (ii)    without the written consent of the named mortgagee or chargee.

## 8    Meetings and consents of Members

8.1    Any director of the Company may convene meetings of the Members at such times and in such manner and places within or outside the British Virgin Islands as the director considers necessary or desirable.

8.2    Upon the written request of Members entitled to exercise 30 per cent or more of the voting rights in respect of the matter for which the meeting is requested the directors shall convene a meeting of Members.

8.3    The director convening a meeting shall give not less than 7 days' written notice of a meeting of Members to:

(a)    those Members whose names on the date the notice is given appear as Members in the register of members of the Company and are entitled to vote at the meeting; and

(b)    the other directors.

8.4    The director convening a meeting of Members may fix as the record date for determining those Members that are entitled to vote at the meeting the date notice is given of the meeting, or such other date as may be specified in the notice, being a date not earlier than the date of the notice.

8.5    A meeting of Members held in contravention of the requirement to give notice is valid if Members holding at least 90 per cent of the total voting rights on all the matters to be considered at the meeting have waived notice of the meeting and, for this purpose, the presence of a Member at the meeting shall constitute waiver in relation to all the Shares which that Member holds.

8.6    The inadvertent failure of a director who convenes a meeting to give notice of a meeting to a Member or another director, or the fact that a Member or another director has not received notice, does not invalidate the meeting.

-15520821-2

SN 0175

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM
NYSCEF DOC. NO. 252
INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/28/2018
20-12411-jlg   Doc 177-5   Filed 03/15/22   Entered 03/15/22 18:12:10   Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation   Pg 23 of 53

8.7   A Member may be represented at a meeting of Members by a proxy who may speak and vote on behalf of the Member.

8.8   The instrument appointing a proxy shall be produced at the place designated for the meeting before the time for holding the meeting at which the person named in such instrument proposes to vote.

8.9   The instrument appointing a proxy shall be in substantially the following form or such other form as the chairman of the meeting shall accept as properly evidencing the wishes of the Member appointing the proxy.

**[Name of Company]**

I/We being a Member of the above Company HEREBY APPOINT [ ] or failing him [ ] of [ ] to be my/our proxy to vote for me/us at the meeting of Members to be held on the [ ] day of [ ], 20[ ] and at any adjournment thereof.

(Any restrictions on voting to be inserted here.)

Signed this [ ] day of [ ], 20[ ].

.....................................

Member

8.10   The following applies where Shares are jointly owned:

(a)   if two or more persons hold Shares jointly each of them may be present in person or by proxy at a meeting of Members and may speak as a Member;

(b)   if only one of the joint owners is present in person or by proxy he may vote on behalf of all joint owners; and

(c)   if two or more of the joint owners are present in person or by proxy they must vote as one and in the event of disagreement between any of the joint owners of Shares then the vote of the joint owner whose name appears first (or earliest) in the register of members in respect of the relevant Shares shall be recorded as the vote attributable to the Shares.

8.11   A Member shall be deemed to be present at a meeting of Members if he participates by telephone or other electronic means and all Members participating in the meeting are able to hear each other.

8.12   A meeting of Members is duly constituted if, at the commencement of the meeting, there are present in person or by proxy not less than 50 per cent of the votes of the Shares entitled to vote on Resolutions of Members to be considered at the meeting. If the Company has two or

-15520821-2

SN 0176

more classes of Shares, a meeting may be quorate for some purposes and not for others. A quorum may comprise a single Member or proxy and then such person may pass a Resolution of Members and a certificate signed by such person accompanied where such person holds a proxy by a copy of the proxy instrument shall constitute a valid Resolution of Members.

8.13    If within two hours from the time appointed for the meeting a quorum is not present, the meeting, if convened upon the requisition of Members, shall be dissolved; in any other case it shall stand adjourned to the next business day in the jurisdiction in which the meeting was to have been held at the same time and place, and if at the adjourned meeting there are present within one hour from the time appointed for the meeting in person or by proxy not less than one third of the votes of the Shares or each class or series of Shares entitled to vote on the matters to be considered by the meeting, those present shall constitute a quorum but otherwise the meeting shall be dissolved.

8.14    At every meeting of Members, the Chairman of the Board shall preside as chairman of the meeting. If there is no Chairman of the Board or if the Chairman of the Board is not present at the meeting, the Members present shall choose one of their number to be the chairman. If the Members are unable to choose a chairman for any reason, then the person representing the greatest number of voting Shares present in person or by proxy at the meeting shall preside as chairman failing which the oldest individual Member or representative of a Member present shall take the chair.

8.15    The chairman may, with the consent of the meeting, adjourn any meeting from time to time, and from place to place.

8.16    At any meeting of the Members the chairman is responsible for deciding in such manner as he considers appropriate whether any resolution proposed has been carried or not and the result of his decision shall be announced to the meeting and recorded in the minutes of the meeting. If the chairman has any doubt as to the outcome of the vote on a proposed resolution, he shall cause a poll to be taken of all votes cast upon such resolution. If the chairman fails to take a poll then any Member present in person or by proxy who disputes the announcement by the chairman of the result of any vote may immediately following such announcement demand that a poll be taken and the chairman shall cause a poll to be taken. If a poll is taken at any meeting, the result shall be announced to the meeting and recorded in the minutes of the meeting.

8.17    Subject to the specific provisions contained in this Regulation for the appointment of representatives of Members other than individuals the right of any individual to speak for or represent a Member shall be determined by the law of the jurisdiction where, and by the documents by which, the Member is constituted or derives its existence. In case of doubt, the directors may in good faith seek legal advice and unless and until a court of competent jurisdiction shall otherwise rule, the directors may rely and act upon such advice without incurring any liability to any Member or the Company.

-15520821-2

SN 0177

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM
NYSCEF DOC. NO. 253
INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/28/2018
20-12411-jlg    Doc 177-5    Filed 03/15/22    Entered 03/15/22 18:12:10    Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation    Pg 25 of 53

8.18    Any Member other than an individual may by resolution of its directors or other governing body authorise such individual as it thinks fit to act as its representative at any meeting of Members or of any class of Members, and the individual so authorised shall be entitled to exercise the same rights on behalf of the Member which he represents as that Member could exercise if it were an individual.

8.19    The chairman of any meeting at which a vote is cast by proxy or on behalf of any Member other than an individual may at the meeting but not thereafter call for a notarially certified copy of such proxy or authority which shall be produced within 7 days of being so requested or the votes cast by such proxy or on behalf of such Member shall be disregarded.

8.20    Directors of the Company may attend and speak at any meeting of Members and at any separate meeting of the holders of any class or series of Shares.

8.21    An action that may be taken by the Members at a meeting may also be taken by a Resolution of Members consented to in writing, without the need for any prior notice. If any Resolution of Members is adopted otherwise than by the unanimous written consent of all Members, a copy of such resolution shall forthwith be sent to all Members not consenting to such resolution. The consent may be in the form of counterparts, each counterpart being signed by one or more Members. If the consent is in one or more counterparts, and the counterparts bear different dates, then the resolution shall take effect on the earliest date upon which Eligible Persons holding a sufficient number of votes of Shares to constitute a Resolution of Members have consented to the resolution by signed counterparts.

9    **Directors**

9.1    The first directors of the Company shall be appointed by the first registered agent within 30 days of the incorporation of the Company and thereafter, the directors shall be elected by Resolution of Members or by Resolution of Directors for such term as the Members or directors determine.

9.2    No person shall be appointed as a director of the Company unless he has consented in writing to act as a director.

9.3    The minimum number of directors shall be one and there shall be no maximum number of directors.

9.4    Each director holds office for the term, if any, fixed by the Resolution of Members or Resolution of Directors appointing him, or until his earlier death, resignation or removal. If no term is fixed on the appointment of a director, the director serves indefinitely until his earlier death, resignation or removal.

9.5    A director may be removed from office with or without cause by,

    (a)    a Resolution of Members passed at a meeting of Members called for the purposes of removing the director or for purposes including the removal of the director or by a

13

-15520821-2

**SN 0178**

written resolution passed by a least seventy five per cent of the Members of the Company entitled to vote; or

(b)    a Resolution of Directors passed at a meeting of directors.

9.6    A director may resign his office by giving written notice of his resignation to the Company and the resignation has effect from the date the notice is received by the Company at the office of its registered agent or from such later date as may be specified in the notice. A director shall resign forthwith as a director if he is, or becomes, disqualified from acting as a director under the Act.

9.7    The directors may at any time appoint any person to be a director either to fill a vacancy or as an addition to the existing directors. Where the directors appoint a person as director to fill a vacancy, the term shall not exceed the term that remained when the person who has ceased to be a director ceased to hold office.

9.8    A vacancy in relation to directors occurs if a director dies or otherwise ceases to hold office prior to the expiration of his term of office.

9.9    The Company shall keep a register of directors containing:

(a)    the names and addresses of the persons who are directors of the Company;

(b)    the date on which each person whose name is entered in the register was appointed as a director of the Company;

(c)    the date on which each person named as a director ceased to be a director of the Company; and

(d)    such other information as may be prescribed by the Act.

9.10   The register of directors may be kept in any such form as the directors may approve, but if it is in magnetic, electronic or other data storage form, the Company must be able to produce legible evidence of its contents. Until a Resolution of Directors determining otherwise is passed, the magnetic, electronic or other data storage shall be the original register of directors.

9.11   The directors may, by a Resolution of Directors, fix the emoluments of directors with respect to services to be rendered in any capacity to the Company.

9.12   A director is not required to hold a Share as a qualification to office.

10     Powers of directors

10.1   The business and affairs of the Company shall be managed by, or under the direction or supervision of, the directors of the Company. The directors of the Company have all the powers necessary for managing, and for directing and supervising, the business and affairs of

14                                            -15520821-2

SN 0179

the Company. The directors may pay all expenses incurred preliminary to and in connection with the incorporation of the Company and may exercise all such powers of the Company as are not by the Act or by the Memorandum or the Articles required to be exercised by the Members.

10.2   If the Company is the wholly owned subsidiary of a holding company, a director of the Company may, when exercising powers or performing duties as a director, act in a manner which he believes is in the best interests of the holding company even though it may not be in the best interests of the Company.

10.3   If the Company is a subsidiary, but not a wholly owned subsidiary, of a holding company, and the shareholders other than the holding company agree in advance, a director of the Company may, when exercising powers or performing duties as a director in connection with the carrying out of the joint venture, act in a manner which he believes is in the best interests of a Member or some Members even though it may not be in the best interests of the Company.

10.4   If the Company is carrying out a joint venture between shareholders, a director of the Company may, when exercising powers or performing duties as a director, act in a manner which he believes is in the best interests of the holding company even though it may not be in the best interests of the Company.

10.5   Each director shall exercise his powers for a proper purpose and shall not act or agree to the Company acting in a manner that contravenes the Memorandum, the Articles or the Act. Each director, in exercising his powers or performing his duties, shall act honestly and in good faith in what the director believes to be the best interests of the Company.

10.6   Any director which is a body corporate may appoint any individual as its duly authorised representative for the purpose of representing it at meetings of the directors, with respect to the signing of consents or otherwise.

10.7   The continuing directors may act notwithstanding any vacancy in their body.

10.8   The directors may by Resolution of Directors exercise all the powers of the Company to incur indebtedness, liabilities or obligations and to secure indebtedness, liabilities or obligations whether of the Company or of any third party.

10.9   All cheques, promissory notes, drafts, bills of exchange and other negotiable instruments and all receipts for moneys paid to the Company shall be signed, drawn, accepted, endorsed or otherwise executed, as the case may be, in such manner as shall from time to time be determined by Resolution of Directors.

10.10  Section 175 of the Act shall not apply to the Company.

-15520821-2

SN 0180

**11      Proceedings of directors**

11.1    Any one director of the Company may call a meeting of the directors by sending a written
        notice to each other directors.

11.2    The directors of the Company or any committee thereof may meet at such times and in such
        manner and places within or outside the British Virgin Islands as the notice calling the
        meeting provides.

11.3    A director is deemed to be present at a meeting of directors if he participates by telephone or
        other electronic means and all directors participating in the meeting are able to hear each
        other.

11.4    A director shall be given not less than 3 days' notice of meetings of directors, but a meeting
        of directors held without 3 days' notice having been given to all directors shall be valid if all
        the directors entitled to vote at the meeting who do not attend waive notice of the meeting,
        and for this purpose the presence of a director at a meeting shall constitute waiver by that
        director.  The inadvertent failure to give notice of a meeting to a director, or the fact that a
        director has not received the notice, does not invalidate the meeting.

11.5    A meeting of directors is duly constituted for all purposes if at the commencement of the
        meeting there are present in person or by alternate not less than one-half of the total number
        of directors, unless there are only 2 directors in which case the quorum is 2.

11.6    A director may by a written instrument appoint an alternate who need not be a director and
        the alternate shall be entitled to attend meetings in the absence of the director who appointed
        him and to vote or consent in place of the director until the appointment lapses or is
        terminated.

11.7    If the Company has only one director the provisions herein contained for meetings of
        directors do not apply and such sole director has full power to represent and act for the
        Company in all matters as are not by the Act, the Memorandum or the Articles required to be
        exercised by the Members.  In lieu of minutes of a meeting the sole director shall record in
        writing and sign a note or memorandum of all matters requiring a Resolution of Directors.
        Such a note or memorandum constitutes sufficient evidence of such resolution for all
        purposes.

11.8    At meetings of directors at which the Chairman of the Board is present, he shall preside as
        chairman of the meeting.  If there is no Chairman of the Board or if the Chairman of the Board
        is not present, the directors present shall choose one of their number to be chairman of the
        meeting.  If the directors are unable to choose a chairman for any reason, then the oldest
        individual Director present (and for this purpose an alternate director shall be deemed to be
        the same age as the director that he represents) shall take the chair.

11.9    An action that may be taken by the directors or a committee of directors at a meeting may
        also be taken by a Resolution of Directors or a resolution of a committee of directors

-15520821-2

SN 0181

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM
NYSCEF DOC. NO. 252
INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/28/2018

20-12411-jlg   Doc 177-5   Filed 03/15/22   Entered 03/15/22 18:12:10   Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation   Pg 29 of 53

consented to in writing by all directors or by all members of the committee, as the case may be, without the need for any notice. The consent may be in the form of counterparts each counterpart being signed by one or more directors. If the consent is in one or more counterparts, and the counterparts bear different dates, then the resolution shall take effect on the date upon which the last director has consented to the resolution by signed counterparts.

**12      Committees**

12.1    The directors may, by Resolution of Directors, designate one or more committees, each consisting of one or more directors, and delegate one or more of their powers, including the power to affix the Seal, to the committee.

12.2    The directors have no power to delegate to a committee of directors any of the following powers:

    (a)      to amend the Memorandum or the Articles;

    (b)      to designate committees of directors;

    (c)      to delegate powers to a committee of directors;

    (d)      to appoint directors;

    (e)      to appoint an agent;

    (f)      to approve a plan of merger, consolidation or arrangement; or

    (g)      to make a declaration of solvency or to approve a liquidation plan.

12.3    Regulations 12.2(b) and 12.2(c) do not prevent a committee of directors, where authorised by the Resolution of Directors appointing such committee or by a subsequent Resolution of Directors, from appointing a sub-committee and delegating powers exercisable by the committee to the sub-committee.

12.4    The meetings and proceedings of each committee of directors consisting of 2 or more directors shall be governed mutatis mutandis by the provisions of the Articles regulating the proceedings of directors so far as the same are not superseded by any provisions in the Resolution of Directors establishing the committee.

**13      Officers and agents**

13.1    The Company may by Resolution of Directors appoint officers of the Company at such times as may be considered necessary or expedient. Such officers may consist of a Chairman of the Board of Directors, a Chief Executive Officer, one or more vice-presidents, secretaries and treasurers and such other officers as may from time to time be considered necessary or expedient. Any number of offices may be held by the same person.

17                                    -15520821-2

SN 0182

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM
NYSCEF DOC. NO. 25
INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/28/2018
20-12411-jlg   Doc 177-5   Filed 03/15/22   Entered 03/15/22 18:12:10   Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation   Pg 30 of 53

13.2    The officers shall perform such duties as are prescribed at the time of their appointment subject to any modification in such duties as may be prescribed thereafter by Resolution of Directors. In the absence of any specific prescription of duties it shall be the responsibility of the Chairman of the Board to preside at meetings of directors and Members, the Chief Executive Officer to manage the day to day affairs of the Company, the vice-presidents to act in order of seniority in the absence of the Chief Executive Officer but otherwise to perform such duties as may be delegated to them by the Chief Executive Officer, the secretaries to maintain the register of members, minute books and records (other than financial records) of the Company and to ensure compliance with all procedural requirements imposed on the Company by applicable law, and the treasurer to be responsible for the financial affairs of the Company.

13.3    The emoluments of all officers shall be fixed by Resolution of Directors.

13.4    The officers of the Company shall hold office until their death, resignation or removal. Any officer elected or appointed by the directors may be removed at any time, with or without cause, by Resolution of Directors. Any vacancy occurring in any office of the Company may be filled by Resolution of Directors.

13.5    The directors may, by a Resolution of Directors, appoint any person, including a person who is a director, to be an agent of the Company. An agent of the Company shall have such powers and authority of the directors, including the power and authority to affix the Seal, as are set forth in the Articles or in the Resolution of Directors appointing the agent, except that no agent has any power or authority with respect to the matters specified in Regulation 12.1. The Resolution of Directors appointing an agent may authorise the agent to appoint one or more substitutes or delegates to exercise some or all of the powers conferred on the agent by the Company. The directors may remove an agent appointed by the Company and may revoke or vary a power conferred on him.

14    **Conflict of Interests**

14.1    A director of the Company shall, forthwith after becoming aware of the fact that he is interested in a transaction entered into or to be entered into by the Company, disclose the interest to all other directors of the Company.

14.2    For the purposes of Regulation 14.1, a disclosure to all other directors to the effect that a director is a Member, director or officer of another named entity or has a fiduciary relationship with respect to the entity or a named individual and is to be regarded as interested in any transaction which may, after the date of the entry or disclosure, be entered into with that entity or individual, is a sufficient disclosure of interest in relation to that transaction.

14.3    A director of the Company who is interested in a transaction entered into or to be entered into by the Company may:

    (a)    vote on a matter relating to the transaction;

-15520821-2

SN 0183

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM
NYSCEF DOC. NO. 252
INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/28/2018
20-12411-jlg   Doc 177-5   Filed 03/15/22   Entered 03/15/22 18:12:10   Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation   Pg 31 of 53

(b)   attend a meeting of directors at which a matter relating to the transaction arises and be included among the directors present at the meeting for the purposes of a quorum; and

(c)   sign a document on behalf of the Company, or do any other thing in his capacity as a director, that relates to the transaction,

and, subject to compliance with the Act shall not, by reason of his office be accountable to the Company for any benefit which he derives from such transaction and no such transaction shall be liable to be avoided on the grounds of any such interest or benefit.

## 15   Indemnification

15.1   Subject to the limitations hereinafter provided the Company shall indemnify against all expenses, including legal fees, and against all judgments, fines and amounts paid in settlement and reasonably incurred in connection with legal, administrative or investigative proceedings any person who:

(a)   is or was a party or is threatened to be made a party to any threatened, pending or completed proceedings, whether civil, criminal, administrative or investigative, by reason of the fact that the person is or was a director of the Company; or

(b)   is or was, at the request of the Company, serving as a director of, or in any other capacity is or was acting for, another company or a partnership, joint venture, trust or other enterprise.

15.2   The indemnity in Regulation 15.1 only applies if the person acted honestly and in good faith with a view to the best interests of the Company and, in the case of criminal proceedings, the person had no reasonable cause to believe that their conduct was unlawful.

15.3   The decision of the directors as to whether the person acted honestly and in good faith and with a view to the best interests of the Company and as to whether the person had no reasonable cause to believe that his conduct was unlawful is, in the absence of fraud, sufficient for the purposes of the Articles, unless a question of law is involved.

15.4   The termination of any proceedings by any judgment, order, settlement, conviction or the entering of a nolle prosequi does not, by itself, create a presumption that the person did not act honestly and in good faith and with a view to the best interests of the Company or that the person had reasonable cause to believe that his conduct was unlawful.

15.5   The Company may purchase and maintain insurance in relation to any person who is or was a director, officer or liquidator of the Company, or who at the request of the Company is or was serving as a director, officer or liquidator of, or in any other capacity is or was acting for, another company or a partnership, joint venture, trust or other enterprise, against any liability asserted against the person and incurred by the person in that capacity, whether or not the

19                                                                    -15520821-2

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM
NYSCEF DOC. NO. 253
INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/28/2018
20-12411-jlg   Doc 177-5   Filed 03/15/22   Entered 03/15/22 18:12:10   Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation   Pg 32 of 53

Company has or would have had the power to indemnify the person against the liability as provided in the Articles.

**16      Records**

16.1     The Company shall keep the following documents at the office of its registered agent:

(a)      the Memorandum and the Articles;

(b)      the register of members, or a copy of the register of members;

(c)      the register of directors, or a copy of the register of directors; and

(d)      copies of all notices and other documents filed by the Company with the Registrar of Corporate Affairs in the previous 10 years.

(e)      If the Company maintains only a copy of the register of members or a copy of the register of directors at the office of its registered agent, it shall:

(f)      within 15 days of any change in either register, notify the registered agent in writing of the change; and

(g)      provide the registered agent with a written record of the physical address of the place or places at which the original register of members or the original register of directors is kept.

16.2     The Company shall keep the following records at the office of its registered agent or at such other place or places, within or outside the British Virgin Islands, as the directors may determine:

(a)      minutes of meetings and Resolutions of Members and classes of Members;

(b)      minutes of meetings and Resolutions of Directors and committees of directors; and

(c)      an impression of the Seal, if any.

16.3     Where any original records referred to in this Regulation are maintained other than at the office of the registered agent of the Company, and the place at which the original records is changed, the Company shall provide the registered agent with the physical address of the new location of the records of the Company within 14 days of the change of location.

16.4     The records kept by the Company under this Regulation shall be in written form or either wholly or partly as electronic records complying with the requirements of the Electronic Transactions Act.

20                                                      -15520821-2

SN 0185

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM
NYSCEF DOC. NO. 252
20-12411-jlg    Doc 177-5    Filed 03/15/22    Entered 03/15/22 18:12:10    Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation    Pg 33 of 53
INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/28/2018

**17      Registers of charges**

17.1     The Company shall maintain at the office of its registered agent a register of charges in which there shall be entered the following particulars regarding each mortgage, charge and other encumbrance created by the Company:

(a)      the date of creation of the charge;

(b)      a short description of the liability secured by the charge;

(c)      a short description of the property charged;

(d)      the name and address of the trustee for the security or, if there is no such trustee, the name and address of the chargee;

(e)      unless the charge is a security to bearer, the name and address of the holder of the charge; and

(f)      details of any prohibition or restriction contained in the instrument creating the charge on the power of the Company to create any future charge ranking in priority to or equally with the charge.

**18      Continuation**

The Company may by Resolution of Members or by a Resolution of Directors continue as a company incorporated under the laws of a jurisdiction outside the British Virgin Islands in the manner provided under those laws.

**19      Seal**

The Company may have more than one Seal and references herein to the Seal shall be references to every Seal which shall have been duly adopted by Resolution of Directors. The directors shall provide for the safe custody of the Seal and for an imprint thereof to be kept at the registered office. Except as otherwise expressly provided herein the Seal when affixed to any written instrument shall be witnessed and attested to by the signature of any one director or other person so authorised from time to time by Resolution of Directors.  Such authorisation may be before or after the Seal is affixed, may be general or specific and may refer to any number of sealings.  The directors may provide for a facsimile of the Seal and of the signature of any director or authorised person which may be reproduced by printing or other means on any instrument and it shall have the same force and validity as if the Seal had been affixed to such instrument and the same had been attested to as hereinbefore described.

-15520821-2

SN 0186

**20      Accounts and audit**

20.1      The Company shall keep records that are sufficient to show and explain the Company's transactions and that will, at any time, enable the financial position of the Company to be determined with reasonable accuracy.

20.2      The Company may by Resolution of Members call for the directors to prepare periodically and make available a profit and loss account and a balance sheet.  The profit and loss account and balance sheet shall be drawn up so as to give respectively a true and fair view of the profit and loss of the Company for a financial period and a true and fair view of the assets and liabilities of the Company as at the end of a financial period.

20.3      The Company may by Resolution of Members call for the accounts to be examined by auditors.

20.4      The first auditors shall be appointed by Resolution of Directors; subsequent auditors shall be appointed by a Resolution of Members or a Resolution of Directors.

20.5      The auditors may be Members, but no director or other officer shall be eligible to be an auditor of the Company during their continuance in office.

20.6      The remuneration of the auditors of the Company:

(a)      in the case of auditors appointed by the directors, may be fixed by Resolution of Directors; and

(b)      subject to the foregoing, shall be fixed by Resolution of Members or in such manner as the Company may by Resolution of Members determine.

20.7      The auditors shall examine each profit and loss account and balance sheet required to be laid before a meeting of the Members or otherwise given to Members and shall state in a written report whether or not:

(a)      in their opinion the profit and loss account and balance sheet give a true and fair view respectively of the profit and loss for the period covered by the accounts, and of the assets and liabilities of the Company at the end of that period; and

(b)      all the information and explanations required by the auditors have been obtained.

20.8      The report of the auditors shall be annexed to the accounts and shall be read at the meeting of Members at which the accounts are laid before the Company or shall be otherwise given to the Members.

20.9      Every auditor of the Company shall have a right of access at all times to the books of account and vouchers of the Company, and shall be entitled to require from the directors and officers of the Company such information and explanations as he thinks necessary for the performance of the duties of the auditors.

22      -15520821-2

20.10   The auditors of the Company shall be entitled to receive notice of, and to attend any meetings of Members at which the Company's profit and loss account and balance sheet are to be presented.

**21    Notices**

21.1    Any notice, information or written statement to be given by the Company to Members may be given by personal service or by mail addressed to each Member at the address shown in the register of members.

21.2    Any summons, notice, order, document, process, information or written statement to be served on the Company may be served by leaving it, or by sending it by registered mail addressed to the Company, at its registered office, or by leaving it with, or by sending it by registered mail to, the registered agent of the Company.

21.3    Service of any summons, notice, order, document, process, information or written statement to be served on the Company may be proved by showing that the summons, notice, order, document, process, information or written statement was delivered to the registered office or the registered agent of the Company or that it was mailed in such time as to admit to its being delivered to the registered office or the registered agent of the Company in the normal course of delivery within the period prescribed for service and was correctly addressed and the postage was prepaid.

**22    Voluntary winding up**

The Company may by a Resolution of Members or by a Resolution of Directors appoint a voluntary liquidator.

We, Elian Fiduciary Services (BVI) Limited of Nemours Chambers, Road Town, Tortola, VG1110, British Virgin Islands, for the purpose of incorporating a BVI business company under the laws of the British Virgin Islands hereby sign these Articles of Association.

Dated the 13th day of February, 2015

Incorporator

**Signed for and on behalf of Elian Fiduciary Services (BVI) Limited** of Nemours Chambers, Road Town, Tortola, British Virgin Islands

Signature of authorised signatory                    Signature of authorised signatory

**Charlotte Bailey**                                          **Susan Palmer**
Print name                                                    Print name

23                                              -15520821-2

**SN 0188**

.

British Virgin Islands

Director's Authorization

.

SN 0189

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO. 232
RECEIVED NYSCEF: 11/28/2018

20-12411-jlg   Doc 177-5   Filed 03/15/22   Entered 03/15/22 18:12:10   Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation   Pg 37 of 53

## AUTHORIZATION TO DATE DIRECTOR'S RESOLUTION

The undersigned is forming a corporation under the laws of the British Virgin Islands, such corporation to be known as Genever Holdings Corporation (the "Company"). In connection with the formation of the Company, the undersigned has executed a Director's Resolution (the "Resolution") nominating certain "Authorized Persons," providing for the formation of a limited liability company under the laws of the State of New York to be known as Genever Holdings LLC (the "LLC"), and further providing for the purchase by the LLC of one or more certificates of stock in a cooperative association, all as set forth in more detail in the Resolution.

The undersigned hereby authorizes, effective as of this 12th day of February 2015, any of Robert B. Barnett, Jerry L. Shulman or Michael F. O'Connor of the law firm of Williams & Connolly LLP to date the Resolution effective on or after the date on which the formation of the Company is complete.

KWOK Ho Wan

SN 0190

## GENEVER HOLDINGS CORPORATION

Written Consent of Sole Director

The undersigned, being the sole director of Genever Holdings Corporation, a British

Virgin Islands limited company (the "Corporation"), acting by written consent without a meeting

pursuant to _____ [BVI law], does hereby consent to the adoption of the following

resolutions:

> **RESOLVED**, that Andrea L. Sanft, Esq., is hereby authorized as an "Authorized Person" of the Corporation to file a certificate of formation for the formation of a New York limited liability company named Genever Holdings LLC ("Genever New York") and take such other acts and do such other things as are necessary to permit Genever New York to exist and obtain authority to do business in the State of New York and New York City. To the extent necessary to complete such actions, the Corporation, as the sole member of Genever New York, hereby authorizes Ms. Sanft to enter her name as "Authorized Person" for Genever New York for the same purpose.

> **RESOLVED, FURTHER**, that Michael F. O'Connor, Esq., is hereby authorized to execute a limited liability company agreement for Genever New York as an "Authorized Person" with such terms and conditions as Mr. O'Connor deems appropriate.

> **RESOLVED, FURTHER**, that Michael F. O'Connor, Esq., is hereby authorized as an "Authorized Person" of the Corporation to cause the Corporation's subsidiary, Genever New York, to enter into a purchase agreement with Sherry 1800s LLC, as seller, for the purchase of certificates of stock in The Sherry-Netherland, Inc., a cooperative apartment located at 781 Fifth Avenue, New York City, New York (the "Sherry-Netherland") with respect to UNITS 1801, 1804, 1807, 1809, 1811, and Servant's Room 1519) on terms and conditions as have been discussed among representatives of the Corporation and Genever New York and the director and sole shareholder of the Corporation. This authority is delegable by Mr. O'Connor who may designate one or more "Authorized Persons" of Genever New York for the same purpose.

**RESOLVED, FURTHER,** that Ms. Sanft and Mr. O'Connor are each authorized to take such other actions and make such revisions to documents as such person deems advisable or necessary in order to carry out the actions set forth in these resolutions, the approval of such revised documents being evidence of such authorized person's determination. Each of the Authorized Persons shall act, perform and exercise their sole discretion in the best interest of the Corporation and its shareholder in any respect and the director of the Corporation is and be authorized to change any of the Authorized Persons as he thinks fit

Dated as of February 12, 2015

Ho Wan KWOK

SN 0192

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM
NYSCEF DOC. NO. 252

INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/28/2018

20-12411-jlg   Doc 177-5   Filed 03/15/22   Entered 03/15/22 18:12:10   Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation   Pg 40 of 53

British Virgin Islands/New York

Designation of Authorized Persons

SN 0193

# GENEVER HOLDINGS CORPORATION

## GENEVER HOLDINGS LLC

### Designation of Authorized Person

The undersigned, being an Authorized Person of Genever Holdings Corporation, a British Virgin Islands limited company (the "Corporation"), hereby makes the following delegation of authority:

**THE AUTHORIZED PERSON** hereby designates each of Ira Gilbert, Esq. and Steven Simkin, Esq., acting alone or jointly, as an "Authorized Person" of Genever Holdings LLC ( "Genever New York"), a New York limited liability company of which the Corporation is the sole member, and delegates authority to and directs each of them to enter into a purchase agreement with Sherry 1800s LLC, as seller, for the purchase of certificates of stock in The Sherry-Netherland, Inc., a cooperative apartment located at 781 Fifth Avenue, New York City, New York (the "Sherry-Netherland") with respect to UNITS 1801, 1804, 1807, 1809, 1811, and Servant's Room 1519) on terms and conditions as have been discussed among representatives of the Corporation and Genever New York and the director and sole shareholder of the Corporation. This authority is non-delegable by either of Messrs. Gilbert and Simkin.

**Pursuant to this designation of authorized person,** Messrs. Gilbert and Simkin are each authorized to take such other actions and make such revisions to the purchase documents as such person deems advisable or necessary in order to carry out the actions authorized in this designation, the approval of such revised documents being evidence of such authorized person's determination.

Dated as of February 12, 2015

Michael F. O'Connor
Authorized Person

New York LLC

Evidence of Formation

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM                    INDEX NO. 652077/2017
NYSCEF DOC. NO. 252    20-12411-jlg   Doc 177-5   Filed 03/15/22   Entered 03/15/22 18:12:10   Exhibit 4 -   RECEIVED NYSCEF: 11/28/2018
                      Genever Holdings Corporations Certificate of Incorporation   Pg 43 of 53

NYS Department of State - Corporations Public Inquiry System - Session ID: 1586                Page 1 of 1

```
DOSPITECS              CORPORATIONS PUBLIC INQUIRY SYSTEM          02/17/15
                           CURRENT STATUS INFORMATION
CURR NAME GENEVER HOLDINGS LLC

NAME ASSMD ********* TYPE 01DA A STATUS A
   EFFECTIVE DATE 02/17/2015      BIENNIAL RPT
ORIG NAME GENEVER HOLDINGS LLC


INC. DATE   COUNTY   DURATION    JURISDICTION       FOR. INC.   NFP TYPE
02/17/2015  NEWY                                      __/__/____
                                                   CORPID 4711112


Process Name CORPORATION SERVICE COMPANY_____
Address      80 STATE STREET_____
City,St,Zip  ALBANY_____ , NY_ 12207 - 2543

CEO Name                 _____
Address                  _____
City,St,Zip  _____ , ___ - _____
INF101 - PRESS APPROPRIATE FUNCTION KEY FOR DESIRED ACTION
===> _____
1=CERT SEAL 2=        3=PREVIOUS 4=LIST      5=HISTORY  6=STOCK
7=          8=        9=NAMES    10=CURR ADD 11=BIEN RPT 12=NAME ENTRY
```

|  | Increase Font | Decrease Font | Disconnect | AT OFF |

SN 0196

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO. 252
20-12411-jlg    Doc 177-5    Filed 03/15/22    Entered 03/15/22 18:12:10    Exhibit 4 -
RECEIVED NYSCEF: 11/28/2018
Genever Holdings Corporations Certificate of Incorporation    Pg 44 of 53

# New York LLC

# Operating Agreement

SN 0197

# LIABILITY COMPANY AGREEMENT

## OF

### · GENEVER HOLDINGS LLC

LIMITED LIABILITY COMPANY AGREEMENT made as of the _13th_ day of _February_, 2015 by and among (a) GENEVER HOLDINGS LLC (the "Company"), and (b) the persons identified on Schedule A as members of the Company (hereinafter referred to as the "Members" and each individually, a "Member").

The Members are entering into this Agreement in order to form the Company as a New York limited liability company by organizing the Company in accordance with the New York Limited Liability Company Law, as amended from time to time (the "Act").

The parties hereto desire to set forth the terms and conditions for the operation of the Company. This Agreement sets forth fully the agreements and understandings of the Members in respect of the Company.

NOW, THEREFORE, in consideration of the covenants and agreements hereinafter set forth, the parties hereto agree as follows:

    1.    Definitions.

    1.1    "Family Group," with respect to any Member, includes (i) with respect to any Member who is an individual, such Member's spouse and descendants, (ii) with respect to any Member that is a trust, any beneficiary of the trust and the spouse and descendants of any beneficiary and (iii) with respect to any Member that is an entity, any beneficial owner of such entity and the spouse and descendants of any such beneficial owner.

    1.2    "Membership Interest" means the ownership interest of a Member in the Company. The Membership Interest of each of the Members as of the date hereof is set forth on Schedule A.

    1.3    "Property" shall have the meaning set forth in Section 5.

    2.    Name: The name of the Company shall be GENEVER HOLDINGS LLC.

    3.    Articles; Certificates. The Members, from time to time as such Members deem advisable, may, by written instrument, elect one or more additional natural persons and designate them as "authorized persons" of the Company. The Members or any officer or authorized person shall execute, deliver and file any other articles and/or certificates (and any amendments and/or restatements thereof) necessary for the Company to qualify to do business in any jurisdiction in which the Company may wish to conduct business.

SN 0198

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM    INDEX NO. 652077/2017
NYSCEF DOC. NO. 253    20-12411-jlg    Doc 177-5    Filed 03/15/22    Entered 03/15/22 18:12:10    Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation    Pg 46 of 53    RECEIVED NYSCEF: 11/28/2018

2

4.    Term. This Agreement shall be effective as of the filing of the Company's Articles of Organization with the Secretary of State of New York and shall have perpetual existence.

5.    Purposes. The purposes of the Company are to acquire, own, hold, manage, operate, maintain, repair, improve, renovate, sell, finance, refinance and otherwise use or deal with the property described on Schedule B hereto, such other real property as the Members shall determine to acquire and any tangible personal property usually located therein or used or of use in connection therewith (collectively, the "Property"); and to engage in any other lawful business or activities for which limited liability companies may be organized under the Act. In furtherance of its purposes, the Members shall have the power and are hereby authorized to take any and all actions and engage in such activities as may be necessary, convenient, advisable or incidental with respect to the conduct of the business of the Company as determined by the Members in their sole discretion (but subject to the further provisions of this Agreement), including, but not limited to, acquiring, maintaining, improving, selling, leasing, and mortgaging real property, and the Members shall have and exercise all of the power and rights conferred upon limited liability companies formed pursuant to the Act.

6.    Powers. The Company shall have the power to do all things necessary or desirable in the conduct of its business to the fullest possible extent. Limited Liability. Except as otherwise provided by the Act, the debts, obligations and liabilities of the Company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the Company, and the Members shall not be obligated personally for any such debt, obligation or liability of the Company solely by reason of being a Member of the Company.

8.    Office. The principal office and place of business of the Company shall be located at such place as the Members may from time to time determine. Management.    Management of the Company shall be vested in the Members. The Members shall have full, exclusive and complete discretion to manage and control the business and affairs of the Company and to take all such actions as the Members deem necessary or appropriate to accomplish the purposes of the Company as set forth herein.

9.1.1    The Members shall have sole power to bind the Company, except and to the extent that such power is expressly delegated to any other person or entity by the Members, and such delegation shall not cause the Members to cease to have such powers. The Members and/or, to the extent determined by the Members, any officers appointed by the Members in accordance with Section 9.3 shall each have the power and authority to do any and all acts necessary or convenient to or for the furtherance of the purposes of the Company set forth in this Agreement.

9.1.2    If any vote or consent of the Members is required by the Act at a time when there is only one Member, then the vote of such Member shall be considered the vote or consent of the Members. If there is more than one Member, then, unless a greater majority is required by the Act or this Agreement, the vote of Members holding a majority of the Membership Interests in the Company shall be considered the

SN 0199

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM INDEX NO. 652077/2017
NYSCEF DOC. NO. 252
RECEIVED NYSCEF: 11/28/2018

20-12411-jlg   Doc 177-5   Filed 03/15/22   Entered 03/15/22 18:12:10   Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation   Pg 47 of 53

3

vote or consent of the Members. Any action of the Members may be taken by written consent without a meeting and without prior notice.

9.2       In addition to the powers granted by law, the Members shall have full power to do everything in administering the Company that the Members may deem advisable, to the full extent that an individual owning property would have and without prior court authority, including the power: To retain so long as the Members may deem advisable and to acquire by purchase or otherwise, any kind of real property or personal property; to sell for cash or on credit (at public or private sale), exchange, mortgage, lease for any period (either as landlord or tenant and including renewals of the term) and modify, extend or cancel leases, grant options or otherwise dispose of or deal with any real or personal property, all without regard to statutory restrictions, in such manner and upon such terms and conditions as they deem advisable without first obtaining a court order; to erect, renovate or alter buildings or otherwise improve and manage buildings and property; demolish buildings; make ordinary and extraordinary repairs; grant easements and make party wall contracts; dedicate roads; subdivide; adjust boundary lines and partition; to distribute in kind or in money or partly in each, even if shares be composed differently; to hold property in the names of nominees or so that it will pass on delivery; to renew, assign, alter, extend, compromise, abandon or release or arbitrate claims asserted by or against the Company; to engage and rely on brokers and investment counsel, accountants, appraisers and other experts and legal counsel and to compensate them; to employ custodians of the assets and bookkeepers and clerks and other assistants; and to borrow money for any purpose.

9.3       Officers. The Members may, from time to time as they deem advisable, select one or more natural persons and designate them as officers of the Company (the "Officers") and assign titles (including, without limitation, President, Vice President, Secretary, and Treasurer) to any such person. The Members may, by written instrument, delegate to any Officer or any other agent of the Company any of the Members' powers under this Agreement, including, without limitation, the power to bind the Company. Any delegation pursuant to this Section 9.3 may be revoked at any time by the Members. An Officer may be removed with or without cause by the Members. Any Officer may resign at any time by giving written notice to the Members. Any vacancy in any office, due to death, incapacity, resignation or removal, shall be filled by the Members. Officers may be Members or non-Members.

9.4       Fiduciary Duty of the Members and Officers. In exercising the powers granted by this Agreement and in performing the duties required by this Agreement with respect to the management and operation of the Company, each Member and Officer, pursuant to general principles of law, has a fiduciary duty to act reasonably in (or not opposed to) the best interests of the Company and the Members.

10.       Other Business. The Members and any person or entity affiliated with any of the Members may engage in or possess an interest in other business ventures (unconnected with the Company) of every kind and description, independently or with others. None of the Company or the other Members shall have any rights in or to such independent ventures or the income or profits therefrom by virtue of this Agreement.

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO. 25
RECEIVED NYSCEF: 11/28/2018
20-12411-jlg   Doc 177-5   Filed 03/15/22   Entered 03/15/22 18:12:10   Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation   Pg 48 of 53

4

11.    Liability and Indemnity.

11.1    To the fullest extent permitted by applicable law, no Member, Officer, employee or agent of the Company ("Covered Person") shall be liable to the Company, any Member or any other person or entity who is a party to or otherwise bound by this Agreement for any liability, loss, damage or claim suffered or incurred by reason of any act or omission performed or omitted by such Covered Person, except that a Covered Person shall be liable for any such liability, loss, damage, cost or claim suffered or incurred by reason of such Covered Person's (a) gross negligence or willful misconduct, (b) violation of any express provision of this Agreement or of the implied contractual covenant of good faith and fair dealing, and/or (c) breach of such Covered Person's duty of loyalty ("Unprotected Acts and Omissions"). Consistent with the preceding sentence, each Covered Person may act or refrain from acting without liability to the Company or to any Member in reliance upon any opinion of any consultant or advisor on any matter which the Covered Person reasonably believes to be within the consultant or advisor's professional competence.

11.2    To the fullest extent permitted by applicable law, and to the extent of its assets, the Company shall indemnify, defend and hold harmless any Covered Person for any liability, loss, damage, cost or claim suffered or incurred by such Covered Person by reason of any act or omission performed or omitted by such Covered Person in connection with the Company, provided, however, that (i) no Covered Person shall be entitled to be indemnified in respect of any such liability, loss, damage, cost or claim suffered or incurred by such Covered Person by reason of such person's Unprotected Acts and Omissions, and (ii) any indemnity under this Section 11.2 shall be provided out of, and to the extent of, Company assets only, and no Member shall have personal liability on account thereof.

11.3    To the fullest extent permitted by law, expenses ((including, without limitation, reasonable attorneys' fees and expenses) incurred in defending any action, suit or proceeding subject to this Section 11 shall be paid or reimbursed by the Company in advance of the final disposition of any proceeding and without any determination as to the Covered Person's ultimate entitlement to indemnification; provided, however, that the payment of such expenses incurred in advance of the final disposition of a proceeding shall be made only upon delivery to the Company of a written affirmation by such person of his good faith belief that he or she has met the standard of conduct necessary for indemnification under this Section and a written undertaking, by or on behalf of such person, to repay all amounts so advanced if it shall ultimately be determined that such person is not entitled to be indemnified.

12.    Registered Agent. The Secretary of State is designated as agent of the limited liability company upon whom process against it may be served. The address within or without this state to which the Secretary of State shall mail a copy of any process against the limited liability company served upon him or her is: c/o Brad Karp, Paul, Weiss, Rifkind, Wharton & Garrison, LLP, 1285 Avenue of the Americas, New York, New York 10019-6064.

SN 0201

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM    INDEX NO. 652077/2017
NYSCEF DOC. NO. 232    20-12411-jlg    Doc 177-5    Filed 03/15/22    Entered 03/15/22 18:12:10    Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation    Pg 49 of 53    RECEIVED NYSCEF: 11/28/2018

5

13.    Capital Contributions.  The initial Members agree to contribute to the capital of the Company the cash or property described on Schedule A.  In exchange for such contribution, each Member shall receive a Membership Interest in the Company in the percentage set forth on Schedule A.  The Company shall maintain a separate Capital Account for each Member in accordance with Treasury Regulations promulgated from time to time under Section 704(b) of the Code.

14.    Additional Contributions/Member Loans.  No Member is required to make any additional capital contributions to the Company.  A Member may extend credit to the Company with an affirmative vote of the Members.  Member loans shall not constitute Capital Contributions.

15.    Allocations.

15.1    Profits and Losses.  The Company's profits and losses shall be allocated to the Members pro rata, in accordance with their Membership Interests. The allocations set forth in this section shall have economic effect equivalence within the meaning of Treasury Regulations Section 1.704-1(b)(2)(ii)(i) and, solely for tax purposes, be made in accordance with the Regulations promulgated under Code Section 704(c).

15.2    Use of Property.

15.2.1  If the Property is not being leased to a tenant, the Members and any one or more of any Member's Family Group may use the Property in an equitable fashion to be determined by the Members by a vote of a majority in interest of the Members.

15.2.2  Persons who are neither Members nor members of a Family Group of any Member may use the Property only upon the prior unanimous approval of the Members.

15.2.3  Nothing herein shall preclude any Member from inviting guests to stay at the Property while such Member or members of any Member's Family Group are using the Property in accordance with Section 15.2.1 above.

16.    Distributions.  Distributions shall be made to the Members at the times and in the aggregate amounts determined by the Members.  Such distributions shall be allocated among the Members in the same proportion as their then positive capital account balances.  Notwithstanding any provision to the contrary contained in this Agreement, the Company shall not make a distribution to any Member on account of its interest in the Company if such distribution would violate the Act or other applicable law.

17.    Sale of the Property.  Any part or all of the Property may be sold upon the vote of the Members.

SN 0202

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM
NYSCEF DOC. NO. 253
20-12411-jlg   Doc 177-5   Filed 03/15/22   Entered 03/15/22 18:12:10   Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation   Pg 50 of 53

INDEX NO. 652077/2017
RECEIVED NYSCEF: 11/28/2018

6

18.     Assignment of Membership Interests.

18.1     A Member shall have the right to sell, assign, mortgage, pledge, or otherwise voluntarily transfer or encumber any portion or all of such Member's Membership Interest with the consent of a majority in interest of the Members other than the Member requesting such assignment, provided, however, that no such transfer may be made that would cause the Company to violate any rules, regulations, bylaw or other governing arrangements of any cooperative association or other legal person of which the Company is a shareholder or member, and any purported sale, assignment, mortgage, pledge or other transfer or encumbrance not in conformity with this Section 18.1 shall be null and void.

18.2     In addition, any interest as a Member that is held by a custodian for a minor under a Uniform Gifts to Minors Act, Uniform Transfers to Minors Act or any similar act shall be fully transferable and assignable to the minor when the minor reaches the age of termination of such custodianship under the applicable statute. Any interest held by an entity may be fully transferable and assignable to the beneficial owners thereof.

18.3     Any assignee who receives a Membership Interest in accordance with this Section shall be admitted as a Member only upon his, her or its delivery to the Company of a written instrument by which he, she or it approves and adopts all of the provisions of this Agreement, as amended. Such admission shall be deemed effective immediately prior to the transfer, and, in the case of a transfer of all of a transferor Member's Interest in the Company, immediately following such admission, the transferor Member shall cease to be a Member of the Company. In the event of an assignment and admission of a transferee in accordance with this Section 18.3, the Company shall continue without dissolution.

19.     Admission of Additional Members by the Company. One or more additional Members of the Company may be admitted to the Company with the consent of the Members and upon his, her or its delivery to the Company of a written instrument by which he, she or it approves and adopts all of the provisions of this Agreement, as amended.

20.     Withdrawal of a Member. A Member may withdraw from the Company at any time.

21.     Dissolution.

21.1     The Company shall dissolve and its affairs shall be wound up upon the first to occur of the following:   (i) upon the unanimous vote of the Members; (ii) any time there are no Members of the Company unless the Company is continued in accordance with this Agreement and the Act; or (iii) as otherwise required in the Act.

21.2     Upon dissolution of the Company, the Members shall (i) wind up the affairs of the Company, (ii) pay all outstanding expenses, real property taxes and other debts and liabilities of the Company (including without limitation to any

INDEX NO. 652077/2017

NYSCEF DOC. NO. 253

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM

20-12411-jlg   Doc 177-5   Filed 03/15/22   Entered 03/15/22 18:12:10   Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation   Pg 51 of 53

RECEIVED NYSCEF: 11/28/2018

7

Member), (iii) establish any reserves against liabilities or obligations of the Company that the Members deem appropriate and (iv) distribute the remaining assets of the Company to the Members (a) in proportion to their positive capital accounts until such capital accounts reach zero and (b) thereafter in accordance with their respective Membership Interests.

22.    Tax Matters. The Company shall designate a "tax matters partner" in accordance with Section 6231(a)(7) of the Code. In the event that the Company has more than one Member, it shall be treated as a partnership for federal and state income tax purposes. In the event that the Company has a single Member, it shall be treated as a sole proprietorship and a disregarded entity for federal and state income tax purposes.

23.    Amendments. This Agreement may be modified, altered, supplemented or amended from time to time only upon the unanimous written consent of the Members.

24.    Binding Agreement; Successors and Assigns. The Members agree that this Agreement shall be binding upon the parties hereto and their respective successors and permitted assigns and shall inure to the benefit of the parties hereto and their respective successors and permitted assigns.

25.    Separability of Provisions. Each provision of this Agreement shall be considered separable, and if for any reason any provision or provisions herein are determined to be invalid, unenforceable or illegal under any existing or future law, such invalidity, unenforceability or illegality shall not impair the operation of or affect those portions of this Agreement which are valid, enforceable and legal.

26.    Counterparts. This Agreement may be executed in any number of counterparts, including by facsimile or electronic signature, each of which shall be deemed an original of this Agreement.

27.    Entire Agreement. This Agreement constitutes the entire agreement between the parties hereto with respect to the subject matter hereof, and supersedes all prior understandings or agreements between the parties with respect to such subject matter.

28.    Governing Law. This Agreement shall be governed by, and construed under, the laws of the State of New York (without regard to any otherwise applicable conflict of laws principles), all rights and remedies being governed by said laws.

29.    Rule Against Perpetuities. If this Agreement or any covenants or provisions herein would otherwise be unlawful, void or voidable for violation of the Rule Against Perpetuities, then this Agreement, or such covenant or provision, as the case may be, shall terminate twenty-one (21) years after the death of the survivor of all of the descendants of King George V of England living on the date hereof.

IN WITNESS WHEREOF, the parties have duly executed this Agreement as of the date first above written.

**MEMBER:**

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM INDEX NO. 652077/2017

NYSCEF DOC. NO. 252 20-12411-jlg Doc 177-5 Filed 03/15/22 Entered 03/15/22 18:12:10 Exhibit 4 - RECEIVED NYSCEF: 11/28/2018
Genever Holdings Corporations Certificate of Incorporation Pg 52 of 53

8

GENEVER HOLDINGS CORPORATION

By: _____

Michael O'Connor, Authorized Person
_____
Name and Title


GENEVER HOLDINGS LLC

By: Genever Holdings Corporation, sole
Member

By: _____
Name and Title

Michael O'Connor
Authorized Person

SN 0205

FILED: NEW YORK COUNTY CLERK 11/28/2018 12:22 PM

NYSCEF DOC. NO. 253

20-12411-jlg   Doc 177-5   Filed 03/15/22   Entered 03/15/22 18:12:10   Exhibit 4 -
Genever Holdings Corporations Certificate of Incorporation   Pg 53 of 53

INDEX NO. 652077/2017

RECEIVED NYSCEF: 11/28/2018

## Schedule A

| Member | Membership Interest |
|---|---|
| Genever Holdings Corporation | 100% |
| TOTAL | 100% |

SN 0206