# EXHIBIT 13

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

February 1, 2021

Melissa M. Carvalho
direct dial: 212.589.4289
mcarvalho@bakerlaw.com

**VIA E-MAIL (EMOSS@OMM.COM)**

Edward Moss
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036

Re:   *Pacific Alliance Asia Opportunity Fund L.P. v. Kwok Ho Wan, et al.*, Index no. 652077/2017

Dear Eddie:

In furtherance of our conversations relating to Plaintiff Pacific Alliance Asia Opportunity Fund L.P.'s Fourth Set of Requests for the Production of Documents, dated November 6, 2020 ("Document Requests"), and Mr. Kwok's responses and objections thereto, please allow the following to memorialize the state of our discussions to date as well as to supplement and/or amend Mr. Kwok's responses where necessary.

1. Mr. Kwok continues to stand by his objection to the definition of "Family Member" used throughout Plaintiff's Document Requests. Specifically, Mr. Kwok objects to the definition of "Family Member" as it is overbroad, unduly burdensome, exceeds the scope of CPLR §5229 disclosure, and exceeds the scope of this Court's October 15, 2020 Decision and Order (Dkt. No. 630) ("Order"), which authorizes discovery on the Sherry-Netherland residence, the Lady May yacht, and "other assets that Mr. Kwok may own, whether directly or indirectly." Mr. Kwok further objects to the definition of "Family Member" to the extent it seeks to bring into its definition individual third parties whom he does not control.

2. Mr. Kwok continues to stand by his objection to the defined Time Period used throughout Plaintiff's Document Requests. Specifically, Plaintiff has defined the relevant time period as follows: "Unless otherwise specified, the applicable time period for each Interrogatory is January 1, 2008, up to and including the date of production (the "Time Period")." Mr. Kwok objects to the "Time Period" as it is overbroad, unduly burdensome, exceeds the scope of CPLR §5229 disclosure, and exceeds the scope of this

Edward Moss
February 1, 2021
Page 2

    Court's Order, which authorizes discovery on the Sherry-Netherland residence, the Lady May yacht, and "other assets that Mr. Kwok may own, whether directly or indirectly." The relevant Time Period for purposes of this disclosure is October 15, 2020 (the date of the CPLR §5229 proceedings on the record) through the present date in order to identify any assets that Mr. Kwok "may own, whether directly or indirectly" to satisfy a judgment.

3. Document Requests 8: As we have reported to you, Mr. Kwok responds that there are no documents or communications in his possession, custody, or control with Stephenson Wong, Kingdom Rich, or a Registered BVI Agent. It is our understanding that in response to this disclosure, PAX has revised Document Request 8 to seek *documents and communications with William Je regarding any of Mr. Kwok's assets, investments, bank accounts, equities, stakes, or holdings*. Mr. Kwok is checking to see whether he has documents or communications responsive to your revised request.

4. Document Request 10: We believe that there are no further issues to discuss or address as PAX has been unable to provide a basis for its belief that Mr. Kwok has an ownership interest in the accounts listed in (c) through (i).

5. Document Request 12: Without waiving Mr. Kwok's objection to the Time Period defined by Plaintiff in its Document Requests, Mr. Kwok will produce his 2019 tax returns to Plaintiff.

6. Document Request 13: Without waiving Mr. Kwok's objection to the Time Period defined by Plaintiff in its Document Requests, Mr. Kwok will produce the Genever entity 2019 tax returns to Plaintiff.

7. Document Request 15: It is our understanding that PAX is seeking any assets/financial disclosures that would have been made in connection with Mr. Kwok's application for asylum. We have previously referred you to Form I-589, the Application for Asylum and for Withholding of Removal, which does not request any information relating to an applicant's assets. Please also see www.uscis.gov/policy-manual/volume-8-part-g-chapter-3, which, as has been explained to us by immigration counsel, specifically excludes asylum applicants from the public charge ground of inadmissibility. Mr. Kwok responds that no asset/financial information has been provided by him in connection with his application for asylum.

8. Document Request 16: It is our understanding that PAX would accept the "*source of all payments*" made by Mr. Kwok in lieu of a document production. Mr. Kwok responds that his expenses during the relevant time period have been paid for by Golden Spring (New York) Ltd.

9. Document Requests 17: We will await a list of proposed electronic search terms from PAX.

FILED: NEW YORK COUNTY CLERK 04/28/2021 10:54 PM
NYSCEF DOC. NO. 765
INDEX NO. 652077/2017
RECEIVED NYSCEF: 04/28/2021

20-12411-jlg   Doc 177-14   Filed 03/15/22   Entered 03/15/22 18:12:10   Exhibit 13 -
Letter from M. Carvalho to E. Moss   dated February 1   2021   Pg 4 of 5

Edward Moss
February 1, 2021
Page 3

10. Document Request 18: We are confirming that Mr. Kwok does not have responsive Bravo Luck and/or Genever documents in his possession, custody, or control. If he does have responsive documents in his possession, custody, or control, then they will be produced to the extent that they are not duplicative of the documents already produced in this action.

11. Document Requests 19-22: We are confirming that Mr. Kwok does not have responsive Bravo Luck and/or Genever documents in his possession, custody, or control. If he does have responsive documents in his possession, custody, or control, then they will be produced to the extent that they are not duplicative of the documents already produced in this action.

12. With respect to Document Request 21, could you please provide copies of the trust agreement(s) referenced in that request? We are told that Mr. Kwok only has a copy of the trust agreement and it is our understanding that it has already been produced to PAX.

13. Document Request 31: We hereby amend the response to this request in accordance with Mr. Kwok's response to PAX's interrogatory number 29 seeking this same disclosure.[1] As discussed, documents responsive to this request have been previously produced in this litigation by The Sherry-Netherland, Inc. and any further information would need to be sought directly from Golden Spring (New York) Ltd. and/or Bravo Luck. Mr. Kwok has located the loan agreement with Itakura Nan Nan and he will produce it.

14. Document Request 35: Mr. Kwok responds that this information is not in his possession, custody, or control, and will need to be obtained directly from the Genever entities. We note that at least one Genever entity has disclosed its debts in its bankruptcy petition. The documents previously produced in this action by The Sherry-Netherland also provide relevant and responsive documents.

15. Document Request 36: Mr. Kwok responds that he does not have responsive documents in his custody, possession, or control, and maintains, as we have discussed, that the only entities listed in this request which he has an interest in are: Genever Holdings Corporation; Genever Holdings LLC; and Shiny Times Holdings, Ltd.[2]

I will be in touch when I have additional information.

Sincerely,

/s/ Melissa M. Carvalho

---

[1] Mr. Kwok owes Itakura Nan Nan $27,000.00. The following are creditors of Genever Holdings, LLC: The Sherry-Netherland - $891,262.06; Bravo Luck Limited - $67,5000,000.00; Golden Spring (New York) Ltd. - $1,800,000.00; and Qiang Guo - $5,000,000.00.

[2] Shiny Times was seized by the Chinese government in 2017.

FILED: NEW YORK COUNTY CLERK 04/28/2021 10:54 PM
NYSCEF DOC. NO. 765
INDEX NO. 652077/2017
RECEIVED NYSCEF: 04/28/2021

20-12411-jig    Doc 177-14    Filed 03/15/22    Entered 03/15/22 18:12:10    Exhibit 13 -
Letter from M. Carvalho to E. Moss    dated February 1    2021    Pg 5 of 5

Edward Moss
February 1, 2021
Page 4

Melissa M. Carvalho