

1 (212) 318-6001
lucdespins@paulhastings.com

August 12, 2022

**VIA EMAIL AND OVERNIGHT MAIL**

The Honorable Judge James L. Garrity, Jr.
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004-1408
Email: garrity.chambers@nysb.uscourts.gov

**Re:     *In re Genever Holdings LLC*, Case No. 20-12411 (JLG)**

Dear Judge Garrity:

I am writing to you in my capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Mr. Ho Wan Kwok[1] pending before the United States District Court for the Southern District of Connecticut (the "Connecticut Bankruptcy Court"), Case No. 22-50073 (JAM),[2] as well as to follow up on my prior letter to you, dated July 25, 2022 (the "July 25, 2022 Letter").

As detailed in my July 25, 2022 Letter, as part of my efforts (in my capacity as the Trustee) to identify and collect assets for the benefit of Mr. Kwok's estate, I previously filed a motion (the "Corporate Governance Rights Motion") in the Connecticut Bankruptcy Court seeking entry of an order to confirm, among other things, that the Trustee holds all of Mr. Kwok's economic and governance rights, for the benefit of Mr. Kwok's estate, with respect to all corporate entities owned and/or controlled by Mr. Kwok, including, without limitation, Genever Holdings Corporation ("Genever (BVI)"), a British Virgin Island Corporation, which, in turn, wholly owns Genever Holdings LLC ("Genever (US)"), which is a debtor in a chapter 11 case pending before your Honor, Case No. 20-12411 (JLG).[3]

On August 10, 2022, the Connecticut Bankruptcy Court entered an order granting the Corporate Governance Rights Motion.  A copy of that order is enclosed with this letter.

Separately, on August 12, 2022, the Connecticut Bankruptcy Court held a status conference during which the Trustee presented his report on coordinating the chapter 11 case of Mr. Kwok and the chapter 11 case of Genever (US).  A copy of that presentation is also enclosed with this letter.  As detailed in the report, in order to ensure that the two chapter 11 cases are closely coordinated, including as it relates to litigation (which would need to take place in both cases) regarding issues of which assets are property of Mr. Kwok's estate, the Trustee believes that the two chapter 11 cases should be jointly administered. Therefore, in accordance with Bankruptcy Rule 1014(b), the Trustee intends to file a motion in your Court requesting that venue of the Genever (US) chapter 11 case be transferred to the Connecticut Bankruptcy Court for joint administration.

---

[1]    Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases.

[2]    I was appointed as the Trustee in Mr. Kwok's case by order of the Connecticut Bankruptcy Court, dated July 8, 2022.

[3]    Genever (US) is the registered owner of, among other things, an apartment at the Sherry-Netherland building in New York, New York (the "Sherry Netherland Apartment"), which is currently the subject of a marketing and sale process in Genever (US)'s chapter 11 case before your Honor.  The identity of the true owner of the Sherry-Netherland Apartment is presently subject to dispute.



August 12, 2022
Page 2

I would like to request a status conference before your Honor to discuss these and other related matters. As noted in my July 25, 2022 Letter, I understand that your Honor previously scheduled a status conference in Genever (US)'s chapter 11 case for August 16, 2022, which I would like to attend; however, unfortunately, I am not available on that date and would ask that the status conference be rescheduled for a date on or after August 22, 2022.

Please let me know if you have any questions regarding any of the foregoing.

Respectfully submitted,


*/s/ Luc A. Despins*
Luc A. Despins
Chapter 11 Trustee


cc:  Kevin J. Nash, Goldberg Weprin Finkel Goldstein LLP, Email: kjnash@gwfglaw.com
     Francis J. Lawall, Troutman Pepper Hamilton Sanders LLP, Email: Francis.lawall@troutman.com
     Melanie L. Cyganowski, Otterbourg P.C., Email: mcyganowski@otterbourg.com
     Peter Friedman, O'Melveny & Myers LLP, Email: pfriedman@omm.com
     Laura S. Aronsson, O'Melveny & Myers LLP, Email: laronsson@omm.com
     Stuart M. Sarnoff, O'Melveny & Myers LLP, Email: ssarnoff@omm.com
     Richard Morrissey, United States Trustee Office, Email: Richard.Morrissey@usdoj.gov


Enclosures

**Attachment 1**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                              :
In re:                      :     Chapter 11
                              :
HO WAN KWOK,          :     Case No. 22-50073 (JAM)
                              :
        Debtor.          :
                              :
------------------------------------------------------x

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 363, 521, 541, 1108, AND 1505, (A) CONFIRMING THAT CHAPTER 11 TRUSTEE HOLDS ALL OF DEBTOR'S ECONOMIC AND CORPORATE GOVERNANCE RIGHTS IN DEBTOR-CONTROLLED ENTITIES, (B) AUTHORIZING CHAPTER 11 TRUSTEE TO ACT IN ANY FOREIGN COUNTRY ON BEHALF OF ESTATE, AND (C) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of Mr. Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order"), pursuant to sections 363, 541, 1108, and 1505 of title 11 of the United States Code (the "Bankruptcy Code"), (a) confirming that the Trustee holds all of the Debtor's economic and corporate governance rights in all corporate entities owned and/or controlled by the Debtor (the "Debtor-Controlled Entities"), including, without limitation, Genever Holdings Corporation ("Genever (BVI)") and granting related relief, (b) authorizing the Trustee to act in any foreign country on behalf of the Debtor's estate (the "Estate"), and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in

the Motion is in the best interest of the Estate, its creditors, and all parties in interest; and due

and sufficient notice of the Motion having been given under the particular circumstances; and it

appearing that no other or further notice need be given; and upon all of the proceedings had

before this Court; and any objections to the relief requested herein having been withdrawn or

overruled on the merits; and after due deliberation and sufficient cause appearing therefor; and

for the reasons stated on the record at the hearings held on August 1, 2022 and August 4, 2022

with respect to the Motion and the additional relief sought through, among other things, the filing

of the revised proposed orders filed on July 31, 2022 [ECF No. 645], August 2, 2022 [ECF No.

671], and August 4, 2022 [ECF No. 681], it is hereby ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Effective as of entry of the order, dated July 8, 2022, granting the appointment of

Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523], the Trustee holds all of the

Debtor's economic and governance rights, for the benefit of the Estate, with respect to all

Debtor-Controlled Entities, including, without limitation, Genever (BVI).  For the avoidance of

doubt, the foregoing rights include the Trustee's asserted authority to replace any existing

officer, director, manager, or similar person of the Debtor-Controlled Entities.  As part of the

foregoing, to the extent necessary, the Trustee is authorized to act, in his capacity as the chapter

11 trustee in this Chapter 11 Case, as any such officer, director, manager, or similar person who

has been removed.

3.      In accordance with sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code, the

Debtor is hereby directed to, respectively, (a) cooperate with the Trustee as necessary to enable

the Trustee to perform his duties, including, without limitation, the Trustee's investigation into

the assets of the Debtor, and (b) surrender to the Trustee all property of the estate and any

recorded information, including, without limitation, books, documents, records, and papers

relating to property of the estate (including, without limitation, his shares in Genever (BVI) and

all related corporate governance documents). In furtherance of the Debtor's duties under

sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code, the Debtor is hereby directed to:

(a)      fill in all missing information and execute each of (i) the share transfer

instrument, (ii) the director's resolution with respect to the Debtor's shares in

Genever (BVI), and (iii) the director's resolution related to the restoration of the

Genever (BVI), submission of the transfer-in pack, and appointment of a new

registered agent, in each case in the forms attached hereto as **Exhibit A** (leaving

such documents in undated form) and deliver, within two business days after

entry of this Order, such completed and executed documents to the Trustee (who

will then submit such documents to the new registered agent for Genever (BVI) in

the British Virgin Islands ("BVI")) as well as provide the Trustee with the

information necessary for the Trustee to complete the transfer-in pack of Harneys

Fiduciary, in the form included in **Exhibit A** hereto, within two business days

after entry of this Order (who will then submit the transfer-in pack to the new

registered agent for Genever (BVI) in the BVI); and

(b)      deliver, no later than five business days after entry of this Order, a copy of the

letter in the form attached hereto as **Exhibit B** (the "Letter to UK Counsel") to the

law firm of Harcus Parker Limited, former counsel to the Debtor in the litigation

styled *Kwok Ho Wan, Ace Decade Holdings Limited, and Dawn State Limited v.*

*UBS AG (London Branch)*, Case No. CL-2020-000345, pending in the High Court

3

of Justice, Business and Property Courts of England and Wales, Queen's Bench

Division, Commercial Court (the "UBS Litigation"), with a copy of such letter to

be delivered concurrently to the Trustee. For the avoidance of doubt, the Trustee

shall be deemed, for all purposes, to be the owner of the Debtor's claims asserted

in the UBS Litigation.

4.      To the extent the Trustee's exercise of economic and governance rights with

respect to the Debtor-Controlled Entities is deemed to be outside the ordinary course of business,

such exercise by the Trustee of economic and governance rights is hereby approved, as there is

sound business justification for the exercise of such rights, including because the Trustee holds

all of the Debtor's economic and governance rights with respect to such entities for the benefit of

the Estate. Notwithstanding the applicability of any of Bankruptcy Rule 6004(h) or any other

provisions of the Bankruptcy Rules or the Local Rules of Bankruptcy Practice and Procedure for

the United States Bankruptcy Court for the District of Connecticut to the contrary, the terms and

conditions of this Order shall be immediately effective and enforceable upon its entry, and any

applicable stay of the effectiveness and enforceability of this Order is hereby waived. For the

avoidance of doubt, nothing in this Order authorizes the Trustee to sell, otherwise dispose of,

lease, or encumber any equity in Debtor-Controlled Entities or other assets of the Debtor.

5.      Pursuant to section 1505 of the Bankruptcy Code, the Trustee is hereby

authorized to act, as the Estate's foreign representative, in any foreign country on behalf of the

Estate in any way permitted by applicable foreign law for the purpose of (a) investigating,

collecting, and recovering assets of the Debtor located in foreign countries, including relief in

foreign courts in furtherance thereof, as necessary or appropriate, (b) exercising control over the

Debtor-Controlled Entities, including seeking relief in foreign courts in furtherance thereof, as

4

necessary or appropriate, and (c) requesting and obtaining corporate documents from appropriate

foreign corporate registries (or similar entities) holding such documents with respect to the

Debtor-Controlled Entities.  Without limiting the foregoing, the Trustee is authorized, pursuant

to section 1505 of the Bankruptcy Court, to request and obtain the corporate documents related

to Genever (BVI) from the appropriate BVI entity holding such corporate documents.

6.      The Debtor shall not interfere with, hinder, or delay the Trustee's exercise of the

authority under this Order, including any action taken or to be taken by the Trustee in a foreign

court on behalf of the Estate in furtherance of such authority.  To the extent the Debtor opposes

the Trustee's exercise of such authority, the Debtor shall be limited to seeking relief from this

Court (and not the relevant foreign court or other foreign entity, as the case may be) on notice to

parties in interest, to the extent the Debtor can show that he has standing to do so.

7.      In furtherance of the Trustee's exercise of the authority under this Order, the

Court respectfully requests the assistance of the foreign courts with respect to the Trustee's

exercise of corporate control over the Debtor-Controlled Entities, including, without limitation,

Genever (BVI).

8.      Nothing in this Order shall be deemed to authorize any particular action with

respect to Genever Holdings LLC ("Genever (US)") in its chapter 11 case pending before the

United States Bankruptcy Court for the Southern District of New York (the "Genever Court").

The Trustee shall appear before, and seek guidance from, the Genever Court to the extent the

Trustee's exercise of corporate governance rights with respect to Genever (US) would impact its

chapter 11 case.

9.      Nothing in this Order shall constitute a ruling or determination regarding the

validity or enforceability of the alleged trust agreement, purportedly dated February 17, 2015 and

executed by the Debtor, Genever (US), Genever (BVI), and Bravo Luck Limited (the "Alleged
Trust Agreement"), or regarding any challenges to the Alleged Trust Agreement, and all rights of
all parties in respect thereto are preserved.

10.   The Trustee is authorized and empowered to take all actions necessary to
effectuate the relief granted in this Order.

11.   The terms and conditions of this Order shall be immediately effective and
enforceable upon its entry.

12.   This Court shall retain jurisdiction with respect to all matters arising from or
related to the implementation, interpretation, and enforcement of this Order.


Dated at Bridgeport, Connecticut this 10th day of August, 2022.

Julie A. Manning
United States Bankruptcy Judge
District of Connecticut

## Exhibit A

**Share Transfer Form and Director's Resolution**

# GENEVER HOLDINGS CORPORATION

**incorporated in the British Virgin Islands**
**Company No. 1862840**
(the *Company*)

---

### SHARE TRANSFER INSTRUMENT

---

I, **Ho Wan Kwok**, of [*insert address*] (the *Transferor*) DO HEREBY transfer to **Luc A. Despins, solely in his capacity as trustee in the chapter 11 case of Ho Wan Kwok**, of 200 Park Avenue, New York, New York 10166 (the *Transferee*), the 1000 shares of US$0.001 par value standing in my name in the share register of the Company.

This share transfer instrument is governed by British Virgin Islands law.

As witness the hand of the Transferor this _____ day of August, 2022.


Executed by                                )
**Ho Wan Kwok**                        )    _____
                                                    )

This share transfer instrument is not subject to stamp duty in the British Virgin Islands unless the Company or its direct or indirect subsidiaries holds real property within the British Virgin Islands.  The Company will not treat the Transferee as the registered holder of any shares until the name of the Transferee has been entered in the share register of the Company.

**GENEVER HOLDINGS CORPORATION**
Incorporated in the British Virgin Islands
Company No. 1862840
(the *Company*)

WRITTEN RESOLUTIONS OF THE SOLE DIRECTOR OF THE COMPANY

_____

WHEREAS the Company has received a share transfer dated August _____, 2022 relating to the transfer of 1000 shares in the capital of the Company (the *Shares*) executed by Ho Wan Kwok in favour of Luc A. Despins, solely in his capacity as trustee in the chapter 11 case of Ho Wan Kwok, of 200 Park Avenue, New York, New York 10166 (the *Transferee*), together with a certificate representing the Shares (the *Certificate*).

I, the undersigned, being the sole director of the Company, DO HEREBY ADOPT the following resolutions:

1.      the transfer of the Shares be and is hereby approved;

2.      the Certificate be and is hereby cancelled;

3.      a new certificate relating to the Shares and signed by the director of the Company be issued under the common seal of the Company to the Transferee;

4.      the registered agent of the Company be and is hereby authorised and directed to update the Company's share register; and

5.      any of the foregoing which have been done on or before the date hereof be and are hereby adopted, ratified, confirmed and approved.

Ho Wan Kwok hereby confirms that he is the Transferor and therefore has an interest in and connection with the transactions contemplated by these resolutions.

I have executed this director's resolution this ……. day of August 2022.


_____

Ho Wan Kwok – Director

*Transfer-In Pack – BVI Business Company*



| PART A - COMPANY | |
|---|---|
| **Name of the Company**<br>*(Note: Type the name <u>exactly</u> as listed on the Certificate of Incorporation/Registration)* | |
| **Former Name(s) (if applicable)** | |
| **Company Type** | |
| **Current Registered Agent** | Name of Registered Agent<br>Contact Person |
| **Contact Details** | Telephone Number / Email Address |
| **Method of Change of registered office and agent** | ☐ I will arrange for the outgoing agent to file the transfer<br>☐ I would like to arrange a 'forced transfer' by Harneys legal team |
| **Reason for change of registered office and agent** | |
| **Director's Resolution** | Please click here for a template resolution to change the Company's registered agent. |
| **Is the Company operating a non-profit/charity within the British Virgin Islands?** | ☐ Yes ☐ No |
| **Is the Company regulated by or registered with the Financial Services Commission?** | ☐ Yes ☐ No |
| **Purpose of Company**<br>*(Note: Please be specific "holding Company" or "investment fund" is insufficient)* | |
| | |
| **Intended nature of Company's business** | |
| Does the Company: | |

| | | |
|---|---|---|
| 1. | receive more than 20% of its revenue in the form of cash or equivalents? | ☐ Yes ☐ No |
| Is the company involved in: | | |
| 2. | the arms, defence, military or nuclear industries? | ☐ Yes ☐ No |
| 3. | trading oil and gas, precious metals, gems, jewels, fine art, real estate or other collectors' items? | ☐ Yes ☐ No |
| 4. | the creation or provision of any one of the following: | ☐ Yes ☐ No |

*Transfer-In Pack – BVI Business Company*



| | • blockchain technology<br>• the creation or issuance of virtual assets or tokens<br>• any one of the following: the offering of an exchange between virtual assets and fiat currencies, the offering an exchange between one or more forms of virtual assets, the provision of services relating to the transfer of virtual assets, the provision of virtual asset custody services or the participation in, and provision of, financial services related to a virtual asset issuance or the sale of a virtual asset? | |
|---|---|---|
| 5. | the production or trading of substances or products? | ☐ Yes ☐ No |
| 6. | gambling or the adult entertainment industry? | ☐ Yes ☐ No |
| 7. | activities that may have a major environmental impact (e.g. forestry, oil and gas, deep sea mining, quarrying or power generation)? | ☐ Yes ☐ No |
| **Collective Investment** | | |
| 8. | Is this vehicle being used to pool investor capital to generate capital or income returns? | ☐ Yes ☐ No |
| **Structure** | | |
| 9. | If this entity will form part of a group (including holdings of minority interests), please provide a chart indicating the position this entity will take in the structure. The chart should include all entities holding, directly or indirectly, an interest st of 10% or more in this entity and any subsidiaries of the entity. If the structure has 3 layers or less then copies of the Register of Members of each entity through to the ultimate parent maybe provided as an alternative to a structure chart. | |

If you have answered **YES** to any of the questions above, please provide details.

<br><br>

If the intended nature of the Company's business is not identified above, please provide details.

<br><br>

**Country(ies) of intended business activities**
*(Note: Please include location of customers, distributors and bank accounts.)*

<br>

**Source of funds**
*(Note: Please provide details of the source of funding for the initial activities of the Company. You may be asked to provide supporting documentation.)*

<br>

**PART B - ECONOMIC SUBSTANCE**

The Company may be required to have adequate substance' in the BVI.

*Please click here to review Harneys guidance on economic substance requirements. If you have any queries please liaise with your usual Harneys contact.*

**Economic Substance Financial Reporting Period**



| | | |
|---|---|---|
| Default reporting periods depend on the date of incorporation. If you have elected to use an economic substance reporting period end that is not your default date please tick here, and confirm the date of your reporting period end: | | |
| ☐ | We have formally notified the ITA of a change to our economic substance reporting period, our current reporting period end is: | [dd/mm/yyyy to dd/mm/yyyy] |
| ☐ | We would like to apply to make a change to our default reporting period. Harneys is able to arrange this notification – we will contact you to discuss what is possible to achieve and provide a quote. | |
| If no box is ticked, the default reporting period will apply. | | |

**Does Company conduct:**

| | | |
|---|---|---|
| 1. | banking business? | ☐ Yes ☐ No |
| 2. | distribution and service centre business? | ☐ Yes ☐ No |
| 3. | financing and leasing business? | ☐ Yes ☐ No |
| 4. | fund management business? | ☐ Yes ☐ No |
| 5. | headquarters business? | ☐ Yes ☐ No |
| 6. | holding company business? | ☐ Yes ☐ No |
| | Please specify the types of asset(s) that the Company is intending to hold. | |
| | Please provide details of any other legal entities in which the Company will hold interests (e.g. shares, partnership interests, etc.) | |
| 7. | insurance business? | ☐ Yes ☐ No |
| 8. | intellectual property business? | ☐ Yes ☐ No |
| 9. | shipping business? | ☐ Yes ☐ No |

| |
|---|
| If you have answered **YES** to any of the questions above, please provide details. |
| *(Note: The activities above may be 'relevant activities' for economic substance purposes. Please include as much detail as possible on the exact scope of any relevant activity.)* |
| |
| Please confirm the entity's country(ies) of tax residence. |

**PART C - SHAREHOLDERS**

*(Note: Details of additional shareholders can be entered in Part I.)*

| Name of Shareholder | Name | |
|---|---|---|
| Contact Details | Telephone Number | Email Address |
| | | |
| Name of Shareholder | Name | |

*Transfer-In Pack – BVI Business Company*



| Contact Details | Telephone Number | Email Address |
|---|---|---|
| | | |
| Name of Shareholder | Name | |
| Contact Details | Telephone Number | Email Address |
| | | |
| Name of Shareholder | Name | |
| Contact Details | Telephone Number | Email Address |

## PART D - BENEFICIAL OWNER(S)

*Note: Under the Beneficial Ownership Secure Search System Act, 2017 (**BOSS Act**), unless the Company is exempt, it is required to identify its beneficial owners and registrable legal entities and to notify its registered agent of the prescribed particulars of such persons. **The registered agent is then obliged to establish and maintain a database with such particulars which may be made available for searching by the International Tax Authority.** A beneficial owner under the BOSS Act is a natural person who: (i) ultimately owns or controls 25% or more of the shares or voting rights of the Company; or (ii) otherwise exercises control over the management of the Company. Any such person is referred to below as a "BOSS Act Beneficial Owner".*

Please provide:
(i)   details of all beneficial owners of the Company who are interested in 10% or more of the Company (indicating which, if any, hold 25% or more or otherwise qualify as a BOSS Act Beneficial Owner); and
(ii)   details of all registrable legal entities of the Company.

### Beneficial Owner Particulars - Natural Persons

*Note: A beneficial owner under the Anti-Money Laundering Terrorist Financing Code of Practice, 2008 (AML Code) is a natural person who ultimately owns or controls 10% or more of the shares or voting rights of the Company.*

| First Name | Middle Name | Surname | Residential Address | |
|---|---|---|---|---|
| | | | Address 1 | |
| Nationality | Date of Birth (DD/MM/YYYY) | | Address 2 | |
| | | | City | State |
| BOSS Act Beneficial Owner | ☐ Yes   ☐ No | | Country | Post/Zip Code |
| | | | | |
| First Name | Middle Name | Surname | Residential Address | |
| | | | Address 1 | |
| Nationality | Date of Birth (DD/MM/YYYY) | | Address 2 | |
| | | | City | State |
| BOSS Act Beneficial Owner | ☐ Yes   ☐ No | | Country | Post/Zip Code |

*Transfer-In Pack – BVI Business Company*



| First Name | Middle Name | Surname | Residential Address | |
|---|---|---|---|---|
| | | | Address 1 | |
| Nationality | Date of Birth (DD/MM/YYYY) | | Address 2 | |
| | | | City | State |
| BOSS Act Beneficial Owner | ☐ Yes ☐ No | | Country | Post/Zip Code |

| First Name | Middle Name | Surname | Residential Address | |
|---|---|---|---|---|
| | | | Address 1 | |
| Nationality | Date of Birth (DD/MM/YYYY) | | Address 2 | |
| | | | City | State |
| BOSS Act Beneficial Owner | ☐ Yes ☐ No | | Country | Post/Zip Code |

**Beneficial Owner Particulars - Registrable Legal Entities**

*Note: A registrable legal entity is a legal entity which would be a beneficial owner if it were a natural person and falls into one of the following categories: (a) its securities are listed on a recognised stock exchange or a subsidiary of an entity the securities of which are so listed; (b) it is a BVI regulated investment fund or a subsidiary of such a fund; (c) it is a BVI regulated person or a foreign regulated person; or (d) it is a sovereign state or a wholly owned subsidiary of a sovereign state. Additional information may be requested.*

| Full Legal Name | Registered Address | |
|---|---|---|
| | Address 1 | |
| **Alternative Name(s)** *(if applicable)* | Address 2 | |
| | City | City |
| | Country | Country |
| **Country of Registration** | | |
| **Registration Number** | | |
| **Date of incorporation** | (DD/MM/YYYY) | |
| **Name of Stock Exchange** *(if applicable)* | | |
| **Name of Regulator** *(if applicable)* | | |
| **Location of Beneficial Ownership Database** | **Address** | |
| **Beneficial Ownership Database** | Address 1 | |

*Transfer-In Pack – BVI Business Company*



| | | |
|---|---|---|
| | Address 2 | |
| | City | City |
| | Country | Country |
| **Contact Details** | Telephone Number | Email Address |

| **Beneficial Owner - Exemption** | |
|---|---|
| Will the company be an exempt person under the BOSS Act? | ☐ Yes ☐ No |
| If **YES**, on what basis? | |
| | |

### PART E - DIRECTOR(S)

Each director must sign and complete the relevant section in our Compliance Pack (Individuals or Companies or Others) together with a Consent to Act Form signed at their original date of appointment – if you need to reproduce this document please use this template (Individual Directors or Non-Individual Directors).

*Please refer to our Additional Services section for more information about our director services.*

*(Note: Details of additional directors can be entered in Part I.)*

| **Name of Director** | Name | |
|---|---|---|
| **Contact Details** | Telephone Number | Email Address |
| | | |
| **Name of Director** | Name | |
| **Contact Details** | Telephone Number | Email Address |
| | | |
| **Name of Director** | Name | |
| **Contact Details** | Telephone Number | Email Address |

### PART F - OFFICER(S)

*(Note: Details of additional officers can be entered in Part I.)*

| **Name of Officer** | Name | |
|---|---|---|
| **Contact Details** | Telephone Number | Email Address |
| | | |
| **Name of Officer** | Name | |
| **Contact Details** | Telephone Number | Email Address |

### PART G - COMPLIANCE QUESTIONNAIRE

Any natural person or corporate entity which is listed in one of the following sections must complete a Compliance Questionnaire:



☐ Shareholders in Part C

☐ Beneficial Owners in Part D

☐ Registrable legal entities listed in Part D

☐ Directors listed in Part E


Please refer to our Compliance Pack ([Individuals](#) or [Companies](#) or [Others](#)).

## PART H - LOCATION OF ORIGINAL CORPORATE RECORDS

*Note: It is a mandatory requirement for the Company to keep either: (i) the original; or (ii) a copy of the corporate records listed below at the office of its registered agent. The company must inform the registered agent if original corporate documents will be kept at an alternative address and update the registered agent within 14 days of any change in location of the original records.*

| Corporate Record | Harneys | Alternative Address | |
|---|---|---|---|
| **Register of Members** | ☐ | Address 1 | |
| | | Address 2 | |
| | | City | State |
| | | Country | Post/Zip Code |
| **Contact Details** | Telephone Number | | Email Address |
| Corporate Record | Harneys | Alternative Address | |
| **Register of Directors** | ☐ | Address 1 | |
| | | Address 2 | |
| | | City | State |
| | | Country | Post/Zip Code |
| **Contact Details** | Telephone Number | | Email Address |
| Corporate Record | Harneys | Alternative Address | |
| **Minutes and Resolutions of Directors and Members** | ☐ | Address 1 | |
| | | Address 2 | |
| | | City | State |
| | | Country | Post/Zip Code |
| **Contact Details** | Telephone Number | | Email Address |
| Corporate Record | Harneys | Alternative Address | |
| **Register of Charges** | ☐ | Address 1 | |
| | | Address 2 | |

## Transfer-In Pack – BVI Business Company



| | | City | State |
|---|---|---|---|
| | | Country | Post/Zip Code |
| **Contact Details** | | Telephone Number | Email Address |

*Note: Additional fees will be incurred annually by the Company which must be paid in advance if Harneys are required to maintain the original financial records.*

| Corporate Record | Harneys | Alternative Address | |
|---|---|---|---|
| **Financial records and underlying documentation** | ☐ | Name of record keeper | |
| | | Address 1 / Address 2 | |
| | | City | State |
| | | Country | Post/Zip Code |
| **Contact Details** | | Telephone Number | Email Address |
| Harneys can also provide specialised Bookkeeping and Financial Statement preparation services. Would you like us to contact you with more information? | | ☐ Yes  ☐ No | |

### PART I - ADDITIONAL INFORMATION

*Note: Please use this space to provide us with any special instructions or additional information. Any work which is not within the scope of our services may be referred to our affiliate law firm, Harneys Westwood & Riegels LP, who will contact you directly.*

### PART J - PAYMENT INSTRUCTIONS AND BILLING

If you have not received a quote in relation to our services please contact our New Business Team.

**Method of payment:** We accept payments via wire transfer and credit card. Please click here for our payment instructions and use the reference 'New Business' and the proposed name of the Company provided in Part A.

| **Instructing Agent/Client** | |
|---|---|
| **Please indicate your method of payment** | ☐ Credit Card  ☐ Wire |
| **Billing Address** | Address 1 |
| | Address 2 |
| | City / City |
| | Country / Country |
| **Billing Email** *(Note: We only send invoices by email.)* | |

### PART K - DECLARATION AND UNDERTAKING



I declare that I have read the <u>Terms and Conditions</u> and request that Harneys Fiduciary proceed with the Transfer-In of the Company according to the details provided in this Pack and I am authorised by each data subject to provide their personal data to Harneys Fiduciary. I certify that the information provided in this Pack is true and correct to the best of my knowledge, and I undertake to inform Harneys Fiduciary promptly should any of the provided details change. I further confirm that no situation has occurred where I have reason to believe that there may be legal or tax issues in connection with this structure and the laws and institutions of any jurisdiction.

| | |
|---|---|
| **Full Name** | |
| **Name of corporate entity (if applicable)** | |
| **Position with corporate entity (if applicable)** | |
| **Signature** | |
| **Date** | |



*Transfer-In Pack – BVI Business Company*

**ADDITIONAL SERVICES**

**Company Secretarial Services**

Our company administration teams provide secretarial and administrative support including acting as company secretary throughout the life of a business or project. This includes maintenance of company records.

**Nominee Shareholder Services & Trust Services**

We provide nominee shareholder services. For clients interested in succession planning involving their BVI business company shares we would invite you to consider the use of our trust services. Our experienced team of private wealth practitioners can advise you on this process. One of the key benefits of succession planning through trusts is avoiding the time, cost and publicity associated with a BVI probate application.

**Director Services**

Harneys Fiduciary offers both corporate directors and qualified professionals who may be appointed to serve as directors of a BVI Company. Provision of director services is considered on a case by case basis, however, taking into consideration the type of company and its activities.

**Bank Accounts**

We work closely with numerous financial institutions in the BVI and internationally and can help you open a bank account for your new company quickly and efficiently. We can provide authorised signatories for bank accounts and maintain and keep your financial records.

**Accounting Services**

Harneys Fiduciary has its own in-house accounting team specialising in the provision of bookkeeping and accounting services to meet the needs of companies, limited partnerships and trusts.

Our accounting services include maintenance of financial records, preparation of monthly, quarterly, or annual management accounts, preparation of annual financial statements and liaising with external auditors and advisors as required.

We can also provide access to auditors and other specialists outside our firm if this is necessary to meet your particular needs. Our connections both locally in the BVI and internationally are numerous and well established.

**Other Services**

Harneys Fiduciary also provides other services including liquidation services, authorised representative services, safe custody, escrow and a wide range of corporate secretarial services provided on an ad-hoc basis.

If you have any questions or would like more information on any of the above services please contact us.

**GENEVER HOLDINGS CORPORATION**
Incorporated in the British Virgin Islands
Company No. 1862840
(the *Company*)

WRITTEN RESOLUTIONS OF THE SOLE DIRECTOR OF THE COMPANY

WHEREAS the Company's registered agent has resigned, and the Company is currently struck-off of the Registry of Corporate Affairs (the *Registry*) pursuant to s.213(1) of the BVI Business Companies Act 2004.

WHEREAS the Company intends to rectify the status of the Company and place it back in good standing and in order to do so desires to appoint Harneys Corporate Services Limited of Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, VG 1110, British Virgin Islands as its registered agent.

I, the undersigned, being the sole director of the Company, DO HEREBY ADOPT the following resolutions:

1.  the Company change its registered agent to Harneys Corporate Services Limited of Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, VG 1110, British Virgin Islands;

2.  the Company change its registered office to Craigmuir Chambers, Road Town, Tortola, VG 1110, British Virgin Islands;

3.  a notice, in the approved form, of the change of registered agent and registered office of the Company, be filed with the BVI Registry of Corporate Affairs; and

4.  the sole director, any employee of Harneys Corporate Services Limited or any employee of Harney Westwood & Riegels LP, be and is hereby authorised to:

    a.  pay any outstanding fees due to the Registry;

    b.  execute or submit any document to the Registry;  and

    c.  to take any and all other actions necessary to bring the Company into good standing and to give full effect to the change of registered agent and registered office; and

5. the terms and conditions of Harneys Corporate Services Limited for the provision of registered office and registered agent services (as amended or supplemented from to time) be and are approved, and the completion and execution of the Harneys Corporate Services Limited 'transfer-in pack' for and on behalf of the Company by the sole director be and is hereby approved.

Ho Wan Kwok hereby confirms that he has no conflict of interest in connection with the transactions contemplated by these resolutions.

I have executed this director's resolution this ……. day of August 2022.


_____


Ho Wan Kwok – Director

## **Exhibit B**

**Letter to Harcus Parker Limited**

Ho Wan Kwok
[*insert address*]

August [___], 2022

**VIA EMAIL**

Harcus Parker Limited
7th Floor
Melbourne House
44 - 46 Aldwych
London, WC2B 4LL
Attn:   Jennifer Morrissey
Email: JMorrissey@harcusparker.co.uk

**Re:**     ***Kwok Ho Wan, Ace Decade Holdings Limited, and Dawn State Limited v. UBS AG
(London Branch)**, Case No. CL-2020-000345 – Appointment of Trustee in Chapter
11 Case of Ho Wan Kwok*

Dear Ms. Morrissey:

This is to confirm to you that Luc A. Despins has been appointed as the trustee (the "Trustee") in
my chapter 11 case, pending before the United States District Court for the District of
Connecticut (the "U.S. Bankruptcy Court").  All of my interests in the litigation against UBS AG
(London Branch) pending in  the High Court of Justice, Business and Property Courts of England
and Wales, Queen's Bench Division, Commercial Court (the "UBS Litigation") is property of
my bankruptcy estate as a matter of United States bankruptcy law.

Upon Mr. Despins' appointment as the Trustee, he exercises control over all property of the
bankruptcy estate, including my claim in the  UBS Litigation, so that he now has authority and
standing to apply to be recognized as the appropriate party to prosecute my claim in the UBS
Litigation.  As a matter of United States bankruptcy law, I have no authority or standing at this
time to prosecute the UBS Litigation.

In furtherance of the foregoing, and for the avoidance of doubt, I hereby expressly authorize you
to have full and complete discussions on my behalf with Mr. Despins regarding the UBS
Litigation, the merits thereof, any related settlement discussions, and any other topics related to
the prosecution of the UBS Litigation and to take instructions from him in relation to my claim
in the UBS Litigation regardless of any attorney-client privilege, work product, or other privilege
which belongs to me.  Any waiver of privilege is limited to the provision of this information to
the Trustee.  My consent is limited to giving access to the Trustee to the extent that I am entitled
and contains no wider waiver of privilege and is not consent by me to the Trustee to waive my
privilege.

1

Among other things, and as detailed in the order of the U.S. Bankruptcy Court (a copy of which is enclosed as <u>Exhibit 1</u>), I instruct you to (i) as soon as is practicable deliver to and share with the Trustee all memoranda, advice, and other communications by you to me regarding the UBS Litigation, any other information (whether in written form or not) regarding the merits of the UBS Litigation, and any settlement offers received or made by me or you in connection with such litigation, and (ii) as soon as is practicable provide the Trustee will full access to the parts of your case file in the UBS Litigation to which I am entitled as well as all pleadings and other court documents filed in the UBS Litigation.

Sincerely,

_____

Ho Wan Kwok

cc: Luc A. Despins, in his capacity as trustee in the chapter 11 case of Ho Wan Kwok

Enclosure

**<u>Attachment 2</u>**

# *In re Ho Wan Kwok,* Chapter 11 Case No. 22-50073 (JAM)

## REPORT OF CHAPTER 11 TRUSTEE ON (I) COORDINATION OF CHAPTER 11 CASES OF GENEVER HOLDINGS LLC AND HO WAN KWOK AND (II) HOUSEKEEPING MATTERS

## AUGUST 12, 2022 STATUS CONFERENCE

Disclaimer: This presentation is based on preliminary observations of the Chapter 11 Trustee based on information available at this time and remains subject to ongoing review and investigation. Accordingly, the information contained herein remains subject to material changes. In addition, certain sections reflect the Chapter 11 Trustee's views on legal issues and no assurances can be given that the Court (or any other court) would agree with the Chapter 11 Trustee's views on such legal issues.



# TABLE OF CONTENTS

| | | |
|---|---|---|
| A. | Introduction | 2-3 |
| B. | Coordination of Genever US and Individual Debtor Chapter 11 Cases | 4-10 |
| C. | Transfer of Venue of Genever US Chapter 11 Case | 11-14 |
| D. | Housekeeping Matters | 15-17 |



# A. INTRODUCTION

## 1. This Chapter 11 Case and the Genever US Chapter 11 Case Are Closely Linked

▪ The chapter 11 cases of (a) Ho Wan Kwok (the "Individual Debtor") and (b) Genever Holdings LLC ("Genever US"), the single asset real estate entity through which the Individual Debtor owns the apartment on the 18th floor of the Sherry Netherland (the "Apartment"), are closely linked.

    o Both cases were filed in an attempt to protect the Individual Debtor's key identified U.S. assets—the Sherry Netherland Apartment and the *Lady May* yacht—from his creditors.

    o Both cases raise the question of whether these assets in fact belong to the Individual Debtor (and, consequently, his chapter 11 estate).

    o The chart on the following page summarizes the relationships between the Individual Debtor, his children, certain affiliated entities, and these two key identified assets.



# A. INTRODUCTION

## 2. Chart Showing the Individual Debtor's Family Members and Certain Related Entities and Key Identified Assets



**ALLEGED CORPORATE AND ASSET OWNERSHIP STRUCTURE.  SUBJECT TO FURTHER DILIGENCE.**



## B. COORDINATION OF GENEVER US AND INDIVIDUAL DEBTOR CHAPTER 11 CASES

### 1. Genever US and Individual Debtor Chapter 11 Cases Arise from Same Asset Protection Strategy

▪ The filing of both the Genever US chapter 11 case and this chapter 11 case arise from the same legal strategy pursued by the Individual Debtor—shielding assets from his creditors, and doing so through transactions involving family members and related entities.

▪ Both chapter 11 filings were precipitated by events in the New York Supreme Court (the "<u>NYS Court</u>") litigation (the "<u>PAX Litigation</u>") by Pacific Alliance Asia Opportunity Fund L.P. ("<u>PAX</u>") against the Individual Debtor.

  o Genever US filed its chapter 11 petition in the U.S. Bankruptcy Court for the Southern District of New York on **October 12, 2020**.  Genever US's only scheduled assets are the Apartment and a related security deposit (for a total scheduled value of $73 million).

  • The Genever US petition was filed (1) shortly after the September 15, 2020 summary judgment order in the NYS Court (Justice Ostrager) holding the Individual Debtor liable to PAX for breach of contract in an amount of $116 million; and (2) immediately prior to Justice Ostrager's October 15, 2020 post-judgment restraining order.

  • The October 15, 2020 restraining order stated that "Mr. Kwok and/or the registered owners of (1) the Residence at the Sherry Netherland Hotel and (2) the yacht, 'the Lady May' are restrained from making or causing any sale, assignment, transfer, or interference with those assets."



# B. COORDINATION OF GENEVER US AND INDIVIDUAL DEBTOR CHAPTER 11 CASES

1. **Genever US and Individual Debtor Chapter 11 Cases Arise from Same Asset Protection Strategy [cont'd]**

   o Similarly, the Individual Debtor filed his chapter 11 petition with the U.S. Bankruptcy Court for the District of Connecticut on **February 15, 2022**, shortly after the entry of Justice Ostrager's decision and order on February 9, 2022 (the "<u>Final Contempt Order</u>") ordering the Individual Debtor to pay contempt fines of $134 million within five business days. The Individual Debtor has asserted he has essentially nothing in the way of assets beyond certain potential litigation claims.

   • The Individual Debtor's chapter 11 filing gave him bankruptcy protection against PAX on multiple fronts. In addition to protecting him from the consequences of failing to comply with the Final Contempt Order, this chapter 11 filing also stayed PAX's motion (filed in January of 2022) to hold the Individual Debtor in contempt for failing to comply with Justice Ostrager's September 2021 order requiring him to turn over his shares in Genever BVI to PAX. The Individual Debtor remained holder of those shares until the appointment of the Trustee.



## B. COORDINATION OF GENEVER US AND INDIVIDUAL DEBTOR CHAPTER 11 CASES

### 2. Genever US and Individual Debtor Chapter 11 Cases Involve Same Issues

- The Genever US chapter 11 case and this chapter 11 case both involve the same essential question:

   **What assets belonged to the Individual Debtor (and thus his chapter 11 estate) as of the filing of his chapter 11 petition on February 15, 2022?**

- In this chapter 11 case, these issues are already on the table.

  - HK International Funds Investment (USA) Limited ("HK USA"), an entity that is allegedly owned by the Individual Debtor's daughter, has commenced an adversary proceeding seeking a ruling that the *Lady May* is property of HK USA and not of this chapter 11 estate.

  - In addition, the Individual Debtor has asserted that he is not the beneficial owner of the Apartment, or the Genever entities, under the theory that they are subject to a February 17, 2015 trust agreement (the "Purported Trust Agreement") in favor of Bravo Luck Limited ("Bravo Luck"), an entity allegedly owned by the Individual Debtor's son, and that it is Bravo Luck that is beneficial owner of the Apartment.

    - The Trustee has serious doubts about Bravo Luck's position and is currently reviewing potential challenges to the Purported Trust Agreement, including as to authenticity, validity, and enforceability, as well as actual fraudulent intent transfer challenges.



# B. COORDINATION OF GENEVER US AND INDIVIDUAL DEBTOR CHAPTER 11 CASES

## 2. Genever US and Individual Debtor Chapter 11 Cases Involve Same Issues [cont'd]

- In the Genever US chapter 11 case, Bravo Luck Limited has filed a proof of claim asserting, among other things, that it is the beneficial owner of the Apartment by virtue of the Purported Trust Agreement. In the alternative, Bravo Luck asserts a general unsecured claim against Genever US for approximately $76 million based on allegedly supplying the funds used to purchase the Apartment and pay for related expenses.

    - Unsecured claims against Genever US based on payment of Apartment-related expenses have also been filed by Qiang Guo (the Individual Debtor's son) and Golden Spring.

- Similarly, PAX has filed a $116 million claim against Genever US in its chapter 11 case based on the *alter ego* theory it had asserted in NYS Court but which had not yet gone to trial at the time of the Individual Debtor's petition date (*i.e.*, February 15, 2022).



## B. COORDINATION OF GENEVER US AND INDIVIDUAL DEBTOR CHAPTER 11 CASES

### 3. Genever US and Individual Debtor Chapter 11 Cases Should Be Closely Coordinated

▪ Given that the Genever US chapter 11 case and this chapter 11 case arise from the same circumstances, involve the same central issues, and would involve the same witnesses at trial, the two cases should be closely coordinated.

  o The Individual Debtor's creditors (who may have *alter ego* claims against Genever US based on claims against the Individual Debtor) were **not** notified of the Genever US claims bar date, *i.e.*, March 10, 2021.

  o In the Genever US chapter 11 case, creditors are now barred (absent relief from the court) from filing claims.

   • The Genever US bar date notice was not published and was only served upon the Sherry Netherland, Inc., PAX, and Individual Debtor's family or related parties.

   • Accordingly, **the only proofs of claim** in the Genever US chapter 11 case were filed by the Sherry Netherland, Inc., PAX, Bravo Luck, Golden State (New York) Ltd. ("Golden State"), and Qiang Guo (the Individual Debtor's son) (together, the "Five Genever US Claimants").  The Five Genever US Claimants were also the only parties listed as creditors with material claims on Genever US's schedules.

  o No creditors committee was ever appointed in the Genever US chapter 11 case.

  o By contrast, in this chapter 11 case, the claims bar date has not yet been set.  Numerous parties are listed as creditors on the Individual Debtor's schedules and there is an active creditors committee advised by counsel.  Moreover, the Trustee has submitted a draft bar date notice that would be widely published in both English and Mandarin publications.



# B. COORDINATION OF GENEVER US AND INDIVIDUAL DEBTOR CHAPTER 11 CASES

### 4. Coordination Is Needed to Ensure that the Individual Debtor's Legitimate Creditors Share in Value of Apartment

- Absent further court relief, because numerous creditors of the Individual Debtor did not receive notice of the deadline to file claims in the Genever US chapter 11 case to assert, for example *alter ego* claims, their claims against the Individual Debtor would be structurally subordinated to the claims of the Five Genever US Claimants in any distribution of the value of the Apartment (as shown in the diagram below) because they would only share in the <u>equity</u> value (if any) that would remain after the Five Genever US Claimants have been paid in full





# B. COORDINATION OF GENEVER US AND INDIVIDUAL DEBTOR CHAPTER 11 CASES

## 5. Trustee Opposes Structural Subordination of the Individual Debtor's Creditors

▪ Subordinating the Individual Debtor's creditors (who did not receive notice of the Genever US claims bar date) does not appear to be appropriate.

    o If Genever US (and other entities owned by the Individual Debtor or his family members) are found to be *alter egos* of the Individual Debtor, the value of the assets belonging to (all of) these entities (including the Apartment and *Lady* May) should be collected in this estate by the Trustee to fund distributions to all of the Individual Debtor's valid creditors.

## 6. One Bankruptcy Court Should Resolve Ownership Disputes

▪ Given that the same issues surrounding the Individual Debtor's potential beneficial ownership of key identified assets such as the Apartment and the *Lady May* have arisen in both this and the Genever US chapter 11 cases (and given that both likely involve the same witnesses), the Trustee believes that for reasons of consistency in decision-making and judicial economy, the same court should decide those issues.

## 7. Involvement of Bravo Luck in Individual Debtor Case

▪ Recently discovered documents tend to indicate that Bravo Luck was involved in the *Lady May* transactions, thereby further supporting the need to have all asset ownership issues and challenges to related transactions centralized in one forum.



# C. TRANSFER OF VENUE OF GENEVER US CHAPTER 11 CASE

## 1. Transfer of Venue of Genever US Chapter 11 Case to Connecticut Bankruptcy Court Appears to Be Appropriate

- The Trustee intends to seek to transfer the Genever US chapter 11 case to the Connecticut bankruptcy court where it can be administratively consolidated with this chapter 11 case.

- Under Bankruptcy Rule 1014(b), which addresses venue transfer when petitions of a debtor and its affiliate (Genever US is wholly-owned by this estate) are filed in different districts, the court where the first petition was filed, *i.e.*, U.S. Bankruptcy Court for the Southern District of New York (Judge Garrity), would decide the venue transfer issue.

  o **No assurances can be given that Judge Garrity would grant the Trustee's motion to transfer the Genever US chapter 11 case to the District of Connecticut.**

  o **On the other hand, the Trustee does not intend to file such motion if the Connecticut bankruptcy court were to oppose that proposed venue transfer.**



## C.  TRANSFER OF VENUE OF GENEVER US CHAPTER 11 CASE

### 1.  Transfer of Venue of Genever US Chapter 11 Case to Connecticut Bankruptcy Court Appears to Be Appropriate

- For all the reasons discussed herein, the Trustee believes that transfer of the Genever US chapter 11 case to the District of Connecticut is appropriate because, among other things, it is in the interest of justice and it is the most efficient solution to address coordination issues.

    - Factors commonly considered in connection with venue transfer motions include: (1) the debtor's choice of venue; (2) the proximity of creditors to the court; (3) the proximity of the debtor to the court; (4) the proximity of those persons necessary for the administration of the estate to the court; (5) the location of the debtor's assets; (6) the economic and efficient administration of the estate, including the ability of the different districts to timely consider the case; (7) judicial economy; and (8) general issues of fairness.[1] Factor (6), the economic and efficient administration of the estate, is weighed most heavily by many courts considering a change of venue under section 1412.[2]

---

1. *See, e.g., In re Commonwealth Oil Refining Co.*, 596 F.2d 1239 (5th Cir. 1979); *In re Condor Exploration, LLC*, 294 B.R. 370 (Bankr. D. Colo. 2003); *In re Land Stewards, L.C.*, 293 B.R. 364 (Bankr. E.D. Va. 2002); *In re Enron Corp.*, 274 B.R. 327 (Bankr. S.D.N.Y. 2002); *In re Moss*, 249 B.R. 411 (Bankr. N.D. Tex. 2000).

2. *Id.*



# C. TRANSFER OF VENUE OF GENEVER US CHAPTER 11 CASE

## 2. Venue Transfer Is Not Incompatible with Settlement Agreement Regarding Sale of Apartment

- On February 26, 2021, PAX, Bravo Luck, and Genever US entered into a settlement agreement that, following the execution of an amended version of the agreement on September 24, 2021, was approved by Judge Garrity pursuant to an order dated October 8, 2021 (the "Genever Settlement Agreement").

- The Genever Settlement Agreement included the following key elements:

  o PAX agreed to withdraw motions it had filed for (1) relief from stay to allow it to pursue its *alter ego* claims against Genever US in the PAX Litigation and (2) conversion to chapter 7 or, in the alternative, appointment of a chapter 11 trustee.

  o PAX was granted stay relief to pursue the PAX Litigation, with the stay otherwise remaining in place with respect to other purposes, including relating to enforcement or collection of any judgment against Genever US.

  o Genever US agreed to appoint Melanie Cyganowski to be its sales officer (the "Sales Officer") to control and oversee the sale of the Apartment, with proceeds of such sale to be escrowed pending further order of the bankruptcy court.



# C. TRANSFER OF VENUE OF GENEVER US CHAPTER 11 CASE

## 2. Venue Transfer Is Not Incompatible with Settlement Agreement Regarding Sale of Apartment [cont'd]

▪ Importantly, the Genever Settlement Agreement does **<u>not</u>** contain any agreement regarding the appropriate forum or venue to resolve the substantive disputes related to the Sherry Netherland Apartment, such as the ownership thereof, merits of PAX's *alter ego* claim against Genever US, or Bravo Luck's claims of beneficial ownership.

▪ Indeed, immediately following the provision in the Genever Settlement Agreement providing for stay relief, the Genever Settlement Agreement states textually: **"Nothing herein shall be construed as an acknowledgement of the appropriate forum outside the bankruptcy court to address any such issues, with all Parties' rights expressly reserved."**[1]

   o Similarly, the Genever Settlement Agreement does not address the eventual distribution of the proceeds of the sale of the Apartment to claimants.

---

1. While the Genever Settlement Agreement also references PAX's litigation in BVI court against Genever BVI, Bravo Luck, the Individual Debtor, and Qiang Guo (the Individual Debtor's son) seeking to enforce the judgment in PAX's NY state court action, the Genever Settlement Agreement provides that nothing therein "shall prejudice the rights of any party, including Bravo Luck and PAX to proceed with the BVI Litigation" and that nothing in the Genever Settlement Agreement "shall prejudice the rights of any Party, including Bravo Luck and PAX, from proceeding with any and all claims . . . In BVI, State Court, or otherwise, and Bravo Luck and PAX reserve all rights to oppose such claims in the applicable forum."



PAUL HASTINGS

PAGE 14

# D.  HOUSEKEEPING MATTERS

## 1.  Monthly Operating Reports

- The Individual Debtor has still not filed monthly operating reports ("MORs") for the month of May 2022, June 2022, and the first seven days of July 2022 (*i.e.*, the period prior to the order appointing the Trustee on July 8, 2022 [ECF No. 523].

    o The May 2022 MOR was due on June 21, 2022, the June 2022 MOR was due on July 21, 2022, and the July MOR (for the first 7 days) is due on August 21, 2022.

## 2.  Update re *Lady May* Inspection

- On August 11, 2022, HK International Funds Investment (USA) Limited, LLC ("HK USA"), the purported title holder of the *Lady May*, filed a motion for an order establishing a repair reserve for the *Lady May* [ECF No. 728] (the "Repair Reserve Motion").

- HK USA also requested that the Repair Reserve Motion be heard on an expedited basis.  The Trustee **opposes** consideration of the motion on an expedited basis.

- The Trustee is continuing to analyze the Repair Reserve Motion and reserves all rights in this regard.



# D.  HOUSEKEEPING MATTERS

## 3.  Exercise of Corporate Governance Rights

▪ On August 10, 2022, the Court entered the corporate governance rights order [ECF No. 717].  The Trustee has been in contact with counsel for the Individual Debtor to obtain executed copies of the documents (and information to complete the registration form for the new BVI agent) required under the order.

▪ Also on August 10, 2022, the Individual Debtor appealed the corporate governance rights order [ECF No. 723].

## 4.  Motions re Privileged Documents

▪ As noted at the hearing before the Court on August 4, 2022, the Trustee believes his ownership of the Individual Debtor's privileges is a critical issue that the Court should resolve as soon as possible.  The Individual Debtor is affirmatively opposing access to privileged information.

▪ The Trustee intends to bring that issue to the Court for resolution in the near future, including without limitation by motions to compel pursuant to Bankruptcy Rule 9016 and Federal Rule of Civil Procedure 45, and the Trustee reserves the right to request that any such motion be heard on shortened notice.



# D.  HOUSEKEEPING MATTERS

## 5.  Scheduling Next Status Conferences

- Proposed dates:
  - o  Wednesday, August 24
  - o  Wednesday, September 7
  - o  Wednesday, September 21
  - o  Monday, October 3

