# GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
ATTORNEYS AT LAW

ANDREW W. ALBSTEIN*
ARNOLD I. MAZEL
STEVEN R. UFFNER
HARVEY L. GOLDSTEIN
KEVIN J. NASH
IRIS A. ALBSTEIN
BARRY E. ZWEIGBAUM
DOUGLAS TAUS
ROBERT W. LO SCHIAVO*
ELIZABETH SMITH* †
KATHARINE M. FINCH○
MATTHEW E. HEARLE
AUBREY E. RICCARDI*
STEPHEN BORDANARO
ANTHONY J. SCHLUR
DANIEL J. SLATZ
MICHELLE A. McLEOD★

J. TED DONOVAN
DORAN I. GOLUBTCHIK
SERGIO J. TUERO*
JAY E. SIMENS
STEWART A. WOLF*
YAN LAURENCY
ERIK ZARATIN
BRIAN A. KOHN
BRIAN W. KEMPER
JOHN P. HOGAN
NEIL I. ALBSTEIN*
GIDON SHAMIR
JARED STEINBERG♦

1501 BROADWAY
22ND FLOOR
NEW YORK, N. Y. 10036
(212) 221-5700
TELECOPIER (212) 730-4518

BENJAMIN C. KIRSCHENBAUM
ROBERT KANDEL
(OF COUNSEL)

EMANUEL GOLDBERG (1904 - 1988)
JACK WEPRIN (1930 - 1996)
BENJAMIN FINKEL (1905 - 1986)

\*    ALSO MEMBER OF NEW JERSEY BAR
†    ALSO MEMBER OF MASSACHUSETTS BAR
★   ALSO MEMBER OF FLORIDA AND WASHINGTON DC BAR
○   ALSO MEMBER OF CONNECTICUT BAR
♦   ADMITTED IN OHIO AND PENNSYLVANIA ONLY

Kevin J. Nash, Esq.
Direct: 212-301-6944
Facsimile: 212-221-6532
KJNash@GWUlaw.com

September 20, 2022

*Via ECF Filing*

Hon. James L. Garrity, Jr.
US Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

      Re:    Genever Holdings LLC - Case No. 20-12411-JLG
                Status letter – September 27, 2022 Status conference/Disclosure Statement Hearing

Dear Judge Garrity:

      Please accept this letter as the Debtor's status report for the chapter 11 case of Genever Holdings LLC ("Genever (US)") in advance of the status conference scheduled for September 27, 2022. As Your Honor may recall, Mr. Luc A. Despins, Esq. has been appointed as the chapter 11 trustee (the "Trustee") in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor") pending before the United States District Court for the District of Connecticut (the "Connecticut Bankruptcy Court"), Case No. 22-50073 (JAM).[1] By letters dated July 25, 2022 and August 12, 2022 [Docket Nos. 194 and 200], the Trustee provided this Court with important updates regarding the Individual Debtor's chapter 11 case, including as it relates to:

      a.    the Trustee's motion (the "Corporate Governance Rights Motion")[2] seeking entry of an order confirming, among other things, that the Trustee holds all of the Individual Debtor's economic and governance rights, for the benefit of his estate, with respect to all corporate entities owned and/or controlled by the Individual Debtor, including, without limitation, Genever Holdings Corporation ("Genever

---

[1]    Mr. Despins previously filed two letters with this Court to advising the Court of his appointment as Trustee in Mr. Kwok's chapter 11 case, his intention to exercise corporate governance rights with respect to Genever Holdings LLC, and

[2]    A copy of the Corporate Governance Rights Motion was attached as Exhibit A to the July 25, 2022 letter.

1

      (BVI)"), a British Virgin Island ("BVI") corporation, which, in turn, wholly owns Genever (US);[3]

    b. entry of the order, dated August 10, 2022 (the "Corporate Governance Rights Motion"),[4] granting the Corporate Governance Rights Motion; and

    c. a copy of the Trustee's status report, dated August 12, 2022, to the Connecticut Bankruptcy Court (the "August 12, 2022 Status Report"),[5] regarding the Trustee's intention to seek to transfer Genever (US)'s chapter 11 case from the Southern District of New York to the District of Connecticut, so that it can be jointly administered with the Individual Debtor's chapter 11 case.

    Following entry of the Corporate Governance Rights Order, the Trustee and the Individual Debtor have taken the necessary steps for the Trustee to obtain corporate control over Genever (BVI) and Genever (US). In particular, the Individual Debtor has transferred all his shares in Genever (BVI) to the Trustee, and that transfer has been registered with the registered agent for Genever (BVI) in the British Virgin Islands. On September 14, 2022, the Trustee also removed the Individual Debtor as the sole director of Genever (BVI) and replaced him with Claire Abrehart of Harneys Corporate Services Limited, a BVI company that provides, among other things, director services to clients incorporated in the BVI. Pursuant to a power of attorney by Genever (BVI), dated September 16, 2022, the Trustee was appointed to, among other things, take any and all actions on behalf of Genever (US) in connection with its chapter 11 case, as the Trustee may deem appropriate or necessary.[6] Accordingly, the Trustee now has the requisite corporate authority to direct Genever (US) in its chapter 11 case.

    At this point, Genever (US)'s sole focus is to seek to transfer its chapter 11 case to the Connecticut Bankruptcy Court, so that it can be administered jointly with the Individual Debtor's chapter 11 case. As detailed in the Trustee's August 12, 2022 Status Report, such transfer is appropriate under the circumstances here, including because (i) Genever (US)'s chapter 11 case and the Individual Debtor's chapter 11 case involve the same issues, namely the question as to what assets belonged to the Individual Debtor (and thus his chapter 11 estate) as of the filing of his chapter 11 petition on February 15, 2022 and (ii) the two chapter 11 cases should be closely coordinated to ensure, among other things, that the Individual Debtor's legitimate creditors share in the value of the Sherry Netherland apartment. The Trustee intends to discuss these matters further at the September 27, 2022 status conference before Your Honor.

    As the Trustee previously stated in his July 25, 2022 letter to this Court and the Corporate Governance Rights Motion, the Trustee has no intention of interfering with the ongoing sale process in Genever (US)'s chapter 11 case. Indeed, the sale process continues at this time, and the parties recently submitted a stipulation to extend the marketing period through the end of October 2022. Moreover, and

---

[3]   Genever (US) is a member-managed New York limited liability company, with its sole member being Genever (BVI).

[4]   A copy of the Corporate Governance Rights Order was attached as Attachment 1 to the August 12, 2022 letter.

[5]   A copy of the August 12, 2022 Status Report was attached as Attachment 2 to the August 12, 2022 letter.

[6]   By written consent of Genever (US)'s sole member, dated September 14, 2022, any and all officers of Genever (US) were removed and any and all authority or power previously delegated to any officer of Genever (US) or any other person or entity (including any authorized signatories or agents of the Company) were revoked.

to be clear, it is Genever (US)'s and the Trustee's position that transfer of venue of this chapter 11 case to the Connecticut Bankruptcy Court is **not** incompatible with the settlement agreement, dated September 24, 2021 (the "Settlement Agreement"), approved by the Court by order dated October 8, 2021 [Docket No. 141]. In fact, as detailed in the August 12, 2022 Status Report, the Settlement Agreement does **not** contain any agreement regarding the appropriate forum or venue to resolve the substantive disputes related to the Sherry Netherland apartment, such as the ownership thereof, the merits of Pacific Alliance Asia Opportunity Fund L.P.'s ("PAX") *alter ego* claim against Genever (US), or Bravo Luck Limited's claims of beneficial ownership.[7]

Given the forthcoming motion to transfer venue, Genever (US) will not expend its limited resources on its chapter 11 plan [Docket No. 164] at this time. Genever (US) and the Trustee have been informed that neither PAX, nor the United States Trustee, nor the sales officer (*i.e.*, the Honorable Melanie Cyganowski (Ret.)) has any objection to the transfer of venue. Accordingly, Genever (US) would like to have the motion to transfer venue heard on an expedited basis, subject to the Court's availability.

Bravo Luck does not consent to a change of venue and will oppose expedited consideration of the matter. In Bravo Luck's view, the global settlement fixed the course of action for resolution of the bankruptcy and the case should remain in New York for reasons that Bravo Luck intends to articulate in its opposition. Likewise, the Sherry Netherland is reserving all rights on all issues.

Respectfully yours,

/s/ Kevin J. Nash

cc:   Richard Morrissey, Esq. (Via ECF and email)
      Francis Lawall, Esq. (Via ECF and email)
      Hon. Melanie Cyganowski (Ret.) (Via ECF and email)
      Peter Friedman, Esq. (Via ECF and email)
      Aaron Mitchel, Esq. (Via ECF and email)
      Luc Despins, Esq. (Via ECF and email)
      Sherry Millman, Esq. (Via ECF and email)

---

[7] Immediately following the provision in the Settlement Agreement providing for stay relief, the agreement states: "Nothing herein shall be construed as an acknowledgement of the appropriate forum outside the bankruptcy court to address any such issues, **with all Parties' rights expressly reserved**." Settlement Agreement § 7.a (emphasis added).